Pro Se Plaintiff
Crystal L. Cox
District of Nevada 2:13-cv-00297-MMD-VCF

2013 APR 12 P 1:34

Crystal L. Cox, Plaintiff

                                Motion to Add Party Plaintiff, Diana L. Grandmason

v.

Defendant Marc J. Randazza, and all Defendant(s)


I, Pro Se Plaintiff, Crystal L. Cox filed District of Nevada 2:13-cv-00297-MMD-VCF on February 26th, 2013. At this time I added 1-25 Plaintiffs, to be added at a Future Date.

I, Pro Se Plaintiff, Crystal L. Cox, now move this Court to add Diana L. Grandmason aKa Desi Foxx as a Plaintiff in District of Nevada 2:13-cv-00297-MMD-VCF.

Diana L. Grandmason aKa Desi Foxx is a Florida Resident.

Diana L. Grandmason aKa Desi Foxx was named by Defendant Marc Randazza, Defendant Randazza Legal Group and Defendant Ronald Green as acting in conspiracy with me, Plaintiff, Crystal L. Cox in Legally Related Case, per Docket, District of Nevada Case 2:12-cv-02040-GMN-PAL.

Diana L. Grandmason aKa Desi Foxx has been gang stalked, threatened, intimidated, harassed, retaliated against, defamed, by the same defendants, in retaliation for her speaking out about organized crime within the Porn Industry.

Diana L. Grandmason aKa Desi Foxx is a Sex Trafficking Victim, and speaks out in support of STOPPING Human Trafficking. Defendants have participated in gang stalking, internet mobbing, intimidation, harassment, civil conspiracy, and more in order to SILENCE Diana L. Grandmason aKa Desi Foxx regarding what she knows about them, and speaks out in regard to.

Diana L. Grandmason aKa Desi Foxx is a Porn Industry Whistle Blower, and has suffered irreparable damage regarding the actions of the Defendants of this RICO Complaint, District of Nevada 2:13-cv-00297-MMD-VCF.

Diana L. Grandmason aKa Desi Foxx is a Porn Industry Insider and Whistle Blower and has faced retaliation for exposing prostitution rings, JOHNS, Pimps, Organized Crime, human trafficking, eMail hacking, HIPAA Violation, corruption, and more in the Porn Industry. Most of which involves Entertainment, Media and Porn Industry Attorneys and Law Firms.

Diana L. Grandmason aKa Desi Foxx has been gang stalked, harassed and intimidated by Defendant Sean Tompkins, Defendant Ari Bass aKa Michael Whiteacre and in connection to Defendant Diana Duke, and Defendant Free Speech Coalition, which is connected to Defendant Kenneth P. White and Defendant Brown White and Newhouse. Defendant Sean Tompkins's attorney is Defendant J. Malcom DeVoy of Defendant Randazza Legal Group.

I, Pro Se Plaintiff, Crystal L. Cox have asked this court for emergency protection for Diana L. Grandmason aKa Desi Foxx and other sources, during the legal proceedings of legally related District of Nevada Case 2:12-cv-02040-GMN-PAL. I, Pro Se Plaintiff, Crystal L. Cox have asked this court for a protective order and in both cases have been ignored by Defendant Judge Gloria Navarro.

I, Pro Se Plaintiff, Crystal L. Cox have discussed information, issues regarding Diana L. Grandmason aKa Desi Foxx in every Motion I filed in legally related District of Nevada Case 2:12-cv-02040-GMN-PAL.

Diana L. Grandmason aKa Desi Foxx's life and livelihood has been put in severe danger and has therefore suffered irreparable harm.

In RICO / Racketeering Cases, Law, it is essential to prove pattern and history, adding Diana L. Grandmason aKa Desi Foxx, as a Named Party Plaintiff will aid in this essential fact gathering process.

I, Pro Se Plaintiff, Crystal L. Cox move this court to add Diana L. Grandmason aKa Desi Foxx as an Additional Named Plaintiff in this case.

Plaintiff Crystal Cox, pursuant to Rules 15(a), 20(a) and 21 of the Federal Rules of Civil Procedure, hereby respectfully moves this Court for an order permitting the addition of Diana L. Grandmason as a named Plaintiff.

The addition of Diana L. Grandmason to the complaint should be freely permitted, whether analyzed under Rule 15, Rule 20 and/or Rule 21 of the Federal Rules of Civil Procedure. Joinder under Rule 20. Joinder of Diana L. Grandmason is proper under Rule 20. Joinder of parties under Rule 20 is permitted where the plaintiffs assert any right to relief "in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action." Fed. R. Civ. P.

20; see WNS Holdings, LLC v. UPS, Inc., No. 3:08-CV-275-BBC, 2008 WL 4735163, *4 (W.D.Wis. Oct. 24, 2008).

Diana L. Grandmason, who has all the claims Plaintiff Crystal Cox has, asserts rights arising out of the same transaction, occurrence, or series of transactions or occurrences and questions of law and fact common to Plaintiff Crystal Cox.

Addition under Rule 21 - The addition of Diana L. Grandmason is also proper under Rule 21. Rule 21 governs the dropping or adding of parties to an action, and provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. The standard for adding or dropping parties under Rule 21 is the same as the liberal standard for amending pleadings under Rule 15. E.g., Ed Miniat, Inc. v. Globe Life Ins. Group, Inc., 805 F.2d 732, 736-37 (7th Cir. 1986). See also Erickson v. State of Wis. Dept. of Corrections, No. 04-C-265-C, 2004 WL 2309045, *1 (W.D.Wis. Sept. 29, 2004).

Here, the proposed amendment is not made in bad faith, has not been unduly delayed, would not be futile, nor would it unduly prejudice Defendants. To the contrary, to the extent Defendants' affirmative statute of limitations defense survives Plaintiff's motion to strike (it should not, for reasons set forth in Plaintiff's motion to strike), it is only through the addition of someone like Diana L. Grandmason, who has a personal stake in the outcome of that asserted defense, that the defense can properly be adjudicated.

**Note To Court:** Plaintiff appears in this action **"In Propria Persona"** and asks that her points and authorities relied upon herein, and issues raised herein, must be addressed **"on the merits"**, Sanders v United States, 373 US 1, at 16, 17 (1963); and addressed with "clarity and particularity", McCleskey v Zant, 111 S. Ct. 1454, at 1470-71 (1991); and afforded " a full and fair" evidentiary hearing, Townsend v Sain, 372 U.S.293, at p.1 (1962). See also Pickering v Pennsylvania Railroad Co., 151 F.2d 240 (3d Cir. 1945).

Both the right to proceed pro se and liberal pleading standards reflect the modern civil legal system's emphasis on protecting access to courts. ( See, e.g., Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008) ("Few issues . . . are more significant than pleading standards, which are the key that opens access to courts."); Drew A. Swank, In Defense of Rules and Roles: The Need to Curb Extreme Forms of Pro Se Assistance and Accommodation in Litigation, 54 AM. U. L. REV. 1537, 1546 (2005) (noting that "[o]pen access to the courts for all citizens" is one of the principles upon which the right to prosecute one's own case is founded).

Self-representation has firm roots in the notion that all individuals, no matter their status or wealth, are entitled to air grievances for which they may be entitled to relief. ( See Swank, supra note 1, at 1546 (discussing the importance of self-representation to the fundamental precept of equality before the law).

Access, then, must not be contingent upon retaining counsel, lest the entitlement become a mere privilege denied to certain segments of society. Similarly, because pleading is the gateway by which litigants access federal courts, the drafters of the Federal Rules of Civil Procedure purposefully eschewed strict sufficiency standards. ( See Proceedings of the Institute on Federal Rules (1938) (statement of Edgar Tolman), reprinted in RULES OF CIVIL PROCEDURE FOR THE DISTRICT COURTS OF THE UNITED STATES 301-13 (William W. Dawson ed., 1938).

## CONCLUSION

WHEREFORE, for the reasons set forth herein, for the reasons that Plaintiff may later adduce and/or as may appear to the Court, Plaintiff respectfully requests that the instant motion be granted.

Dated: April 6th 2013

Respectfully submitted,

Pro Se Plaintiff
District of Nevada 2:13-cv-00297-MMD-VCF
Crystal L. Cox

## CERTIFICATE OF SERVICE

**On** April 6th, 2013

I hereby certify that I served the foregoing on:

*[signature]*

Attention: Judge Mirada Du Court Clerk
Las Vegas Courts
District of Nevada Courts
333 S. Las Vegas Blvd.
Las Vegas, NV 89101

Respectfully Submitted
Pro Se Plaintiff
District of Nevada 2:13-cv-00297-MMD-VCF
Crystal L. Cox
PO Box 2027
Port Townsend, WA 98368
Crystal@CrystalCox.com