Crystal L. Cox
Pro Se Plaintiff
District of Nevada 2:13-cv-00297-MMD-VCF
SavvyBroker@Yahoo.com

2013 APR 12 P 1: 35

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
2:13-cv-00297-MMD-VCF

Plaintiff Crystal L. Cox

Motion for Misc. Relief,
"In Propria Persona"

Defendant Marc J. Randazza, and ALL Named Defendants

I, Plaintiff Crystal L. Cox move this court to advise me, a Pro Se Litigant on any "process" that I may be missing. I, Plaintiff Crystal L. Cox am uncertain how to proceed, in engaging defendants into this case.

I, Plaintiff Crystal L. Cox believe that Defendant Randazza Legal Group, Defendant Marc J. Randazza, Defendant J. Malcom DeVoy and Defendant Ronald Green have been notified electronically of this legal acts. As per District of Nevada Case 2:12-cv-02040-GMN-PAL court docket shows on the day this case was filed in this court. Yet those named Defendants have failed to respond, and Plaintiff Crystal Cox is poised to enter a default judgement, however, has not been giving a ruling on electronic filing nor proceeding in Forma Pauperis, therefore

I, Plaintiff Crystal L. Cox believe that many defendants have been served via Pacer, or electronic service. ALL have been emailed. Many such as Defendant David Aman, Defendant Tonkon Torp, Defendant Kevin Padrick, Defendant Obsidian Finance Group have been serving me via email for over 2 years, yet they seem to be ignoring this viable, important legal action. In which they certainly know about.

Defendants such as Jason Jones of SaltyDroid, and Defendant Marc Randazza make fun of this legal action and discuss that Defendant Marc Randazza is Defendant Jason Jone's attorney in this matter, yet in a blatant disrespect of process and the courts these 2 attorneys refuse to acknowledge service in this case and address the very important issues, allegations raised against them any other named defendants of District of Nevada 2:13-cv-00297-MMD-VCF.

Plaintiff appears in this action **"In Propria Persona"** and asks that her points and authorities relied upon herein, and issues raised herein, must be addressed **"on the merits"**, Sanders v United States, 373 US 1, at 16, 17 (1963); and addressed with "clarity and particularity", McCleskey v Zant, 111 S. Ct. 1454, at 1470-71 (1991); and afforded " a full and fair" evidentiary hearing, Townsend v Sain, 372 U.S.293, at p.1 (1962). See also Pickering v Pennsylvania Railroad Co., 151 F.2d 240 (3d Cir. 1945).

I, Plaintiff Crystal L. Cox respect this court and am unsure how to proceed in engaging these 93 defendants and proceeding with this litigation as responsibly as possible.

Pleadings of the Plaintiff SHALL NOT BE dismissed for lack of form or failure of process. All the pleadings are as any reasonable man/woman would understand, and:

"And be it further enacted. That no summons, writ, declaration, return, process, judgment, or other proceedings in civil cases in any of the courts or the United States, shall be abated, arrested, quashed or reversed, for any defect or want of form, but the said courts respectively shall proceed and give judgment according as the right of the cause and matter in law shall appear unto them, without regarding any imperfections, defects or want of form in such writ, declaration, or other pleading, returns process, judgment, or course of proceeding whatsoever, except those only in cases of demurrer, which the party demurring shall specially sit down and express together with his demurrer as the cause thereof. And the said courts respectively shall and may, by virtue of this act, from time to time, amend all and every such imperfections, defects and wants of form, other than those only which the party demurring shall express as aforesaid, and **may at any, time, permit either of the parties to amend any defect in the process of pleadings upon such conditions as the said courts respectively shall in their discretion, and by their rules prescribe (a)"** *Judiciary Act of September 24, 1789*, Section 342, FIRST CONGRESS, Sess. 1, ch. 20, 1789.

I, Plaintiff Crystal L. Cox do not want my pleadings, motions, filings to simply be dismissed and stricken after my time, money energy and rights of due process were exercised, such as my complaint answers and counter complaint in which was dismissed in District of Nevada Case 2:12-cv-02040-GMN-PAL by Defendant Judge Gloria Navarro.

Therefore, I, Plaintiff Crystal L. Cox move this court to be aware of my "In Propria Persona" and advise me accordingly.

HAINES v. KERNER, ET AL. 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652. Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, **however inartfully pleaded**, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944).

ESTELLE, CORRECTIONS DIRECTOR, ET AL. v. GAMBLE 29 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251. We now consider whether respondent's complaint states a cognizable 1983 claim. The handwritten pro se document is to be liberally construed. As the Court unanimously held in Haines v. Kerner, 404 U.S. 519 (1972), a pro se complaint, **"however inartfully pleaded,"** must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., at 520-521, quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)

BALDWIN COUNTY WELCOME CENTER v. BROWN 466 U.S. 147, 104 S. Ct. 1723, 80 L. Ed. 2d 196, 52 U.S.L.W. 3751. Rule 8(f) provides that " pleadings shall be so construed as to do substantial justice." We frequently have stated that pro se pleadings are to be given a liberal construction.

UGHES v. ROWE ET AL. 449 U.S. 5, 101 S. Ct. 173, 66 L. Ed. 2d 163, 49 U.S.L.W. 3346. Petitioner's complaint, like most prisoner complaints filed in the Northern District of Illinois, was not prepared by counsel. It is settled law that the allegations of such a complaint, "however inartfully pleaded" are held "to less stringent standards than formal pleadings drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972). See also Maclin v. Paulson, 627 F.2d 83, 86 (CA7 1980); French v. Heyne, 547 F.2d 994, 996 (CA7 1976). Such a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines, supra, at 520-521. And, of course, the allegations of the complaint are generally taken as true for purposes of a motion to dismiss. Cruz v. Beto, 405 U.S. 319, 322 (1972).

Both the right to proceed pro se and **liberal pleading standards** reflect the modern civil legal system's emphasis on protecting access to courts. ( See, e.g., Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008) ("Few issues . . . are more significant than pleading standards, which are the key that opens access to courts."); Drew A. Swank, In Defense of Rules and Roles: The Need to Curb Extreme Forms of Pro Se Assistance and Accommodation in Litigation, 54 AM. U. L. REV. 1537, 1546 (2005) (noting that "[o]pen access to the courts for all citizens" is one of the principles upon which the right to prosecute one's own case is founded).

Self-representation has firm roots in the notion that all individuals, no matter their status or wealth, are entitled to air grievances for which they may be entitled to relief. ( See Swank, supra note 1, at 1546 (discussing the importance of self-representation to the fundamental precept of equality before the law).

Access, then, **must not be contingent upon retaining counsel**, lest the entitlement become a mere privilege denied to certain segments of society. Similarly, because pleading is the gateway by which litigants access federal courts, the drafters of the Federal Rules of Civil Procedure purposefully eschewed strict sufficiency standards. ( See Proceedings of the Institute on Federal Rules (1938) (statement of Edgar Tolman), reprinted in RULES OF CIVIL PROCEDURE FOR THE DISTRICT COURTS OF THE UNITED STATES 301-13 (William W. Dawson ed., 1938).

In their place, the drafters instituted a regime in which a complaint quite easily entitled its author to discovery in order to prevent dismissal of cases before litigants have had an adequate opportunity to demonstrate their merit. ( See Mark Herrmann, James M. Beck & Stephen B. Burbank, Debate, Plausible Denial: Should Congress Overrule Twombly and Iqbal? 158 U. PA. L. REV. PENNUMBRA 141, 148 (2009), ttp://pennumbra.com/debates/pdfs/PlausibleDenial.pdf (Burbank, Rebuttal) (asserting that the drafters of the Federal Rules objected to a technical pleading regime because it would "too often cut[] off adjudication on the merits").

Recognizing that transsubstantive pleading standards do not sufficiently account for the capability differential between represented and unrepresented litigants, the Supreme Court fashioned a rule of special solicitude for pro se pleadings. ( See Robert Bacharach & Lyn Entzeroth, Judicial Advocacy in Pro Se Litigation: A Return to Neutrality, 42 IND. L.REV. 19, 22-26 (2009) (noting that courts created ways to ensure that meritorious pro se suits would not be dismissed simply because the litigants lacked legal knowledge and experience, one of which was liberal construction).

Far from just articulating a common systemic value, though, the right to prosecute one's own case without assistance of counsel in fact depends significantly upon liberal pleading standards. ( Cf. Charles E. Clark, The New Federal Rules of Civil Procedure: The Last Phase— Underlying Philosophy Embodied in Some of the Basic Provisions of the New Procedure, 23 A.B.A. J. 976, 976-77 (1937) (commenting that liberal pleading rules were necessary to mitigate information asymmetries between plaintiffs and defendants that often led to premature dismissal of suits).

Notably, in no suits are such information asymmetries more apparent than those in which pro se litigants sue represented adversaries. These types of suits comprise the vast majority in which pro se litigants appear. Cf. Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 FORDHAM URB. L.J. 305, 323 (showing that the majority of pro se cases involve unrepresented plaintiffs who sue governmental defendants).

"Pro se complaint[s], 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers. ( Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)).

The Court granted such leniency, or "liberal construction," to pro se pleadings against the backdrop of Conley v. Gibson's undemanding "no set of facts" standard. ( See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."), abrogated by Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561-63 (2007). This standard epitomized the notice-pleading regime envisioned by the drafters of the Federal Rules, who emphasized discovery as the stage at which a claim's true merit would come to light, rather than pleading. See Christopher M. Fairman, The Myth of Notice Pleading, 45 ARIZ L. REV. 987, 990 (2003) ("With merits determination as the goal, the Federal Rules create a new procedural system that massively deemphasizes the role of pleadings.").

The Court's failure to explain how pro se pleadings are to be liberally construed. ( See Bacharach & Entzeroth, supra note 7, at 29-30 (asserting that because the Supreme Court never defined the "degree of relaxation" afforded pro se pleadings in comparison to the liberal notice pleading standard applicable to all litigants, lower courts adopted different iterations of the rule). ~ .. indicates its belief that the standard was already lenient enough to render a detailed articulation of the practice unnecessary to prevent premature dismissal of meritorious cases. However, with Bell Atlantic Corp. v. Twombly ( 550 U.S. 544 (2007). and Ashcroft v. Iqbal ( 129 S. Ct. 1937 (2009) retiring the "no set of facts" standard and ratifying the means by which lower courts dismissed more disfavored cases under Conley, ( See generally Richard L. Marcus, The Revival of Fact Pleading Under the Federal Rules of Civil Procedure, 86 COLUM. L. REV. 433, 435-37 (1986) (explaining how the reemergence of fact pleading resulted from lower courts' refusals to accept conclusory allegations as sufficient under the Federal Rules in particular categories of suits).
.. liberal construction as presently practiced is not—if it ever was—sufficient to protect pro se litigants' access to courts.

The new plausibility standard ( See Twombly, 550 U.S. at 570 (requiring a complaint to allege "enough facts to state a claim to relief that is plausible on its face").. with which courts now determine the adequacy of complaints disproportionately harms pro se litigants. ( See Patricia W. Hatamyar, The Tao of Pleading: Do Twombly and Iqbal Matter Empirically?, 59 AM. U. L. REV. 553, 615 (2010) (observing a substantially greater increase in the rate of dismissal of pro se suits than represented suits post-Iqbal).

First, the Supreme Court's instruction that "conclusory" facts not be presumed true when determining a claim's plausibility ( See Iqbal, 129 S. Ct. at 1951 ("[T]he allegations are conclusory and not entitled to be assumed true."); Hatamyar, supra note 15, at 579 ("Iqbal invites judges to . . . eliminate from consideration all the complaint's conclusory allegations . . . ."). The parsing of a complaint into conclusory and nonconclusory factual allegations disregards the Federal Rules' express disavowal of fact pleading, along with their requirement that all facts be presumed true when determining the adequacy of a complaint. See, e.g., Stephen B. Burbank, Pleading and the Dilemmas of Modern American Procedure, 93 JUDICATURE 109, 115 (2009) (noting that the drafters of the Federal Rules rejected fact pleading because of the impossibility of distinguishing between conclusions and facts); Hatamyar, supra note 15, at 563 (discussing courts' obligations to credit as true all factual allegations in a complaint). This will affect those who (1) lack the resources to develop facts before discovery, (2) bring claims requiring them to plead information exclusively within the opposition's possession, or (3) rely on forms in drafting complaints.

**Pro se litigants typify the parties who demonstrate all three behaviors.**

Second, determining whether the remaining allegations permit a plausible inference of wrongdoing, as per the Supreme Court's instruction, ( See Iqbal, 129 S. Ct. at 1950 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). is a wildly subjective endeavor. Courts are likely—no doubt unintentionally—to draw inferences that disfavor pro se litigants because their "judicial common sense" judgments of what is plausible result from a drastically different set of background experiences and values. ( 8 Cf. Burbank, supra note 16, at 118 (suggesting that reliance on "judicial experience and common sense," Iqbal, 129 S. Ct. at 1950, invites "cognitive illiberalism," a phenomenon that negatively affects classes of disfavored litigants). ..

The mixture of these two steps portends serious trouble for pro se litigants, who, even before the plausibility standard, did not fare well despite the leeway afforded their complaints. (See Hatamar, supra note 15, at 615 (noting that, under Conley, courts dismissed sixty-seven percent of pro se cases).

Pro Se litigants are entitled to liberality in construing their pleading. I, Pro Se Litigant Crystal Cox respect this court and the law and wish to be advised on how to proceed properly so that my "pleadings" are not dismissed.

Non-Lawyer pro se litigants are not to be held to same standards as a practicing lawyer.

Many pro se litigants will use this in their pleadings; "Pleadings in this case are being filed by Plaintiff In Propria Persona, wherein pleadings are to be considered without regard to technicalities. Propria, pleadings are not to be held to the same high standards of perfection as practicing lawyers. See Haines v. Kerner 92 Sct 594, also See Power 914 F2d 1459 (11th Cir1990), also See Hulsey v. Ownes 63 F3d 354 (5th Cir 1995). also See In Re: HALL v. BELLMON 935 F.2d 1106 (10th Cir. 1991)."

In Puckett v. Cox, it was held that a pro-se pleading requires less stringent reading than one drafted by a lawyer (456 F2d 233 (1972 Sixth Circuit USCA). Justice Black in Conley v. Gibson, 355 U.S. 41 at 48 (1957) "The Federal Rules rejects the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." According to Rule 8(f) FRCP and the State Court rule which holds that all pleadings shall be construed to do substantial justice."

I, Plaintiff Crystal L. Cox move this court to advise me, a Pro Se Litigant on any "process" that I may be missing. I, Plaintiff Crystal L. Cox am uncertain how to proceed, in engaging defendants into this case. I, Plaintiff Crystal L. Cox move this court to notify Plaintiff Crystal Cox as to what this court expects from Cox in order to move forward on serving defendants, ruling on in Forma Pauperis and Ruling on Electronic Filing Access.

Respectfully Submitted
Pro Se Plaintiff
District of Nevada 2:13-cv-00297-MMD-VCF
Crystal L. Cox
PO Box 2027
Port Townsend, WA 98368
Crystal@CrystalCox.com

## CERTIFICATE OF SERVICE

**On** April 6th, 2013

I hereby certify that I served the foregoing on:

*[signature]*

Attention: Judge Mirada Du Court Clerk
Las Vegas Courts
District of Nevada Courts
333 S. Las Vegas Blvd.
Las Vegas, NV 89101