Case 2:13-cv-00297-MMD-VCF   Document 19   Filed 05/15/13   Page 1 of 6



Pro Se Plaintiff
Crystal L. Cox
District of Nevada 2:13-cv-00297-MMD-VCF

Crystal L. Cox, Plaintiff

Motion for Clarification
AND
Objection to Order Per Rule 46,
AND
Rule 5.1 Constitutional Challenge

Defendant Marc J. Randazza, and all Defendant(s)

Plaintiff appears in this action "In Propria Persona" and asks that her points and authorities relied upon herein, and issues raised herein, be addressed "on the merits" and not simply on her Pro Se Status.

**This motion, in it's entirety is written upon the knowledge and belief of Defendant Crystal L. Cox.**

RULE 46. OBJECTING TO A RULING OR ORDER

A formal exception to a ruling or order is unnecessary. When the ruling or order is requested or made, a party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection. Failing to object does not prejudice a party who had no opportunity to do so when the ruling or order was made.

Per Rule 46, Plaintiff Crystal Cox respectfully objections to Order.

As, upon knowledge and belief Plaintiff Crystal Cox alleges that there is fraud on the courts and this case is pending dismissal now to protect Las Vegas law firms and media / tech corporations.

Upon knowledge and belief, this court, has ruled upon proceeding in Forma Pauperis, as the case was docketed at no expense to Plaintiff.

1



Upon knowledge and belief, Plaintiff Crystal Cox alleges this Las Vegas Court to be aiding and abetting Las Vegas Attorney Marc Randazza, and Randazza law firm in squashing the rights of his ex-client whom he sued. This court allows no counter claim, now this court is set for a dismissal, insinuating I have Plaintiff Cox may have no claim and next will most likely deem this case without merit and dismiss, even though there is merit in this case, and massive fraud.

Upon knowledge and belief Plaintiff Crystal Cox alleges that per rule 28 USC § 1915 - Proceedings in forma pauperis, this court would have to rule on such, BEFORE allowing and in pauperis Plaintiff to docket a case.

Should this case be dismissed as meritless and in pauperis cancelled, Plaintiff will respectively re-file when funds are available, as this is a legitimate case, with legitimate claims.

**Self-representation has firm roots in the notion that all individuals, no matter their status or wealth, are entitled to air grievances for which they may be entitled to relief.** ( See Swank, supra note 1, at 1546 (discussing the importance of self-representation to the fundamental precept of equality before the law).

Access, then, must not be contingent upon retaining counsel, lest the entitlement become a mere privilege denied to certain segments of society. Similarly, because pleading is the gateway by which litigants access federal courts, the drafters of the Federal Rules of Civil Procedure purposefully eschewed strict sufficiency standards.  ( See Proceedings of the Institute on Federal Rules (1938) (statement of Edgar Tolman),  reprinted in RULES OF CIVIL PROCEDURE FOR THE DISTRICT COURTS OF THE UNITED STATES 301-13 (William W. Dawson ed., 1938).

In their place, the drafters instituted a regime in which a complaint quite easily entitled its author to discovery in order to prevent dismissal of cases before litigants have had an adequate opportunity to demonstrate their merit.  ( See Mark Herrmann, James M. Beck & Stephen B. Burbank, Debate, Plausible Denial: Should Congress Overrule Twombly and Iqbal? 158 U. PA. L. REV. PENNUMBRA 141, 148 (2009), (Burbank, Rebuttal) (asserting that the drafters of the Federal Rules objected to a technical pleading regime because it would "too often cut[] off adjudication on the merits").

HUGHES v. ROWE ET AL. 449 U.S. 5, 101 S. Ct. 173, 66 L. Ed. 2d 163, 49 U.S.L.W. 3346. Petitioner's complaint, like most prisoner complaints filed in the Northern District of Illinois, was not prepared by counsel. It is settled law that the allegations of such a

complaint, "however inartfully pleaded" are held "to less stringent standards than formal pleadings drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972). See also Maclin v. Paulson, 627 F.2d 83, 86 (CA7 1980); French v. Heyne, 547 F.2d 994, 996 (CA7 1976). Such a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines, supra, at 520-521. And, of course, the allegations of the complaint are generally taken as true for purposes of a motion to dismiss. Cruz v. Beto, 405 U.S. 319, 322 (1972).

Both the right to proceed pro se and liberal pleading standards reflect the modern civil legal system's emphasis on protecting access to courts. ( See, e.g., Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008) ("Few issues . . . are more significant than pleading standards, which are the key that opens access to courts."); Drew A. Swank, In Defense of Rules and Roles: The Need to Curb Extreme Forms of Pro Se Assistance and Accommodation in Litigation, 54 AM. U. L. REV. 1537, 1546 (2005) (noting that "[o]pen access to the courts for all citizens" is one of the principles upon which the right to prosecute one's own case is founded).

Upon knowledge and belief Plaintiff Crystal Cox alleges that she does have a right to add Plaintiffs, to enjoin the attorney general, to have counsel appointed, and to connected cases. As this court docketed this case for FREE, and even added a related case, District of Nevada Case 2:12-cv-02040-GMN-PAL, of which Judge Gloria Navarro DENIED Plaintiff Cox her lawful right to counterclaim and instead told Cox to file a separate lawsuit to get relief on such counterclaims. This CLAIM was Court Ordered.

Upon knowledge and belief Plaintiff Crystal Cox alleges that Document 18, Minute Order is a set up to follow with a dismissal of Plaintiff Cox's claims and favor those whom Cox does have legitimate claims against.

Upon knowledge and belief Plaintiff Crystal Cox alleges that a dismissal will cost her and the court more time, as the claims are legitimate and Plaintiff Cox has massive debt and qualifies for in forma pauperis. Plaintiff Cox will beg money, and will, at some point re-file with a paid fee. This issue is important, with merit and real. Plaintiff Cox has a right to not be discriminated against simply because she is Pro Se.

Upon knowledge and belief Plaintiff Crystal Cox alleges that it is discriminatory to make her print and re-mail motions if and only if this court allows in pauperis, when this court already allowed continuing in forma pauperis by putting this case on the docket with no cost to Plaintiff Crystal Cox, upon knowledge and belief.



## Per Rule RULE 5.1. CONSTITUTIONAL CHALLENGE TO A STATUTE—NOTICE, CERTIFICATION, AND INTERVENTION

**I, Plaintiff Crystal Cox move this court to specifically invoke her constitutional rights and not simply dismiss her claims based on prejudices, and Pro Se Status**

This court order words " if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)." Therefore it is clear to Plaintiff Crystal Cox, Upon knowledge and belief, that this ORDER is a set up to dismiss this RICO, Defamation, Malpractice, Negligence Case, when in FACT there is proven fraud and malicious actions that were TAKEN against Plaintiff and Pro Se or Not Plaintiff has a right to fight back, to sue those who caused her harm and those who filed malicious and frivolous lawsuits against her, such as District of Nevada Case 2:12-cv-02040-GMN-PAL in which Plaintiff Cox was NOT allowed to counterclaim and therefore has filed this "separate case" as docket entry 89 of District of Nevada Case 2:12-cv-02040-GMN-PAL orders COX to do.

Upon knowledge and belief Plaintiff Crystal Cox alleges that this court may be in contact with Randazza Legal Group in Las Vegas and looking for a way out of this counterclaim / separate claim, in order to protect Randazza Legal Group from massive malpractice and defamation liabilities. While at the same time seizing massive property of Plaintiff Cox, against her civil rights violation.

District of Nevada Case 2:12-cv-02040-GMN-PAL, ORDER, Docket Entry 89 caused this issue, as Judge Gloria Navarro DENIED Cox's counterclaim in that case and told Plaintiff Cox to file a New Case, this is that new case, which is actually the counterclaim in another Las Vegas Case.

RULE 5.1. CONSTITUTIONAL CHALLENGE TO A STATUTE—NOTICE, CERTIFICATION, AND INTERVENTION

(a) NOTICE BY A PARTY. A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:

(1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:

(A) a federal statute is questioned and the parties do not include the United

States, one of its agencies, or one of its officers or employees in an official capacity; or

(B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and

(2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned—or on the state attorney general if a state statute is questioned—either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

(b) CERTIFICATION BY THE COURT. The court must, under 28 U.S.C. §2403, certify to the appropriate attorney general that a statute has been questioned.

(c) INTERVENTION; FINAL DECISION ON THE MERITS. Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier. Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional.

(d) NO FORFEITURE. A party's failure to file and serve the notice, or the court's failure to certify, does not forfeit a constitutional claim or defense that is otherwise timely asserted.

**I, Plaintiff Crystal Cox ALLEGE that my Constitutional Rights have been violated.**

I, Plaintiff Crystal Cox object to the denial of all these motions, as this case has been docketed for months and was already allowed in forma pauperis. And Defendants Randazza know of the case as it was on the docket of District of Nevada Case 2:12-cv-02040-GMN-PAL, yet they are forcing Pro Se Plaintiff to serve them directly, even though COX was denied a counterclaim.

Upon knowledge and belief Plaintiff Crystal Cox alleges that this court has discriminated against her in making her re-file, and mail documents after a ruling or await a dismissal with accusations of "frivolous" and "without merit".

Upon knowledge and belief Plaintiff Crystal Cox alleges that this court has discriminated against her pro se status and ruled unfairly in this matter, and not within the constitutional rights of Pro

Se Plaintiff Crystal Cox.

Plaintiff Crystal Cox object to Docket Entry 18, Minute Order based upon Rule 46, and the constitutional rights of Plaintiff Crystal Cox.

Plaintiff Crystal Cox asks this court what laws apply to allowing a case to be put on the docket with no cost to Pro Se Plaintiff filing in pauperis yet not having first reviewed the in pauperis application and now dismissing other motions, of which relate the case, and add VALID Plaintiff's.

RULE 46. OBJECTING TO A RULING OR ORDER

## CERTIFICATE OF SERVICE

**On** May 9th 2013
I hereby certify that I served the foregoing on:

Attention: Judge Mirada Du Court Clerk
Las Vegas Courts
District of Nevada Courts
333 S. Las Vegas Blvd.
Las Vegas, NV 89101

*[signature]*

Respectfully Submitted
Pro Se Plaintiff
District of Nevada 2:13-cv-00297-MMD-VCF
Crystal L. Cox
PO Box 2027
Port Townsend, WA 98368
Crystal@CrystalCox.com