# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CRYSTAL L. COX, | ) |
| Plaintiff, | ) |
| v. | ) 2:13-cv-00297-JCM-VCF |
| MARC J. RANDAZZA, *et al.*, | ) **ORDER AND** |
| | ) **REPORT & RECOMMENDATION** |
| Defendants. | ) Application to Proceed *In Forma* |
| | ) *Pauperis* (#1-3), Complaint (#1-1) |

Before the court are plaintiff Crystal L. Cox's Motion/Application to Proceed *In Forma Pauperis* (#1-3)[1] and her Complaint (#1-1).

**I.   *In Forma Pauperis* Application**

Plaintiff Cox asserts in her application to proceed *in forma pauperis* that she has a gross income of $2,000.00, and that her monthly bills include $825.00 in rent, $450.00 in electricity, $50.00 in insurance, a $250 phone bill, a $100 internet bill, $200.00 in gas, and $320.00 in food. (#1-3). Plaintiff asserts that she makes payments to private parties for debts she owes in the amount of $200.00 when she can. *Id.* Plaintiff also asserts that she owes $5,000.00 to the IRS, pays $10.00 a year for each of her 100 domain names, has a 1990 Ford Truck, and has no property, land, investments, life insurance, or retirement. *Id.* Accordingly, plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

---

[1] Plaintiff did not fill out the *in forma pauperis* application provided by the court's website, and instead filed a "Poverty Affidavit/Declaration" informing the court of her financial situation. (#1-3).

## II.     Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of *a pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### A.     Plaintiff's Complaint

Plaintiff's complaint is one hundred and eighty-six (186) pages long, names sixty-nine (69) defendants, and seeks relief against other parties that are not named as defendants. (#1-1). The claims are disjointed, repetitive, and exceptionally difficult to follow. *Id.* From what the court can comprehend, plaintiff's complaint stems from a Ninth Circuit appeal of a "major free speech lawsuit," wherein a U.S District Judge Marco Hernandez (D. Oregon) allegedly determined that the Retraction Laws, Shield Laws, and First Amendment "did not apply to bloggers but only applies to accredited media, big media." *Id.* Plaintiff alleges that "Porn Industry giants" tried to stop plaintiff from appealing the decision to the Ninth Circuit, as they were fearful that such an appellate court ruling could set a bad

2

precedent. *Id.*

Plaintiff alleges that defendant Marc Randazza was "out to sabotage Plaintiff Investigative Blogger Crystal L. Cox's" appeal, as he was the attorney for the "Porn Industry giants." *Id.* Plaintiff contends that defendant Randazza began negotiating a settlement deal on her behalf without her asking him to, and that when she found this out, she asked him to stop representation. *Id.* Dissatisfied with plaintiff's decision, defendant Randazza "launched new efforts to sabotage" her appeal, and "enlisted a large amount of conspirators to defame, harass, and intimidate" her into stopping her appeal. *Id.* Plaintiff alleges that these conspirators, named in the complaint as defendants, "set out to paint Plaintiff Investigative Blogger" in a false light and were on a mission to "absolutely silence the blogs" of the plaintiff. *Id.* Plaintiff contends that the conspirators violated several laws and committed several frauds in their attempt to stop her appeal. *Id.* Plaintiff further alleges that several defendants conspired together to steal domain names and intellectual property, defame, harass, threaten, pressure, and "remove massive blogs," and that her "quality of life and livelihood" was threatened. *Id.*

Plaintiff asserts the following nineteen (19) claims for relief:

1.) Criminal and Civil Conspiracy; Title 18, U.S.C., Section 241 - Conspiracy Against Rights, Title 18, U.S.C., Section 242 - Deprivation of Rights Under Color of Law, Title 18, U.S.C., Section 245 - Federally Protected Activities, Provisions against Conspiracies to Interfere with Civil Rights (42 U.S.C. § 1985), Section 241 of Title 18 is the civil rights conspiracy statute, Conspiracy Against Rights, 18 U.S.C. § 241. Section 241 of Title 18;

2.) Defamation, All State and Federal Laws Applying to Defamation;

3.) Harassment, All Federal and State Harassment Laws Applicable, 47 USC § 223 - Obscene or harassing telephone calls in the District of Columbia or in interstate or foreign communications, ALL Anti-discrimination laws, all laws relating that prohibit harassment against individuals in retaliation;

4.) Violation of Anti-Trust Violations / Fair Trade Violations Fair Competition Act (FCA), The Federal Sherman Antitrust Act (1890), Antitrust Policy and Competition Law;

5.) Violation of First Amendment Right, Constitutional Rights, Freedom of Expression, Article 19 of the Universal Declaration of Human Rights, Bill of Rights 1689, First Amendment Adjudication Laws and Constitutional Rights;

6.) Violation of Due Process/Denial of Due Process, International Covenant on Civil and Political Rights (ICCPR). Article 19 of the ICCPR) and a Violation of our Civil Rights, Due Process Rights, and ALL State and Federal Due Process Laws Applicable;

7.) Violation of Hate Crime Act, Hate Crime Prevention Act, Title 18, U.S.C., Section 241, Conspiracy Against Rights Statute, Title 18, U.S.C., Section 249 - Matthew Shepard and James Byrd, Jr., Hate Crimes Prevention Act

8.) Abuse of Process;

9.) Title 11 of United States Code, 11 U.S.C. §101-1330, All Laws applying to Tortious Interference;

10.) Interference with Plaintiff's Prospective Business Advantage;

11.) RICO US Code Title 18, USAM 9-110.000 Organized Crime and Racketeering Violations of RICO, 18 U.S.C. 1962(c)), and Conspiracy to Violate RICO, Violation of 18 U.S.C. 1962 (d));

12.) Malpractice, Uniform Commercial Code, Nevada Malpractice Laws, California Malpractice Laws, Washington Malpractice Laws, Montana Malpractice Laws, Negligence, Client Confidentiality, Punitive Damages, The Lawyer's Code of Professional Responsibility, Rules of Professional Conduct, Attorney Misconduct Laws;

13.) Retraction Laws, Nevada Retraction Laws, NRS §41.336(2). NRS §41.337. and ALL Nevada Retraction Laws;

14.) Shield Laws, Nevada Shield Law NRS 49.275;

15.) Cause of Action 1512 : US Code - Section 1512: Tampering with a witness, victim, or an informant;

16.) Racketeering, 18 USC Chapter 96 - RACKETEER INFLUENCED AND CORRUPT

4

ORGANIZATIONS, Code number 1961 through 1968. All Racketeering Laws Applicable;

17.) Whistleblower Retaliation. Whistleblower Retaliation Protections Laws, Whistleblower Protection Act, Whistleblower Protection Enhancement Act was introduced in 2009, all Federal and State Whistle Blower Retaliation Laws;

18.) False Claims Act (31 U.S.C. §§ 3729–3733); and,

19.) Consumer Protection Act, Deceptive Trade Practices and Consumer Protection Act. *Id.*

The court will address each of plaintiff's claims/defendants below.

### 1. Judge Navarro

Plaintiff names the Honorable Gloria Navarro as a defendant in her first cause of action, and alleges that "Judge Gloria Navarro DENIED Pro Se Plaintiff Investigative Blogger Crystal L. Cox to file a counterclaim in District of Nevada Case 2:12-cv-02040-GMN-PAL, Months after Pro Se Plaintiff Investigative Blogger Crystal L. Cox filed a counterclaim / counter complaint in District of Nevada Case 2:12-cv-02040-GMN-PAL, and after one Defendant has accepted service, Judge Gloria Navarro struck, removed from the record the counterclaim of Pro Se Litigant Crystal Cox." (#1-1). Plaintiff contends that this decision was the result of the conspiracy against her. *Id.*

Rule 12(b)(1) allows the court to dismiss a suit for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Courts have noted that "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n. 2 (3d Cir.1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)). "A suit against a state official in [her] official capacity is treated as a suit against the state. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)." *Draper v. Darby Twp. Police Dep't*, 777 F. Supp. 2d 850, 854 (E.D. Pa. 2011) motion for relief from judgment denied, CIV.A. 10-1080, 2012 WL 93178 (E.D. Pa. Jan. 11, 2012).

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). This immunity applies even when the judge is accused of

5

acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." (*Scott v. Stansfield*, L.R. 3 Ex. 220, 223 (1868), quoted in *Bradley v. Fisher*, supra, 349, note, at 350.) It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision making but to intimidation.

*Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S. Ct. 1213, 1217-18, 18 L. Ed. 2d 288 (1967).

Plaintiff's allegations against defendant Navarro stem from her ruling as a judicial officer. (#1-1). Defendant Navarro is immune from such civil liability for the acts "committed within [her] judicial jurisdiction," and the court should dismiss the claims for relief against her for lack of jurisdiction. *Pierson*, 386 U.S. at 553-55 (citing *Bradley*, 13 Wall. 335, 20 L.Ed. 646); *Pennhurst State Sch. & Hosp.*, 465 U.S. at 98–100; Fed.R.Civ.P. 12(b)(1). As amendment would be futile, the court should dismiss the claims against Judge Navarro (#1-1) *with prejudice. See Cato*, 70 F.3d at 1106.

### 2. Criminal Allegations Under Title 18

Plaintiff alleges that the defendants have violated laws and should face criminal punishment. (#1-1). Plaintiff states claims under Title 18, U.S.C. § 241, 242, 245, 249, 1962(c), 1962(d), 1512, 96, and 1961-1968. *Id.* Title 18 of the United States Code covers crimes and criminal procedures. Such criminal allegations are not properly brought forth in a civil complaint. *See Wiley v. California*, 2011 WL 6012423, *4 (E.D. Cal. Nov 30, 2011) (citing *Perry v. Garcia*, 2010 WL 3633042, *12 (S.D.Cal. July 16, 2010) (stating that "murder and a violent hate crime are criminal charges, not properly part of a civil action"); *Lorenz v. Managing Director, St. Luke's Hosp.*, 2010 WL 4922267 (S.D.N.Y.Nov .5, 2010); *Lee v. Lewis,* 2010 WL 5125327 (E.D.N.C.Oct.28, 2010)). Claims under these statutes should be dismissed *with prejudice.*

### 3. Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985)

Plaintiff alleges a claim under 42 U.S.C. § 1985 against "Defendants ALL," and asserts that they, among other things, "maliciously conspired to tarnish the reputation," "remove blogs, information

6

online in which expose the involvement of [defendants,]" conspired "in order to get unlawful, unconstitutional court actions against Plaintiff Investigative Blogger Crystal L. Cox in order to silence information regarding those infringing on the iViewit Video Technology and owing iViewit Technology and Eliot Bernstein 100's of Billions of Dollars," conspired "in an online campaign to defame, discredit the blogs of Plaintiff Crystal L. Cox and to make her, me look like a Criminal," conspired "to interfere with Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal," conspired "to seize Plaintiff Crystal L. Cox and (Defendant) Eliot Bernstein's Domain Names," conspired "to wipe out this content, these links, in an unethical, illegal TRO," conspired "to suppress blogs of Plaintiff Crystal L. Cox in order to cover up Godaddy's infringement," conspired, "in an online campaign to defame, discredit the blogs of Plaintiff Crystal L. Cox and to make Plaintiff Crystal Cox look like a Criminal," are "harassing and intimidating lawsuit that violated my fundamental free speech right and now is trying to be denied a right to appeal," and conspired "to paint me, Plaintiff Crystal L. Cox in false light, defame me and accuse me of a crime in mass media, legal blogs and public radio in order to attempt to discredit my blogs."  (#1-1).

42 U.S.C. § 1985(3) provides that "[i]f two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws... the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."  Several of plaintiff's allegations stated above do not assert a claim under § 1985(3). Plaintiff's allegations that defendants defamed, tarnished her reputation, discredited, made her look like a criminal, conspired to seize her domain names and/or to wipe out blog content, painted her in false light, and accused her of a crime in order to discredit her blogs, do not support a claim under § 1985(3), as the allegations to not relate to equal protection or privileges and immunities. *See* (#1-1); 42 U.S.C. § 1985(3).

The court should dismiss this claim with leave to amend. *See Cato*, 70 F.3d at 1106. Plaintiff should amend her claim under § 1985 to clearly and concisely allege a conspiracy to deprive her of her rights, omitting any reference to defamation, false light, etc.

### 4. "All State and Federal Laws Applying to Defamation," "All Federal and State Harassment Laws Applicable," ALL Anti-Discrimination laws, all laws that prohibit harassment against individuals in retaliation," "ALL Nevada Retraction Laws," "All Laws applying to tortious interference," and " all Federal and State Whistle Blower Retaliation Laws"

In counts 2, 3, 9, 13, and 17, plaintiff alleges that the defendants violated "ALL" of the laws pertaining to a certain action, and does not specify what law was actually violated or what statute the claim is brought under. (#1-1). Without pointing to which particular statute or law the claim is brought under, the court is unable to assess whether plaintiff has stated "a claim for relief that is plausible on its face." *See Ashcroft*, 129 S.Ct. at 1949. The court should dismiss these claims, and permit plaintiff to amend her complaint to properly state what statute or law was allegedly violated. *See Cato*, 70 F.3d at 1106.

### 5. 47 U.S.C. § 223

Plaintiff asserts in count 3 that defendants violated 47 U.S.C. § 223: "Obscene or harassing telephone calls in the District of Columbia or in interstate or foreign communications." (#1-1). This section provides for criminal penalties under Title 18, including a fine and/or imprisonment, and claims seeking criminal penalties are not properly brought in a civil complaint. *See* 47 U.S.C. § 223. The claim should be dismissed *with prejudice. See Cato*, 70 F.3d at 1106.

### 6. Civil Rights: First Amendment: Due Process: "Freedom of Expression;" "Constitutional Rights"

Plaintiff's fifth and sixth claims allege that defendants violated her civil rights, her right to free speech, and due process. (#1-1). 42 U.S.C. §1983 provides an individual the right to bring a civil action for deprivation of rights, and state that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law..."

To state a claim under § 1983, a plaintiff must plead that the named defendants (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government. See *Monroe v. Pape*, 365 U.S. 167 (1961), partially overruled on other grounds by *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978).

Plaintiff asserts the Fifth and Sixth claims against defendant Randazza, "co-conspirators," and this court through Judge Navarro, violated her constitutional rights. (#1-1). As states above, Judge Navarro is immune from such allegations. *See Pierson v. Ray*, 386 U.S. 547, 553-55, 87 S. Ct. 1213, 1217-18, 18 L. Ed. 2d 288 (1967)(Judicial immunity applies in actions alleging claims under § 1983, and the Supreme Court has held with regard to § 1983 claims brought against judicial officers that "[t]he immunity of judges for acts within the judicial role is equally well established, and we presume that Congress would have specifically so provided had it wished to abolish the doctrine."). The Fifth and Sixth claims should be dismissed against Judge Navarro. Plaintiff has not alleged that the remaining defendants (co-conspirators) were "acting under color of state law," or that the defendants in some way represent the state, city, or county government. (#1-1). The fifth and sixth claims should be dismissed *with prejudice*.

### 7. 11 U.S.C. § 101-1330

Title 11 of the United States Code relates to bankruptcy actions. "A voluntary case under a chapter of [Title 11] is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter." 11 U.S.C. § 301. Plaintiff asserts a claim under 11 U.S.C. § 101-1330 in the ninth cause of action. (#1-1). The court should dismiss this

claim *with prejudice* for lack of jurisdiction, as the proper court to bring an action under Title 11 is bankruptcy court.

### 8. Abuse of Process

Plaintiff states that her eighth claim is for "abuse of process," and states that the defendants violated "Abuse of Power Tort Law." (#1-1). Plaintiff then cites to a court case from the United Kingdom in support of her claim. *Id.* The Ninth Circuit has addresses "Abuse of Power" claims, and quoted the Fifth Circuit in holding that "[m]any courts have simply applied common law tort principles to the concept of abuse of government power holding that, while simple negligence is not actionable under § 1983, gross negligence, recklessness, callous indifference or intentional conduct are.... While terms applicable to common law torts may help to determine what type of conduct constitutes abuse of power, use of such terms can be misleading.... Such terms state only a standard of care. They do not take into account the exact responsibilities of a particular official or his power to take certain actions. *Love v. King*, 784 F.2d 708, 713 (5th Cir.1986) (citations omitted)." *L.W. v. Grubbs*, 92 F.3d 894, 901 (9th Cir. 1996).

Plaintiff does not name a governmental entity or employee, and simply states that the individual defendants use the "legal process to accomplish an unlawful purpose." (#1-1). Such allegations are not appropriately brought under a claim for abuse of power and should be dismissed *without prejudice*.

### 9. Interference with Prospective Business Advantage

Plaintiff alleges that she makes a living selling nutritional supplements, is an author and publisher, and has owned Ten Lake Realty for 12 years, but that defendants interfered with her prospective business advantage by defaming her, making false accusations against her, and painting her in a false light. (#1-1). "In order to establish a claim for interference with prospective economic advantage in Nevada, a plaintiff must establish the following elements: 1) a prospective contractual relationship between the plaintiff and a third party; 2) the defendant's knowledge of this prospective

10

relationship; 3) the intent to harm the plaintiff by preventing this relationship; 4) the absence of privilege or justification by the defendant; and 5) actual harm to the plaintiff as a result. *See Leavitt v. Leisure Sports Inc.*, 103 Nev. 81, 734 P.2d 1221, 1225 (1987)." *Custom Teleconnect, Inc. v. Int'l Tele-Servs., Inc.*, 254 F. Supp. 2d 1173, 1180-81 (D. Nev. 2003).

Plaintiff has not stated that there was "a prospective contractual relationship between" her and a third party, or pointed the court to an "actual harm" caused by the alleged interference. *See* (#1-1). The claim for interference with prospective business advantage should be dismissed *without prejudice* for plaintiff to amend her complaint to state a claim that is plausible on its face. *See Cato*, 70 F.3d at 1106.

### 10.    Defamation

"Defamation is a publication of a false statement of fact." *Pegasus v. Reno Newspapers, Inc.*, 118 Nev. 706, 57 P.3d 82, 87 (2002). The Ninth Circuit has recognized that "[g]enerally, the elements of a defamation claim include: (1) a false and defamatory statement, (2) an unprivileged publication to a third person of the statement, (3) fault, amounting to negligence, and (4) actual or presumed damages. *See id.* at 90. In Nevada, statements of opinion cannot be defamation as a matter of law, because there is no such thing as a false idea. *See id.* "To prevail on a defamation claim, a party must show publication of a false statement of fact." *Posadas v. City of Reno*, 109 Nev. 448, 851 P.2d 438, 443 (1993)." *Blanck v. Hager*, 360 F. Supp. 2d 1137, 1159 (D. Nev. 2005) aff'd, 220 F. App'x 697 (9th Cir. 2007)

Plaintiff alleges in her second claim that defendants "have intentionally, with malice defamed Plaintiff Crystal L. Cox in mass media, blogs and radio, legal briefs, publications, and have intimidated, harassed, threatened and caused extreme duress and loss of business to Plaintiff Crystal L. Cox,..." (#1-1). These allegations are conclusory and, therefore, do not support a claim for which relief can be granted. *See Iqbal*, 129 S. Ct. At 1937 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (Rule 8 demands more than "the-defendant-unlawfully-harmed-me accusation"). The court recommends dismissing plaintiff's defamation claim *without prejudice*.

11

**11.    Unfair Competition**

Plaintiff alleges that the defendants violated several federal statutes relating to unfair competition, including the "Fair Competition Act," "Anti-Trust Laws," and the Federal Sherman Act. (#1-1). 15 U.S.C. § 45(a)(1) provides that "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful," and section (a)(2) states that the **Federal Trade Commission** is "empowered and directed to prevent" such acts. There is no private right of action for a claims of unfair competition, and such claim should be dismissed *with prejudice*.

**12.    RICO Claims**

Plaintiff further alleges that several defendants violated the RICO act by "engag[ing] in scams to steal intellectual property through fraudulent legal action and misinformation to the courts." (#1-1 at 117–19, 170–174). "To establish a RICO claim, a plaintiff must show: (1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." *DeFalco v. Bernas*, 244 F.3d 286, 305 (2d Cir.2001) (quotation marks omitted). To establish a violation of § 1962(c), in turn, a plaintiff must show that a person engaged in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Id.* at 306 (quotation marks omitted).

Plaintiff's claim fails. First, Plaintiff alleges that defendants violated the RICO act because they "violated Federal Rule of Civil Procedure 18." Rule 18 does neither provides for a private right of action nor constitutes a "predicate act" in support of a RICO claim. *See* Fed. R. Civ. P. 18. Moreover, Plaintiff's RICO claim also fails because it does not plead sufficient facts to support a cause of action. Plaintiff's claim, which is predominated plead on information and belief, merely alleges that the defendants conspired to "paint [Plaintiff] in false light, defame, harass, [and] intimidate" her. (#1-1 at 119). Plaintiff's allegations are either speculative or conclusory. Plaintiff's claims do not, therefore, support a claim for which relief can be granted. *See Iqbal*, 129 S. Ct. At 1937 (citing *Bell Atlantic Corp.*

12

*v. Twombly*, 550 U.S. 544 (2007) (Rule 8 demands more than "the-defendant-unlawfully-harmed-me accusation"). Plaintiffs RICO claims are dismissed without prejudice.

### 13. Malpractice Claims

Plaintiff's twelfth cause of action purports to state a claim for relief under the following laws: "Malpractice, Uniform Commercial Code, Nevada Malpractice Laws, California Malpractice Laws, Washington Malpractice Laws, Montana Malpractice Laws, Negligence, Client Confidentiality, Punitive Damages, The Lawyer's Code of Professional Responsibility, Rules of Professional Conduct, Attorney Misconduct Laws." (#1-1 at 6, 127). Plaintiff's complaint provides a general set of factual allegations and then recites each of these laws in full.

It is not the Court's job to laboriously search the complaint for factual assertions that could, in theory, be used to support one legal claim or another. *See, e.g.*, *Northwestern Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir.1994) ("District judges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits"). If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal is proper. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir.1988); *see also, Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir.1981). The court, therefore, recommends dismissing plaintiff's twelfth cause of action *without prejudice*.

### 14. Retraction, News Media, and Witness Tampering Laws

Plaintiff's thirteenth, fourteenth, and fifteenth causes of action allege that defendants violated Nevada's "Retraction Laws," various news media laws, and federal witness tampering laws. In support of these causes of action, Plaintiff cites N.R.S. § 41.0336 (acts or omissions of fire fighters or law enforcement officers), N.R.S. § 41.0336 (state or political subdivision to be named party defendant), N.R.S. § 49.275 (news media), 18 U.S.C. § 1512 (witness tampering). These statutes do not appear to provide for a private right of action. *Id.* It is not the court's duty to parse plaintiff's complaint for possible claims. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir.1988); *see also, Nevijel*

*v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir.1981). The court, therefore, recommends that plaintiff's thirteenth and fourteenth causes of action should be dismissed *with prejudice*.

### 15.   False Claims Act

Plaintiff's eighteenth cause of action alleges that defendant Randazza violated the False Claims Act, 31 U.S.C. § 3729 by using legal commentary and litigating cases to "trick judges." (#1-1 at 176). Plaintiff alleges that Randazza tricked judges to rule in his favor and, therefore, made a "false record in a government program to get a false claim paid." (*Id.*) This is not actionable under the False Claims Act, in part, because the statute does not define the term "claim" to include litigation.31 U.S.C. § 3729(b)(2). The court, therefore, recommends dismissing Plaintiff's eighteenth cause of action *with prejudice*.

### 16.   Consumer Protection Act

Plaintiff's final cause of action alleges that defendants violated an unidentified Consumer Protection Act. (*See* #1-1 at 175–176). Each of the fifty states, in addition to the federal government, have enacted various consumer protection statutes. It is not the court's job to determine which statute the plaintiff believes to have been violated. It is, therefore, recommended that plaintiff's nineteenth cause of action is dismissed *without prejudice*.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Crystal L. Cox's Motion/Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security.  This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

### **RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the Clerk of Court shall be ordered to file the complaint (#1-1).

IT IS FURTHER RECOMMENDED that claims 1, 3, 5–7, 9, and 18 of the complaint (#1-1) are dismissed *with prejudice*.

IT IS FURTHER RECOMMENDED that the Honorable Gloria Navarro is dismissed as a defendant *with prejudice*.

IT IS FURTHER RECOMMENDED that claims 2, 4, 8, 10–17, and 19 of the complaint (#1-1) are dismissed *without prejudice.*

IT IS FURTHER RECOMMENDED that plaintiff, if he chooses to do so, shall be permitted to file an amended complaint within thirty-three (33) days from the date the clerk mails the plaintiff the court's order dismissing the complaint, or the case may be dismissed *with prejudice*. Plaintiff is advised that under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 16th day of September, 2013.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**