Crystal L. Cox
Pro Se Plaintiff
SavvyBroker@Yahoo.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

**Plaintiff Crystal L. Cox**
and John and Jane Doe Plaintiff 1 - 25

                                                          **Complaint**
                                                   **Jury Trial Request**

v.

Marc J. Randazza, personally and professionally,

Marc Randazza, personally and professionally,

Ronald Green, Randazza Legal Group,

Greenberg Traurig Law Firm,

Kenneth P. White, personally and professionally,

Brown, White and Newhouse Law Firm,

Kashmir Hill of Forbes, personally and professionally,

Forbes Inc., .

Godaddy Inc.,  Bob Parsons, Jessica Griffin, personally and professionally

Tonkon Torp Law Firm,

Judge Marco Hernandez, personally and professionally

David S. Aman, Michael Morgan, Steven Wilker, personally and professionally,

Proskauer Rose Law Firm,

Kenneth Rubenstein, Allen Fagin, Gregg (Greggory) Mashberg, Jenifer DeWolf Paine, Joseph Lecesse, personally and professionally,

Obsidian Finance Group,

David W. Brown, Kevin D. Padrick, personally and professionally,

WIPO,

Francis Gurry, Erik Wilbers, personally and professionally,

Peter L. Michaelson, personally and professionally,

New York Times, David Carr, personally and professionally,

Philly Law Blog, Philadelphia Business,

Jordan Rushie, personally and professionally, P

Leo M. Mulvihill, Jr., personally and professionally,

Mulvihill & Rushie, LLC,

SaltyDroid, Jason Jones Esq.,  personally and professionally

Janine Robben  personally and professionally

Oregon State Bar Bulletin

Liberty Media Holdings,

John C. Malone,  personally and professionally

Corbin Fisher, Business, Corporation,

XBIZ, California Business

Manwin, Business, Corporation, LUXEMBOURG, Montreal Canada, Los Angeles

Bob Garfield, personally and professionally

NPR, New York Public Radio,

Tracy L. Coenen personally and professionally

SequenceInc.com, Wisconsin Company

Mark Bennett, personally and professionally

blog.bennettandbennett.com, Bennett and Bennett, Business

Scott H. Greenfield, Carlos Miller, John Calkins Sony, personally and professionally,

Eric Turkewitz, personally and professionally

Matthew M. Triggs, Personally and Professionally

Turkewitz Law Firm and NewYorkPersonalInjuryAttorneyBlog.com,

Scott H. Greenfield of Simple Justice - a New York Criminal Defense Blog and blog.simplejustice.us, personally and professionally

Carlos Miller of PixIQ.com and PhotographyisNotaCrime.com, personally and professionally

Roxanne Grinage, personally and professionally, HireLyrics,

Sean Boushie, personally and professionally,

University of Montana, Montana

Royce Engstrom, Bernie Cassidy, Taylor Kai Groenke ( Kai Groenke), personally and professionally,

Martin Cain, Dylan Energy, personally and professionally, Maryland Individual, Maryland Business

APPLE, Corporation

Steve Dowling, Bruce Sewell, California, Doug Chey, Douglas D. Chey, personally and professionally California

Tim Vawter, The Protection Group Video, personally and professionally

Judge Gloria M. Navarro personally and Professionally,

Daniel Staton Professional and Personally,

Marshall Ross Professional and Personally,

Multnomah County Sheriff's Office

Intel Corp.  Oregon Business, California Business, Global Business

Steven Rodgers Vice President & Deputy General Counsel at Intel Corporation, Personally and Professionally.

Douglas Melamed, Intel Corp. Professional and Personally

Mark Vena, personally and professionally,

David Wang, personally and professionally,

Synaptics,

Bret Sewell, personally and professionally,

EDWARD KWAKWA, personally and professionally,

P. Stephen Lamont, personally and professionally,

Ari Bass - Michael Whiteacre, personally and professionally,

Sean Tompkins, personally and professionally,

Leo M. Mulvihill, Jr.Personally and Professionally,

Mulvihill & Rushie LLC,

Free Speech Coalition,

Diana Duke, Personally and Professionally,

Liberty Media Holdings Connected Companies: Liberty Capital,  AOL Inc. (1% through Liberty Capital and 2% through Liberty Interactive), Barnes and Noble Inc. (17%), CenturyLink Inc. (1%) Crown Media Holdings Inc. (3%), Current Communications Group LLC. (8% through Liberty Partners and Liberty Associated Partners), Jingle Networks Inc. (9% through Liberty Partners and Liberty Associated Partners), Kroenke Arena Company LLC. (7%), Live Nation Entertainment Inc. (21%), Mobile Streams Inc. (16%), Motorola Mobility Inc. (2%) Motorola Solutions Inc. (2%), Priceline.com Inc. (1%), Sirius XM Radio Inc. (40%) Sprint Nextel Corporation (2%), Time Warner Cable Inc. (1% through Liberty Capital and 2% through Liberty Interactive), Time Warner Inc. (1% through Liberty Capital and 2% through Liberty Interactive) ,Viacom Inc. (1%)

John and Jane Doe Defendants, Individuals and Companies, 1-5000.

# Civil Action and Request for Jury Trial

## <u>Cause of Action</u>

**1.) Criminal and Civil Conspiracy;  Title 18, U.S.C., Section 241 - Conspiracy Against Rights, Title 18, U.S.C., Section 242 - Deprivation of Rights Under Color of Law, Title 18, U.S.C., Section 245 - Federally Protected Activities, Provisions against Conspiracies to Interfere with Civil Rights (42 U.S.C. § 1985), Section 241 of Title 18 is the civil rights conspiracy statute, Conspiracy Against Rights, 18 U.S.C. § 241. Section 241 of Title 18**

**2.) Defamation, All State and Federal Laws Applying to Defamation**

**3.) Harassment, All Federal and State Harassment Laws Applicable, 47 USC § 223 - Obscene or harassing telephone calls in the District of Columbia or in interstate or foreign communications, ALL Anti-discrimination laws, all laws relating that prohibit harassment against individuals in retaliation...**

**4.) Violation of Anti-Trust Violations / Fair Trade Violations  Fair Competition Act (FCA), The Federal Sherman Antitrust Act (1890),  Antitrust Policy and Competition Law**

**5.) Violation of First Amendment Right, Constitutional Rights, Freedom of Expression, Article 19 of the Universal Declaration of Human Rights, Bill of Rights 1689, First Amendment Adjudication Laws and Constitutional Rights,**

**6.) Violation of Due Process /Denial of Due Process, International Covenant on Civil and Political Rights (ICCPR). Article 19 of the ICCPR) and a Violation of our Civil Rights, Due Process Rights, and ALL State and Federal Due Process Laws Applicable**

**7.) Violation of Hate Crime Act, Hate Crime Prevention Act, Title 18, U.S.C., Section 241, Conspiracy Against Rights Statute, Title 18, U.S.C., Section 249 - Matthew Shepard and James Byrd, Jr., Hate Crimes Prevention Act**

**8.) Abuse of Process,**

**9.) Title 11 of United States Code, 11 U.S.C. §101-1330, All Laws applying to Tortious Interference**

**10.) Interference with Plaintiff's Prospective Business Advantage**

**11) RICO US Code Title 18, USAM 9-110.000 Organized Crime and Racketeering Violations of RICO, 18 U.S.C. 1962(c)), and Conspiracy to Violate RICO, Violation of 18 U.S.C. 1962 (d))**

**12) Malpractice, Uniform Commercial Code, Nevada Malpractice Laws, California Malpractice Laws, Washington Malpractice Laws, Montana Malpractice Laws, Negligence, Client Confidentiality, Punitive Damages, The Lawyer's Code of Professional Responsibility, Rules of Professional Conduct, Attorney Misconduct Laws.**

**13) Retraction Laws, Nevada Retraction Laws, NRS §41.336(2). NRS §41.337. and ALL Nevada Retraction Laws**

**14) Shield Laws, Nevada Shield Law NRS 49.275**

**15) Cause of Action 1512 : US Code - Section 1512: Tampering with a witness, victim, or an informant**

**16) Racketeering, 18 USC Chapter 96 - RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS, Code number 1961 through 1968.  All Racketeering Laws Applicable**

**17.) Whistleblower Retaliation.  Whistleblower Retaliation Protections Laws, Whistleblower Protection Act, Whistleblower Protection Enhancement Act was introduced in 2009, all Federal and State Whistle Blower Retaliation Laws.**

**18.)  False Claims Act (31 U.S.C. §§ 3729–3733,**

**19.) Consumer Protection Act, Deceptive Trade Practices and Consumer Protection Act,**

## <u>Note to Court</u>

Judge Gloria Navarro DENIED Pro Se Plaintiff Investigative Blogger Crystal L. Cox to file a counterclaim in District of Nevada Case 2:12-cv-02040-GMN-PAL. **Docket Entry Number 89 (ECF Nos. 48 and 63),** Dated February 22nd 2013, Signed by Judge Gloria M. Navarro of District of Nevada Case 2:12-cv-02040-GMN-PAL states, **"Defendant's Counter Complaint is STRICKEN. Defendant may only file her Counter Complaint as a separate lawsuit. Signed by Judge Gloria M. Navarro on 2/22/13."** Therefore Pro Se Litigant Crystal Cox is filing this separate Judicial Ordered / Court Ordered claim as per instructions and court ruling.

**This Entire Complaint is written, filed upon the knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox.**

## Parties, Jurisdiction, Defendants and Venue

### Defendants Named in this Counter Complaint / Legal Action

Plaintiff Investigative Blogger Crystal L. Cox requests this court, District of Nevada, to Serve, Provide Service to the Following Defendant List.  Plaintiff Investigative Blogger Crystal L. Cox cannot afford, is unable to provide service of documents to Defendants and this case is an important Public Issue and Public Concern. I, Plaintiff Crystal Cox Filed this Complaint in Forma Pauperis and have attached my "in Forma Pauperis" Motions, Documents with this Complaint.

### Defendants Named in this Counter Complaint / Legal Action are as Follows.

Marc J. Randazza, personally and professionally, Nevada Resident Doing Business as Randazza Legal Group in Nevada, California, Arizona, Florida, Mass.

Ronald Green, Randazza Legal Group,Nevada Individuals, Nevada, Florida, Arizona Company.

Greenberg Traurig Law Firm, Nevada, Florida, Boston, Denver, London, Las Vegas, Miami, Chicago, New York, New Jersey.

Kenneth P. White, California Individual personally and professionally

Brown, White and Newhouse Law Firm, California Business

Kashmir Hill of Forbes, Washinton D.C, personally and professionally

Forbes Inc., Washington D.C., New York.

Godaddy Inc., Arizona Business,

Bob Parsons, Jessica Griffin, personally and professionally Arizona Individual,

Tonkon Torp Law Firm, Oregon Business

David S. Aman, Michael Morgan, Steven Wilker, personally and professionally, Oregon Resident,

Proskauer Rose Law Firm, New York Business

Kenneth Rubenstein, Allen Fagin, Gregg (Greggory) Mashberg, Jenifer DeWolf Paine, Joseph Lecesse, personally and professionally, New York Individuals,

Obsidian Finance Group, Oregon Corporation, Washington Corporation

David W. Brown, Kevin D. Padrick, personally and professionally, Oregon Individual,

WIPO,

Francis Gurry, Erik Wilbers, personally and professionally, Switzerland

Peter L. Michaelson, personally and professionally, New Jersey Individual

New York Times, David Carr, New York Individual, New York Business

Philly Law Blog, Philadelphia Business,

Jordan Rushie, personally and professionally, Philadelphia Individual,

Leo M. Mulvihill, Jr., Philadelphia Individual,

Mulvihill & Rushie, LLC, Philadelphia Business,

SaltyDroid, Jason Jones Esq.,  personally and professionally

Janine Robben  personally and professionally

Oregon State Bar Bulletin

Liberty Media Holdings, Business, Corporation

John C. Malone,  personally and professionally

Corbin Fisher, Business, Corporation,

XBIZ, California Business

Manwin, Business, Corporation, LUXEMBOURG, Montreal Canada, Los Angeles

Bob Garfield, personally and professionally
NPR, New York Public Radio, New York

Tracy L. Coenen personally and professionally

SequenceInc.com, Wisconsin Company

Mark Bennett, personally and professionally

blog.bennettandbennett.com, Bennett and Bennett, Business

Scott H. Greenfield, Carlos Miller, John Calkins Sony, personally and professionally, California

Eric Turkewitz, personally and professionally

Matthew M. Triggs, Personally and Professionally

Turkewitz Law Firm and NewYorkPersonalInjuryAttorneyBlog.com,

Scott H. Greenfield of Simple Justice - a New York Criminal Defense Blog and blog.simplejustice.us, New York Business, New York Individual, personally and professionally

Carlos Miller of PixIQ.com and PhotographyisNotaCrime.com, personally and professionally

Roxanne Grinage, personally and professionally, HireLyrics, Philadelphia Business, Philadelphia Individual

Sean Boushie, personally and professionally, Montana Resident

University of Montana, Montana

Royce Engstrom, Bernie Cassidy, Taylor Kai Groenke ( Kai Groenke), personally and professionally, Montana Individual, Montana Business

Martin Cain, Dylan Energy, personally and professionally, Maryland Individual, Maryland Business

APPLE, Corporation

Steve Dowling, Bruce Sewell, California, Doug Chey, Douglas D. Chey, personally and professionally California

Tim Vawter, The Protection Group Video, personally and professionally

Judge Gloria M. Navarro personally and Professionally, Nevada

Daniel Staton Professional and Personally, Oregon Resident

Marshall Ross Professional and Personally, Oregon Resident

Multnomah County Sheriff's Office Portland Oregon, Oregon Government Office

Intel Corp.  Oregon Business, California Business, Global Business

Steven Rodgers Vice President & Deputy General Counsel at Intel Corporation, Personally and Professionally.  California Resident.

Mark Vena, personally and professionally, Believed to Be California Resident

David Wang, personally and professionally, Believed to Be California Resident

Synaptics, California Corporation, International Business

Bret Sewell, personally and professionally, Believed to Be California Resident

EDWARD KWAKWA, personally and professionally, Believed to Be Resident of Switzerland

P. Stephen Lamont, personally and professionally, Believed to Be New Jersey Resident

Ari Bass - Michael Whiteacre, personally and professionally, Believed to Be Nevada Resident

Sean Tompkins, personally and professionally, Believed to Be Wisconsin Resident

Leo M. Mulvihill, Jr.Personally and Professionally, Philadelphia, PA

Mulvihill & Rushie LLC, Philadelphia, PA Law Firm

Free Speech Coalition, California Non-Profit

Diana Duke, Personally and Professionally, California Resident

Liberty Media Holdings Connected Companies: Liberty Capital,  AOL Inc. (1% through Liberty Capital and 2% through Liberty Interactive), Barnes and Noble Inc. (17%), CenturyLink Inc. (1%) Crown Media Holdings Inc. (3%), Current Communications Group LLC. (8% through Liberty Partners and Liberty Associated Partners), Jingle Networks Inc. (9% through Liberty Partners and Liberty Associated Partners), Kroenke Arena Company LLC. (7%), Live Nation Entertainment Inc. (21%), Mobile Streams Inc. (16%), Motorola Mobility Inc. (2%) Motorola Solutions Inc. (2%), Priceline.com Inc. (1%), Sirius XM Radio Inc. (40%) Sprint Nextel Corporation (2%), Time Warner Cable Inc. (1% through Liberty Capital and 2% through Liberty Interactive), Time Warner Inc. (1% through Liberty Capital and 2% through Liberty Interactive) ,Viacom Inc. (1%)

John and Jane Doe Defendants, Individuals and Companies, 1-5000.

<u>ALLEGATIONS COMMON TO ALL COUNTS</u>
"On Belief and Knowledge of" As Follows.

# GENERAL ALLEGATIONS

In 2011 Plaintiff Investigative Blogger Crystal L. Cox was involved in a major free speech lawsuit.  (Obsidian Finance Group LLC v. Crystal Cox) Plaintiff Investigative Blogger Crystal L. Cox lost this case due to Judge Marco Hernandez ruling that the Oregon Retraction Laws,Shield Laws, and the First Amendment did not apply to bloggers but only applies to accredited media, big media.

Defendant Marc Randazza saw the Obsidian V. Cox ruling in December of 2011. Defendant Marc Randazza, as he told me in his first call, was contacted by his clients, that are high up in the Porn Industry.  Defendant Marc Randazza told Plaintiff Investigative Blogger Crystal L. Cox that these Porn Industry giants called him and asked him what he is going to to about Crystal Cox, and this bad precedence set by Obsidian Finance Group LLC v. Crystal Cox. A precedence that affects the bottom line financially of the free speech coalition and all the porn companies that Defendant Marc Randazza represents.

At this time, one of my investigative reporters / investigative bloggers for my Whistleblower Media News Network, Michael Spreadbury ,contacted Defendant Marc Randazza and asked if he would take a meeting with "US", the 3 of us had a conference call in December 2011 regarding Plaintiff Investigative Blogger Crystal L. Cox and my Ninth Circuit Appeal.  On this first phone call, Defendant Marc Randazza discouraged Plaintiff Investigative Blogger Crystal L. Cox from filing a Ninth Circuit Appeal. However, Defendant Marc Randazza asked for the strategy of Plaintiff Investigative Blogger Crystal L. Cox and for all Plaintiff Investigative Blogger Crystal L. Cox's files.

Defendant Marc Randazza was out to sabotage Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal from, even before the very first phone call, where Defendant Marc Randazza gathered information, strategy, files and privileged information from Plaintiff Investigative Blogger Crystal L. Cox in which Defendant Marc Randazza later used with co-conspirators to defame, harass, paint in false light, ruin the business of, intimidate, and put Plaintiff Investigative Blogger Crystal L. Cox under extreme duress with the goal of stopping Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal  in Obsidian Finance Group v. Crystal Cox, so that his "Clients" would not be affected by this precedence.

Defendant Marc Randazza told Plaintiff Investigative Blogger Crystal L. Cox that he may have a conflict of interest with his representation of the Media Bloggers Association (MBA), and he would let  Plaintiff Investigative Blogger Crystal L. Cox know if he did, that never happened.

After this first call, Defendant Marc Randazza did not let Plaintiff Investigative Blogger Crystal L. Cox know of any conflicts of interest as Defendant Marc Randazza told Plaintiff Investigative Blogger Crystal L. Cox that he would. In the meantime UCLA Law Professor, Attorney Eugene Volokh was corresponding with Plaintiff Investigative Blogger Crystal L. Cox on possible representation in Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal.

Professor, Attorney Eugene Volokh was professional, to the point and did not tell Plaintiff Investigative Blogger Crystal L. Cox that she made a mess, did not put me down, treat me badly and was focused on the merits of the case in which affected all Citizen Journalists, All Free Speech, First Amendment Rights, Whistleblowers and the constitutional rights of all citizens, which was always the primary goal of Plaintiff Investigative Blogger Crystal L. Cox. And unlike Defendant Marc Randazza, which, as a client and a court case defendant involved with Attorney Marc Randazza, I, Plaintiff Investigative Blogger Crystal L. Cox have every legal right to have as many blogs as I like expressing my opinion of  Attorney Marc Randazza, Defendant Marc J. Randazza. Plaintiff Investigative Blogger Crystal L. Cox was a VERY dissatisfied, and even HARMED ex-client of Defendant Marc J. Randazza and has the legal right to share her experience, review him as an attorney, and exercise her right to FREE SPEECH.

Still not hearing from, Defendant Marc Randazza, Plaintiff Investigative Blogger Crystal L. Cox received emails and had a phone meeting with Attorney Eugene Volokh whereby Attorney Eugene Volokh told Plaintiff Investigative Blogger Crystal L. Cox that Defendant Marc Randazza was acting on my behalf, putting in time and effort, negotiating with Plaintiff David Aman and Plaintiff Kevin D. Padrick, and Attorney Eugene Volokh told Plaintiff Investigative Blogger Crystal L. Cox that if she had chose to go with Defendant Marc Randazza for the Ninth Circuit Appeal, then he would assist Defendant Marc Randazza in any way he could in order to assist me.

I, Plaintiff Investigative Blogger Crystal L. Cox, was very alarmed to hear that Defendant Marc Randazza was negotiating a deal on my behalf with Plaintiff David Aman and Plaintiff Kevin D. Padrick, without my knowledge of the terms of this deal, and without the promised information regarding any conflicts of interest that Defendant Marc Randazza may have in moving forward with my case.

Defendant Marc Randazza was acting as my attorney with my privileged information and negotiating a deal on my alleged behalf, without my knowledge. This upset me,  Plaintiff Investigative Blogger Crystal L. Cox, and rightly so.  I told UCLA Law Professor, Attorney Eugene Volokh that I did not want Defendant Marc Randazza to represent my on my Ninth Circuit Appeal, and that I would let Defendant Marc Randazza know immediately that he no longer represented me.

I, Plaintiff Investigative Blogger Crystal L. Cox, then emailed Defendant Marc Randazza and copied the email to UCLA Law Professor, Attorney Eugene Volokh and told Defendant Marc Randazza that he no longer represented me, Plaintiff Investigative Blogger Crystal L. Cox, and the reasons why.

Defendant Marc Randazza acted as if he was fine with this decision, as the record shows. However, Plaintiff Investigative Blogger Crystal L. Cox firing Defendant Marc Randazza ruined his plan to sabotage Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal so that his Big Clients, and Co-Conspirator Attorneys, Bloggers and Big Media would not be affected by the precedence set by Plaintiff Investigative Blogger Crystal L. Cox in Obsidian Finance Group vs. Crystal Cox.  So Defendant Marc Randazza launched new efforts to sabotage Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal and enlisted a large amount of conspirators to defame, harass, and intimidate Plaintiff Investigative Blogger Crystal L. Cox into stopping, my Ninth Circuit Appeal.  Co-Defendant David Aman offered me 3 Settlements via UCLA Law Professor, Attorney Eugene Volokh after the Trial was over.

2 of Which were after Plaintiff Investigative Blogger Crystal L. Cox had filed her Ninth Circuit Appeal in effort to STOP the Appeal. Defendant Marc Randazza has worked in conspiracy with a ring of bloggers, most who are attorneys and worked with Defendant Kashmir Hill of Forbes and Defendant Bob Garfield of NPA, Defendant WIPO, Defendant Peter L. Michaelson and other co-conspirators in order to create a mass media illusion that Plaintiff Investigative Blogger Crystal L. Cox is guilty of the crime of extortion, though Plaintiff Investigative Blogger Crystal L. Cox was not on trial for extortion, not under investigation for extortion nor had ever been charged with extortion.

Defendant Marc Randazza and Defendant David Aman, along with massive co-conspirators have set out to paint Plaintiff Investigative Blogger Crystal L. Cox in false light in order to affect Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal, and to stop this alleged "bad precedence" at the lower court level so that Defendant Marc Randazza's biggest Porn Industry Clients such as Defendant Liberty Media Holdings, Defendant John C. Malone, Defendant Manwin, Defendant Corbin Fisher and other big clients, John and Jane Doe Defendants / co-conspirators of Marc Randazza's would not be affected by the Obsidian V. Cox Precedence.

These Co-Conspirators, Defendants were not simply worried just about this "bad precedence" to their Free Speech Rights, and legal proceedings that would affect them in the future.

Defendant Liberty Media Holdings, Defendant John C. Malone, DefendantManwin, Defendant Corbin Fisher and other big clients, Defendants / co-conspirators of Marc Randazza's named in this counter complaint, as well as John and Jane Doe Defendants, absolutely need to silence the blogs of Investigative Blogger Plaintiff Investigative Blogger Crystal L. Cox. To them, it is a matter of Trillions of Dollar and Indictments they may face.

Over a Decade ago iViewit Technology invented a video coding technology that changed pixelated video to clear crisp video. These co-conspirators of Defendant Marc J. Randazza make billions a year off of this technology they infringe on, each one of them, and they have for over a decade. Plaintiff Investigative Blogger Crystal L. Cox has reported on the iViewit Technology for over 3 years, and Plaintiff Investigative Blogger Crystal L. Cox has reported on Defendant Proskauer Rose, Defendant Kenneth Rubenstein, MPEG LA, Defendant John Calkins and most all of the co-conspirators listed in this counter complaint.

(On belief and knowledge) Defendant Marc J. Randazza has been hired to STOP the investigative blogs of Plaintiff Investigative Blogger Crystal L. Cox in order to suppress, discredit the iViewit Technology Theft Story, in order to save his clients and co-conspirators from indictments and from having to pay  iViewit Technology and Inventor, Eliot Bernstein Trillion of Dollars.  In this, these Defendants / Alleged Co-Conspirators have committed massive shareholder fraud, been involved in insider trading, violated anti-trust laws, violated patent laws, committed international crimes and conspiracy and more.

Eliot Bernstein is the founder of the iViewit Technology Company and one of the iViewit Technology Inventors. The Co-Conspirators in this complaint stand to lose Trillions of Dollars in the iViewit Technology Case and many face prison time. There are ongoing Federal and International Investigations in which name many of the Co-Conspirators / Defendants. There are RICO Complaints, USPTO Complaints, Christine Anderson Whistleblower Case out of New York, Florida Bar Lawsuits and Complaints, European Patent Office Complaints, and other ongoing court cases and investigations.

Defendant Marc Randazza has criminally and civilly conspired with all co-defendants, individual and companies in this counter complaint, to the best of my knowledge, and upon my belief.

Defendant Marc Randazza has criminally and civilly conspired with all co-defendants, individual and companies to suppress, remove, discredit the Eliot Bernstein / iViewit Technology Theft Story. Which is a story regarding the largest technology theft in the world, involving Defendant Marc Randazza and Defendant Ronald D. Green, and Jordan Rushie's Clients. Plaintiff Crystal L. Cox is an Investigative Reporter / Investigative Blogger who has been covering, reporting on the iViewit Technology story in depth for over 3 years.

## Why is  Plaintiff Investigative Blogger Crystal L. Cox Ninth Circuit Appeal so Important that Co-Conspirators would go to this length to STOP It?

Defendant Marc Randazza told Plaintiff Investigative Blogger Crystal L. Cox that filing an Ninth Circuit Appeal in Obsidian V. Cox, would endanger the rights of fellow citizen bloggers, and free speech advocates and it may be best to leave the mess where I made it at the lower courts. Plaintiff Investigative Blogger Crystal L. Cox later found out from ethical attorneys that this advice, counsel, was not in Plaintiff Investigative Blogger Crystal L. Cox's best interest, nor in the best interest of fellow citizen bloggers, and free speech advocates.

Defendant Marc Randazza told Plaintiff Investigative Blogger Crystal L. Cox, on their first phone call, that Big Media Makes More Money if they have a Monopoly on Free Speech.  Defendant Marc Randazza also told Plaintiff Investigative Blogger Crystal L. Cox, on their first phone call that there is no precedence in a higher court that distinguishes the rights free speech rights of bloggers vs. and in conjunction with the free speech laws and rights of traditional journalists and reporters. If Plaintiff Investigative Blogger Crystal L. Cox were to win a Ninth Circuit Appeal this would level the playing field and give equal rights to bloggers and traditional journalist, media.  Big Media stands to lose Billions monthly if Plaintiff Investigative Blogger Crystal L. Cox were to win a Ninth Circuit Appeal and with this Plaintiff Investigative Blogger Crystal L. Cox's media outlet, over a thousand blogs reporting on the iViewit Video Technology story, would get credibility and thereby expose thousands of named defendants, co-conspirators and Defendants in a public arena.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Big Media, Defendant David Carr and the New York Times, Defendant Bob Garfield and Defendant NPR, Defendant Kashmir Hill Forbes and other co-conspirator in this counter complaint have massive motive to STOP the Plaintiff Investigative Blogger Crystal L. Cox Ninth Circuit Appeal.

### Daniel Staton Professional and Personally, Oregon Resident
### Marshall Ross Professional and Personally, Oregon Resident
### Multnomah County Sheriff's Office Portland Oregon, Oregon Government Office

Upon Belief and Knowledge, Defendant Daniel Staton Multnomah County Sheriff Portland Oregon, Defendant Marshall Ross Senior Deputy have acted in conspiracy with Defendant Tonkon Torp Law Firm, Defendant Steven Wilker, Defendant Kevin Padrick, Defendant David W. Brown, and Defendant Obsidian Finance Group who have acted in criminal and civil conspiracy with Defendant Marc J. Randazza in unconstitutionally SEIZING, via a Judicial Sale, a Sheriff's Sale ordered by Defendant Daniel Staton Multnomah County Sheriff Portland Oregon, Defendant Marshall Ross Senior Deputy, See Exhibit 4 Page 19 through 28.

Upon Belief and Knowledge, Defendant Marc J. Randazza, who was once the attorney for Plaintiff Investigative Blogger Crystal L. Cox in this matter, has advised (Opposing Counsel) Defendant Steven Wilker, Defendant Kevin Padrick, Defendant David W. Brown, and Defendant Obsidian Finance Group in regard to conspiring with Defendant Daniel Staton Multnomah County Sheriff Portland Oregon, Defendant Marshall Ross Senior Deputy in SEIZING the "Right to Appeal" of Obsidian Finance Group LLC vs. Crystal L. Cox.

Upon Belief and Knowledge, Defendant Steven Rodgers Vice President & Deputy General Counsel at Intel Corporation has acted in Criminal and Civil Conspiracy with Defendant WIPO, Defendant Peter L. Michaelson, Defendant P. Stephen Lamont, Defendant Doug Chey, Defendant Bruce Sewell Former Intel General Counsel Now APPLE General Counsel, Defendant Steve Dowling, Defendant Intel Corp., Defendant Proskauer Rose, Defendant Kenneth Rubenstein, Defendant Tonkon Torp Law Firm, Defendant Mike Morgan of Tonkon Torp Law Firm, and John and Jane Does.

Upon Belief and Knowledge Defendant Mark Vena, has criminally and civilly conspired with Defendant Marc J. Randazza, Defendant Greenberg Traurig, Defendant Ronald D. Green, Defendant Randazza Legal Group, Defendant John C. Malone, Defendant Liberty Media Holdings, Defendant David Wang, Defendant Synaptics, Defendant Bret Sewell, in connection to Silicon Graphics and AMD, directly involved in the theft of the iViewit Technology, one of the iViewit Video Technology Inventors Being (Defendant) Eliot Bernstein and in criminal and civil conspiracy with Defendant Proskauer Rose, Defendant Gregg Mashberg, Defendant Kenneth Rubenstein, Defendant Peter L. Michaelson and John and Jane Doe Defendants, in regard to the silencing of the blogs of Plaintiff Investigative Blogger Crystal L. Cox and removing information regarding the biggest technology theft in the world, the iViewit Technology Theft. And in regard to harassing, defaming, threatening, stalking Plaintiff Investigative Blogger Crystal L. Cox in order to silence blogs exposing the iViewit Technology Theft and the involvement of these Co-Conspirators, Defendants.

Upon Belief and Knowledge Defendant EDWARD KWAKWA has criminally and civilly conspired with Defendant Marc J. Randazza, Defendant Proskauer Rose, Defendant Steven Rodgers, Defendant Marc J. Randazza, Defendant Ronald D. Green, Defendant Francis Gurry, Defendant WIPO and John and Jane Doe Defendants, in the stealing of domain names, intellectual property, defaming Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein, harassing, threatening, pressuring and removing massive blogs of Plaintiff Investigative Blogger Crystal L. Cox exposing the Eliot Bernstein, iViewit Technology Story.

Upon Belief and Knowledge Defendant P. Stephen Lamont has conspired with Defendants and Co-Conspirators named in this Counter Complaint in it's entirety, in order to steal domain names and intellectual property, defame Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein, harassing, threatening, pressuring and removing massive blogs of Plaintiff Investigative Blogger Crystal L. Cox exposing the Eliot Bernstein, iViewit Technology Story, and to Suppress the iViewit Technology Theft Story.

Upon Belief and Knowledge Defendant Ari Bass aKa Michael Whiteacre has conspired criminally and civilly with Defendant Marc J. Randazza, Defendant Sean Tompkins, Defendant Kenneth P. White, Defendant Jason Jones, Defendant Ronald D. Green, Defendant Jordan Rushie, Defendant Sean Tompkins, and John and Jane Doe Co-Conspirators and Defendants to threaten the life, quality of life and livelihood of Plaintiff Investigative Blogger Crystal L. Cox and one of her sources Porn Industry Whistle Blower and Insider Monica Foster aKa Alex Melody, along with Porn Industry Whistle Blower Shelley Lubben, as seen In Exhibit 2, whereby there is threat of physical violence and coming to the town where Plaintiff Investigative Blogger Crystal L. Cox, this in criminal and civil conspiracy to pressure Plaintiff Investigative Blogger Crystal L. Cox to STOP her Ninth Circuit appeal of Obsidian V. Cox and to suppress the iViewit Technology Theft Story, and to protect Defendant Liberty Media Holdings, Defendant John C. Malone, Defendant Manwin, Defendant Corbin Fisher and John and Jane Doe Co-Conspirators and Defendants.

Upon Belief and Knowledge Defendant Leo M. Mulvihill, Defendant Jordan Rushie, Defendant Mulvihill & Rushie LLC, Defendant Ari Bass aKa Michael Whiteacre, Defendant Free Speech Coalition, Defendant Kenneth P. White have conspired criminally and civilly with Defendant Marc J. Randazza, and with John and Jane Doe Co-Conspirators and Defendants to pressure Plaintiff Investigative Blogger Crystal L. Cox to STOP her Ninth Circuit appeal of Obsidian V. Cox and to suppress the iViewit Technology Theft Story, and to protect Defendant Liberty Media Holdings, Defendant John C. Malone, Defendant Manwin, Defendant Corbin Fisher and John and Jane Doe Co-Conspirators and Defendants.

Upon Belief and Knowledge Defendant Free Speech Coalition, Defendant Diana Duke have conspired criminally and civilly with Defendant Marc J. Randazza, Defendant Sean Tompkins, Defendant Kenneth P. White, Defendant Jason Jones, Defendant Ronald D. Green, Defendant Jordan Rushie,  Defendant Sean Tompkins, and John and Jane Doe Co-Conspirators and Defendants to threaten the life, quality of life and livelihood of Plaintiff Investigative Blogger Crystal L. Cox and one of her sources Porn Industry Whistle Blower and Insider Monica Foster aKa Alex Melody, along with Porn Industry Whistle Blower Shelley Lubben. This, in criminal and civil conspiracy to pressure Plaintiff Investigative Blogger Crystal L. Cox to STOP her Ninth Circuit appeal of Obsidian V. Cox, to SILENCE Porn Industry Whistle Blowers and to suppress the iViewit Technology Theft Story, and to protect Defendant Liberty Media Holdings, Defendant John C. Malone, Defendant Manwin, Defendant Corbin Fisher and John and Jane Doe Co-Conspirators and Defendants.

Defendant Liberty Media Holdings, Defendant John C. Malone, Defendant Manwin, Defendant Corbin Fisher and other big clients, Defendants / co-conspirators of Marc Randazza's named in this counter complaint, as well as John and Jane Doe Defendants, absolutely need to silence the blogs of Investigative Blogger Plaintiff Investigative Blogger Crystal L. Cox. To them, it is a matter of Trillions of Dollar and Indictments they may face.

Over a Decade ago iViewit Technology invented a video coding technology that changed pixelated video to clear crisp video. These Defendants / co-conspirators of Defendant Marc J. Randazza's make billions a year off of this technology they infringe on, each one of them, and they have for over a decade. Plaintiff Investigative Blogger Crystal L. Cox has reported on the iViewit Technology for over 3 years, and Plaintiff Investigative Blogger Crystal L. Cox has reported on Defendant Proskauer Rose, Defendant Kenneth Rubenstein, MPEG LA, Defendant John Calkins and most all of the co-conspirators listed in this counter complaint.

(On belief and knowledge) Defendant Marc J. Randazza has been hired to STOP the investigative blogs of Plaintiff Investigative Blogger Crystal L. Cox in order to suppress, discredit the iViewit Technology Theft Story, in order to save his clients and co-conspirators from indictments and from having to pay iViewit Technology and Inventor, Eliot Bernstein Trillion of Dollars.  In this, these Defendants / Alleged Co-Conspirators have committed massive shareholder fraud, been involved in insider trading, violated anti-trust laws, violated patenr laws, committed international crimes and conspiracy and more.

Eliot Bernstein is the founder of the iViewit Technology Company and one of the iViewit Technology Inventors. The Co-Conspirators in this complaint stand to lose Trillions of Dollars in the iViewit Technology Case and many face prison time. There are ongoing Federal and International Investigations in which name many of the Co-Conspirators / Defendants. There are RICO Complaints, USPTO Complaints, Christine Anderson Whistleblower Case out of New York, Florida Bar Lawsuits and Complaints, European Patent Office Complaints, and other ongoing court cases and investigations.

Defendant Marc Randazza has criminally and civilly conspired with all co-defendants, individual and companies in this counter complaint, to the best of my knowledge, and upon my belief.

Defendant Marc Randazza has criminally and civilly conspired with all co-defendants, individual and companies to suppress, remove, discredit the Eliot Bernstein / iViewit Technology Theft Story. Which is a story regarding the largest technology theft in the world, involving Defendant Marc Randazza and Defendant Ronald D. Green, and Jordan Rushie's Clients.


Plaintiff Crystal L. Cox is an Investigative Reporter / Investigative Blogger who has been covering, reporting on the iViewit Technology story in depth for over 3 years.

# First Cause of Action
## Criminal and Civil Conspiracy Against Plaintiff Investigative Blogger Crystal L. Cox

Plaintiff Crystal L. Cox re-alleges all of the preceding paragraphs

Judge Gloria Navarro DENIED Pro Se Plaintiff Investigative Blogger Crystal L. Cox to file a counterclaim in District of Nevada Case 2:12-cv-02040-GMN-PAL,  Months after Pro Se Plaintiff Investigative Blogger Crystal L. Cox filed a counterclaim / counter complaint in District of Nevada Case 2:12-cv-02040-GMN-PAL, and after one Defendant has accepted service, Judge Gloria Navarro struck, removed from the record the counterclaim of Pro Se Litigant Crystal Cox.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendants ALL, have maliciously conspired to tarnish the reputation of Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein, and to remove blogs, information online in which expose the involvement of Liberty Media Holdings, Corbin Fisher, Manwin, John Calkins Sony, Kenneth Rubenstein, Peter L. Michaelson, Proskauer Rose Law Firm, Greenberg Traurig, and other John and Jane Doe's in the involvement of stealing the iViewit Technology, and infringement upon the iViewit Video Technology.  iViewit and it's associated Companies own the rights to most all of the videos technology used by John C. Malone, Liberty Media Holdings, Corbin Fisher, Manwin, Sony, and other John and Jane Doe individuals and companies.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Greenberg Traurig Law Firm, Defendant Randazza Legal Group, Defendant Jordan Rushie of Mulvihill and Rushie LLC and Defendant Marc J. Randazza are attorneys / law firms who represent John C. Malone, Liberty Media Holdings, Corbin Fisher and others who on belief and knowledge of Plaintiff Crystal Cox, all infringe on the iViewit Video Technology, where by (Defendant) Eliot Bernstein is one of the iViewit Video Technology Inventors and the founder of the iViewit Technology Company.

Greenberg Traurig Law Firm is a named defendant in the iViewit Technology RICO Complaints, Federal and International Investigations, USPTO Complaints, and other legal action in multiple courts and ongoing investigations regarding the biggest technology crime in the world, the Stealing of the 13 Trillion Dollar iViewit Technology.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, John C. Malone, Liberty Media Holding, Jordan Rushie, Mulvihill and Rushie LLC, Corbin Fisher, and other John and Jane Doe Defendants have criminally and civilly conspired with Defendant Marc J. Randazza and Defendant David Aman, in order to get unlawful, unconstitutional court actions against Plaintiff Investigative Blogger Crystal L. Cox in order to silence information regarding those infringing on the iViewit Video Technology and owing iViewit Technology and Eliot Bernstein 100's of Billions of Dollars.

Tonkon Torp Law Firm was the Attorneys for Enron (named Defendant in iViewit Technology Case) During their bankruptcy. Enron went Bankrupt due to business deals with Proskauer Rose Law Firm named Defendant in iViewit Technology Case) Regarding the iViewit Technology.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Tonkon Torp Law Firm, David S. Aman, Jordan Rushie of Mulvihill and Rushie LLC Philly Law Blog, Brown White $ Newhouse, Kenneth P. White, Popehat.com, Eric Turkewitz - Turkewitz Law Firm and NewYorkPersonalInjuryAttorneyBlog.com, Scott H. Greenfield of Simple Justice - a New York Criminal Defense Blog, Mark Bennett  blog.bennettandbennett.com, Bennett and Bennett, Scott H. Greenfield, Bob Garfield of NPR, David Carr of the New York Times, Kashmir Hill of Forbes and other John and Jane Doe Attorneys and Law Firms, in an online campaign to defame, discredit the blogs of Plaintiff Crystal L. Cox and to make her, me look like a Criminal. In order to suppress blogs exposing the iViewit Technology Story.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc J. Randazza, Defendant Proskauer Rose, Defendant WIPO, Defendant Tonkon Torp, Defendant David S. Aman, Defendant Michael Morgan, Defendant Peter L. Michaelson, Defendant Allen Fagin, Defendant Gregg Mashberg, Defendant Kenneth Rubenstein, Defendant Randazza Legal Group, Defendant Godaddy Inc., Defendant Bob Parsons, Defendant Jessica Griffin GoDaddy criminally and civilly conspired to steal intellectual property of Plaintiff Investigative Blogger Crystal L. Cox, suppress information on the blogs of Plaintiff Investigative Blogger Crystal L. Cox, intimidate and defame Plaintiff Investigative Blogger Crystal L. Cox, harass and threaten Plaintiff Investigative Blogger Crystal L. Cox, ruin the career and business of Plaintiff Investigative Blogger Crystal L. Cox, discredit the iViewit Technology story being reported by Plaintiff Investigative Blogger Crystal L. Cox for 3 years, to interfere with Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal to Stop a Precedence that is lose lose for clients of Defendant Marc J. Randazza, should Obsidian V. Cox go through the Ninth Circuit Court of Appeals.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza Criminally and Civilly Conspired with Defendant GoDaddy, Defendant Peter L. Michaelson, Defendant WIPO, and Defendant Judge Gloria M. Navarro to seize Plaintiff Crystal L. Cox and (Defendant) Eliot Bernstein's Domain Names and then allowed Defendant Marc Randazza in conspiracy to link those domain names to a blog post doing what Defendant Marc Randazza is accusing Plaintiff Crystal L. Cox and Eliot Bernstein of doing.

Defendant Marc Randazza has linked seized domain names to a blog post in which links to stories, articles, blog posts written by his co-conspirators in effort to defame, harass, intimidate, criminally endanger, and silence Investigative Blogger Crystal Cox.  Here is that Blog Post:

## ""This Domain Name Seized from Crystal Cox

A number of domain names, formerly registered to the known cyber-extortionist, Crystal Cox, now forward to this post.

On Nov. 30., the World Intellectual Property Organization awarded six of them to me in **Randazza v. Cox**, WIPO Case No. D2012-1525. (Cox's commentary on the case is here)

On Dec. 14, the United States District Court in Las Vegas issued a TRO seizing the rest. See **Randazza v. Cox,** 2:12-cv-02040 (D. Nev. Dec. 14, 2012)

I prefer not to comment much on the cases themselves, as there has been plenty of that from third party media sources. However, I have put up this post so that any of the seized domain names can point to this post. If you represent any of Cox's other victims, feel free to email me and I'll be pleased to share my pleadings in these cases.

Here are some selected press accounts of the story:

**Forbes**: Hill, Kashmir, "Ugly New Reputation-Smearing Tactic: Going After a Toddler's Internet Footprint" Forbes.com, April 2, 2012.

**New York Times**: Carr, David, "When Truth Survives Free Speech" New York Times, Dec. 11, 2011.

**Philly Law Blog**: Rushie, Jordan, "The Evolution of Crystal Cox: Anatomy of a Scammer" Philly Law Blog, April 3, 2012.

**Forbes**: Coursey, David. "Are Bloggers Really Journalists? Not If They Ask for Money" Forbes.com, March 29, 2012.

**Forbes**: Hill, Kashmir. "Why An Investment Firm Was Awarded $2.5 Million After Being Defamed By Blogger" Forbes.com, Dec. 7, 2011.

**PopeHat**: White, Ken. "Crystal Cox: Not a Free Speech Advocate" Popehat, April 4, 2012.

**National Public Radio**: Garfield, Bob. "Combating 'Bad' Speech with More Speech" NPR, On the Media Episode on April 6, 2012.

**Photography is Not a Crime**: Miller, Carlos. "Blogger Must Act Like Journalist To Be Treated Like One" Pixiq, December 9, 2011.
I expect even more loony tunes to follow."

**Defendant Marc J. Randazza's Blog "The Legal Satyricon" Blog Post, Seized Domains Now Link to, BEFORE Plaintiff Crystal L. Cox and Eliot Bernstein  was allowed due process of law.**

Plaintiff Crystal L. Cox had thousands of linking blog posts, and Defendant Marc Randazza has Criminally and Civilly conspired with Defendant Godaddy Inc, and the Nevada Courts to wipe out this content, these links, in an unethical, illegal TRO. Godaddy Inc. is financially liable to Plaintiff Crystal L. Cox, as is Defendant Marc Randazza and Defendant Judge Gloria M. Navarro professionally and personally.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza has Criminally and Civilly conspired with Defendant  Godaddy Inc. and Defendant Bob Parsons Godaddy President to tie up domain names for Defendant Marc Randazza in a way that violates the legal and constitutional rights of Plaintiff Crystal L. Cox and Eliot Bernstein.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza has Criminally and Civilly conspired with Defendant  Godaddy Inc. and Bob Parsons Godaddy President to suppress blogs of Plaintiff Crystal L. Cox in order to cover up Godaddy's infringement of the iViewit Technology. And to Criminally and Civilly conspire with Defendant WIPO, Defendant Sony, Warner Bros., APPLE, MPEG LA, Baryn Futa, Alexis Devane, Defendant Peter L. Michaelson, Tonkon Defendant Torp Law Firm, Defendant Manwin, Defendant Corbin Fisher and John and Jane Does who owe Eliot Bernstein and iViewit Technology Billions of Dollars.

In the Summer of 2011 DefendantProskauer Rose Law Firm attempted to Seize Domain Names from Plaintiff Investigative Blogger Crystal L. Cox in Order to order to silence blogs exposing the iVeiwt Technology theft of which Proskauer Rose Patent Attorneys we involved. DefendantProskauer Rose Law Firm filed a WIPO Complaint to attempt to take Plaintiff Investigative Blogger Crystal L. Cox's domain names.  The WIPO Complaint accused Plaintiff Crystal L. Cox of "Parroting Eliot Bernstein" and attempted to completely discredit the iViewit Technology theft Story and the involvement of Proskauer Rose Patent Attorneys in the stealing of the  iViewit Technology.

The Domain Names involved in this Dispute were AllenFagin.com,  JosephLeccese.com, GreggMashberg.com and ProskauerLawFirm.com - WIPO Case Numbers (TG) D2011-0678, (CT) D2011-0679,(CT) D2011-0677, (CT) D2011-0675 (Complainant Proskauer Rose).

Defendant Proskauer Rose Law Firm, at that time requested that Defendant Peter L. Michaelson be a Panelist on the WIPO Panel.  There were 3 WIPO Panelists on that WIPO Case, Peter L. Michaelson recused himself  before the Panel was set , assuming, due to conflicts of interest with Defendant Kenneth Rubenstein Proskauer Patent Attorney originally involved in the iViewit Technology theft and connections with AT&T Bell Labs, MPEG LA, and Hon. Judith Kaye.

Plaintiff Crystal L. Cox won all 4 WIPO cases against Defendant Proskauer Rose.

When Defendant Proskauer Rose could not remove the Investigative Blogs of Crystal L. Cox exposing the iViewit Technology theft and the involvement of Defendant Proskauer Rose attorneys, Proskauer Rose then criminally and civilly conspired with Defendant Peter L. Michaelson, WIPO, in order to control the WIPO Decision regarding Defendant Marc J. Randazza Vs. Crystal Cox and Eliot Bernstein.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Proskauer Rose then enlisted, conspired criminally and civilly with Defendant Marc Randazza to set a precedence in a court decision to later be used by Defendant Proskauer Rose to seize thousands of blogs and hundreds of thousands of blog posts exposing Proskauer Rose involved in the stealing of a 13 Trillion Dollar Technology, the iViewit Technology. Defendant Proskauer Rose conspired criminally and civilly with Defendant Marc Randazza to use this ill gotten court decision as a basis for future claims against thousands of Plaintiff Crystal L. Cox's blogs and the Blogs of Eliot Bernstein, iViewit Technologies.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, When Defendant Proskauer Rose Failed at Silencing the Blogs of Investigative Blogger Counter-Plaintiff  Crystal Cox in the Summer of 2011, Proskauer Rose then Enlisted Co-Conspirators Defendant Peter L. Michaelson and Defendant Marc Randazza In the Spring of 2012, when Defendant Defendant Marc Randazza Filed a Domain Name Dispute with the Czech Arbitration Court based in Prague (adr.eu). The Czech Arbitration Court case worker was Tereza Bartoskova. The Czech Arbitration Court case number was Administrative proceeding No. 100472. This domain name dispute was filed by Defendant Marc John Randazza. It was filed against Plaintiff Crystal L. Cox and Eliot Bernstein.  Czech Arbitration Court case Administrative proceeding No. 100472 is hereby included as evidence into this case, in its' entirety, including all documents, emails, filings, answers, phone records, and all information in this case .

Czech Arbitration Court case Administrative proceeding No. 100472 was cancelled after months of document and exhibit submissions as well as Respondent / Plaintiff Investigative Blogger Crystal L. Cox's answer being filed. Defendant Attorney Marc Randazza did not notify Respondents, Eliot Bernstein and Counter-Plaintiff Crystal L. Cox.  Defendant Marc Randazza then, at some point after this, and with no reason as to why the Czech case was cancelled, Defendant Marc Randazza filed a WIPO Dispute.

Respondents, Eliot Bernstein and Counter-Plaintiff Crystal L. Cox was not notified by Defendant Marc Randazza and found out, too late to file a response.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza conspired criminally and civilly with Defendant David Aman, Defendant Steven WIlker and Defendant Mike Morgan of Defendant Tonkon Torp Law Firm in this matter as well,  as they were attorneys for Enron, which collapsed due to deals with Defendant Proskauer Rose Law firm regarding the iViewit Technology.

Defendant Marc Randazza criminally and civilly conspired with Defendant Proskauer Rose to get a "Ruling" that Proskauer Rose can later use to STOP the flow of information regarding the iViewit Technology.  Defendant Marc Randazza conspired with Defendant Tonkon Torp Lawyer David S. Aman to SEIZE the "Right to Appeal" of Plaintiff Crystal L. Cox, in a Sheriff Sale of Plaintiff Crystal L. Cox's Assets.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza coached, conspired with, counseled Defendant Tonkon Torp Lawyer David S. Aman and Defendant Steven Wilker Opposing Counsel in regard to seizing Plaintiff Crystal L. Cox's right to appeal as an ASSET. Thereby stopping the iVieiwt Story and the attention coming to the Investigative Blogs of Plaintiff Crystal L. Cox.

Defendant Marc Randazza has set out to sabotage Plaintiff Crystal L. Cox, in her, my Ninth Circuit Appeal from the Beginning, first as Plaintiff Crystal L. Cox's attorney negotiating with Defendant Tonkon Torp Lawyer David S. Aman on Plaintiff Crystal L. Cox's behalf, allegedly in Plaintiff Crystal L. Cox's best interest.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza conspired criminally and civilly with Defendant Jordan Rushie of Mulvihill and Rushie LLC Philly Law Blog, Defendant Brown White $ Newhouse, Defendant Kenneth P. White,Popehat.com, Defendant Eric Turkewitz - Turkewitz Law Firm and NewYorkPersonalInjuryAttorneyBlog.com, Defendant Scott H. Greenfield of Simple Justice - a New York Criminal Defense Blog, Defendant Mark Bennett  blog.bennettandbennett.com Bennett and Bennett, Defendant

Bob Garfield of NPR, Defendant David Carr of the New York Times, Defendant Kashmir Hill of Forbes and other John and Jane Doe Attorneys, Journalists and Law Firms, in an online campaign to defame, discredit the blogs of Plaintiff Crystal L. Cox and to make Plaintiff Crystal Cox look like a Criminal.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza's conspiracy would fail if Plaintiff Crystal L. Cox is allowed to go to the Ninth Circuit Appeal and Wins, thereby giving even more credibility to her, Plaintiff Crystal L. Cox's blogs reporting on their criminal and civil conspiracy. Therefore, Defendant Marc Randazza conspired criminally and civilly with Defendant Tonkon Torp Lawyers to STOP my, Plaintiff Crystal L. Cox's Ninth Circuit Appeal.

Defendant Marc Randazza criminally and civilly conspired with Defendant Tonkon Torp Law Firm, as this lawsuit and Obsidian V. Cox are harassing and intimidating lawsuit that violated my fundamental free speech right and now is trying to be denied a right to appeal.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza criminally and civilly conspired with Defendant Tonkon Torp Law Firm to Deny Due Process in opposite constitution rights to appeal.  Defendant Marc Randazza has committed fraud on this court, District of Nevada, in claiming the belief that Plaintiff Crystal L. Cox is a Montana Resident.

The WIPO Complaint was in the name Reverend Crystal Cox as obtained from the Domain Name Whois Data Base, which also showed I was in Washington State, Defendant Marc Randazza criminally and civilly conspired with Tonkon Torp on seizing Plaintiff Crystal L. Cox's "Right to Appeal" as an asset and Defendant Marc Randazza is covering up that fact that he knows Plaintiff Crystal L. Cox am in Washington State, as Defendant Marc Randazza has advised Defendant David Aman and Defendant Steven Wilker of Tonkon Torp Law Firm on how to seize Plaintiff Crystal L. Cox's  rights as it pertains to Washington Law and not Montana Law.

Defendant Marc Randazza has Criminally and Civilly Conspired with Defendant Godaddy Inc., this court, District of Nevada,, Defendant WIPO and Defendant Judge Gloria Navarro in illegally seizing domain names, redirecting thousands of blog posts and Counter-Plaintiffs entitled to compensation.  this court, District of Nevada, is not a Domain Appraisal Expert, and yet has had Defendant Post a Bond of $100 per blog, per domain. MarcRandazza.com alone is worth Millions, Plaintiff Crystal L. Cox's Right to Appeal is with 100's of Billions, Plaintiff Crystal L. Cox's Blog network is worth over 100 Million.

Redirecting Plaintiff Crystal L. Cox's domain names in conspiracy is a theft, permanent damage to Plaintiff Investigative Blogger Crystal L. Cox, a crime, an AntiTrust Violation, Fair Competition Law Violation and is fraud on this court, District of Nevada,.  Defendant Godaddy Inc. who Sold the Domain Names, illegally gave the domain names to Defendant Marc Randazza, changing the server and breaking thousands of links forever.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza has acted in criminal and civil conspiracy to paint me, Plaintiff Crystal L. Cox in false light, defame me and accuse me of a crime in mass media, legal blogs and public radio in order to attempt to discredit my blogs reporting the iViewIt Technology Story. And to remove blogs that connect Defendant Marc Randazza to those infringing on the iViewit Technology and owing Billions to the iViewit Technology Company, Eliot Bernstein.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza has Criminally and Civilly Conspired in accusing me, Plaintiff Crystal L. Cox publicly of the Crime of Extortion. I, Plaintiff Crystal L. Cox have never extorted anyone.  I, Plaintiff Crystal L. Cox did not ask Defendant Marc Randazza for money to remove blog posts. Defendant Marc Randazza offered to buy domain names from Plaintiff Crystal L. Cox.

Plaintiff Crystal L. Cox refused, as the Exhibits to this Complaint Show.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza has Criminally and Civilly Conspired with other bloggers and big media in accusing Plaintiff Crystal L. Cox publicly of the Crime of Extortion.

Defendant Marc Randazza also offered to buy domain names from Monica Foster aKa Alex Melody, when she refused Marc Randazza threatened her, stole domain names with the use of Jessica Griffin Godaddy Insider.  For fear of her life and livlihood Monica Foster aKa Alex Melody Gave MarcRandazza.com back to  Plaintiff Crystal L. Cox in hopes she would not be stalked, threatened, defamed, beaten or even murdered by Defendant Marc Randazza and his connections .

**Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza has Criminally and Civilly  Conspired with Godaddy Inc.**

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, **Defendant** Godaddy has Criminally and Civilly conspired with Defendant Marc Randazza to steal the following domain names without due process.

marcrandazza.me
marcrandazza.com
marcjrandazza.com
fuckmarcrandazza.com
marcjohnrandazza.com
marcrandazzasucks.com
marcrandazzaisalyingasshole.com
marcrandazza.biz
marcrandazza.info
marcrandazza.mobi
marcrandazzaparody.com
exposemarcrandazza.com
randazzalegalgroupsucks.com
trollmarcrandazza.com
hypocritemarcrandazza.com
crystalcoxmarcrandazza.com

**MarcRandazza.me** was one of these Domain Names SEIZED by Defendant Marc J. Randazza with no Due Process to Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein and no First Amendment Adjudication.

MarcRandazza.me was purchased by Pro Se Plaintiff Crystal L. Cox as a Parody, making fun of Defendant Marc J. Randazza. MarcRandazza.me was never a blog, MarcRandazza.me has made ad revenue by Godaddy yet in a fraud on the court RRR claims that Pro Se Plaintiff Crystal L. Cox made the ad revenue.  This domain name was SEIZED, Stolen.

**MarcRandazza.me** and the "taboo" domain were both parked at Godaddy and never had blogs. Godaddy Inc., Bob Parsons had ads on the parked pages yet Defendant Marc J. Randazza claims that Pro Se Plaintiff Crystal L. Cox did, knowing full well that Crystal Cox was not the one receiving ad dollars. Defendant Marc J. Randazza, with actual malice committed fraud on the court and lied regarding Pro Se Plaintiff Crystal L. Cox and domain names at Godaddy.

Godaddy Inc., Bob Parsons has Pattern and History in freely placing ads on Trademarked Parked Domain Names Godaddy Inc., Bob Parsons are IMMUNE from Legal Action and are able to make ad revenue hand over fist on trade names, trademarked names in a domain name, yet Godaddy Clients, Customers and Domainers are SUED by Attorneys such as Defendant Marc J. Randazza.

When a company, say, for example Walmart of Ford, or an Association Say, such as "Realtor" issue a cease and desist or sue a Godaddy Clients, Customers and Domainers for Trademark Infringement, they are satisfied as long as the Godaddy Clients, Customers and Domainers moves the Domain Name to a parked page, vs a blog. They deem the blog or website as stealing their traffic and redirecting their business, however, these companies such as Ford, Walmart, Realtors, as in the example, have no issue with Godaddy Inc., Bob Parsons making that ad dollar revenue of their good name, their trademarked name. This is unlawful, hypocritical, discriminating, unconstitutional and a violation of the legal rights of the Godaddy Clients, Customers and Domainers.

Pro Se Plaintiff Crystal L. Cox and business partner have been Godaddy Customers since 2005, for years having over 5000 domain names. We have executive account manager, received gifts from Godaddy and constant calls. YET, when an unlawful, bully, hypocritical attorney such as Defendant Marc J. Randazza sues someone like us, a valuable Godaddy Client, Godaddy Inc., Bob Parsons not only sticks up for the attorney, Godaddy Inc., Bob Parsons breaks the laws and UDRP rules in changing servers and violating rights, conspiring with that attorney and against their own clients.

Godaddy sends emails trying to get you to buy domains, yes even trademarked names and names of OTHER PEOPLE. Godaddy gets ad dollars from parked domains even when a domainer is renew them, why? Because Godaddy is "Allowed" to make ad dollar money from PARKED, Trademarked Domain Names but Domainers are NOT.

Godaddy Inc., Bob Parson has been at this racketeering game for Years. Pro Se Plaintiff Crystal L. Cox will soon be naming Godaddy, Bob Parson, WIPO, Peter L. Michaelson, along with Defendant Marc J. Randazza and other co-conspirators and Defendants in a Federal RICO Complaint, a Criminal Complaint to the Attorney General and reporting to all authorities the activities of Godaddy, Bob Parson, WIPO, Peter L. Michaelson, along with Defendant Marc J. Randazza and other co-conspirators and Defendants.

Godaddy Inc., Bob Parson woos their clients at trade shows, sends them special gifts, emails offer non stop. And the biggest Godaddy Clients such as Investigative Blogger Plaintiff Crystal L. Cox, when our Domain Names are STOLEN, Godaddy conspires with the Intellectual Property Thieves and violates the rights of long term Godaddy Clients.

Godaddy Inc. lets' buyers spend money on Trademarked Domain Names, and Godaddy Inc. Gives no refund. When Companies such as WALMART and Association such as REALTOR, send a Domainer a cease and desist, they are satisfied if the name is PARKED. Thing is the Domainer PAID for the Domain Names, renewed the Domain Name, Got the Domain Name found in the Search Engines and Godaddy GOT the Revenue from the PARKED Domain Names.

The Courts, WIPO, ICANN, they all side with the Trademark Owner, and AGAINST the Smart, Internet Savvy Domainer. So the Domainer pays for the Domain Name, Gets the Domain Name in the Search, then pays to litigated the loss of the Domain Name and GODADDY gets all the MONEY with NO Liability, EVEN though GODADDY is the One Selling Trademarked Domain Names. Godaddy Auctions Sell Trademarked Names, Domain Name Leasing Sites  Lease Trademarked Names and godaddy makes ad Dollars from the ads on the domain names, even the Trademarked ONES.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, **Defendant** Godaddy has Criminally and Civilly conspired with Defendant Marc Randazza to change domain name servers to point to blog posts inciting hateful and defamatory remarks about Plaintiff Crystal L. Cox. Blog posts which are posted by those acting in criminal and civil conspiracy with Defendant Marc Randazza to intimidate, threaten, gag, harass Plaintiff Crystal L. Cox and to paint a picture that is fraud on the courts to get thousands of blog posts regarding the iViewit Stolen Video Technology, removed from the search engines permanently. This action violates AntiTrust Laws, Fair Competition Laws and Gives Defendant Marc Randazza and unfair advantage in the search engines based on Plaintiff Crystal L. Cox's, my money, my time, and my intellectual property.

The Above Domain Names were seized in Criminal and Civil Conspiracy with Defendant Marc Randazza, Defendant GoDaddy, Defendant Peter L. Michaelson, WIPO, and Judge Gloria M. Navarro. The Above domain names now link to the following Post Content on Marc Randazza's Blog "The Legal Satyricon" and to a Blog Post Linking to Defamation in Regard to Plaintiff Crystal L. Cox and Eliot Bernstein.

Defendant Godaddy Inc. Criminally and Civilly conspired with Defendant Marc Randazza, as Godaddy Inc. never unlocked the domain names AFTER Defendant Marc Randazza withdrew Czech Arbitration Court case Administrative proceeding No. 100472. Godaddy Inc. Aided and Abetted Defendant Marc Randazza to keep Domain Names locked, unlawfully and against UDRP Rules.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza conspired Criminally and Civilly with Defendant WIPO, Defendant Godaddy Inc., Defendant Proskauer Rose Law Firm, MPEG LA, Defendant Kenneth Rubenstein, Hon. Judith Kaye, Defendant Peter L. Michaelson and other John and Jane Doe's in stealing domain names from Respondents, Eliot Bernstein and Counter-Plaintiff Crystal L. Cox in order to stop the flow of information regarding the iViewit Technology Theft and the involvement of and infringement of Defendant Marc Randazza' clients Defendant Manwin, Defendant Corbin Fisher and other Porn Industry Companies. And to protect the illegal technology infringement of Warner Bros., APPLE, MPEG LA, and other John and Jane Doe's. And to protect the involvement of Defendant Proskauer Rose Law Firm, Defendant Proskauer Rose Patent Attorney Kenneth Rubenstein, Hon. Judith Kay and other John and Jane Doe's. Judith Kaye and Kenneth Rubenstein are both major iViewit Defendants in RICO and Anti-Trust Lawsuits.

Defendant Marc Randazza has Criminally and Civilly conspired with Defendant Godaddy Inc. and Defendant Bob Parsons Godaddy President to suppress the iViewit Technology Story. Defendant Godaddy, and Bob Parsons are infringing on the iViewit Technology, and are invested in multiple companies who also infringe on the iViewit Technology.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Godaddy criminally and civilly conspires with Defendant Marc Randazza in not following UDRP Rules, Laws and Regulations,

Godaddy simply takes whatever legal document Defendant Marc Randazza, Randazza Legal Group gives them and acts in civil and criminal conspiracy to do whatever Defendant Marc Randazza tells Defendant Godaddy to do.

**Defendant Marc Randazza has Criminally and Civilly Conspired with
Defendant John C. Malone and Defendant Liberty Media (LINTB).**

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza has acted in criminal conspiracy with Defendant John C. Malone, Rich Baer, Evan D. Malone, David E. Rapley, Larry E. Romrell, Donne F. Fisher, Gregory B. Maffei, Andrea L. Wong, Robert R. Bennett, M. Ian G. Chilchrist, and Liberty Media (LINTB) and Defendant Liberty Media (LINTB) owned companies Defendant PBS, Defendant Sprint Nextel Corporation,Defendant Starz, Time Warner Cable, Time Warner Inc., Viacom Inc., Centurylink, Crown Media Holdings, Liberty Associated Partners LLC, Barnes and Noble, Liberty Media Corporation, Acquire Media, Associated Partners L.P., MacNeil/Lehrer, Live Nation Entertainment Inc., Kroenke Arena Company LLC, Atlanta National League, Corbin Fisher, Brazzers, Encore, E! Entertainment, Time Warner Entertainment, Nine German Owned Cable Companies, Manwin,  Discovery Channel, News Corporation, QVC, AT&T, Gary Magness, Magness Securities, Paul A. Gould, Jerome H. Kern, Kim Magness, Charles Y. Tanabe, TCI, Liberty Media Holdings, Xbiz, Corbin Fisher, Playboy, Hustler, The Weinstein Company, Playboy Enterprises, Warren Buffet, Disney, Netflix, APPLE, Liberty Media Corp NASDAQ:LMCA, and John and Jane Doe's, to suppress the investigative blogs of Plaintiff Crystal L. Cox reporting on the Iviewit Videos Technology in which they all infringe on and owe iViewit Technologies Billions of Dollars.

These Liberty Media Holdings companies are named in the iViewit RICO Complaint, RICO Lawsuit, SEC Complaint, USPTO Complaint, New York Whistleblower Whitewashing Cases, Attempted Murder and Car Bombing cases involving iViewit Technology, Florida Bar Lawsuits, Department of Justice Investigations and more.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza has acted in criminal conspiracy with Defendant John C. Malone and Defendant Liberty Media (LINTB) and affiliated companies in order to suppress the iVieiwt Technology story because his client Liberty Media / Liberty Media Holdings LLC who owns part of Defendant Time Warner Inc., Time Warner Cable and Viacom, as well as Part or All of the Following who infringe on the iViewit Technology: Encore, Startz, TCI Ventures Group LLC, ATT, Liberty Digital Inc., TCI Satellite Entertainment Inc,  Discovery Channel, News Corporation, Netflix, QVC, MediaOne Group, CBS, The Weinstein Company, Defendant Liberty Capital, Defendant Corbin Fisher, Liberty Global,

Belgium's Telenet Group Holding, Sirius Radio, Barnes and Noble, Discover Communications, Malone Family Foundation, in Connection with the Cato Institute, and other Jane and John Doe's to be added in defaming, harassing, removing investigative blogs, suppressing information and stealing intellectual property of Plaintiff Crystal L. Cox.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza has acted in criminal conspiracy with Defendant John C. Malone and all owned companies and associated people above, in a massive deception, fraud on shareholders. Defendant Marc Randazza, Defendant John C. Malone, Rich Baer, Defendant Evan D. Malone and all above know of Liberty Media infringing on the iViewit Video Technology and the massive liability this is to Liberty Media and all people, companies, shareholders listed above in connection to Liberty Media owned companies.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza has acted in criminal conspiracy with Defendant John C. Malone and Defendant Liberty Media to commit Shareholder Fraud, Insider Trading, Sec Violations, Anti-Trust Violations, Securities Fraud and continued infringement on the iViewit Video Technology in spite of known NDA's, Legal Contracts, Inventors Rights and the FACT that Defendant Marc Randazza, Liberty Media and Defendant John C. Malone knowingly fail to disclose this Trillion Dollar Liability to shareholders of Liberty Media and Associated Companies.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza has conspired Criminally and Civilly with Defendant John C. Malone, Liberty Media, Time Warner Inc., Viacom, MPEG LA, Defendant Proskauer Rose Law Firm, Defendant Patent Attorney Kenneth Rubenstein, INTA, Defendant Peter L. Michaelson, Francis Gurry, WIPO, Bell Telephone Laboratories, AT&T, Defendant Stephen Lamont, Warner Bros., Defendant AOL, SONY, and other John and Jane Doe's to remove information from the Internet Regarding the worlds largest technology crime, the theft of the iViewit Technology by Defendant Proskauer Rose Patent Attorneys and Co-Conspirators.   And to remove information, blogs by Investigative Blogger Plaintiff Investigative Blogger Crystal L. Cox regarding their involvement in stealing, infringing on the iViewit Technology.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant John C. Malone began his business career at Bell Telephone Laboratories of AT&T. Defendant Kenneth Rubenstein, the Head Proskauer Rose Patent Attorney involved in criminal and civil conspiracy of stealing the iViewit was at Bell Labs associated with Defendant John C. Malone and Defendant WIPO Panelist Peter L. Michaelson.

Defendant Marc Randazza has conspired Criminally and Civilly with Defendant John C. Malone, Defendant Kenneth Rubenstein, Defendant Peter L. Michaelson, Liberty Media and other John and Jane Doe's in intimidating, harassing, defaming, criminally endangering, Plaintiff Crystal L. Cox and Eliot Bernstein.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant John C. Malone, Defendant Kenneth Rubenstein, Defendant Peter L. Michaelson, all worked at Bell Labs and have criminally and civilly conspired with Defendant Marc Randazza and Co-Conspirators, Defendants to discredit and remove blogs by Investigative  Blogger Plaintiff Investigative Blogger Crystal L. Cox, that expose the Co-Conspirators of the Biggest Technology Crime in the World, iViewit Technology Theft. Iviewit Companies include and are not limited to, Iviewit Holdings, Inc. – DL, Iviewit Holdings, Inc. – FL, Iviewit Technologies, Inc. – DL, Uviewit Holdings, Inc. – DL, Uview.com, Inc. – DL, Iviewit.com, Inc. – FL, Iviewit.com, Inc. – DL, I.C., Inc.)

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza has conspired Criminally and Civilly with Defendant John C. Malone, Defendant Kenneth Rubenstein, Defendant Peter L. Michaelson, Defendant Liberty Media, Defendant Godaddy, Judge Gloria M. Navarro and other John and Jane Doe's to remove thousands of blogs posts and associated links exposing those involved in the iViewit Technology Theft. And Criminally and Civilly to steal domain names, redirect domain names, and steal intellectual property, personal property of Eliot Bernstein, iViewIt Founder and of Plaintiff Crystal L. Cox in order to suppress information involving the iViewit Company, and the known technology infringement of Defendant Marc Randazza and Defendant Jordan Rushie, Philly Law Blog client Defendant Liberty Media, John C. Malone and All Associated Companies infringing on the iViewit Technology.

Defendant Marc Randazza has conspired Criminally and Civilly with Defendant John C. Malone, Liberty Media, McKinsey & Company, Defendant John Calkins, Warner Bros., Time Warner Inc., SONY Entertainment, Defendant Doug Chey, Defendant Scott Sherr, Todd Outten, Defendant Doug Chey AOL,Defendant Tracy L. Coenen, Tim Cook, Julie Jacobs, Warren Lieberfarb, Lieberfarb and Associates, Sony Pictures Entertainment, Intel, Defendant Bruce Sewell, H. Hickman Powell,  Crossbow Ventures, Chuck Dages, Alan E. Bell, Defendant Kenneth Rubenstein, WB Online, Sam Smith, Joe Annino, Jack Scanlon, Real Producer, WMP Developer Guides, Media Cleaner Pro, AOLTW, Microsoft, Toshiba, Best Buy, Samsung, Columbia House, and John and Jane Doe's in removing blogs reporting on the suppressing information regarding massive shareholder fraud, racketeering, sec fraud, suppressing and removing iViewit Technology, stealing domain names related to the iViewit Technology theft story, removing blogs from the search engines related to the iViewit Technology theft and  in intimidation - defamation - harassment campaigns against Investigative Blogger Plaintiff Crystal L. Cox

and against Investigative Blogger Monica Foster aKa Alex Melody and Diana Grandmason aKa Desi Foxx, who are both named in Defendant Marc Randazza's complaint against Defendant, Investigative Blogger Crystal L. Cox. by Defendant Marc Randazza in criminal and civil conspiracy .

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza has conspired Criminally and Civilly with Defendant John C. Malone, Liberty Media and Defendant John Calkins of SONY. Both Defendant John C. Malone and Defendant John Calkins were with McKinsey & Company. Defendant John Calkins is the Executive Vice President of Global Digital and Commercial Innovation for Sony Pictures Home Entertainment, and was at Warner Bros. when Warner Bros. Signed NDA's - Non Disclosure Agreements Regarding the iViewit Video Technology, and is one of the original co-conspirators in the iViewit Technology Theft, involving his direct connection with Warner Bros. and SONY, and massive shareholder fraud in not disclosing this liability.

**Defendant Marc Randazza has Criminally and Civilly Conspired with Multiple Legal Bloggers, CPA's Attorneys and Journalist in an Whistleblower Retaliation Harassment Campaign.**

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza, as Exhibits A-Z attached to this complaint Show has acted in criminal and civil conspiracy with Defendant Bob Garfield NPR, Defendant Kashmir Hill Forbes, Defendant Jordan Rushie Philly Law Blog, David Carr New York Times, Defendant Kenneth P. White Popehate.com, Defendant Jason Jones SaltyDroid.info, SiouxsieLaw.com, Defendant SequenceInc.com, Defendant Tracy Coenen, Defendant Mark Bennett blog.bennettandbennett.com, Bennett and Bennett, Defendant Scott H. Greenfield, Defendant Carlos Miller, Defendant Eric Turkewitz - Turkewitz Law Firm and NewYorkPersonalInjuryAttorneyBlog.com, Defendant Scott H. Greenfield of Simple Justice - a New York Criminal Defense Blog and blog.simplejustice.us, Defendant Carlos Miller of PixIQ.com and PhotographyisNotaCrime.com, Las Vegas Review-Journal, the Las Vegas Sun, VegasInc, Las Vegas CityLife, Las Vegas Weekly, Defendant Stephens Media and other John and Jane Doe's in an Online Hate, Defaming, Criminal Endangerment, Information Suppressing, Whistleblower Retalitation Harassment Campaign.

Defendant Marc Randazza has Criminally and Civilly Conspired with the above in order to defame, harass, intimidate investigative bloggers and those who speak out about the Porn Industry Companies he represents.

Defendant Marc Randazza has Criminally and Civilly Conspired with the above in order to get them to back down from legal actions that affect the financial bottom line of Defendant Liberty Media and other Co-Conspirators. Defendant Marc Randazza has Criminally and Civilly Conspired with the above in massive shareholder fraud campaign, and fraud on the courts, misrepresentation to the court.

Defendant Marc Randazza has Criminally and Civilly Conspired with the above in mass "Internet Mobbing" in order to control the outcome of court cases, use their blogs as exhibits in court cases, and to intimidate, harass, threaten and defame Insiders, Whistleblower and Investigative Reports who attempt to expose them.

Defendant Marc Randazza conspired criminally and civilly with Defendant Martin Cain, Defendant Dylan Energy to defame, harass, intimidate Plaintiff Investigative Blogger Crystal L. Cox  On belief and Knowledge that, Defendant Marc Randazza has been in contact Defendant Martin Cain.  Defendant Martin Cain was a real estate client of Plaintiff Investigative Blogger Crystal L. Cox, and a to be a contracted Investigative Blogger. Defendant Martin Cain committed fraud on the Montana Board of Realty Regulations in regard to the Real Estate Broker License of Plaintiff Investigative Blogger Crystal L. Cox.  . Defendant Martin Cain attempted to take domain names, shut down blogs, and threatened to come for me.  . Defendant Martin Cain left threatening voicemails which I posted online for my safety and to expose . Defendant Martin Cain and his company Defendant Dylan Energy got those voicemails removed from the Internet. Defendant Dylan Energy, Defendant Martin Cain has been in contact with Defendant Marc Randazza and Defendant Marc Randazza as well as other co-conspirators who are bloggers that are CPA's, Attorneys, and Big Media Reporters have posted private eMails between Defendant Martin Cain and Plaintiff Investigative Blogger Crystal L. Cox.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza is gathering more of what he calls "Victims" as is Defendant Roxanne Grinage and threatening class action lawsuits in order to remove blogs, content on the iViewit Story and to "Shakedown" iViewit, Eliot Bernstein who Defendant Roxanne Grinage, Defendant HireLyrics worked for, under contract.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Roxanne Grinage, Defendant HireLyrics has conspired criminally and civilly with Defendant Steve Dowling, APPLE, Defendant Bruce Sewell, Defendant Stephen Lamont ,and other John and Jane Doe Defendants in order to sabotage a settlement between iViewit Technology and APPLE.

Defendant Roxanne Grinage, Defendant HireLyrics contacted Defendant Steve Dowling, APPLE, Defendant Bruce Sewell directly as the records show, and defamed, painted in false light, Plaintiff Investigative Blogger Crystal L. Cox and Defendant Eliot Bernstein.

This Brought a Multi-Billion Dollar Settlement Negotiation between APPLE and iVieiwIt Technology to a halt.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Sean Boushie threatened to kill Plaintiff Investigative Blogger Crystal L. Cox in August of 2009, Montana County Attorney Bernie Cassidy has records that show Defendant Sean Boushie threatening Plaintiff Investigative Blogger Crystal L. Cox, as does co-conspirator Officer Maury McKinney, and they have concealed this information to protect his co-conspirators covering up corruption in Montana.  Defendant Sean Boushie  works at the University of Montana, and for over 3 years, while at work at the University of Montana under the supervision of Defendant  Royce Engstrom, has gathered haters, violated the Hate Crime Prevention Act, Committed Hate Crimes, posted on craigslist over and over to solicit others to hate, defamed, threatened, and put Plaintiff Investigative Blogger Crystal L. Cox under extreme duress. Defendant University of Montana has been aware of Defendant Sean Boushie committing criminal acts while on paid time, and   Defendant University of Montana has refused for over 3 years to take actions. Defendant  Royce Engstrom has been notified for over 3 years and has criminally and civilly conspired to intimidate, harass, defame and threaten Plaintiff Investigative Blogger Crystal L. Cox reporting on Corruption in Montana heavily since 2005.

Plaintiff Investigative Blogger Crystal L. Cox sued Defendant Sean Boushie  in 2009, for defamation, with absolute proof and County Attorney Bernie Cassidy blocked all actions that exposed Montana Corruption. Plaintiff Investigative Blogger Crystal L. Cox's then attorney Kai Groenke took large amounts of money from her client Plaintiff Investigative Blogger Crystal L. Cox and left Plaintiff Investigative Blogger Crystal L. Cox with no help available by law to limit the financial harm to Plaintiff Investigative Blogger Crystal L. Cox business, left Plaintiff Investigative Blogger Crystal L. Cox under dangerous threats with no protective order, harassed and intimidated Plaintiff Investigative Blogger Crystal L. Cox and continues to defame, paint Plaintiff Investigative Blogger Crystal L. Cox in false light in legal documents and in criminal and civil conspiracy.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza,  Defendant Sean Boushie, Defendant David S. Aman,  Defendant Roxanne Grinage, Defendant HireLyrics, Tim Vawter, The Protection Group and other John and Jane Doe Defendants are conspiring criminally and civilly to gather more of whom they falsely call Crystal Cox "Victims". These "Victims" are really those whom Plaintiff Investigative Blogger Crystal L. Cox write stories on, publish news and tips, and report on.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza,  Defendant Sean Boushie, Defendant David S. Aman,  Defendant Roxanne Grinage have put Plaintiff Investigative Blogger Crystal L. Cox under extreme duress, threats, defamation online in blogs and videos, contacted others in conspiring and committing a Hate Crime, and actively seek others to join in an online hate campaign against Plaintiff Investigative Blogger Crystal L. Cox in order to violate Plaintiff Investigative Blogger Crystal L. Cox's First Amendment Rights, Shut down Plaintiff Investigative Blogger Crystal L. Cox's blogs, steal Plaintiff Investigative Blogger Crystal L. Cox's domain names and intellectual property and sabotage, tortiously interfere with any potential real estate business, seo business, marketing business, or seo busines Plaintiff Investigative Blogger Crystal L. Cox could have, and have interfered with Plaintiff's Prospective Business Advantage.

## Defendant Marc Randazza has Criminally and Civilly Conspired with Defendant Wordpress, Insiders at Google and a Ring of Attorneys Marking Blogs as Spam to remove information regarding the stolen iViewit Technology and the involvement of Defendant Marc Randazza's clients and co-conspirators.

Defendant Marc Randazza has had massive wordpress blogs removed, videos removed and flagged in civil and criminal conspiracy in order to remove information regarding the  iViewit Video Technology story.

## Defendant Marc Randazza has Criminally and Civilly Conspired with Defendant WIPO Panelist Peter L. Michaelson in Domain Name Theft, Removal of iViewit Content Online, Public Defamation, Harassment, and illegally stating that Eliot Bernstein and Plaintiff Crystal L. Cox are Guilty of the Crime of Extortion, of which Eliot Bernstein nor Plaintiff Crystal L. Cox are guilty of or have been investigated for.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza conspired Criminally and Civilly with Defendant Peter L. Michaelson, who was the Sole WIPO Panelist.  Defendant Peter L. Michaelson Criminally and Civilly Conspired with Defendant Marc Randazza in order to seize domain names that exposed the iViewit Technology Story. Defendant Peter L. Michaelson, WIPO Panelist has undisclosed conflicts of Interest with close ties with Defendant Marc Randazza and INTA connections and witnesses say they have met at INTA meetings on a regular basis and have a personal relationship.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Peter L. Michaelson, WIPO Panelist has undisclosed conflicts of Interest and has acted Criminally and Civilly with Defendant Kenneth Rubenstein, MPEG LA lead patent attorney, who is a Defendant Proskauer Rose Attorney that was iViewit's Patent Attorney, whom is the lead on the Stealing of the iViewit Technology.

Defendant Proskauer Rose Lawyers and Law Firm have conspired with the main Defendants in the Iviewit RICO, SEC, Federal RICO Lawsuit and Anti-Trust Complaints.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, In Criminal and Civil Conspiracy with Defendant Marc Randazza, Sole Panelist Defendant Peter L. Michaelson has defamed Plaintiff Crystal L. Cox and iViewit Founder / Inventor Defender Eliot Bernstein. Sole Panelist Defendant Peter L. Michaelson has massive, undisclosed conflicts of interest in this WIPO decision.

In this WIPO case Sole Panelist Defendant Peter L. Michaelson has accused me, Counter-Plaintiff Crystal L. Cox and Eliot Bernstein of the Crime of Extortion. This was done in criminal and civil conspiracy with Defendant Marc Randazza, Defendant Proskauer Rose, Defendant Kenneth Rubenstein and Defendant WIPO.

Defendant Marc Randazza has Criminally and Civilly Conspired with INTA, Defendant Peter L. Michaelson, WIPO and John and Jane Does Regarding the name "Marc Randazza and Fraudulent Trademark Claims.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Sole Panelist Defendant Peter L. Michaelson knows that Eliot Bernstein and Plaintiff Crystal L. Cox was not under criminal investigation for Extortion, and Sole Panelist Defendant Peter L. Michaelson knows that Eliot Bernstein and Plaintiff Crystal L. Cox has had no criminal charges filed, no criminal trial, and certainly no criminal conviction of any kind. Eliot Bernstein and Plaintiff Crystal L. Cox was not on trial for Extortion nor has Eliot Bernstein nor Plaintiff Crystal L. Cox had a criminal extortion complaint filed. Sole Panelist Defendant Peter L. Michaelson, in criminal conspiracy with Defendant Proskauer Rose and Defendant Marc Randazza flat out states that Respondent Eliot Bernstein and Crystal Cox are guilty of the crime of extortion.

Sole Panelist Defendant Peter L. Michaelson accused Eliot Bernstein and Plaintiff Crystal L. Cox of the Crime of Extortion in a WIPO decision that is now picked up by Big Media, Countless Bloggers and is published globally in legal documents, dockets, intellectual property blogs magazines, and more. Therefore, Sole Panelist Defendant Peter L. Michaelson has massively defamed and criminally endangered Plaintiff Crystal L. Cox and Eliot Bernstein, as well as interfered with ongoing iViewit Technology investigations by these false Criminal Allegations of iViewit Founder Eliot Bernstein.

Sole Defendant Panelist Peter L. Michaelson's accusations in a distinguished WIPO Decision has massively defamed Eliot Bernstein and Plaintiff Crystal L. Cox. This has lead to character attacks, further defamation and incited hate toward Investigative Blogger Counter-Plaintiff Crystal L. Cox.

Sole Panelist Defendant Peter L. Michaelson took the word of the Defendant Marc Randazza, a Las Vegas Porn Attorney, over the word and documented proof of Plaintiff Crystal L. Cox.

Sole Panelist Defendant Peter L. Michaelson did no fact check or investigation into the allegations of Extortion. Sole Panelist Defendant Peter L. Michaelson simply accused Eliot Bernstein and Plaintiff Crystal L. Cox of Extortion in a WIPO Decision.

WIPO is not a Criminal Investigation Court. WIPO is not a Judge and a Jury. Yet Sole Panelist Peter L. Michaelson in conspiracy with Defendant WIPO, Defendant Proskauer Rose and Defendant Marc Randazza took it upon himself to convict Counter-Plaintiff Eliot Bernstein and Plaintiff Crystal L. Cox of Extortion.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Co-Conspirator, Sole Panelist Defendant Peter L. Michaelson in conspiracy with Defendant WIPO, Defendant Proskauer Rose and Defendant Marc Randazza has violated the constitutional and intellectual property rights of Defendant Eliot Bernstein and Plaintiff Crystal L. Cox.

Sole Panelist Defendant Peter L. Michaelson,  in criminal conspiracy with Defendant Proskauer Rose, Defendant  WIPO and Defendant Marc Randazza refused to signed a Conflict of Interest Disclosure in the WIPO Decision regarding Defendant Marc Randazza of Defendant Randazza Legal Group against Plaintiff Crystal L. Cox and Eliot Bernstein. Plaintiff Crystal L. Cox requested that the WIPO Panel Sign a Conflict of Interest Disclosure. This request was sent to Sole Panelist Defendant  Peter L. Michaelson by WIPO and yet was NOT Signed and returned to Eliot Bernstein and Plaintiff Crystal L. Cox.

Sole Panelist Defendant Peter L. Michaelson has massive conflicts of interest regarding iViewit, Defendant Proskauer Rose, MPEG LA, Judith Kaye, Patent Theft, Eliot Bernstein and more regarding Eliot Bernstein and the Journalism of Investigative Blogger Crystal Cox regarding ALL named in the iViewit SEC Complaint, RICO Complaint and Legal Action surrounding iViewit Technologies Video Technology Theft by Defendant  Proskauer Rose Attorneys.

Sole Panelist Defendant Peter L. Michaelson worked at Bell Lab with Defendant Proskauer Rose Attorney Defendant Kenneth Rubenstein whom was the main Patent Attorney involved in the theft of the 13 Trillion Dollar iViewit Technology theft. Proskauer Rose Patent attorney, who is also the MPEG LA head patent attorney, is named in RICO Complaints, Patent Lawsuits, and more regarding the iViewit Technology and Eliot Bernstein.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant  Peter L. Michaelson knows that he has massive conflicts of interest regarding being a Sole Panelist reviewing Domain Names owned by iViewit Founder and one of the iViewit Inventors, Eliot Bernstein. Defendant Peter L. Michaelson knows that he has massive conflicts of interest regarding being a Sole Panelist reviewing Domain Names owned by Investigative Blogger Crystal L. Cox whom Peter L. Michaelson know has been reporting on the iViewit Technology theft for over 3 years. In fact, Defendant Peter L. Michaelson was a requested Panelist by Defendant Proskauer Rose Law Firm in WIPO Case (TG) D2011-0678, (CT) D2011-0679,(CT) D2011-0677, (CT) D2011-0675 (Complainant Proskauer Rose),  regarding Domain Name Disputes with Defendant Proskauer Rose Lawyers and Investigative Blogger Crystal L. Cox. For proof of this, review the emails of that Case.

Sole WIPO Panelist Peter L. Michaelson has conflicts of interest with MPEG LA, whom is named in the Eliot Bernstein RICO Complaints, SEC Complaints and Technology Infringement. Sole WIPO Panelist Defendant Peter L. Michaelson has conflicts of interest with MPEG LA's patent attorney Defendant Kenneth Rubenstein of Defendant Proskauer Rose Law Firm whom was the original Patent Attorney for iViewit and originally stole the 13 Trillion Dollar iViewit Technology.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Peter L. Michaelson is connected with Proskauer Rose in regard to the International Commission on Patent Disputes and the CPR Protocol on Determination of Damages in Arbitration. This too is an undisclosed Conflict of Interest.

Sole WIPO Panelist Defendant Peter L. Michaelson is connected to ex-Supreme Court Judge Judith Kaye who is also named in RICO Complaints, SEC Complaint, Patent Lawsuits and more in the iViewit Technology theft. As Judith Kaye was involved in covering up the theft. This was connected to the fact that her Husband was a Defendant Proskauer Rose Lawyer at that time, whom is now deceased.

In WIPO Decision Case No. D2012-1525, Sole Panelist Defendant Peter L. Michaelson names Defendant Proskauer Rose, and discusses my investigative writing of Defendant Proskauer Rose, Defendant Bruce Sewell Apple General Counsel who was Intel General Counsel when the iViewit Technology was stolen and Time Warner in conspiracy over the iViewit Technology. Defendant Proskauer Rose, Bruces Sewell of Apple and Time Warner had nothing to do with WIPO Case Case No. D2012-1525.

Sole Panelist Defendant Peter L. Michaelson brings up this point in order to attempt to protect those involved in the iViewit Technology theft in which Sole Panelist Defendant Peter L. Michaelson is in conspiracy and serious conflict of interest with. Why name Proskauer Rose, Defendant Bruce Sewell of Apple and Time Warner in a decision for a Domain Name regarding a Porn Industry Attorney named Marc Randazza and Domain Names owned by Investigative Blogger Plaintiff Crystal L. Cox and iViewit Founder / Inventor Eliot Bernstein.

**Sole Panelist Defendant Peter L. Michaelson used a New York Times article as Investigative Fact to Convict Eliot Bernstein and Plaintiff Investigative Blogger Crystal L. Cox of extortion in WIPO Decision.**

Defendant David Carr of the New York Times wrote an article called, "When Truth Survives Free Speech". This is an "Opinion" of a journalist for the Defendant New York Times. It is not fact and has many false accusations and information. Sole Panelist Defendant Peter L. Michaelson references this article in his defamatory, criminal WIPO Decision.  An "article" in the New York Times, used as FACT in a decision for Intellectual Property Rights is not based in fact or in law. And in fact, is unlawful, illegal and WIPO is liable for his actions in this matter.

In my WIPO Complaint Response, I provided documentation to the FACT that there was no Extortion charges against me. I Provided eMail Communication between Attorney Marc Randazza and myself Plaintiff Crystal L. Cox. I even provided the WIPO Panelist with a Copy of an eMail from Marc Randazza to Plaintiff Crystal L. Cox, stating that he would represent me in my Appeal of Obsidian Finance Group V. Crystal Cox.

Sole Panelist Defendant Peter L. Michaelson deliberately ignored my proof, my documents of facts, and simply went on the stated the word of Complainant, Porn Attorney Marc Randazza.

Sole Panelist Defendant Peter L. Michaelson then went so far as to accuse me of a serious crime in a worldwide published WIPO Decision This is Illegal and WIPO is liable.

WIPO is not a Criminal Investigation Court and has no right to accuse me of a Crime in Published WIPO Decisions. In doing so, Sole Panelist Defendant Peter L. Michaelson has committed a Crime and has defamed me seriously. This has also caused me severe damage and backlash.  I Request that WIPO publish a retraction of this Decision in no less than 3 major Media Outlets. And that WIPO retract this Defamatory,

**Defamatory WIPO Decision.**

Defendant Peter L. Michaelson has acted in conspiracy with Porn Attorney Defendant Marc Randazza in inciting Hate against Blogger Crystal Cox whom Marc Randazza was my attorney for a short time, and whom I Fired for acting unethically. Peter L. Michaelson has not reviewed the facts of this case, and instead Defendant Peter L. Michaelson has stated that Crystal Cox and Eliot Bernstein are guilty of Extortion.

Defendant WIPO showed extreme discrimination, prejudice and special favors to Marc Randazza throughout the process. Defendant WIPO even let Marc Randazza add several domain names to the WIPO complaint, BEFORE he even paid a filing fee. I Request that there be a special investigations of all emails from WIPO to Marc Randazza, from Defendant Peter L. Michaelson to Defendant Marc Randazza, and a thorough examination of all documentation I submitted proving my case and that there was no extortion charges against me.

**In WIPO Decision Case No. D2012-1525, Defendant Peter L. Michaelson states:**

"Respondent's actions in registering and using the disputed domain names may appear, at a first glance, to simply be a vehicle through which she provides advertising through pay-per-click sites, but on slightly closer examination are actually components of an artifice intended to extort funds from the Complainant and thus a pretext for a rather egregious variant of cybersquatting. As such, none of those actions can or will serve as a predicate upon which the Respondent can lawfully develop any rights or legitimate interests in any of the disputed domain names."

Sole WIPO Panelist Defendant Peter L. Michaelson flat out lies in saying these sites are pay per click that I receive revenue from. I have not received revenue from disputed names. Any ads placed on said Domain Names were places by the Registrar, Defendant Godaddy, and the Revenue was taken by Defendant Godaddy and NOT Respondent.

Sole WIPO Panelist Defendant Peter L. Michaelson commits fraud and defamation in saying that Domain Names are "actually components of an artifice intended to extort funds from the Complainant". WIPO Panelist Peter L. Michaelson has no proof of Complainant being asked for money to remove blog post. WIPO Panelist Defendant Peter L. Michaelson has no proof of Complainant giving money to Respondent. WIPO Panelist Defendant Peter L. Michaelson has no proof what so ever of intention to "extort". WIPO Panelist Defendant Peter L. Michaelson simply goes on the word of Unethical Porn Industry Attorney Defendant Marc J. Randazza.

**WIPO Panelist Defendant Peter L. Michaelson States:**

"the Respondent's intention, as reflected by the record, was never to solely provide, through her websites, speech critical of the Complainant. Rather, her objective in both registering and using the disputed names was apparently to engage in a rather sinister and tenacious scheme to extort money from the Complainant."

This is a flat out false statement. The record shows that I purchased MarcRandazza.com on the same day that I had a Phone Meeting with Defendant Marc Randazza regarding representing me in my Obsidian Finance Group V. Crystal Cox, high profile Free Speech Case I was taking to the Ninth Court of Appeals. I did not post one word on that Blog until months later when I FIRED Defendant Marc Randazza and he had conspired with opposing counsel to STOP me from going to the NINTH with my Appeal.  My "objective" was to EXPOSE an unethical, hypocritical, lying, crooked attorney and to WARN others whom may have Marc Randazza do them what he did to me. I did not ask for money to remove information. In fact Marc Randazza offered to buy MarcRandazza.com and email records that xxx has seen, show that I rejected this offer and said that MarcRandazza.com was not for sale at ANY price.  WIPO Panelist Defendant Peter L. Michaelson even saw an email where Respondent Marc Randazza says he did not mind me asking for a job, and that was the only reference of money that EVER Came UP. WIPO Panelist Peter L. Michaelson knows all of this and still Falsely accused me of Extortion in mass, high profile media.

**WIPO Panelist Defendant Peter L. Michaelson States:**

"Specifically, the Respondent first posted negative and false commentary on her websites that was intentionally calculated to injure the Complainant's on-line reputation and disrupt the Complainant's business conducted through his law firm. Thereafter, the Respondent used those sites in a manner that apparently optimized their ranking on the Google search engine in order to increase their visibility and prominence on search results yielded through a Google search of the Complainant, thus likely exacerbating the injury caused to the Complainant."

Again WIPO Panelist Peter L. Michaelson flat out lies. I, Respondent posted "commentary" in order to expose Marc Randazza, to discuss my experience with Marc Randazza as an attorney. From there I got lots of tips, so I posted more information. WIPO Panelist Peter L. Michaelson has no reason to believe that the "commentary" is false.

As it is true to the absolute best of my knowledge and information.

WIPO Panelist Peter L. Michaelson has no right to flat out state the commentary to be false, as it was NOT false. And it certainly was not posted to then Extort Money from Marc Randazza. This makes no logical sense and has no records of proof.

And of course I "optimized" my "sites" that is the point of the internet. I am Media, and I get the stories found strong in the search, that is the point of the INTERNET. It is not some sinister extortion plot. I asked for and I received NO money from Marc Randazza. IN fact, WIPO Panelist Peter L. Michaelson has seen emails where Marc Randazza asked that I pay his expenses in representing me.

WIPO Panelist Peter L. Michaelson flat out lies in stating that I "intentially calculated to injure Complainant". I Intentionally wrote blog posts to expose what Defendant Marc Randazza had done to me, my experience with Marc Randazza and tips and information I had investigated and received regarding Defendant Marc Randazza and the Defendant Randazza Legal Group.

### WIPO Panelist Defendant Peter L. Michaelson States

"Once all this occurred, the Respondent then offered her reputational management services to the Complainant through which, for a considerable fee, she would remediate the Complainant's on-line reputation by eliminating all the negative and false commentary of her own making and presumably also ceasing her use of the disputed domain names. Basically, for a price, she would undo the injury to the Complainant for which she was responsible for having created in the first place. This egregious conduct clearly constitutes bad faith under the Policy."

WIPO Panelist Defendant Peter L. Michaelson has defamed Plaintiff Crystal L. Cox and Eliot Bernstein, and Defendant Peter L. Michaelson has acted criminally in this statement as he falsely accused Plaintiff Crystal L. Cox and Eliot Bernstein of criminal activity.

WIPO Panelist Defendant Peter L. Michaelson has seen emails and records that prove that did NOT offer to "remediate" anything for a fee. Plaintiff Crystal L. Cox NEVER, EVER offered to eliminate any "commentary". This is a flat out false, defamatory statement with malice as WIPO Panelist Defendant Peter L. Michaelson had the emails and records proving this untrue.

WIPO Panelist Defendant Peter L. Michaelson flat out lies hypothesizing in a WIPO decision that I claimed I would undo injury that I did for a fee. This is NOT True. I will NOT undo my blog posts for a price, and Plaintiff Crystal L. Cox never offered Such. Plaintiff Crystal L. Cox's intention is to warn others potential clients on how dangerous and unethical that Defendant Marc Randazza and Defendant Randazza legal group is. Defendant Marc Randazza was acting as Plaintiff Crystal L. Cox's attorney. Plaintiff Crystal L. Cox's blogs are to review, complain expose her experience with Defendant Marc Randazza.  There was no "price" offered. So WIPO Panelist Defendant Peter L. Michaelson saying that "Basically, for a price, she would undo the injury to the Complainant for which she was responsible for having created in the first place." this again is defamatory and I Request WIPO issue a Retraction in major media sources.

In WIPO Decision Case No. D2012-1525, Defendant Peter L. Michaelson discusses Defendant Marc Randazza's given name and "Mark". Yet no Trademark Documents applied or were filed. And Defendant Marc Randazza goes by Marco Randazza on Twitter, YouTube and his username on his own blog.

There is no ™ on Marc Randazza's Blog. And there was no proof given to WIPO of Marc Randazza's "given name" as I believe his birth name is Marco Randazza and not Marc Randazza. Also note that this Marc Randazza is not the only Marc Randazza in the world and should not have a right to steal this intellectual property as the only rightful owner in the world.

**In WIPO Decision Case No. D2012-1525, Defendant Peter L. Michaelson States:**

"Third, the Respondent attempted to commercially benefit from registration of these names by offering "reputation management" services to the Complainant – through baiting the Complainant into an extortionate scheme."

This is a flat out false claim, and is defamatory. Plaintiff Crystal L. Cox did not bait the Complainant, in fact Defendant Marc Randazza entered Plaintiff Crystal L. Cox life through channels other than herself. Defendant Marc Randazza wanted to be my attorney in the biggest First Amendment Case out there at this time, and got very angry when I fired him as my Attorney and instead chose UCLA Professor Eugene Volokh.

In WIPO Decision Case No. D2012-1525, Defendant Peter L. Michaelson States:

"Specifically, once the Complainant declined her "reputation management" services, the Respondent then registered domain names that contained not only the Complainant's surname, but also the personal names of his wife and three year old daughter, and then included falsehoods about the Complainant on her websites to which the domain names resolved."

This is false and defamatory. Plaintiff Crystal L. Cox did not post falsehoods, nor did Plaintiff Crystal L. Cox start blogs to post falsehoods because Defendant Marc Randazza refused to pay me. Plaintiff Crystal L. Cox did not ask Defendant Marc Randazza to pay me to remove anything.  Plaintiff Crystal L. Cox's  Blogs were to expose **Defendant** Marc Randazza. And there was NEVER a blog at the alleged domain of **Defendant** Marc Randazza's alleged daughter. **Defendant** Peter L. Michaelson flat out lied about . Plaintiff Crystal L. Cox

### Defendant Marc Randazza has Criminally and Civilly Conspired with Defendant Godaddy Inc., Defendant Bob Parsons, Defendant Jessica Griffin Godaddy Insider, and other John and Jane Doe's at Godaddy.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Godaddy Inc. and Defendant Bob Parsons Godaddy President are liable for the Damage they have done to me, and now to the Entire Domaining, Domain After Market, Domain Auctions, and Domain Name Industry.  Defendant Marc Randazza Criminally and Civilly Conspires with Godaddy Inc., and Defendant WIPO in order to steal Domain Names.

Defendant Godaddy Inc. and Bob Parsons Godaddy President make pay per click, ad money from ads on domain names, Defendant Marc Randazza tells the courts and WIPO that the "Respondent" "Defendant" makes these ad dollars which is false. Plaintiff Crystal L. Cox Godaddy Inc. and Bob Parsons Godaddy President sells domain names, customers such as Plaintiff Crystal L. Cox and Eliot Bernstein, pay for domain names, renew domain names year after year and built content, build value into these domain names. Then Defendant Marc Randazza, a Domain Name Law and Intellectual Property Attorney conspired criminally and civilly with Plaintiff Crystal L. Cox  Godaddy Inc. and Plaintiff Crystal L. Cox Bob Parsons Godaddy President, and the Las Vegas Courts to simply take domain names, intellectual property and to redirect your internet traffic without due process and based solely on the unproven information given by Attorney Defendant Marc Randazza.

In 2005, Plaintiff Crystal L. Cox began giving Godaddy large amounts of business. I had met Godaddy at  TRAFFIC West, a Domainer Trade Show Started by Rick Schwarts, the man who SOLD Men.com for 1.4 Million many years before. I also met the man who Sold Business.com for 7.5 Million and many other attorneys and industry insiders. I Liked Godaddy and thought them to have integrity, 7 years later my then partner and I have paid Godaddy hundreds of thousands of dollars in renewal fees and domain name renewals. In 2006, I believe we had around 70,000 domain names which would give Godaddy Inc. around $70,000 a year in domain name renewal fees. Now after 7 years of being a Godaddy Client and vast amount of Money, Referrals and Business I have given Godaddy. Plaintiff Crystal L. Cox Godaddy has Criminally and Civilly conspired with Defendant Marc Randazza to lock, redirect, and flat out steal domain names with no due process to the Godaddy Client.

### Defendant Marc Randazza has Criminally and Civilly Conspired
### with Defendant Tracy L. Coenen of SequenceInc.com

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza conspired Criminally and Civilly with Defendant SequenceInc.com, Defendant Tracy L. Coenen, Tracy Coenen to Paint Blogger Crystal Cox in False Light.

As seen In Exhibit T, In Criminal and Civil Conspiracy with Defendant Marc Randazza, Defendant Tracy L. Coenen has publicly accused Plaintiff Crystal L. Cox of Extortion. In Criminal and Civil Conspiracy with Defendant Marc Randazza, Defendant Tracy L. Coenen has defamed Plaintiff Crystal L. Cox.

In Criminal and Civil Conspiracy with Defendant Marc Randazza Defendant Tracy L. Coenen has Criminally and Civilly Endangered Plaintiff Crystal L. Cox.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, In Criminal and Civil Conspiracy with Defendant Marc Randazza Defendant Tracy L. Coenen has aided and abetted Defendant Marc Randazza to remove massive information regarding the iViewit Technology Theft.  In Criminal and Civil Conspiracy with Defendant Marc Randazza Tracy L. Coenen has deliberately, with malice, painted Plaintiff Crystal L. Cox in false light so as to discredit Plaintiff Crystal L. Cox and the iViewit Technology story involving Liberty Media Holdings, Corbin Fisher, MPEG LA, Manwin and massive others.

Tracy L. Coenen has acted In Criminal and Civil Conspiracy with Defendant Marc Randazza, and AOL, AOLTW, Julie Jacobs, Tim Cook, John C. Malone and John and Jane Doe's to cover up information online regarding the involvement of AOL, AOLTW, in the iViewit Stolen Technology.

Co-Conspirator / Defendant Tracy L. Coenen know that AOL is involved in the iViewit Technology theft. Co-Conspirator as Defendant Tracy L. Coenen is a Fraud Specialist and worked for AOL's Financial Department.  Defendant Tracy L. Coenen knows that AOL has been named in RICO Complaints, SEC Complaints, USPTO Complaints and massive legal actions regarding the iViewit Technology Theft.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Tracy L. Coenen has acted In Criminal and Civil Conspiracy with Defendant Marc Randazza, and AOL's Julie Jacobs, Time Warner, Liberty Holdings Media, Viacom, Ernst and Young, Arthur Anderson, Warner Bros., and other John and Jane Does in aiding and abetting massive shareholder fraud and in suppressing the iViewit Story and setting up, harassing, defaming, threatening and criminally endangering Blogger Plaintiff Crystal L. Cox who is exposing the iViewit Store LOUDLY in her online news media network, Anti-Corruption Media, Whistleblower Media, Investigative Blogs by Investigative Blogger Crystal L. Cox.

**Defendant Marc Randazza has Criminally and Civilly Conspired**
**with Defendant Ronald Green, Laura Tucker, Defendant Randazza Legal Group,**
**"GERMANY GMBH", Defendant Manwin GERMANY GMBH, Manwin and Defendant**
**Liberty Media in suppression of blogs**
**regarding the iViewit Technology Case.**

Ronald Green, Laura Tucker, Marc Randazza, Jennifer Randazza, and Randazza Legal Group are connected to **"GERMANY GMBH"** - Which is **Manwin GERMANY GMBH**, which is connected to Porn Wiki Leaks and Porn Industry illegal activity, financial schemes, human trafficking, harassment and intimidation rings, staged suicides, attempted murders, copyright schemes, stalker rings, porn industry hookers, and have known mafia and other organized crime connections.

Manwin GERMANY GMBH is a named Counter-Plaintiff in the iViewit SEC Complaint, iViewit RICO Complaint, and this is the main reason for Defendant Marc Randazza to attempt to silence Counter-Plaintiff Investigative Blogger Crystal L. Cox and iViewit Technology Founder and Inventor Eliot Bernstein.

Randazza Legal Group is out to protect Manwin GERMANY GMBH, as Manwin GERMANY GMBH owes iViewit Technologies Billions for over 11 years of knowingly infringing on the iViewit Video Technology

**Defendant Marc Randazza has Criminally and Civilly Conspired
with Defendant Tonkon Torp Law Firm, Defendant David S. Aman, Defendant Steven
Wilker, Defendant  Mike Morgan, Defendant Obsidian Finance Group, Defendant Kevin
D. Padrick, Defendant Defendant Patricia Whittington, Defendant David W. Brown and
Defendant Judge Marco Hernandez.**

Defendant Marc J. Randazza is, and has been for over a year, acting in Civil and Criminal
Conspiracy with Defendant Tonkon Torp Law Firm. Defendant Tonkon Torp Law Firm
represented Enron in Bankruptcy Proceedings and Related Matter. Enron Collapsed, went
bankrupt, due to Defendant Proskauer Rose Patent Lawyers and Enron's involvement in the
Stealing of the iViewit Technology, of which Eliot Bernstein is the Founder and is one of the
iViewit Video Technology Inventors.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox,
Defendant Tonkon Torp Law Firm is counsel to Intel Corp. Portland who is named in iViewit
SEC Complaints, RICO Complaints, USPTO Complaints and legal action regarding the stealing
of the iViewit Technology. Tonkon Torp law firm has motive to suppress the iViewit Story in
connection with protecting their clients.

Eliot Bernstein, is also a named Defendant on the Court Docket for Obsidian Finance Group Vs.
Crystal Cox, Case Number CV-11-57-HZ U.S. District Court, District of Oregon, and Case
2:12-mc-00017-JPH Eastern District of Washington regarding Obsidian V. Cox.
Eliot Bernstein is the Founder of iViewit Technologies and one of the Inventors of the
iViewit Technology, which Defendant Marc Randazza and Defendant Tonkon Torp Law
Firm are Criminally and Civilly Conspiring to Silence Information on.

Enron is named in iViewit, Eliot Bernstein, SEC Complaints, RICO Complaints, Criminal
Complaints, and ALL of the Blogs of Counter-Plaintiff Investigative Blogger Crystal L. Cox report
on the iViewit Technology Story and the involvement of Enron, Proskauer Rose Law Firm, MPEG
LA, Arthur Anderson, Defendant Kenneth Rubenstein Patent Attorneys, Hon. Judith Kaye and
thousands of others involved, named defendants and co-conspirators in the iViewit Technology
Theft.

Tonkon Torp Law Firm, Defendant Mike Morgan and other John and Jane Doe's
represented Enron and have civilly and criminally conspired with Defendant Marc
Randazza to cover up Tonkon Torp's involvement in the Stealing of the iViewit Technology.

Defendant Marc J. Randazza is acting in Civil and Criminal Conspiracy with Tonkon Torp Law Firm regarding the suppressing of Investigative Blogger Crystal L. Cox exposing the documents, evidence, records of the iViewit Techology Theft as Seen at www.DeniedPatent.com, www.iVieiwit.tv, www.EthicsComplaints.com , www.BankruptcyCorruption.com , and all blogs listed in the attached Motion Entitled, "**Motion Requesting Preservation of Evidence**", of which these blogs in their entirety are evidence in this court, District of Nevada, case and must be printed out by this court, District of Nevada, in their entirety, as requested by Plaintiff Crystal L. Cox and in the best interest of shareholders and the public at large.

Defendant Marc J. Randazza is acting in Civil and Criminal Conspiracy with Tonkon Torp Law Firm and connections to CPA Firm Arthur Anderson, which is a named Counter-Plaintiff in the iViewit Case. CPA Firm Arthur Anderson's CPA Gary Stachlowski was the primary paid witness in the Obsidian V. Cox Case.

Defendant Marc Randazza and **Defendant** Tonkon Torp Law Firm are and have been Criminally and Civilly Conspiring to intimidate, harass, defame Plaintiff Crystal L. Cox in order to attempt to stop Plaintiff Crystal L. Cox from Appealing the Obsidian V. Cox Case. First, Defendant Marc Randazza and **Defendant** Tonkon Torp Law Firm, Attorney **Defendant** David Aman Criminally and Civilly Conspired regarding Receivership in the Obsidian V. Cox Case as Defendant Marc Randazza recommend a Las Vegas Attorney named Lara Pearson of the Rimon Law Group to be the Receiver in Obsidian V. Cox. Defendant Randazza did this in order to steal Domain Names such as MarcRandazza.com. Defendant Randazza had been out to sabotage Plaintiff Crystal L. Cox's Appeal from day one in order to suppress the iViewit Story, and protect his Porn Industry Clients such as **Defendant Manwin, Defendant Corbin Fisher, and Defendant Liberty Media Holdings.** .

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza and **Defendant** Tonkon Torp Law Firm, Attorney **Defendant** David Aman desperately want to STOP the Obsidian V. Cox Appeal, both have the agenda of removing Blogs in which expose the biggest Criminal Technology Case in the World, iViewit Technology. Of which both Defendant Marc Randazza and Tonkon Torp Law Firm, Attorney David Aman have motive to suppress. Defendant Marc Randazza represents Big Porn Industry Companies such as **Defendant** Manwin, **Defendant** Corbin Fisher and Others. Defendant Marc Randazza's clients knowingly use the iViewit Video Technology and have for over a decade. Defendant **Defendant** Marc Randazza's Clients owe Eliot Bernstein and the iViewit Inventors Hundreds of Millions of Dollars.

Defendant Marc Randazza and **Defendant** Tonkon Torp Law Firm, Attorney **Defendant** David Aman met with Judge Marco Hernandez and Criminally and Civilly Conspired in order to make me look like a Criminal Guilty of Extortion, when there was no proof of extortion, nor was Plaintiff Crystal L. Cox on Trial for Extortion. This Civil and Criminal Conspiracy led Judge Marco Hernandez to deny me a new trial, and to accuse me of extortion, a crime in a motion to deny a New Trial in a Civil Case.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza and **Defendant** Tonkon Torp Law Firm, Attorney **Defendant** David Aman Criminally and Civilly Conspired as recent as December 2012, as Defendant Marc J. Randazza, an expert in Florida Law, recently advised Tonkon Torp Lawyer David Aman how to filed documents in order to Seize my Assets, this Asset being My Right to Appeal Obsidian V. Cox.  Defendant Marc Randazza and Tonkon Torp Law Firm, Attorney David Aman Criminally and Civilly Conspired for nearly a year now to STOP Plaintiff Crystal L. Cox's appeal.

If Counter-Plaintiff Cox wins the Obsidian V. Cox Appeal then iViewit Technology gets a bigger standing in "Media" and Defendant Marc Randazza and Co-Conspirator **Defendant** David Aman were sent in to sabotage the appeal to make sure this did not happen. All to cover up massive Criminal and Civil Conspiracy regarding the stealing of a 13 Trillion Dollar Video Technology of which Defendant Marc Randazza's Biggest Clients infringe upon every minute of every day.

### Defendant Marc Randazza has Criminally and Civilly Conspired with Judge Gloria M. Navarro

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza is acting in Criminal and Civil Conspiracy with Judge Gloria M. Navarro and other co-conspirators to suppress information regarding the Stolen iViewit Technology.

Defendant Marc Randazza is acting in Criminal and Civil Conspiracy with **Defendant** Tonkon Torp Lawyer David S. Aman and Judge Marco Hernandez in torturously interfering with the outcome of my Case Obsidian V. Cox, of which Defendant Marc Randazza set out to sabotage the minute he heard of my verdict.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza is acting in Criminal and Civil Conspiracy with **Defendant** Tonkon Torp Lawyer David S. Aman in counselling Aman on who to get to take Plaintiff Crystal L. Cox's domain names in receivership.  Defendant Marc Randazza told Attorney David S. Aman to use Las Vegas Attorney Lara Pearson of the Rimon Law Group who was the court-appointed receiver in the Righthaven Case.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza acted in Criminal and Civil Conspiracy with Tonkon Torp Lawyer David S. Aman, Attorney Lara Pearson, and Rimon Law Group to take domain names, suppress free speech, remove my blogs, and remove information regarding the iViewit Technology Story. Defendant Marc Randazza acted in Criminal and Civil Conspiracy with Judge Gloria M. Navarro who made the ruling regarding Righthaven, Receiver Lara Pearson and the liquidation of Righthaven assets to pay Attorney Marc Randazza, as seen in Exhibit P.

Defendant Marc Randazza has Criminally and Civilly Conspired with Sean Tompkins, Defendant J. Malcom Devoy, Randazza Legal Group, Corbin Fisher,  Michael Fattorosi, and John and Jane Doe's to harass Industry Whistleblowers Monica Foster aKa Alex Melody and Desi Foxx aKa Diana Grandmason, named in Defendant Marc Randazza's complaint against his ex-client, Investigative Blogger, Whistleblower, Plaintiff Crystal L. Cox.

Monica Foster aKa Alex Melody and Desi Foxx aKa Diana Grandmason have written on the iViewit Technology. Monica Foster aKa Alex Melody has interview Plaintiff Crystal L. Cox and iViewit Inventor and Founder Counter-Plaintiff Eliot Bernstein. Defendant Marc Randazza has Criminally and Civilly Conspired to SILENCE Monica Foster aKa Alex Melody in whatever way necessary.

Defendant Marc Randazza has Criminally and Civilly Conspired with Stephen Media, Todd Kinnicann, Defendant Kenneth P. White, Jordan Rushie, Brown White and Newhouse, Defendant PopeHate.com, AboveTheLaw.com, Defendant Forbes, and and John and Jane Doe's in order to create a media falsehood to win cases, affect settlement, control clients, trick clients, and to shut down the blogs of Investigative Blogger Crystal L. Cox exposing the Ivewit Technology Story and Blowing the Whistleblower on Defendant Marc Randazza and his co-conspirators.

Defendant Marc Randazza has Criminally and Civilly Conspired with Defendant Stephen Media, Todd Kinnicann, Hustler, Evil Angel, Zero Tolerance, Red Light District, Defendant Liberty Media Holdings, Defendant Corbin Fisher, Playboy, John Malone, Sean Tompkins, Defendant J. Malcom Devoy, Jordan Rushie, Kenneth P. White, Viacom, Manwin, Manwin Fabian Thylmann, Vasilis Kailis, AVN.com, BitTorrent, Porn Wiki Leaks, Defendant Forbes, Defendant Kashmir Hill, Defendant Siouxielaw.com, Defendant Jason Jones Salty Droid, Defendant Eric Turkewitz, Defendant Scott H. Greenfield, Defendant Carlos Miller, Defendant Tracy L. Coenen, Defendant Mulvihill and Rushie LLC,  Jeremy Steele, and John and Jane Doe's in order to shut down competing websites and blogs. And to harass, intimidate, defame, threaten, criminally endanger those who blow the whistle on them, expose them and stand up to them.

Defendant Marc Randazza has Criminally and Civilly Conspired with MPEG LA, Defendant Liberty Media Holdings, Defendant Corbin Fisher, Defendant Godaddy Inc., Defendant Peter L. Michaelson, Kenneth Rubenstein, Proskauer Rose Law Firm in suppressing / removing the iVewit Technology story in connection to Defendant Marc Randazza and his clients Corbin Fisher, Liberty Media, John C. Malone, ATT, Time Warner Inc. using the iViewit Technology and owing iViewit Technology and Eliot Bernstein Billions of Dollars.

Defendant Marc Randazza has Criminally and Civilly Conspired with Defendant David S. Aman of Tonkon Torp Law Firm and Defendant David Carr of the New York Times.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant David Carr of the New York Times wrote an article defaming Plaintiff Crystal L. Cox, painting me in false light, accusing me of extortion falsely and in this article, in criminal and civil conspiracy with Defendant Proskauer Rose, Defendant Marc Randazza, Warner Bros. Jeffrey Bewkes and other John and Jane Does, Defendant David Carr mentions the Investigative Blogs of Plaintiff Crystal L. Cox in regard to the iViewit Technology Story and Eliot Bernstein. Defendant David Carr of the Defendant New York Times deliberately defamed Plaintiff Crystal L. Cox in Order to Suppress the iViewit Story for and with Co-Conspirators. Defendant Marc Randazza has Criminally and Civilly Conspired with Defendant David Carr, and continues to promote the defamatory article painting Plaintiff Crystal L. Cox in false light, criminally endangering Plaintiff Crystal L. Cox, and defaming Plaintiff Crystal L. Cox.

Plaintiff Crystal L. Cox has suffered irreparable damage personally and professionally. Wherefore, Plaintiff Crystal L. Cox Requests a judgment against Each Co-Conspirator, Each Defendant for actual and punitive damages, and all other relief allowable under the law and federal court rules.  Defendants did the things here in maliciously and to oppress Plaintiff Investigative Blogger Crystal L. Cox. Plaintiff Investigative Blogger Crystal L. Cox is therefore entitled to all exemplary and punitive damage allowed by Law.

**MarcRandazza.me** was one of these Domain Names SEIZED by Defendant Marc J. Randazza with no Due Process to Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein and no First Amendment Adjudication.

MarcRandazza.me was purchased by Pro Se Plaintiff Crystal L. Cox as a Parody, making fun of Defendant Marc J. Randazza. MarcRandazza.me was never a blog, MarcRandazza.me has made ad revenue by Godaddy yet in a fraud on the court RRR claims that Pro Se Plaintiff Crystal L. Cox made the ad revenue.  This domain name was SEIZED, Stolen.

**MarcRandazza.me** and the "taboo" domain were both parked at Godaddy and never had blogs. Godaddy Inc., Bob Parsons had ads on the parked pages yet Defendant Marc J. Randazza claims that Pro Se Plaintiff Crystal L. Cox did, knowing full well that Crystal Cox was not the one receiving ad dollars. Defendant Marc J. Randazza, with actual malice committed fraud on the court and lied regarding Pro Se Plaintiff Crystal L. Cox and domain names at Godaddy.

Godaddy Inc., Bob Parsons has Pattern and History in freely placing ads on Trademarked Parked Domain Names Godaddy Inc., Bob Parsons are IMMUNE from Legal Action and are able to make ad revenue hand over fist on trade names, trademarked names in a domain name, yet Godaddy Clients, Customers and Domainers are SUED by Attorneys such as Defendant Marc J. Randazza.

When a company, say, for example Walmart of Ford, or an Association Say, such as "Realtor" issue a cease and desist or sue a Godaddy Clients, Customers and Domainers for Trademark Infringement, they are satisfied as long as the Godaddy Clients, Customers and Domainers moves the Domain Name to a parked page, vs a blog. They deem the blog or website as stealing their traffic and redirecting their business, however, these companies such as Ford, Walmart, Realtors, as in the example, have no issue with Godaddy Inc., Bob Parsons making that ad dollar revenue of their good name, their trademarked name. This is unlawful, hypocritical, discriminating, unconstitutional and a violation of the legal rights of the Godaddy Clients, Customers and Domainers.

Pro Se Plaintiff Crystal L. Cox and business partner have been Godaddy Customers since 2005, for years having over 5000 domain names. We have executive account manager, received gifts from Godaddy and constant calls.

YET, when an unlawful, bully, hypocritical attorney such as Defendant Marc J. Randazza sues someone like us, a valuable Godaddy Client, Godaddy Inc., Bob Parsons not only sticks up for the attorney, Godaddy Inc., Bob Parsons breaks the laws and UDRP rules in changing servers and violating rights, conspiring with that attorney and against their own clients.

Godaddy sends emails trying to get you to buy domains, yes even trademarked names and names of OTHER PEOPLE. Godaddy gets ad dollars from parked domains even when a domainer is renew them, why? Because Godaddy is "Allowed" to make ad dollar money from PARKED, Trademarked Domain Names but Domainers are NOT.

Godaddy Inc., Bob Parson has been at this racketeering game for Years. Pro Se Plaintiff Crystal L. Cox will soon be naming Godaddy, Bob Parson, WIPO, Peter L. Michaelson, along with Defendant Marc J. Randazza and other co-conspirators and Defendants in a Federal RICO Complaint, a Criminal Complaint to the Attorney General and reporting to all authorities the activities of Godaddy, Bob Parson, WIPO, Peter L. Michaelson, along with Defendant Marc J. Randazza and other co-conspirators and Defendants.

Godaddy Inc., Bob Parson woos their clients at trade shows, sends them special gifts, emails offer non stop. And the biggest Godaddy Clients such as Investigative Blogger Plaintiff Crystal L. Cox, when our Domain Names are STOLEN, Godaddy conspires with the Intellectual Property Thieves and violates the rights of long term Godaddy Clients.

Godaddy Inc. lets' buyers spend money on Trademarked Domain Names, and Godaddy Inc. Gives no refund. When Companies such as WALMART and Association such as REALTOR, send a Domainer a cease and desist, they are satisfied if the name is PARKED. Thing is the Domainer PAID for the Domain Names, renewed the Domain Name, Got the Domain Name found in the Search Engines and Godaddy GOT the Revenue from the PARKED Domain Names.

The Courts, WIPO, ICANN, they all side with the Trademark Owner, and AGAINST the Smart, Internet Savvy Domainer. So the Domainer pays for the Domain Name, Gets the Domain Name in the Search, then pays to litigated the loss of the Domain Name and GODADDY gets all the MONEY with NO Liability, EVEN though GODADDY is the One Selling Trademarked Domain Names. Godaddy Auctions Sell Trademarked Names, Domain Name Leasing Sites  Lease Trademarked Names and godaddy makes ad Dollars from the ads on the domain names, even the Trademarked ONES.

**Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PA, is a fraud on the court using gang stalkers, lawyers who blog in a way to help each others "cases" succeed in who they deem should be the "WINNER".**

Judges, such as Judge Gloria Navarro, as seen in the Preliminary Injunction Documents of Randazza v. Cox, call the blog posts of these gang stalking attorneys "legal commentary", then the posts are used to discredit Defendants (Victims), and used to steal intellectual property, chill free speech, violate intellectual property rights, violate first amendment rights, get BIG Settlements for Copyright Trolls, tamper with evidence, interfere with cases and all in the name of the Law and Justice and paid for by Public Tax Dollars.

Upon Knowledge and Belief, Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PA pretends to be a lawsuit about Trademark issues, but that is yet another Fraud on the Court as Defendant/ Defendant Marc J. Randazza has no Trademark on Marc Randazza and the other defendants do not have Trademark's either. This is a Fraud on the Court, as Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PA is really a Defamation Lawsuit brought on by a mad, revengeful, threatening, intimidating, unethical attorney attacking his ex-client, suppressing free speech and protecting current clients from 100 of Billions in Judgement Costs over the infringement of the iViewit Technology.

Defendant/ Defendant Marc J. Randazza has many advertising campaigns, blogs, letterheads, law cases, news appearances, pr blogs, and more that make him out to be a Constitutional Rights Lawyer, a Free Speech Lawyer, a Friend to Domainers, Against SLAPP Lawsuits, and therefore Defendant/ Defendant Marc J. Randazza claimed in the Randazza V Cox Complaint that this lawsuit is not about defamation and free speech in order to "save face" among his peers. Yet that Defamation, SLAPP, First Amendment Rights Violating, is EXACTLY what Randazza V. Cox is about.  Proven by the complete opposition to the original complaint of Defendant/ Defendant Marc J. Randazza, written by Co-Conspirator / Defendant Ronald D. Green of Randazza Legal Group, in motion to strike the Complaint Answer of Pro Se Plaintiff Crystal L. Cox, as this motion claims that Pro Se Plaintiff Crystal L. Cox  continues to defame Defendant/ Defendant Marc J. Randazza. Yet Defamation was said to NOT be a Factor, ALLEGEDLY, according to the Original Complaint.

The Original Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PA Complaint by Defendant/ Defendant Marc J. Randazza via Co-Conspirator / Defendant Ronald D. Green of Randazza Legal Group, also boldly claimed that Randazza v. Cox was in no way about suppressing the Free Speech of Crystal L. Cox, and that Defendant/ Defendant Marc J. Randazza had no issue, no problem with Plaintiff Crystal L. Cox posting on her blogs regarding Marc Randazza as long as it was on a domain name or .blogspot in which rrrr approved of and did not contain the name Randazza.

Yet in complete opposition of that, and in total violation of Due Process Laws, Civil and Constitutional Rights, and Intellectual Property Rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein, and in conspiracy with Judge Gloria Navarro, WIPO, Godaddy, Peter L. Michaelson and Ronald D. Green, this court, District of Nevada, issued a Preliminary Injunction which in fact did place a gag order on the blogs of Pro Se Plaintiff Crystal L. Cox, did suppress and silence the Free Speech of Pro Se Plaintiff Crystal L. Cox and was in direct opposite of the CLAIMED goals of the Randazza V. Cox Complaint.

IN a SHOCKING Motion to Strike the complaint answer of Pro Se Plaintiff Crystal L. Cox, all of the sudden the issue is raised by Ronald D. Green Co-Conspirator and Defendant that now Plaintiff is claiming that Pro Se Plaintiff Crystal L. Cox defamed him. YET in Original complaint Defendant/ Defendant Marc J. Randazza says, let me be CLEAR, this Lawsuit is NOT about Defamation, which CLEARLY it IS.

The Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PA Complaint poses as Family Protection, Trademark Protection but In FACT Randazza V. Cox Complaint is a Defamation Lawsuit, a Slapp Lawsuit, a Domain Name Seizure Lawsuit, a Constitutional Rights Suppressing Lawsuit, a Free Speech Chilling Lawsuit, a First Amendment Threat Lawsuit, a Fraud on the Courts, a mis-use of the courts, a total ethical violation and malpractice by Plaintiff Randazza who once represented Defendant Cox, a cover up and protection of gang stalking attorneys abusing the courts to unethically and illegally sway verdicts and settlements and cheat, violate their own clients in order to get the quickest highest pay check for themselves and other lawyers in their "attorney lynch mob" GANG.

The Marc Randazza Attorney Fraternity, a ring of attorney blogs, and also Forbes Kashimir Hill of AboveTheLaw.com and other clients of Randazza Legal Group, as well as CPA's and investigators such as Tracy L. Coenen, and they have an INTA - WIPO Insider Peter L. Michaelson helping them, as they intimidate witnesses and defendants, bully and control their own clients, deceive judges and courts, conspire to create "legal commentary" illusions that lead to "SETTLEMENTS", and illegally affect the outcome of court cases and strong arm their own clients, as well as defendants, sources, porn industry whistleblowers, porn industry insiders and those who threaten to expose them.

**Pro Se Plaintiff Crystal L. Cox has every legal lawful right to express her opinion of Defendant Marc J. Randazza.  Pro Se Plaintiff Crystal L. Cox has every right to satire, parody and make fun of Defendant Marc J. Randazza.**

Pro Se Plaintiff Crystal L. Cox Specially Invokes  Gertz v. Robert Welch, 418 U.S. 323 (1974), and New York Times Co. v. Sullivan, 376 U.S. 254 (1964)
in her defense. this court, District of Nevada, RULED, Seized domain names, removed blogs and blog posts, removed thousands of links and gag order Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein without adjudication the first amendment in issues of this lawsuit.

Upon Knowledge and Belief, Defendant Marc J. Randazza is known for his defense of Parody Blogs, Satire Blog and the First Amendment Rights of Bloggers. Yet in a fraud on this court, District of Nevada,, Defendant Marc J. Randazza, in criminal and civil conspiracy with Godaddy, Judge Gloria Navarro, WIPO, Peter L. Michaelson, Randazza Legal Group, Ron D. Green and other Co-Conspirators and Defendants Defendant Marc J. Randazza has seized MarcRandazzaParody.com, ExposeMarcRandazza.com, MarcRandazzaIsAlyingAsshole.com, trollmarcrandazza.com, hypocritemarcrandazza.com,
marcrandazzaviolatedmylegalrights.blogspot.com, marcrandazzafreespeech.blogspot.com, marcrandazzaegomaniac.blogspot.com, marcrandazza-asshole.blogspot.com, marcrandazzatips.blogspot.com, marcrandazzaabovethelaw.blogspot.com, marcrandazzaliedaboutcrystalcox.blogspot.com, fuckmarcrandazza.com, and other intellectual property of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein FOREVER Gone, and causing irreparable damage to Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein.

Defendant Marc J. Randazza defended the rights of his client to own GlenBeckRAPEDandmurderedaYOUNGGIRLin1990.com - yet in a first amendment rights violation, civil and constitutional rights violation, illegal, denial of due process, and fraud on the courts, Defendant Marc J. Randazza SEIZED mass intellectual property, domain names, blogs posts, and changes serves, deletes blogs and causes irreparable damage to Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein.

Upon Knowledge and Belief, Defendant Marc J. Randazza is known for his defense of "sucks" sites. Yet in conspiracy with this court, District of Nevada, SEIZES RandazzaLegalGroupSucks.com and MarcRandazzaSucks.com without First Amendment Adjudication, without Due Process, and in total violation of the Constitutional and Lawful Rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein.

Defendant Marc J. Randazza is known for his defense of "sucks" sites, and there is the Taubman Sucks Legal Case, and the book what would Google do, discussing sucks sites, yet Defendant Marc J. Randazza does not like, a blogger, a domainer buying, owning and blogging on the domain name **RandazzaLegalGroupSucks.com** and **MarcRandazzaSucks.com**, so Defendant Marc J. Randazza, in a Fraud on the Court ,and in criminal and civil conspiracy with Godaddy, Judge Gloria Navarro, WIPO, Peter L. Michaelson, Randazza Legal Group, Ron D. Green and other Co-Conspirators and Defendants Defendant Marc J. Randazza has seized RandazzaLegalGroupSucks.com and MarcRandazzaSucks.com and changed the servers, causing search engine removal, blogs removed, thousands of links to be removed and in total violation of the Constitutional and Lawful Rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein.

MR Statement in the Steubenville lawsuit over blogger and anonymous comments settled

" Marc Randazza said in a statement.

"It's a win for free and anonymous speech -- the right to comment and criticize without fear of retribution is fundamental to the workings of our liberal democracy. It's a win for victims of sexual violence, some of whom have been emboldened to come forward after hearing of the allegations of sexual assault in Steubenville. And it's also a victory for Cody Saltsman, who has addressed this story head-on, in a mature and responsible manner, even though doing so risks blow-back from his peers.""

Defendant Marc J. Randazza has acted unlawful, hypocritical and unconstitutional as being quoted as defending "sucks" sites, yet conspiring with Judge Gloria M. Navvora to Seize RandazzaLegalGroupSucks.com, redirect thousands of links, change servers and ALL before Plaintiff Crystal L. Cox and Eliot Bernstein were allowed due process and BEFORE the First Amendment rights at issue were adjudicated.

**Defendant Marc J. Randazza and Co-Conspirators, Defendants have Civilly and Criminally Conspired to STOP Pro Se Plaintiff Investigative Blogger Crystal L. Cox from Appealing Obsidian Finance Group v. Crystal Cox in the NINTH Circuit Court of Appeals.**

Marc J. Randazza, Kenneth P. White, Jason Jones, Jordan Rushie, Sean Tompkins, Philly Law Blog, Popehat.com, SaltDroid.info, Siouxsielaw.com, Sequenceinc.com, AboveTheLaw.com, Forbes, Kashmir Hill, NPR, Bob Garfield, NY Personal Injury Blog, Crime & Federalism Blog, Simple Justice, Ronald D. Green, J. Malcom Devoy, Randazza Legal Group, Tonkon Torp Law Firm, David S. Aman, Steven Wilker and other Co-Conspirators and Defendants have pressured Pro Se Plaintiff Investigative Blogger Crystal L. Cox to STOP her Ninth Circuit Appeal, and conspired to remove massive content regarding the biggest technology theft in the world, the iViewit Technology by Co-Conspirators, Defendants, and others are involved in stealing and infringing on.

In December of 2011, Defendant Marc J. Randazza requested that I join him on a Conference call to discuss his representation of me, Crystal L. Cox in my Appeal of Obsidian Finance Group V. Crystal Cox.  On this first call, we discussed that he would represent me Pro Bono, however that would mean that I would have to come up with at least $5000 to start in order to pay for filing, printing, motels, time in CA for the appeal and other expenses that would come up.  This was to make the appeal seem daunting to Plaintiff Crystal Cox, as she had no money. And had just had a 2.5 Million Judgement against her, and this after fighting a lawsuit for a year and the massive amount of time and money this cost.

On this Attorney / Client Conference Call, Pro Se Plaintiff Investigative Blogger Crystal L. Cox told Marc Randazza her goals with the Appeal, discussed her strategy and future plans with the case, she also discussed the extortion accusations by the Plaintiff's Attorney David Aman and told Defendant Marc J. Randazza of Randazza Legal Group how false information was given to the New York Times and how the email sent to David Carr, New York Times Reporter was one of 5 that were a Settlement Negotiation AFTER a threat of a 10 Million Dollar Lawsuit and After a Lawsuit had been filed, the email was nearly a year old and was, at that time private Settlement Communications between Pro Se Plaintiff Investigative Blogger Crystal L. Cox in her Pro Se Capacity and Opposing Counsel David S. Aman of Tonkon Torp Law Firm. After David S. Aman of Tonkon Torp Law Firm WON the Trial regarding Obsidian Finance Group V. Crystal Cox

On this Attorney / Client Conference Call, Pro Se Plaintiff Investigative Blogger Crystal L. Cox told Marc Randazza that her objection was for the greater good and she was not interested in a settlement, that she wanted to do what was best for the Constitutional Rights of all Investigative Bloggers, Citizen Journalists, and Citizens.  On this Attorney / Client Conference Call, Pro Se Plaintiff Investigative Blogger Crystal L. Cox told Marc Randazza of the approx. 5 settlement offers by Plaintiff Obsidian Finance Group that would have got her out of the lawsuit many times over the prior year, and that she said no because they were not for the greater good. The last Settlement offer From Plaintiff to Plaintiff was 10 days before the Trial. Plaintiff Crystal Cox was not looking for an easy way out of the judgement, and Plaintiff Crystal Cox told her attorney Defendant Marc J. Randazza that.  Plaintiff, Counsel to Plaintiff Crystal L. Cox, took it upon himself to decide it was simply best to get the specifics of the ruling changed and get Defendant Cox out of the Judgement, Regardless what Plaintiff Crystal L. Cox told her that her goal was. Plaintiff Crystal L. Cox had represented herself for a year and had been a hard working investigative blogger for 7 years. Defendant Marc J. Randazza BULLIED Plaintiff Crystal L. Cox and ran over her rights to choose what she thought was best in her own case.

David Aman, Attorney for Plaintiff made Settlement Offer to me that would have me perjuring myself, lying about other people, and committing a crime. These settlement offers accused Mark Neuman Summit Principal and Bankruptcy Whistle Blower Stephanie DeYoung of Crimes. And though it would have got me out of a 10 Million Dollar Lawsuit, it was not lawful, not moral and certainly not ethical.

I, Pro Se Plaintiff Investigative Blogger Crystal L. Cox REJECTED these offers with a clear mind, and clear objectives and sent rejection each time to David Aman, Attorney for Plaintiff  as to the reasons why. Yet my Attorney Defendant Marc J. Randazza thought it best to take my rights and power away and simply negotiate an end, a solution that he thought best and Defendant Marc J. Randazza, my Attorney, acting on behalf, left me completely out of the loop on the details of this negotiation.

Defendant Marc J. Randazza knew that the settlement offers had been unlawful and that I, Plaintiff Crystal L. Cox, his then client, had stated to him that these settlement offers were not of the best interest of ALL Citizen Journalists, Whistle Blower and Citizen's Free Speech Rights in general, yet Defendant Marc J. Randazza VIOLATED my rights, ran over my rights, and completely sidestepped his duty to his own client, Plaintiff Crystal L. Cox.

Defendant Marc J. Randazza of Defendant Randazza Legal Group had the objective of sabotaging my Ninth Circuit Appeal from the Start, and discrediting the iViewit Technology story to protect the 100 of Billions of Dollars to his clients Co-Conspirators Manwin, Corbin Fisher, Liberty Media Holdings and Other Co-Conspirators and Defendants.

Defendant Marc J. Randazza of Defendant Randazza Legal Group tried to negotiate a deal with Opposing Counsel David Aman that was in the Best interest of his other clients and to set a precedence that he could use in future case for high dollar clients.

Defendant Marc J. Randazza of Defendant Randazza Legal Group thought I, Pro Se Plaintiff Investigative Blogger Crystal L. Cox would sit down and shut up, would do as he told me to and treated me as if I had no mind, motive, or life mission of my own. Defendant Marc J. Randazza of Defendant Randazza Legal Group made his priorities the only ones that mattered and completely left me out of my own case and out of making decision in my own best interest and based on the very important goal of mine to fight for all Citizen Journalists and Investigative Bloggers First Amendment Rights. Pro Se Plaintiff Investigative Blogger Crystal L. Cox's goals were NOT to protect Defendant Marc J. Randazza of Defendant Randazza Legal Group 's future earning potential or the assets of his higher paying clients.

### Defendant Marc J. Randazza Negotiates Deal with Opposing Counsel on behalf of his Client Crystal Cox, without conferring with Client on Details of Deal.

After the original Attorney / Client Conference Call, Pro Se Plaintiff Investigative Blogger Crystal L. Cox sent Marc Randazza of Randazza Legal Group massive legal documents and other documents pertaining to Obsidian Finance Group V. Crystal Cox so that he could assess the case and come up with a plan of action. Marc Randazza of Randazza Legal Group then, acting as Attorney, Counsel. Representing Plaintiff Crystal L. Cox, contacted David S. Aman of Tonkon Torp, the Attorney and negotiated a deal in order to somehow change the perimeters of the ruling in some way, it is still not clear to Pro Se Plaintiff Investigative Blogger Crystal L. Cox what the details of this deal were.

Upon Belief and Knowledge, Defendant Marc J. Randazza of Defendant Randazza Legal Group was negotiating a deal that would make it so that Plaintiff Crystal L. Cox, his then Client, would not go to the Ninth, and his clients, as well as the Free Speech Coalition and other John and Jane Doe's would benefit from the re-wording of the Ruling.

Plaintiff Crystal L. Cox did not feel that Defendant Marc J. Randazza of Defendant Randazza Legal Group was acting in her best interest nor was her Attorney Marc Randazza acting in a way in which she had expressed were her goals, and strategy for her case. Defendant Marc J. Randazza of Defendant Randazza Legal Group was violating attorney client ethics, violating the rights of Plaintiff Crystal L. Cox and was soon after FIRED by Plaintiff Crystal L. Cox. Plaintiff Crystal L. Cox, then Client of Defendant Marc J. Randazza of Defendant Randazza Legal Group's heard about this "negotiation" from Attorneys within the First Amendment Bar. Defendant Marc J. Randazza of Defendant Randazza Legal Group told people in the First Amendment Bar of his representation of me, and how he was handling "it".

Marc Randazza of Randazza Legal Group told members of the First Amendment Bar that he was working on negotiating a deal that would benefit them all. Yet Defendant Marc J. Randazza of Randazza Legal Group, Plaintiff Crystal L. Cox's then attorney, did not tell his client Crystal Cox what the terms of this deal was.

**Pro Se Plaintiff Investigative Blogger Crystal L. Cox FIRED Defendant Marc J. Randazza of Randazza Legal Group, as her Legal Representation in negotiations with Opposing Counsel David Aman of Tonkon Torp, and her Ninth Circuit Appeal**

Upon Belief and Knowledge, Defendant Marc J. Randazza of Defendant Randazza Legal Group told people in the First Amendment Bar of his representation of me, and how he was handling it, and this prompted First Amendment Bar member, Attorney, Eugene Volokh, UCLA Professor of Constitutional Law to Contact Marc Randazza and offer support in the case, as it is a VERY Important Case to the First Amendment Rights of All, especially Investigative Bloggers, Whistle Blowers and Citizen Journalists. Defendant Marc J. Randazza of Defendant Randazza Legal Group and Professor Constitutional Rights Attorney Eugene Volokh discussed my case and discussed Defendant Marc J. Randazza's negotiations with Opposing Counsel David Aman of Tonkon Torp. After this Call Attorney Eugene Volokh contacted Plaintiff Crystal L. Cox and told her that he had spoke with my Attorney Marc Randazza, and they had spoke of a deal that may be negotiated with the Plaintiff, and to let him know if he can be of any assistance at all.

Upon Belief and Knowledge, This information, unbeknownst to Professor Eugene Volokh was disturbing to Plaintiff Crystal L. Cox, as she had no knowledge of the terms of the deal her then attorney Defendant Marc J. Randazza of Defendant Randazza Legal Group was negotiating .

Professor Eugene Volokh had assumed that I, Plaintiff Crystal L. Cox, was kept in the loop on the negotiations. After this Call I PROMPTLY eMailed My then Attorney Defendant Marc J. Randazza of Defendant Randazza Legal Group and copied the eMail to Attorney Eugene Volokh, UCLA Professor of Constitutional Law, as Exhibits of the Complaint Answer and Counter Complaint of Pro Se Plaintiff Investigative Blogger Crystal L. Cox clearly show. In this eMail from Client, Plaintiff Crystal L. Cox to her, then Attorney Marc J. Randazza, Plaintiff Crystal L. Cox **FIRES** Marc Randazza, and tells him that she will only proceed to the Appeal if Eugene Volokh will represent her. Eugene Volokh had to clear the possible representation in conjunction with Mayer Brown Law Firm, and I, Plaintiff Crystal L. Cox, had not yet had confirmation of that representation, or its real possibility. Still I, Plaintiff Crystal L. Cox FIRED Marc J. Randazza then and there, for disrespecting me, violating my constitutional and civil rights, violated attorney ethics, violating my legal rights and completely keeping the CLIENT out of the loop of "negotiations" allegedly on behalf of the client.

I, Pro Se Plaintiff Investigative Blogger Crystal L. Cox am a Strong, Independent Woman. I had been defending myself for a year in the Obsidian Finance Group V. Cox Case and I knew EXACTLY what my goals were with MY CASE, and so did my then Attorney Defendant Marc J. Randazza of Randazza Legal Group, yet he went ahead and negotiated a deal with out his own client knowing the details and completely stripping me of my right to choose what was best for me. Therefore, I FIRED my ATTORNEY Plaintiff / DefendantMarc J. Randazza of Randazza Legal Group.

## Defendant Marc J. Randazza of Randazza Legal Group Remained to be determined to STOP Pro Se Plaintiff Investigative Blogger Crystal L. Cox from following through with her Obsidian Finance Group V. Crystal Cox Ninth Circuit Appeal.

After Pro Se Plaintiff Investigative Blogger Crystal L. Cox FIRED her attorney, Defendant Marc J. Randazza of Randazza Legal Group, Pro Se Plaintiff Investigative Blogger Crystal L. Cox hired Attorney Eugene Volokh, UCLA Professor and Portland Attorney Benjamin Souede. Plaintiff Crystal L. Cox then filed a Motion for a New Trial, aided by Attorney Eugene Volokh, UCLA Professor and Portland Attorney Benjamin Souede.

Upon Belief and Knowledge, Attorney Defendant Marc J. Randazza of Randazza Legal Group, in a RAGE over, Plaintiff Crystal L. Cox buying MarcRandazza.com to provide Media/PR Services on her VERY important Free Speech Case and still Desperate to STOP Crystal Cox from being successful in a Ninth Circuit Appeal of Obsidian V. Cox, took it upon himself to contact Opposing Counsel in the Obsidian Finance Group v. Crystal Cox Case, David Aman Tonkon Torp Law Firm, and proceed to offer to give testimony to set up his former client Plaintiff Crystal L. Cox for the crime of extortion, which never happened. So Opposing Counsel David Aman Tonkon Torp Law Firm and Attorney Defendant Marc J. Randazza of Randazza Legal Group met with or had a phone conference with Judge Marco Hernandez in regard to my alleged "extortion", these two attorney conspiring against me, one Plaintiff, was enough for the judge, in a CIVIL Trial, a Trial where there was no Extortion, and a defendant who had not been charged with Extortion, now was facing the DENIAL of a New Trial and the Judge's Opinion accusing distasteful activities and extortion.

This was picked up by the New York Times and many others and used to further defame me, Pro Se Plaintiff Investigative Blogger Crystal L. Cox and harm my chances at a fair and objective Ninth Circuit Appeal. Further harassment, defamation, intimidation by an attorney who once represented Plaintiff Crystal L. Cox on that same case. (Malpractice)

Upon Belief and Knowledge, After the New Trial Denial that Defendant Marc J. Randazza saw to it was ruled in such a way, Defendant Marc J. Randazza of Randazza Legal Group and Co-Conspirators, Defendants, Jason Jones, Kashmir HIll, Jordan Rushie, Kenneth P. White, Mark Bennett, Scott H. Greenfield, Bob Garfield NPR, Eric Turkiwetz, Peter L. Michaelson WIPO Decision, and other gang stalking bloggers / co-conspirators and Defendants of Marc Randazza made yet another massive PR push to paint Pro Se Plaintiff Investigative Blogger Crystal L. Cox in false light and to have the general public believe Pro Se Plaintiff Investigative Blogger Crystal L. Cox is GUILTY Of the Crime of Extortion, when Plaintiff Crystal L. Cox was NEVER on Trial for Extortion, Plaintiff Crystal L. Cox was never under investigation for extortion, Plaintiff Crystal L. Cox never committed extortion, Plaintiff Crystal L. Cox never had a criminal complaint filed for Plaintiff Crystal L. Cox. Yet Defendant Marc J. Randazza of Randazza Legal Group, Co-Conspirators, and Defendants has the whole world believing that Pro Se Plaintiff Investigative Blogger Crystal L. Cox is GUILTY of Extortion.

**No Trial, No Complaint, No Due Process** just Originating from Two Attorneys Defendant Marc J. Randazza of Randazza Legal Group and Co-Conspirator, Defendant David S. Aman of Tonkon Torp Law Firm with the aid of Co-Conspirator, Defendant Forbes Kashmir Hill and Co-Conspirator, Defendant New York Times David Carr as the BIG MEDIA Push. No Court needed, No Judge and Jury Needed, just Defendant Marc J. Randazza of Randazza Legal Group and Co-Conspirator, Defendant David S. Aman of Tonkon Torp Law Firm and a gang of attorney bloggers, to paint Pro Se Plaintiff Investigative Blogger Crystal L. Cox in False Light and to Defame, Harass, Intimidate, Violate, Criminally Endanger and STOMP the Free Speech Rights of Pro Se Plaintiff Investigative Blogger Crystal L. Cox.

This all was quite timely, as after all this pressure, intimidation, harassment, defamation to Pro Se Plaintiff Investigative Blogger Crystal L. Cox by Defendant Marc J. Randazza of Randazza Legal Group and Co-Conspirators; Defendant/ Co-Conspirator David S. Aman of Tonkon Torp made another settlement offer to Plaintiff Crystal L. Cox, this time through her attorney Eugene Volokh. And AFTER Plaintiff Crystal L. Cox's Ninth Circuit Appeal was already filed. Defendant Marc J. Randazza of Randazza Legal Group and Co-Conspirators, Defendants had thought they had intimidated, scared, threatened Plaintiff Crystal L. Cox enough to make her take a deal and back off of her Ninth Circuit Appeal, Plaintiff Crystal L. Cox REJECTED the Settlement Offer.

Upon Belief and Knowledge, In June of 2012 Defendant Marc J. Randazza of Randazza Legal Group filed a harassing, baseless, intimidating Czech Arbitration Court Domain Name Dispute against Plaintiff Crystal L. Cox and Eliot Bernstein.  Sometime after, Defendant Marc J. Randazza of Randazza Legal Group cancelled the complaint after making cc jump through massive and expensive hoops.

Then Defendant Marc J. Randazza of Randazza Legal Group filed a WIPO Complaint against Plaintiff Crystal L. Cox and Eliot Bernstein, this time criminally and civilly conspiring with INTA member, WIPO Panelist Peter L. Michaelson to ensure his Victory. Defendant/ Co-Conspirator Sole WIPO Panelist Peter L. Michaelson not only illegally, unethically granted Defendant Marc J. Randazza of Randazza Legal Group domain names, intellectual property of Plaintiff Crystal L. Cox and Eliot Bernstein but Defendant/ Co-Conspirator Sole WIPO Panelist Peter L. Michaelson also publicly announced the WIPO Decision which accused Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein of Criminal Activity, of Extortion and seriously defamed, harassed, and commit fraud against Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein.

Upon Belief and Knowledge, Defendant/ Co-Conspirator Sole WIPO Panelist Peter L. Michaelson had / has massive conflicts of interest that were undisclosed to Pro Se Plaintiff Investigative Blogger Crystal L. Cox. As Defendant/ Co-Conspirator Sole WIPO Panelist Peter L. Michaelson is connected to and acting in Criminal and Civil Conspiracy with Defendant/ Co-Conspirator Greenberg Traurig, Defendant/ Co-Conspirator Judith Kaye, Defendant/ Co-Conspirator Proskauer Rose, Defendant/ Co-Conspirator John C. Malone, Defendant/ Co-Conspirator Liberty Media, Defendant/ Co-Conspirator Defendant Marc J. Randazza, Defendant/ Co-Conspirator Randazza Legal Group, Defendant/ Co-Conspirator Francis Gurry, and other John and Jane Doe Defendants / Co-Conspirators.

Still trying to STOP the Ninth Circuit Appeal of Pro Se Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc J. Randazza of Randazza Legal Group counselled / advised Co-Conspirators, Defendants David S. Aman, Steven Wilker and Tonkon Torp Law Firm on how to file Judgements in such a way to SEIZE the Obsidian Finance Group V. Crystal Cox Appeal Rights of Pro Se Plaintiff Investigative Blogger Crystal L. Cox . Defendant Marc J. Randazza is an expert in this type of legal action, as it was HIGHLY common in the State of Florida before it became Illegal there.

**The Following is a List of known PR, Media, Attorney Bloggers, Journalist who are involved in Criminal and Civil Conspiracy with Marc Randazza.** I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Investigate these individuals in connections with Defendant Marc J. Randazza and using media, blogs, to threaten, harass, and intimidate whistleblowers aKa whistleblower retaliation.

Bob Garfield NPR, Kashmir Hill Forbes, Jordan Rushie Philly Law Blog, David Carr New York Times, Kenneth P. White Popehate.com, Jason Jones SaltyDroid.info, **SiouxsieLaw.com, SequenceInc.com Tracy Coenen, and** John and Jane Doe's to be added to this Federal Investigation at a later date.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Authorities / Investigators of the connection of Righthaven Receiver Lara Pearson with Defendant Marc J. Randazza and Opposing Counsel in Obsidian V. Cox.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, send all information, documents, exhibits of this case to the FBI, Department of Justice, SEC, Nevada Attorney General, California Attorney General, Washington Attorney General, U.S. Attorney General, FCC and there be an Investigation into the Criminal and Civil Conspiracy involving Defendant Marc J. Randazza.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Authorities / Investigators of Mafia and other Organized Crime Connections connected to Defendant Marc J. Randazza.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Authorities / Investigators of  the possible murder of Donny Long, and associated Criminal and Civil Conspiracy.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Authorities / Investigators of Godaddy Inc. in Civil and Criminal Conspiracy with Defendant Marc J. Randazza to steal intellectual property, redirect massive online content worth millions and Civilly and Criminal Conspiracy with Defendant Marc J. Randazza to deceive Godaddy Clients and to intimidate, harass, and place those clients under extreme duress, and violate their criminal, civil and constitutional rights.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Authorities / Investigators of the Civil and Criminal Conspiracy with Defendant Marc J. Randazza to suppress information regarding the iViewit Stolen Technology. And I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, investigate Proskauer Rose Law Firm, Kenneth Rubenstein, Hon. Judith Kaye, Peter L. Michaelson, MPEG LA, and all related parties, John and Jane Doe's to be added to this investigation.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Authorities / Investigators of  the car bombings of the iViewit Inventors, and the attempted murders associated with the iViewit Case..


I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Authorities / Investigators of the Criminal and Civil Conspiracy of Defendant Marc J. Randazza, the INTA, WIPO and WIPO Panelist Peter L. Michaelson.

State of Nevada Case 2:12-cv-02040-GMN-PAL lawsuit was initiated specifically for the purpose of creating a chilling effect and is a Strategic Lawsuit Against Public Participation, or "SLAPP" suit.

State of Nevada Case 2:12-cv-02040-GMN-PAL is a Violation of Plaintiff and Eliot Bernstein's First Amendment Rights, Freedom of Speech, Freedom of Expression ( Article 19 of the Universal Declaration of Human Rights and recognized in international human rights law in the International Covenant on Civil and Political Rights (ICCPR). Article 19 of the ICCPR) and a Violation of our Civil Rights, Due Process Rights, Intellectual Property Rights, and is a Conspiracy Against Rights, 18 U.S.C. § 241. Section 241 of Title 18, and Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and a Title 18, U.S.C., Section 242 Deprivation of Rights Under Color of Law Violation of Law and the Legal, Constitutional Rights of Plaintiff and Eliot Bernstein.

State of Nevada Case 2:12-cv-02040-GMN-PAL, Defendant Marc J. Randazza and Co-Conspirators / Defendants have violated Title 18, U.S.C., Section 241 Conspiracy Against Rights.

This statute makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States, (or because of his/her having exercised the same).

It further makes it unlawful for two or more persons to go in disguise on the highway or on the premises of another with the intent to prevent or hinder his/her free exercise or enjoyment of any rights so secured.

Punishment varies from a fine or imprisonment of up to ten years, or both; and if death results, or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title or imprisoned for any term of years, or for life, or may be sentenced to death.

## It is a Crime to Willfully Deprive Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein of their rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S.

State of Nevada Case 2:12-cv-02040-GMN-PAL, Defendant Marc J. Randazza and Co-Conspirators / Defendants have violated  Title 18, U.S.C., Section 242 Deprivation of Rights Under Color of Law

This statute makes it a crime for any person acting under color of law, statute, ordinance, regulation, or custom to willfully deprive or cause to be deprived from any person those rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S.

This law further prohibits a person acting under color of law, statute, ordinance, regulation or custom to willfully subject or cause to be subjected any person to different punishments, pains, or penalties, than those prescribed for punishment of citizens on account of such person being an alien or by reason of his/her color or race.

Acts under "color of any law" include acts not only done by federal, state, or local officials within the bounds or limits of their lawful authority, but also acts done without and beyond the bounds of their lawful authority; provided that, in order for unlawful acts of any official to be done under "color of any law," the unlawful acts must be done while such official is purporting or pretending to act in the performance of his/her official duties. This definition includes, in addition to law enforcement officials, individuals such as Mayors, Council persons, Judges, Nursing Home Proprietors, Security Guards, etc., persons who are bound by laws, statutes ordinances, or customs.

Punishment varies from a fine or imprisonment of up to one year, or both, and if bodily injury results or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire shall be fined or imprisoned up to ten years or both, and if death results, or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined

**Provisions against Conspiracies to Interfere with Civil Rights (42 U.S.C. § 1985)**

42 U.S.C. § 1985 grants a civil cause of action for damages caused by various types of conspiracies aimed at injuring a person in his/her person or property, or denying him/her a Federal right or privilege.  § 1985 mainly deals with three instances of conspiracy: those aimed at preventing an officer from performing his/her duties; those aimed at obstructing justice by intimidating a party, witness, or juror; and those aimed at depriving a person's rights or privileges.

According to 42 U.S.C. § 1985(2) two or more persons are said to have conspired to obstruct justice by intimidating a party, witness, or juror if such persons conspire:

to deter, by force, intimidation, or threat, any party or witness in any court proceedings from attending court;

to deter, by force, intimidation, or threat, any party or witness in any court proceedings from testifying to any matter freely, fully, and truthfully;

to injure any party or witness in his/her person or property for having attended or testified in a court proceeding;

to influence the verdict, presentment, or indictment of any juror in any court;

to injure any juror in his/her person or property on account of any verdict, presentment, or indictment lawfully agreed by him/her as a juror;

42 U.S.C. § 1985(2) also state that two or more persons will be considered to have conspired to impede, hinder, obstruct, or defeat, the due course of justice if such persons conspire to:

deny to any citizen the equal protection of the laws; or injure him/her or his/her property for lawfully enforcing the right of any person, or class of persons, to the equal protection of the laws. Finally, by virtue of 42 U.S.C. § 1985(3) two or more persons are said to have conspired to deprive a third person's rights or privileges if such persons conspire to:

go in disguise on the highway or on the premises of another, for the purpose of depriving, any person or class of persons of the equal protection of the laws, or the equal privileges and immunities provided under the laws;

prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote as an elector in the election of President or Vice-President, or members of Congress;

injure any citizen in person or property on account of support or advocacy rendered to voters in the election of President or Vice-President, or members of Congress.

If as a result of the conspiracy, one or more persons are injured in person or property, or is deprived of any of their rights or privileges, the party so injured or deprived may have an action for the recovery of damages, against the conspirators. However, it is necessary that a plaintiff suing under 42 U.S.C. § 1985 should show the existence of a conspiracy. The existence of a conspiracy may also be inferred from the surrounding circumstances.

State limitation periods apply to actions brought pursuant to 42 U.S.C. § 1985. The plaintiff must plead facts with specificity and particularity. Nominal, compensatory, and punitive damages are available to successful § 1985 plaintiffs.

## Conspiracy Against Rights, 18 U.S.C. § 241. Section 241 of Title 18

Official Misconduct

Conspiracy Against Rights, 18 U.S.C. § 241. Section 241 of Title 18 is the civil rights conspiracy statute. Section 241 makes it unlawful for two or more persons to agree together to injure, threaten, or intimidate a person in any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the Unites States, (or because of his/her having exercised the same). Unlike most conspiracy statutes, Section 241 does not require that one of the conspirators commit an overt act prior to the conspiracy becoming a crime. The offense is punishable by a range of imprisonment up to a life term or the death penalty, depending upon the circumstances of the crime, and the resulting injury, if any. Deprivation of Rights Under Color of Law, 18 U.S.C. § 242. This provision makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States.

For the purpose of Section 242, acts under "color of law" include acts not only done by federal, state, or local officials within the their lawful authority, but also acts done beyond the bounds of that official's lawful authority, if the acts are done while the official is purporting to or pretending to act in the performance of his/her official duties. Persons acting under color of law within the meaning of this statute include police officers, prisons guards and other law enforcement officials, as well as judges, care providers in public health facilities, and others who are acting as public officials. It is not necessary that the crime be motivated by animus toward the race, color, religion, sex, handicap, familial status or national origin of the victim.

**Defendant / Alleged Co-Conspirator Judge Gloria Navarro is alleged by Pro Se Plaintiff Crystal L. Cox to be acting in criminal and civil conspiracy with Defendant Marc J. Randazza and ALL Connected Co-Conspirators and Defendants in direct harm to Pro Se Plaintiff Crystal L. Cox.**

Defendant / Alleged Co-Conspirator Judge Gloria Navarro has issued an ORDER, to NOT Disqualify herself in rulings regarding Pro Se Plaintiff Crystal L. Cox, even though Defendant / Alleged Co-Conspirator Judge Gloria Navarro has not admitted or denied a conflict of interest in the legal matters and has seemed to aid and abet Defendants Randazza Legal Group, Marc J. Randazza, and Ronald D. Green in other cases where Defendant / Alleged Co-Conspirator Judge Gloria Navarro has ruled allegedly unlawful and unconstitutional against defendants in those cases and at great financial gain to Plaintiff and Plaintiff's attorney in those cases, in order to favor Defendants Randazza Legal Group, Marc J. Randazza, and Ronald D. Green. Cases such as and not limited to "ViaView, Inc. v. Chanson et al", "Randazza V. Cox", "Liberty Media Holdings LLC v. FF Magnat Limited",  and The Righthaven Lawsuits.

Defendant / Alleged Co-Conspirator Judge Gloria Navarro has refused to answer the question of what law states that a Judge can rule on Disqualifying, Removing, Reclusing themselves.

Defendant / Alleged Co-Conspirator Judge Gloria Navarro has Denied, Banned Pro Se Plaintiff Crystal L. Cox from filing Counterclaims in her court against Defendants / Alleged Co-Conspirators.

Upon my Knowledge and Belief Defendant / Alleged Co-Conspirator Judge Gloria Navarro has violated my lawful rights, violated my constitutional rights, put my life in danger, put my business in danger, denied me rights to due process and has continually favored Las Vegas Law Firm Defendant Randazza Legal Group, Defendant Ronald D. Green Defendant, Attorney Marc J. Randazza.

Upon my Knowledge and Belief Defendant / Alleged Co-Conspirator Judge Gloria Navarro has a pattern and history of favoring this particular Law Firm, Such as in the Righthaven Case where she froze bank accounts so that Defendant Marc Randazza could get PAID, and in the ViaView case, Defendant / Alleged Co-Conspirator Judge Gloria Navarro also issued Preliminary Injunctions favoring Randazza Legal Group, against, me, Pro Se Plaintiff Crystal Cox which enabled Defendant Marc Randazza to delete thousands of links from my blogs, remove my blogs, steal my domain names and redirect domain name servers and thereby RUIN my life's work, wipe out my online media, destroy my intellectual property and cause me, Pro Se Plaintiff Crystal Cox irreparable harm, damage and future damage.

Upon my Knowledge and Belief Defendant / Alleged Co-Conspirator Judge Gloria Navarro has acted in such a way that is in conspiracy with Defendants and what seems to be in violation of the constitutional rights of Randazza Legal Group's targets, victims, especially Pro Se Plaintiff Crystal Cox, me.

Upon my Knowledge and Belief Defendant / Alleged Co-Conspirator Judge Gloria Navarro has worked with Plaintiff and Attorney Defendant Ronald Green Before, and seems to have a pattern and history of giving them what they want, especially unconstitutional Preliminary Injunctions. Upon my Knowledge and Belief  Defendant / Alleged Co-Conspirator Judge Gloria Navarro has worked with Ronald Green on issues with the City of Las Vegas, and has connection to Governor Santos which present undisclosed conflicts of interest in this case.

Defendant / Alleged Co-Conspirator Judge Gloria Navarro has denied the rights of due process and constitutional rights of Pro Se Plaintiff Crystal L. Cox in alleged conspiracy with Defendants / Co-Conspirators of this complaint.

**Defendant Ronald D. Green left a large law firm, Defendant Greenberg Traurig LLP, around July of 2012, in direct effort to Sabotage the online Media of Plaintiff, Investigative Blogger Crystal Cox who was reporting on the biggest Technology Theft in the World, the iViewIt Technology Theft. Of which Greenberg Traurig LLP is a named Defendant and has at Trillion Dollar Liability, as does the current clients of Defendant Ronald D. Green, alleged Co-Conspirator Defendant John C. Malone and Defendant Liberty Media Holdings and all media companies owned by Liberty Media in which infringe on the iViewit Video Technology.**

Defendant Greenberg Traurig LLP is named in the iViewit SEC Complaint, iViewit RICO Complaint and massive legal action relating to the iViewit Technology Theft. Defendant Ronald D. Green was at Defendant Greenberg Traurig LLP and knows full well of the massive, undisclosed liability that Defendant Greenberg Traurig LLP has in regard to Eliot Bernstein and the iViewit Technology Company.  This is a massive Conflict and Randazza Legal Group, Defendant Ronald D. Green should NOT be representing his boss, Plaintiff Marc Randazza in this matter.

Defendant Ronald D. Green, left Defendant Greenberg Traurig LLP for Defendant Randazza Legal Group, to intentionally, deliberately be in a position to sabotage Eliot Bernstein and the Investigative Blogger reporting on the iViewit Technology Story, Plaintiff Crystal L. Cox.

Upon my Knowledge and Belief, Defendant Ronald D. Green, formerly with Defendant Greenberg Traurig LLP was sent to work at Randazza Legal Group by Defendant Greenberg Traurig LLP in order to sabotage Eliot Bernstein, by way of removing the blogs and online media of Plaintiff Crystal L. Cox .

Defendant Greenberg Traurig LLP filed legal action against the estate of Eliot Bernstein's father in September of 2012, just after Defendant Ronald D. Green left Defendant Greenberg Traurig LLP to work with Randazza Legal Group, and a few months before Defendant Ronald D. Green sued Eliot Bernstein and Crystal Cox in order to remove their online platforms reporting on the iViewit Technology Theft.

## Second Cause of Action
### Defamation

Plaintiff Crystal L. Cox re-alleges all of the preceding paragraphs
and fully incorporates all of the preceding paragraphs

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox,Defendant Marc Randazza, Defendant Kashmir Hill, Defendant Forbes Inc., Defendant SequenceInc.com Tracy L. Coenen, Defendant Mark Bennett  blog.BennettandBennett.com, Bennett and Bennett, Carlos Miller, Eric Turkewitz of Turkewitz Law Firm  and NewYorkPersonalInjuryAttorneyBlog.com, Defendant  Scott H. Greenfield of Simple Justice - a New York Criminal Defense Blog and blog.simplejustice.us, Defendant Carlos Miller of PixIQ.com and PhotographyisNotaCrime.com, Defendant Roxanne Grinage, Defendant HireLyrics, Defendant David Carr, Defendant New York Times, Defendant New York Public Radio, Defendant Bob Garfield, Defendant NPR, Defendant Janine Robben Oregon State Bar Bulletin, Defendant Leo Mulville and John and Jane Doe's, have intentionally, with malice defamed Plaintiff Crystal L. Cox in mass media, blogs and radio, legal briefs, publications, and have intimidated, harassed, threatened and caused extreme duress and loss of business to Plaintiff Crystal L. Cox, and have committed a Hate Crime against Plaintiff Crystal L. Cox and endangered her, my life.

Plaintiff Crystal L. Cox re-allege and incorporate the preceding paragraphs.
Defendants, as listed above have engaged in an online harassment and defamation campaign to intimidate, defame, and paint Plaintiff Crystal L. Cox and to discredit the iViewit Technology Story.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, On numerous occasions, Defendants Kashmir Hill, Forbes Inc., Defendant SequenceInc.com, Defendant Tracy L. Coenen, Defendant Mark Bennett  blog.BennettandBennett.com, Bennett and Bennett, Scott H. Greenfield, Carlos Miller, Eric Turkewitz of Turkewitz Law Firm  and NewYorkPersonalInjuryAttorneyBlog.com, Scott H. Greenfield of Simple Justice - a New York Criminal Defense Blog and blog.simplejustice.us, Defendant Carlos Miller of PixIQ.com and PhotographyisNotaCrime.com, Defendant Roxanne Grinage, Defendant HireLyrics, Defendant David Carr, Defendant New York Times, Defendant New York Public Radio, Defendant Bob Garfield, Defendant NPR, Defendant Peter L. Michaelson, WIPO, Defendant Marc J. Randazza, the Legal Satyricon, David S. Aman, Tonkon Torp Law Firm and John and Jane Doe's, have publicly defamed, lied about, blogged about Plaintiff Crystal L. Cox and accused Crystal Cox of Extortion, this has caused the businesses of Plaintiff Investigative Blogger Crystal L. Cox to suffer, the quality of life of Plaintiff Investigative Blogger Crystal L. Cox to suffer, and caused irreparable damage to Plaintiff Investigative Blogger Crystal L. Cox.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, On numerous occasions Defendant(s), Marc Randazza, the Legal Satyricon, Jordan Rushie of Mulvihill and Rushie LLC Philly Law Blog, Brown White $ Newhouse, Kenneth P. White, Popehat.com, Eric Turkewitz - Turkewitz Law Firm and NewYorkPersonalInjuryAttorneyBlog.com, Scott H. Greenfield of Simple Justice - a New York Criminal Defense Blog, Mark Bennett  blog.bennettandbennett.com, Bennett and Bennett, Scott H. Greenfield, Bob Garfield of NPR, Janine Robben Oregon State Bar Bulletin, David Carr of the New York Times, Kashmir Hill of Forbes and other John and Jane Doe have published false statements about Plaintiff Investigative Blogger Crystal L. Cox.

These accusations of Extortion in multiple blogs in defamatory conspiracy were calculated, orchestrated among co-conspirators and deliberately malicious. The Co-Conspirators, Defendants as listed above have no credible or accurate source, nor do they reference a credible or accurate source as to the Plaintiff Crystal L. Cox being guilty of Extortion.  They simply maliciously defame Plaintiff Investigative Blogger Crystal L. Cox, and paint Plaintiff Investigative Blogger Crystal L. Cox in false light, maliciously, knowing full well that Plaintiff Investigative Blogger Crystal L. Cox has not been charged with extortion in a court of law.

Defendants David S. Aman, Tonkon Torp Law Firm, New York Times, David Carr, Forbes Inc. Kashmir Hill Co-Conspired Criminally and Civilly in mass producing an email that I sent Opposing Counsel in my Pro Se Capacity, after a legal threat was sent and after a 10 Million Dollar Lawsuit was filed against me, it was one email out of 5, and taken out of context, and was a Settlement Negotiation to attempt to stop a lawsuit. They made this email look like I was extorting Tonkon Torp Lawyers and Obsidian Finance Group and this is not based in any fact, it was deliberate defamation and sabotage.

Defendants David S. Aman of Tonkon Torp Law Firm defamed Plaintiff Crystal Cox in giving an eMail to New York Times Reporter David Carr and falsely told David Carr of the New York Times that Plaintiff Crystal L. Cox had extorted him and his client Obsidian Finance Group, when in fact Plaintiff Crystal L. Cox was not guilty of extortion, was not on trial for the crime of extortion, extortion was no part of the Obsidian V. Cox case, Plaintiff Crystal L. Cox did not have a complaint against her for extortion, nor was there a criminal investigation into extortion regarding Plaintiff Crystal L. Cox.  The email Defendants David S. Aman of Tonkon Torp Law Firm sent to David Carr of the New York Times was, with actual malice, sent out of context and was in fact part of 5 eMails between Plaintiff Crystal L. Cox, her my Pro Se Capacity and Opposing Counsel David S. Aman of Tonkon Torp Law Firm, which were a Settlement Negotiation to negotiate an ending to David S. Aman's client Obsidian Finance Group's Lawsuit against Plaintiff Crystal L. Cox.

These Settlement Negotiations were after a 10 Million Dollar Lawsuit had been filed by Opposing Counsel David S. Aman of Tonkon Torp Law Firm against Plaintiff Crystal L. Cox. The Defaming eMail that David Carr of the New York Times and Forbes Inc. Kashmir Hill use to defame Plaintiff Crystal L. Cox, is dated January 19th 2011, which was after a Cease and Desist (Lawsuit Threat) was sent and received and after Obsidian Finance Group LLC. vs Crystal Cox was filed. David S. Aman, Tonkon Torp Law Firm, David Carr of the New York Times and Forbes Inc. Kashmir Hill as well as other John and Jane Doe co-defendants, co-conspirators accused me of the Crime of Extortion in National Media and have caused irreparable harm, stress and damage to Plaintiff Crystal L. Cox. These statements are untruthful, harmful, disparaging, defamatory, and false statements about Plaintiff Crystal L. Cox.

Plaintiff Crystal L. Cox is a Real Estate Broker Owner, and has been for over a Decade. Plaintiff Crystal L. Cox makes a living online by marketing nutritional supplements. Plaintiff Crystal L. Cox is an Investigative Blogger and does contract work to perform online internet investigation services. Plaintiff Crystal L. Cox is an SEO Marketing Expert. Plaintiff Crystal L. Cox writes and sells books online. Plaintiff Crystal L. Cox takes photographs and sells them online.

Defendants and Co-Conspirators re-alleged from all preceding paragraphs, have irreparably damaged the livelihood and quality of life of Plaintiff Crystal L. Cox.

Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PAL is a Defamation
Lawsuit, though in Defendant Marc J. Randazza's original complaint he says,
Page 4 Line 20 thru 24,

"11. It is important to note that this lawsuit is not about defamation nor about Ms. Cox
expressing her opinions. Cox has every right to express her opinions. However, she does not
have the right to do so in a manner which is contrary to Title 15's mandates, nor does she have
the right to do so in a manner that is harassing or invasive. Cox posting her opinion on
<crystalcox.com> is just fine. "

Yet in Document 48 of Randazza v. Cox, where Defendant Marc J. Randazza
is asking the court to violated Pro Se Plaintiff Crystal L. Cox and
Eliot Bernstein rights yet again by simply rejecting Pro Se Counter
Plaintiff Crystal L. Cox's complaint answer and counter complaint, in a Motion Called:
PLAINTIFFS' MOTION TO STRIKE Plaintiff Crystal L. Cox'S COUNTERCLAIMS AND
ANSWER PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f), OR, IN THE
ALTERNATIVE, MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6),7
Defendant Marc J. Randazza via Co-Conspirator / Defendant Ronald D.
Green, Ex-Attorney for Co-Conspirator / Defendant Greenberg Traurig, is quoted as
saying, Page 2 Line 4 Says, "part of her plan to further defame and harass her victims".

So now Defendant Marc J. Randazza are NOW claiming to be a victim defamed and harassed
when really Pro Se Plaintiff Crystal L. Cox is an
Investigative Blogger / Online Media and those companies and individuals that Plaintiff / Counter
Defendant Marc Randazza via Co-Conspirator / Defendant Ronald D. Green claims to
be "victims" are really companies, ceo's, individuals, trustees, officials, businesses and people
that Media Plaintiff Crystal L. Cox is "reporting on", not defaming and harassing.

However, this does prove, yet again that Randazza v. Cox a lawsuit whereby Defendant Marc J.
Randazza is claiming that Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein have defamed him
and therefore he wants to Steal, SEIZE all blogs and domain names and to STRIKE all answer
that oppose him or counter claims that expose Defendant Marc J. Randazza or his clients and
co-conspirators.

Defendant Marc J. Randazza filed an unconstitutional SLAPP lawsuit against Pro
Se Defendant / Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein and then
accuse Pro Se Plaintiff Crystal L. Cox of using her complaint
answer to defame him further?

Defendant Marc J. Randazza has used this complaint / legal action / SLAPP suit  to harass,
defame and intimidat Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein.  And to violate the
Constitutional and Property Rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein.

Defendant Marc J. Randazza used his gang stalking attorneys, and other "media"
to highly publicize Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PAL all over
the Internet and in all manner of media and "Legal Commentary" yet Plaintiff / Defendant
Marc Randazza failed to, at that time even attempt to serve Pro Se Counter
Plaintiff Crystal L. Cox or Eliot Bernstein with this complaint.

Defendant Marc J. Randazza simply filed the complaint then bragged about it,
publicized it and defamed defendants, made a mockery of defendants and all the while had not
even notified them of the lawsuit. I, Pro Se Plaintiff Crystal L. Cox had to contact the court to
serve myself so that I could defend myself and now Co-Conspirator / Defendant Ronald D.
Green Attorney for his Boss, Plaintiff / Defendant Marc Randazza wants the court to simply
STRIKE my Response, my Answer and my Counter Claim.

Plaintiff Crystal L. Cox has suffered irreparable damage personally and professionally.
Wherefore, Plaintiff Crystal L. Cox Requests a judgment against Each Co-Conspirator, Each
Defendant for actual and punitive damages, and all other relief allowable under the law and
federal court rules.

Co-Conspirator / Defendant Ronald D. Green SAYS, "Public figures, such as Cox, have a higher
burden to prove defamation than private individuals. New York Times Co. v. Sullivan, 376 U.S.
254, 280-82 (1964) (requiring public figure plaintiff to show "actual malice" in order to recover for
defamation)."

There is a clear cut defamation and damage to Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein
as there is no charge for Extortion in any official document, yet Plaintiff And Co-Conspirators /
Defendants, with actual malice defamed Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein.
**Defendant Marc J. Randazza** actually did have "Reckless disregard" for the truth, because he
knew the facts as the records show.

Co-Conspirators / Defendants knew that Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein were
not guilty of extortion, yet with actual malice broadcast to big media, and massive "legal
commentary" and fraud investigation blogs that Pro Se Plaintiff Crystal L. Cox and Eliot
Bernstein were guilty of extortion, this for one, is clear cut on Defamation.  Not only that,
Defendant Marc J. Randazza HAD Privileged, Private, Confidential Information from Pro Se
Plaintiff Crystal L. Cox that he used to Defame her, as  Defendant Marc J. Randazza was the
attorney for Pro Se Plaintiff Crystal L. Cox.  Defendant Marc J. Randazza actually did have
"Reckless disregard" for the truth, because he knew the facts as the records show.

Pro Se Plaintiff Crystal L. Cox is also suing Defendant Marc J. Randazza and Randazza Legal
Group for Malpractice.

Absolute Truth is the Defense for Defamation. So Defendant Marc J. Randazza and Co-Conspirators / Defendants Jordon Rushie, Jason Jones, Philly Law Blog, Brown White and Newhouse, Kenneth P. White, David Carr, Forbes, New York Times, Tonkon Torp Law Firm, David S. Aman, Peter L. Michaelson, WIPO, Francis Gurry, Edward Kwakwa, Bob Garfield NPR, Scott H. Green Field, Carlos Miller, Mark Bennett, Bennett and Bennett, Janine Robben, SaltyDroid, Tracy L. Coenen, Sequenceinc, Eric Turkewitz, Roxanne Grinage, and other Co-Conspirators / Defendants who broadcast, posted, reported that Co-Conspirators / Defendants knew that Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein were not guilty of extortion. And therefore to prove fact and not defamation they had better have a court document, a police report, a trial record, and some sort of FACT that  Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein have been charged with Extortion Officially or the it certainly is serious, irreparable defamation.

And no such document exists to Defamation is pretty clear cut in the case of Defendant Marc J. Randazza and Co-Conspirators / Defendants regarding defamation.

**Defendant Marc J. Randazza did conspire to Defame** Pro Se Plaintiff Crystal L. Cox**, and he still is, that's a Fact.**

Defendant Marc J. Randazza has used the Celebrity Blogger Status of Pro Se Plaintiff Crystal L. Cox to get media attention for himself. Defendant Marc J. Randazza is Anti-Free Speech and **Case 2:12-cv-02040-GMN-PAL** proves this FACT.

Co-Conspirator / Defendant Ronald D. Green Flat out Lies in saying, "Cox has even placed on record her email to Randazza offering "reputation management services" for a monthly fee. (See ECF #1-6 and ECF #29-7, e-mail conversation between parties in which Cox offers her reputation management services, filed by Randazza and Cox respectively). In light of Cox's actions leading up to the Obsidian Finance case, (ECF #28-2), Cox's offer contained the implication that if Randazza did not purchase her services, Cox would use the domain names she had purchase in order to harass Randazza."

I, Plaintiff Investigative Blogger Crystal L. Cox placed this on the record to show that he claimed to have no problem with me asking him if he knew anyone. I, Pro Se Plaintiff Crystal L. Cox never, EVER told Defendant Marc J. Randazza that I would remove content or place content based on any actions. This is False and used to further harass, defame and intimidate Pro Se Plaintiff Crystal L. Cox. There was no "Implication" this is not based any Facts or evidence. Furthermore Obsidian V. Cox was not about Extortion, Extortion was not a material fact of Obsidian V. Cox, yet Co-Conspirator / Defendant Ronald D. Green keeps implying that it was, using these court documents to further discredit and defame ro Se Defendant / Pro Se Plaintiff Crystal L. Cox.

Defendant Marc J. Randazza threatened me, in the beginning he said, "you want to make an Enemy of Me, Really? The implications of this mafia style threat were certainly carried out, as he has put me under a year long constant attack. Defendant Marc J. Randazza has defamed Pro Se Plaintiff Crystal L. Cox to disgrace and his co-conspirators threaten violence, constantly taunt, have multiple hate blogs and videos of hate and massively "disgrace" Pro Se Plaintiff Crystal L. Cox.

It certainly was unfair competition of this court, District of Nevada, to wipe out the Competition in the Search Engines for any term related to Marc J. Randazza or Randazza Legal Group, in one unconstitutional, unlawful Injunction. GONE, all the Competition that Crystal Cox was giving Marc J. Randazza and Randazza Legal Group wiped out, in massive anti-competition, unfair advantage, unfair marketplace, monopoly and anti-trust violations.

Plaintiff / Defendant Marc J. Randazza and ALL Connected Co-Conspirators and Defendants have Defamed, Libeled and Painted Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein in False Light, Deliberately, with Actual Malice.

**"The Truth" is an absolute defense against charges of libel, against Defamation.**

The TRUTH is that Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein have not been convicted of the Crime Extortion, nor have Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein EVER been on Trial for the Crime of Extortion, nor have Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein been under documented, public investigation for the Crime Extortion.  Yet Defendant Marc J. Randazza and Co-Conspirators and Defendants have publicly broadcast that Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein are guilty of the Crime Extortion. This has caused irreparable damage to Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein and has put Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein in danger, deliberately, with actual malice.

It is an Absolute Fact that Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein have not been prosecuted for the Crime Extortion. Therefore, Defendant Marc J. Randazza and Co-Conspirators and Defendants have no way of proving "The Truth" as an absolute defense in their widespread, criminal endangerment, defamation and libel by publicly stating in mass media, radio, newspapers, blogs and more that
Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein are Extortionists, are Guilty of Extortion. Therefore this court, District of Nevada, should immediately grant Summary Judgement against Defendant Marc J. Randazza and Co-Conspirators and Defendants.

Defendant Marc J. Randazza and Co-Conspirators and Defendants had actual malice as most of them are Attorneys, Fraud Investigators, Reporters, Journalist, Bloggers and they have easy access and know how, in researching the TRUTH, as to the matter of Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein being Extortionists, or being Guilty of Extortion. Therefore, Defendant Marc J. Randazza and Co-Conspirators and Defendants had actual malice, actual knowledge that they were defaming, printing, speaking, broadcasting, publishing defamatory information regarding Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein. Therefore Times Vs. Sullivan ( New York Times Co. v. Sullivan, 376 U.S. 254 (1964) ) does not protect Defendant Marc J. Randazza and Co-Conspirators and Defendants from Defamation Liability. Defendant Marc J. Randazza and Co-Conspirators and Defendants knew beyond a reasonable doubt that they were printing, publishing, speaking, broadcasting information they knew was wholly and patently false, regarding Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein.

**Defendant Marc J. Randazza especially had Actual Malice, and Knowledge of Facts as he was the attorney, legal counsel for Pro Se Plaintiff Investigative Blogger Crystal L. Cox.**

Gertz v. Robert Welch, Inc., 418 U.S. 323 (1974), also does not protect Defendant Marc J. Randazza and Co-Conspirators and Defendants from claims of defamation, as it is certainly not an opinion if a Party has been prosecuted for the Crime of Extortion or Not. It is a Fact. A Fact that is easily found by Attorneys, Investigators, NPR, Journalists, Reporters, Judges, WIPO Investigators and Fraud Investigators such as Defendant Marc J. Randazza and Co-Conspirators and Defendants are.

**Defendant Marc J. Randazza, Defendant Randazza Legal Group Defamed Plaintiff Crystal L. Cox, Knowingly with Actual Malice.**

Defendant Marc J. Randazza and Defendant Ronald D. Green as well as other alleged co-conspirators have defamed me, Plaintiff Crystal Cox, to the point online where new income is impossible. They have stated on their falsified "Legal Commentary" Blogs that I am guilty of Extortion, and posted it in public domain decisions, when I was not on trial for Extortion, nor convicted of Extortion, nor was I under investigation for Extortion. They have put me to financial ruin, with no hope of future business. Defendant Marc Randazza and Defendant Ronald D. Green did this with actual knowledge they were posting false information.

Defendants and Co-Conspirators have published defamatory statements with 'actual malice,' against Plaintiff Crystal Cox, meaning they had knowledge that the statements they were posting were false and they went ahead with reckless disregard of whether they were false or not and posted these defamatory false statement. Times v. Sullivan, Nov. 30 Op. at 5, 1 ER 39.

Plaintiff Crystal Cox cannot recover damages without proof that Defendants were negligent and Plaintiff Crystal Cox may not recover presumed damages absent of proof of actual malice as in Gertz, 418 U.S. at 347." Id. at 9, 1 ER 43. However, Clearly Defendants, in this case, had actual malice, they posted FALSE STATEMENTS knowing the information was false, and therefore cannot  a defense in Gertz, and Times V. Sullivan as a reason, a defense to have defamed me, Plaintiff Crystal L. Cox, and Deliberately and with Actual Malice.

There is clear proof that Defendants were seriously, deliberately, negligent, and had obvious ACTUAL MALICE in defaming me Plaintiff Crystal L. Cox.

# <u>Third Cause of Action</u>
## Harassment

Plaintiff Crystal L. Cox re-alleges and fully incorporates all of the preceding paragraphs.

Defendant Marc Randazza has Criminally and Civilly conspired will all listed known and un-known co-conspirators / Defendants to harass and intimidate Plaintiff Crystal L. Cox.

Plaintiff Crystal L. Cox has suffered irreparable damage personally and professionally. Wherefore, Plaintiff Crystal L. Cox Requests a judgment against Each Co-Conspirator, Each Defendant for actual and punitive damages, and all other relief allowable under the law and federal court rules.

Defendant Marc J. Randazza of Defendant Randazza Legal Group, filed for a Protective Order AGAINST Pro Se Plaintiff Investigative Blogger Crystal L. Cox, an investigative blogger, ex Client of Defendant Marc J. Randazza and Counter Defendant Randazza Legal Group, due to her buying a domain name. This Protective Order filed by Marc J. Randazza, Applicant AGAINST Crystal L. Cox, Adverse Party, as Document Says, was filed on April 13th of 2012 in the court of Judge Melissa Saragosa, Las Vegas Justice Court Case # 12PO0499

**Randazza V. Cox is a SLAPP lawsuit designed to silence, suppress, intimidate and remove the Investigative Blogs of Pro Se Plaintiff Crystal L. Cox exposing the iViewit Technology Theft and the Involvement of Defendant Marc J. Randazza's Clients and Co-Conspirators in the iViewit Technology Theft.**

Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PAL is a SLAPP lawsuit designed to Intimidate, Harass, Defame, Discredit, Threaten, Pro Se Plaintiff Crystal L. Cox to STOP her Ninth Circuit Appeal of Obsidian V. Cox and STOP Pro Se Plaintiff Crystal L. Cox speaking out about Defendant Marc J. Randazza.

Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PAL is a SLAPP lawsuit designed to also expose, intimidate, harass, and threaten Pro Se Plaintiff Crystal L. Cox's sources.

Randazza V. Cox is a Meritless Lawsuit with the Purpose of harassing and intimidating Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein and with the specific purpose of chilling protected expression and the blogs of Investigative Blogger Crystal Cox exposing the biggest technology crime in the world and the documented FACT that Defendant/ Defendant Marc J. Randazza's clients are infringing on the iViewit Technology, estimated to be valued at 13 Trillion Dollars.

Defendant/ Defendant Marc J. Randazza, in conspiracy with Judge Gloria Navarro, WIPO, Godaddy, Ronald D. Green and other Co-Conspirators and Defendants have seized massive blogs exposing the iViewit Technology theft, have diverted thousands of blogs posts, deleted massive blogs and content, and ALL to protect Defendant/ Defendant Marc J. Randazza's clients and co-conspirators in their active and ongoing infringement on the iViewit Video Technology, one of the inventors being Eliot Bernstein, Founder of iViewit Technologies.

Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PAL is a Lawsuit filed by a vengeful ex-Attorney for a Client Exposing his business tactics, how he treats his clients and the Fact that his clients Liberty Media Holdings and ALL their "Companies", John C. Malone, Corbin Fisher, and other Clients, Co-Conspirators and Defendants are infringing on the iViewit Video Technology and have been for over a decade, thereby owing Eliot Bernstein, Founder

This Randazza V. Cox Case and the unconstitutional Preliminary Injunction issued by Judge Gloria Navarro whom refuses to admit or deny conflict and refuse to remove herself, disqualify herself from This Randazza V. Cox Case,  is a Violation the Bill of Rights Due Process Clause, regarding the Rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein, Founder of iViewit Technologies.

**Fourth Cause of Action**
**Violation of Anti-Trust Laws / Fair Trade Laws**
**Fair Competition Act (FCA), The Sherman Antitrust Act (1890),**
**Antitrust Policy and Competition Law**

Plaintiff Crystal L. Cox re-alleges and fully incorporates the preceding paragraphs.

Defendant Marc Randazza has violated anti-trust, fair competition laws and fair trade laws. Defendant Marc Randazza with the aid of this court, District of Nevada,, has removed thousands of competing internet links and dozens of domain names, as well as dozens of blogs.  This is a violation of anti-trust, fair competition laws and fair trade laws and gives Defendant Marc Randazza and Defendant Randazza Legal Group an unfair advantage.

Plaintiff Crystal L. Cox has suffered irreparable damage personally and professionally. Wherefore, Plaintiff Crystal L. Cox Requests a judgment against Each Co-Conspirator, Each Defendant for actual and punitive damages, and all other relief allowable under the law and federal court rules.

Laws governing fair competition are designed to maintain a competitive marketplace and Defendant Marc J. Randazza wants this court, District of Nevada, to eliminate the competitive marketplace for search terms related to his business and line of work. This is unlawful. And this court, District of Nevada, has already given Defendant Marc J. Randazza an unfair advantage in the marketplace, and without due process given to Plaintiff Investigative Blogger Crystal L. Cox or Eliot Bernstein.

Antitrust laws seek to make businesses compete fairly. Marc Randazza wishes the courts to violate Antitrust law and give Marc Randazza an unfair advantage by suppressing competition in the search engines.

Defendants Marc Randazza, Randazza Legal Group, J. Malcom DeVoy and Ronald D. Green used the Court to WIPE out massive competition. As Plaintiff Crystal L. Cox is an SEO and Internet Marketing Expert, and her blogs were stronger in the search engines then those promoting Randazza Legal Group and the Layers working there. It is a violation of Anti-Trust Laws and Fair Market Laws to use the courts to WIPE out massive competition, simply by filing a complaint and a Judge granting an injunction, before adjudication is even enacted by law. Defendants Marc Randazza, Randazza Legal Group, J. Malcom DeVoy and Ronald D. Green did not have to work for 7 years, not put in hundreds of thousands of dollars to get that search engine ranking, all they had to do was file a request for an injunction, a SLAPP suit and steal the search engine ranking, wipe out the competition, for FREE.

# Fifth Cause of Action

## Violation of First Amendment, Constitutional Rights

Plaintiff Crystal L. Cox re-alleges all of the preceding paragraphs
and Fully incorporates all of the preceding paragraphs.

**Defendant** Marc Randazza and Co-Conspirators and Defendants
Have Violated the First Amendment Rights of Plaintiff Crystal L. Cox and Eliot Bernstein, as well
as associated Investigative Bloggers Monica Foster aKa Alex Melody and Desi Foxx aKa Diana
Grandmason.

this court, District of Nevada, has Denied Plaintiff Crystal L. Cox Due Process and erred when it
issued an impermissible prior restraint when it issued a preliminary injunction against future
speech, and seized intellection property, content, blogs and domain names of Plaintiff
Investigative Blogger Crystal L. Cox.

this court, District of Nevada, has Denied Plaintiff Crystal L. Cox Due Process and erred when it
issued a preliminary injunction against tortious interference, when as a matter of law, the tortious
interference claim must fail.  Defendant Marc Randazza has tortiously interfered with Plaintiff
Investigative Blogger Crystal L. Cox's business, news media, blogs, and online content.

This court, Defendant Judge Gloria M. Navarro, District of Nevada, has Denied Plaintiff Crystal L.
Cox Due Process and erred when it issued a preliminary injunction denying  Plaintiff Crystal L.
Cox her right to Free Speech.

The essence of a prior restraint is that it places First Amendment protected speech under the
personal censorship of one judge. (Bernard v. Gulf Oil Co., 619 F.2d 459, 486 (5th Cir. 1980)
(State v. Globe Commc'ns, Corp., 622 So.2d 1066, 1073, (Fla. 4th DCA 1993), aff'd 648 So. 2d
110 (Fla. 1994)

This court, Defendant Judge Gloria M. Navarro, District of Nevada, has Denied Plaintiff Crystal L. Cox Due Process and erred when it issued an unlawful prior restraint. And has caused irreparable damage to Plaintiff Crystal L. Cox.

Such an injunction imposed unlawful prior restraint of speech, violating the First Amendment, with no constitutionally permissible justification. The Order represents an impermissible restraint on speech and was unjustified based on the evidence. The injunction is a content based restriction on speech, and thus must overcome strict scrutiny in order to stand. There is no "compelling state interest" at issue in this case. The injunction has a fatal condition.

(Bantam Books, Inc. v. Sullivan 372 U.S. 58 (1963)  (Organization for a Better Austin v. Keefe, 402 U.S. 415 (1971) The Supreme Court Struck down the injunction as "an impermissible restraint on First Amendment rights" Id at 417018, 418 n.l. In invalidating the prior restraint, the Court wrote, "no prior decisions support the claim that the interest of an individual in being free from public criticism of his business practises in pamphlets, or leaflets warrants the injunctive power of the court." Id at 419.

**The Preliminary Injunction in this Case against Plaintiff Crystal L. Cox was Unconstitutional.**

If a court issues an injunction prior to adjudicating the First Amendment Protection of the speech at issue, the injunction cannot pass constitutional muster.

this court, District of Nevada, denied Plaintiff Crystal L. Cox Due Process in expressly skipping the essential step of adjudicating the First Amendment protections to the speech at issue.

this court, District of Nevada, denied Plaintiff Crystal L. Cox Due Process in failing to make any findings of fact or ruling of law, much less review of the blog articles and the First Amendment. Defendant Marc Randazza is a Public Figure. (New York Times Vs. Sullivan)

A Judicial Order that prevents free speech from occurring is unlawful. (Erwin Chemerinsky, Constitutional Law; Principles and Policies 918 (2002) ("The Clearest definition of prior restraint is.. a judicial order that prevents speech from occurring:).

Prior Restraints are "the most serious and least tolerable infringement on First Amendment Rights." Neb. Press Ass'n v. Stewart, 427 U.S. 539, 559 (1976).  There is a "deep-seated American hostility to prior restraint" Id at 589 (Brennan, J. concurring).

Injunctive relief to prevent actual or threatened damage is heavily disfavored because it interferes with the First Amendment and amounts to censorship prior to a judicial determination of the lawlessness of speech. See Moore v. City Dry Cleaners & Laundry, 41 So. 2d 865, 872 (Fla. 1949). "The special vice of prior restraint," the Supreme Court held, "is that communication will be suppressed... before an adequate determination that it is unprotected by the First Amendment". Pittsburgh Press Co v. Pittsburg Comm'n on Human Relations, 413 U.S. 376, 390 (1973). Also se Fort Wayn Books Inc. v Indiana, 489 U.S. 46, 66 (1989); M.I.C., Ltd v Bedford Township, 463 U.S. 1341, 11343 (1983.)

In this case, the Nevada Court has skipped the step of adjudicating the First Amendment protection relevant to the speech at issue. Prior Restraints are Unconstitutional.

Also see Post-Newsweek Stations Orlando, Inc. v. Guetzlo.

"RKA sought extraordinary relief in the form of prior restraint to enjoin .. . This relief is not recognized in this State, nor anywhere else in the Country.  In addition to ignoring the First Amendment Rights and almost a century's worth of common law, the .. court ignored virtually all procedural requirements for the issue of a preliminary injunction." Page 5 Paragraph ii of Opening Brief Appellate Case No. 3D12-3189, Irina Chevaldina Appellant vs. R.K./FI Management Inc.;et.al., Appellees. Attorney for Appellant Marc J. Randazza Florida Bar No. 325566, Randazza Legal Group Miami Florida.  This case is now hereby referenced herein, in it's entirety.

Plaintiff Crystal L. Cox has suffered irreparable damage personally and professionally. Wherefore, Plaintiff Crystal L. Cox Requests a judgment against Each Co-Conspirator, Each Defendant for actual and punitive damages, and all other relief allowable under the law and federal court rules.

State of Nevada Case 2:12-cv-02040-GMN-PAL lawsuit was initiated specifically for the purpose of creating a chilling effect and is a Strategic Lawsuit Against Public Participation, or "SLAPP" suit.

The Supreme Court has recognized the threat to freedom of speech. In Cohen v. California, 403 U.S. 15, 25, 91 S.Ct. 1780, 1788, 29 L.Ed.2d 284 (1971), it was decided that the right to speak freely that is guaranteed by the First Amendment to the Constitution of the United States includes the right to criticize others, voice highly controversial opinions, and comment on public interest matters. The First Amendment also protects free speech of extreme statements and intentional exaggeration when it is clear the statements are insincere and done to frustrate the target, and is not defamation but opinion, satire, or parody.

In Hustler Magazine v. Falwell; Parody is NOT Defamation. There are many other cases in which discuss that Parody and Satire is not a Trademark or Defamation Issue.  Defendant Marc J. Randazza DEFENDS Satire and Parody Blogs, Sites, Domain Names, Content, Radio, Television and More, Constantly, YET he has committed Fraud on the courts in SEIZING MarcRandazaSucks.com, FuckMarcRandazza.com, MarcRandazzaParody.com, RandazzaLegalGroupSucks.com and other Domain Names and dotblogspots were clearly to express free speech, parody, critisize, speak freely, voice highly controversial opinions, and comment on public interest matters. As was MarcRandazza.com, and all the other blogs, .blogspot and Domain Names, in which this court, District of Nevada, and WIPO illegally, unconstitutionally SEIZED in favor of Defendant Marc J. Randazza. WITHOUT first adjudicating the First Amendment Issues.

The first step with free speech and the First Amendment and trademark law is whether the speech in question is commercial or noncommercial. Commercial speech is bound by the laws of the Lanham Act and is subject to less and sometimes no First Amendment protection.

Noncommercial speech is not bound by the Lanham Act or trademark law, and is guaranteed complete and full First Amendment protection. In fact, trademark law specifically exempts noncommercial speech so that the law will not infringe on the First Amendment. One case that supports this paragraph is Taubman Co. v. Webfeats, 319 F.3d 770, 774-75 (6th Cir. 2003). Another supporting precedent is Nissan Motor Co. v. Nissan Computer Corp., 378 F.3d 1002, 1015-18 (9th Cir. 2004).

Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein have made no money from the Seized Domain names. Pro Se Plaintiff Crystal L. Cox, is an Investigative Blogger, a Media Defendant and was giving Defendant Marc J. Randazza a bad review as she was a former client of Defendant Marc J. Randazza.

Pro Se Plaintiff Crystal L. Cox was reporting on / blowing the whistle on / investigative blogging on organized crime, porn industry hookers and human trafficking, video technology infringement (iViewit), gang stalkings, threats of violence, intellectual property theft, civil rights violations, civil and criminal conspiracy and more involving Defendant Marc J. Randazza and his Clients, Co-Conspirators, Defendants.

Therefore Defendant Marc J. Randazza, Defendant Ronald D. Green, Defendant Peter L. Michaelson, Defendant GoDaddy, Defendant Manwin, Defendant Corbin Fisher, Defendant Jordan Rushie, Defendant Liberty Media, Defendant Randazza legal group and other Defendants and Co-Conspirators have used Defendant Marc J. Randazza's legal action to remove the reporting, media, online investigative research that exposes their activities, thereby committing fraud on the court as using this court, District of Nevada, to suppress free speech and cover up civil and criminal conspiracy among Defendants and Co-Conspirators, of which this court, District of Nevada, is alleged to be involved in, and simply wiped out massive online content, blogs, news, media that reported on Plaintiff, Defendants and Co-Conspirators.  All without adjudicating the First Amendment Rights at issue, and in Denial of Due Process of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein  and with Abuse of Power, Judicial Cannons Violations, Attorney Code Violations, Civil Rights Violations and in conspiracy to aid and abet Defendants and Co-Conspirators.

There are many cases supporting that negative consumer commentary is core speech protected by the First Amendment. Another case supporting this is, Bose Corp. v. Consumers Union, 466 U.S. 485 (1984) Many other cases treat criticisms of a company, their business practices, products and services, as speech protected by the First Amendment. Criticism would be pointless if the person cannot name the company they are bashing by using its trademarks.

The Fourth Circuit explained that just because speech is critical of a corporation or company and its business practices, it is not a sufficient reason to prevent or enjoin the speech. If a trademark owner could "enjoin the use of his mark in a noncommercial context found to be negative or offensive, than a corporation could shield itself from criticism by forbidding the use of its name in commentaries critical of its conduct." CPC Int'l., Inc. v. Skippy Inc., 214 F.3d 456, 462 (4th Cir. 2000) (quoting L.L. Bean v. Drake Publishers, 811 F.2d 26, 33 (1st Cir. 1987)).

Pro Se Plaintiff Crystal L. Cox as every lawful and constitutional right to criticize Defendant Marc J. Randazza and his Law Firm Randazza Legal Group. Just because speech is critical of a corporation or company and its business practices, it is not a sufficient reason to prevent or enjoin the speech and wipe out massive blogs, links, domain names and content of Investigative Blogger Pro Se Plaintiff Crystal L. Cox

Defendant Marc J. Randazza, Defendant Ronald D. Green, Defendant Peter L. Michaelson, Defendant GoDaddy, Defendant Manwin, Defendant Corbin Fisher, Defendant Jordan Rushie, Defendant Liberty Media, Defendant Randazza legal group and other Defendants and Co-Conspirators have violated the First Amendment Rights of Pro Se Plaintiff Crystal L. Cox and caused irreparable damage to the intellectual property, media network, reputation, livelihood and business opportunity of Pro Se Plaintiff Crystal L. Cox.

## In District of Nevada Case 2:12-cv-02040-GMN-PAL, First Amendment Rights And Constitutional Law trump Trademark law.

The first step with free speech and the First Amendment and trademark law is whether the speech in question is commercial or noncommercial. Commercial speech is bound by the laws of the Lanham Act and is subject to less and sometimes no First Amendment protection. Noncommercial speech is not bound by the Lanham Act or trademark law, and is guaranteed complete and full First Amendment protection. In fact, trademark law specifically exempts noncommercial speech so that the law will not infringe on the First Amendment. One case that supports this paragraph is Taubman Co. v. Webfeats, 319 F.3d 770, 774-75 (6th Cir. 2003). Another supporting precedent is Nissan Motor Co. v. Nissan Computer Corp., 378 F.3d 1002, 1015-18 (9th Cir. 2004).

Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein have made no money from the Seized Domain names. Pro Se Plaintiff Crystal L. Cox, is an Investigative Blogger, a Media Defendant and was giving RRR a bad review as she was a former client of Defendant Marc J. Randazza.

Pro Se Plaintiff Crystal L. Cox was reporting on organized crime, porn industry hookers and human trafficking, video technology infringement (iViewit), gang stalkings, threats of violence, intellectual property theft, civil rights violations, civil and criminal conspiracy and more involving Defendant Marc J. Randazza and his Clients, Co-Conspirators, Defendants.

Therefore Defendant Marc J. Randazza, Defendant Ronald D. Green, Defendant Peter L. Michaelson, Defendant GoDaddy, Defendant Manwin, Defendant Corbin Fisher, Defendant Jordan Rushie, Defendant Liberty Media, Defendant Randazza legal group and other Defendants and Co-Conspirators have used Defendant Marc J. Randazza's legal action to remove the reporting, media, online investigative research that exposes their activities, thereby committing fraud on the court as using this court, District of Nevada, to suppress free speech and cover up civil and criminal conspiracy among Defendants and Co-Conspirators, of which this court, District of Nevada, is alleged to be involved in, and simply wiped out massive online content, blogs, news, media that reported on Plaintiff, Defendants and Co-Conspirators.  All without adjudicating the First Amendment Rights at issue, and in Denial of Due Process of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein and with Abuse of Power, Judicial Cannons Violations, Attorney Code Violations, Civil Rights Violations and in conspiracy to aid and abet Defendants and Co-Conspirators.

There are many cases supporting that negative consumer commentary is core speech protected by the First Amendment. Another case supporting this is, Bose Corp. v. Consumers Union, 466 U.S. 485 (1984) Many other cases treat criticisms of a company, their business practices, products and services, as speech protected by the First Amendment. Criticism would be pointless if the person cannot name the company they are bashing by using its trademarks. The Fourth Circuit explained that just because speech is critical of a corporation or company and its business practices, it is not a sufficient reason to prevent or enjoin the speech.

If a trademark owner could "enjoin the use of his mark in a noncommercial context found to be negative or offensive, than a corporation could shield itself from criticism by forbidding the use of its name in commentaries critical of its conduct." CPC Int'l., Inc. v. Skippy Inc., 214 F.3d 456, 462 (4th Cir. 2000) (quoting L.L. Bean v. Drake Publishers, 811 F.2d 26, 33 (1st Cir. 1987)).

Pro Se Plaintiff Crystal L. Cox as every lawful and constitutional right to criticize Defendant Marc J. Randazza and his Law Firm Randazza Legal Group. Just because speech is critical of a corporation or company and its business practices, it is not a sufficient reason to prevent or enjoin the speech and wipe out massive blogs, links, domain names and content of Investigative Blogger Pro Se Plaintiff Crystal L. Cox

Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein, had not commercial motives or "speech" soliciting money in regard to blogs, domains, online media, investigative news blogs in which exposed, created parody and satire, criticized, reviewed, report on Defendant Marc J. Randazza and his Clients, Co-Conspirators, Defendants.

Defendant Marc J. Randazza and Co-Conspirator Ronald D. Green have used the Lanham Act as a fraud on the courts to Suppress Free Speech, Intimidate a Reporter / Whistleblower, and to Steal Massive Content / Intellectual Property AND to Eliminate Search Engine Competition for FREE.

Despite many corporations using intimidation to try to silence people from speaking their minds and using lawsuits, and threats of lawsuits, the Constitution continuously protects free speech.

It excludes commercial speech precisely for the purpose of avoiding infringement of First Amendment rights. Taubman, 319 F.3d at 774-75 (6th Cir. 2003); Nissan, 378 F.3d at 1016-17. Thus, when an action is brought against a noncommercial use of a trademark for either political or consumer commentary, such as the SLAPP cases with Walmart, Starbucks, and others, the courts do not usually hesitate to grant the defendant full First Amendment protection by holding that trademark law does not apply and that First Amendment protects such speech. See CPC Int'l, 214 F.3d at 461-64 (4th Cir. 2000); Nissan, 378 F.3d at 1017-18 (9th Cir. 2004); L.L. Bean, 811 F.2d at 33.

Noncommercial Speech Is NOT Subject to Trademark Law AND Is Fully Protected by the First Amendment. Trademark law explicitly exempts noncommercial speech such as the alleged emails and website(s) precisely so that the law will not run afoul of the First Amendment. Taubman, 319 F.3d at 774 (6th Cir. 2003); Nissan, 378 F.3d at 1016-17 (9th Cir. 2004). Numerous cases show that consumer commentary is core speech protected by the First Amendment. See, e.g., Bose Corp. v. Consumers Union, 466 U.S. 485 (1984) (New York Times standard applied in libel action brought by a manufacturer claiming that consumer group had maligned its product). Many other cases similarly treat criticisms of a company's products or business practices as speech protected by the First Amendment. The criticisms would be pointless if they did not identify the company they were criticizing and by using its trademarks.

The Fourth Circuit explained: This is an admittedly partisan account and one that vexes [the plaintiff]. Yet just because speech is critical of a corporation and its business practices is not a sufficient reason to enjoin the speech. As the First Circuit stated, if a trademark owner could "enjoin the use of his mark in a noncommercial context found to be negative or offensive, then a corporation could shield itself from criticism by forbidding the use of its name in commentaries critical of its conduct." CPC Int'l., Inc. v. Skippy Inc., 214 F.3d 456, 462 (4th Cir. 2000) (quoting L.L. Bean v. Drake Publishers, 811 F.2d 26, 33 (1st Cir. 1987)). Congress has therefore limited the application of the Lanham Act to commercial speech. First, § 43(c) expressly excludes non-commercial use of marks from the entire section's reach: "The following shall not be actionable under this section: . . . (B) Noncommercial use of the mark." 15 U.S.C. § 1125(c) (4) (emphasis added). Section (c) (4) was added to the Act when it was amended in 1989. The House Judiciary Committee made explicit that the purpose was to avoid any impact on noncommercial speech: The proposed change in Section 43(a) should not be read in any way to limit political speech, consumer or editorial comment, parodies, satires, or other constitutionally protected material. . . .

Noncommercial Speech Is NOT Subject to Trademark Law.  Ads placed on Domain Names and Blog in this case, as Defendant Marc J. Randazza knows full well, being an Expert in the Industry, are placed by Google and by GoDaddy and that Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein have no control over such ads, and are not involved in a commercial endeavor in REPORTING on Defendant Marc J. Randazza and his Clients, Co-Conspirators, Defendants, and in reporting on the biggest Technology Theft in the WORLD, iViewit Technology, which involves Defendant Marc J. Randazza and his Clients, Co-Conspirators, Defendants.

Defendant Marc J. Randazza has no Trademark on the name Marc Randazza, yet this court, Defendant Judge Gloria M. Navarro, District of Nevada, simply favored Defendant Marc J. Randazza and gave him what he wanted, and has thereby PERMANENTLY altered the search engines, removed content on massive blogs, changed thousands of links, and deleted blog / intellectual property of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein.

Defendant Marc J. Randazza has no Trademark on the name Marc Randazza, yet this court, Defendant Judge Gloria M. Navarro, District of Nevada, simply favored Defendant Marc J. Randazza and gave him what he wanted, and has thereby PERMANENTLY altered the search engines, removed content on massive blogs, changed thousands of links, and deleted blog / intellectual property of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein.

**Defendant Marc J. Randazza has Criminally and Civilly Conspired with Wordpress, Insiders at Google and a Ring of Attorneys Marking Blogs as Spam to remove information regarding the stolen iViewit Technology and the involvement of Marc Randazza's clients and co-conspirators.**

Defendant Marc J. Randazza has had massive wordpress blogs removed, videos removed and flagged in civil and criminal conspiracy in order to remove information regarding the iViewit Video Technology story.

## Defendant Marc J. Randazza has a Common Law Trademark.

Upon my Knowledge and belief, Defendant Marc J. Randazza filed a lawsuit against me, Plaintiff Crystal L. Cox, claiming rightful ownership of massive domain name, blogs and online content belonging to Plaintiff Crystal L. Cox, and to Eliot Bernstein,knowing full well that he, as a Trademark Attorney that FULLY KNEW, had no Trademark rights to the name "Marc Randazza" or "Randazza"

Defendant Marc J. Randazza, sought a Preliminary Injunction, which was granted to him by Defendant Judge Gloria M. Navarro. This preliminary injunction through conspiring with Defendant Judge Gloria M. Navarro, Defendant Godaddy, Defendant Bob Parson, Defendant Jessica Griffith, and Ronald D. Green allowed Defendant Marc J. Randazza to take domain names, delete blogs and online content, remove thousands of links, and cause irreparable damage to Plaintiff Crystal L. Cox and to Eliot Bernstein.

Defendant Marc J. Randazza redirected all of these blogs and domain names he SEIZED to one blog post on his blog further defaming Plaintiff Crystal L. Cox and linking to stories by other co-conspirators defaming, harass, intimidating Plaintiff Crystal L. Cox.  And used his WINNING of this Unconstitutional Preliminary Injunction to humiliate Plaintiff Crystal L. Cox in blogs and other media outlets.

Defendant Marc J. Randazza did all this without Plaintiff Crystal L. Cox getting due process, without First Amendment Adjudication and **knowing full well** that he did not have a Trademark right to this intellectual property.

Defendant Marc J. Randazza filed a lawsuit against Plaintiff Crystal L. Cox, then, without serving Plaintiff Crystal L. Cox, he used the court docket and legal filing to further defame Plaintiff Crystal L. Cox, by publishing the legal action, the allegations on his blog and the blogs of other co-conspirators. This caused Plaintiff Crystal L. Cox irreparable harm, stress and damage to my life.

Defendant Marc J. Randazza is a domain name Attorney, a Domain Name industry Expert and a Trademark Attorney, yet, Defendant Marc J. Randazza filed a costly, stressful, frivolous legal action against Plaintiff Crystal L. Cox, and caused her, me, massive amounts of stress, money, time, and irreparable damage to my life, my career, my business, my reputation, and he knew he did not have a Trademark.

In a recent court filing, a motion called **"Motion for Summary Judgement"** Plaintiff in that case which is Defendant Marc J. Randazza in this case, admitted to not having a Trademark but still claimed justified in being granted a Summary Judgement against Crystal Cox.  Defendant Attorney Marc J. Randazza filed a Lawsuit asking for $100,00 be paid to him in damage for around 30 domain names, blogs owned by Plaintiff Crystal L. Cox and that I pay his attorney fees and have a Permanent Injunction for speaking his name online.  And Defendant Marc J. Randazza filed a Default Judgement for $500,000 against Eliot Bernstein, and a Default Judgement requesting that Eliot Bernstein pay Marc Randazza's Attorney, Ronald D. Green $23,000 in attorney fees for suing Eliot Bernstein, and all the while KNOWING full well that He had no Trademark Rights and therefore no legitimate reason for filing this legal action against Eliot Bernstein and Plaintiff Crystal L. Cox. This has caused me, Plaintiff Crystal L. Cox irreparable harm and I am entitled to compensation.


**On belief and knowledge of Plaintiff Crystal L. Cox, Defendant Marc J. Randazza has Criminally and Civilly Conspired with INTA, Peter L. Michaelson, WIPO and John and Jane Does Regarding the name "Marc Randazza and Fraudulent Trademark Claims.**

Regarding Trademark issues, Defendant, Attorney Marc Randazza uses Marco Randazza as his Twitter and YouTube User Name, as well as his username on his own blog. As Seen In Exhibit Q.   Defendant, Attorney Marc Randazza had no ™ posted at his blog regarding the name Marc Randazza as beign trademarked and Plainiff Attorney Marc Randazza had no Trademark when purchased Plaintiff Crystal L. Cox purchased MarcRandazza.com to use as PR for Plaintiff Crystal L. Cox's highly public First Amendment Case.

Defendant Marc Randazza has no common law trademark on his website, he had no Trademark when I purchased the domain names yet seems to have convinced WIPO that he is the rightful owner and has stolen several domain names from myself and Eliot Bernstein of iViewit Technologies.

Defendant Marc Randazza had no lawful Trademark on the name Marc Randazza at the time Blogger Crystal Cox purchased Domain Names, nor at the Time iViewit Technology Eliot Bernstein received Domain Names in Receivership.

If such names are Trademarked then it is the responsibility of Godaddy to NOT knowingly take the money of their clients knowing full well the names will be taken, and that Godaddy will help the client LOSE the names they paid Godaddy year after year to renew. Godaddy Sells Domain Names that are allegedly Trademarked and those who buy the Names from GoDaddy, are then Liable, even though they have no knowledge of a Trademark.

Defendant Marc J. Randazza has no common law trademark, and if this court, District of Nevada, rules that Defendant Marc J. Randazza has a common law trademark, then this is only in the state of Nevada.

Defendant Marc J. Randazza has no federal trademark regarding the name Marc Randazza and in fact uses Marco Randazza on his blogs, his twitter account, his youtube account and other online accounts. Defendant Marc J. Randazza has no legal right to MarcRandazza.com nor any of the other dozens of domain names and blogs that this court, District of Nevada, has enabled Defendant Marc J. Randazza to seize, delete, change links, divert traffic and ruin my intellectual property.

If this court, District of Nevada, rules that Marc Randazza has a common law trademark, then it would only be for this state of Nevada.  Marc Randazza certainly has no greater common law claim then Proskauer Rose Law Firm, yet Plaintiff Crystal L. Cox WON all four WIPO Cases for AllenFagin.com, GreggMashberg.com, JosephLeccese.com and ProskauerLawFirm.com

**Marc Randazza is NOT a common household name.**
**Marc Randazza has no Trademark.**

Because Complainant Marc Randazza has ties to illegal activity, he cannot claim legitimate rights to his name as a famous mark. The doctrine that plaintiff must come into a court of equity with "clean hands" is a reflection of the equitable nature of trademark law. A plaintiff who requests the assistance of a court of equity must not himself be guilty of inequitable conduct.

Marc Randazza, otherwise known as Marco Randazza in which he is really branded as and is his username on his blog, his twitter site and his YouTube page, has ties in family history to the name Randazzo according to genealogy and ancestry sites.

Defendant Marc J. Randazza has no Trademark on the name Marc Randazza. Plaintiff Marc Randazza is not the only Marc Randazza in the entire world. In fact Marc Randazza goes publicly by the name Marco Randazza, as is his YouTube Username, Twitter Username and Username on his own blog of which has no ™, suggesting he believes he has a Trademark on the name Marc Randazza.

Defendant Marc J. Randazza goes by the username MarcoRandazza on Best Tweets Social Media Blog, Username on PhillyLawBlog, Conversations between "Hypen" and "Marco Randazza", FlickR Username, YouTube Username on Multiple Accounts, Gloucester Times Username, The Legal Satyricon, yFrog Social Site, Domain Name Forums, DNF.com, Legal Blog Watch, Bitter Lawyer, Citizen Media Law, Above the Law Blog, Popehat.com, and multiple other sites, forums and blogs, "Marco Randazza" is his Public Persona. Defendant Marc J. Randazza, as seen in Exhibit Q has went by "Marco Randazza" for over 5 years at least.

## THE LANHAM ACT AS IT APPLIES TO DOMAIN NAME DISPUTES

The Lanham Act was originally enacted as the Trademark Act of 1946. It has been amended several times. It is codified at 15 U.S.C. §§ 1051-1127.1

The Lanham Act provides remedies for both trademark infringement and trademark dilution. There is now, in addition, the Anticybersquatting Consumer Protection Act of 1999. These are all discussed below.

A. INFRINGEMENT Trademark infringement occurs when a non-owner uses another's trademark in a way that causes actual confusion or a likelihood of confusion between the marks. Specifically, the Act prohibits the use of marks that are "likely to cause confusion, or to cause a mistake, or to deceive."

In order to establish infringement, a plaintiff must first show its own actual trademark use. Defendant Marc J. Randazza, as the Record Shows, goes by "Marco Randazza" and NOT Marc Randazza, as his "mark".

That is, it cannot simply register and then warehouse a trademark in hopes of someday bringing an infringement suit. The plaintiff must also show that the trademark is distinctive. Finally, it must show that the defendant's use of a mark is non-functional. A mark is non-functional when it is not inherent to the purpose or description of what it is representing. (For example, "bandage" is functional; "Band-Aid" is non-functional.)

1. B. DILUTION

Trademark dilution is less concrete than infringement. In order to understand it, one must be familiar with a number of terms of art. In a dilution case, there is a "senior user" and a "junior user." The senior user is the entity that used the mark first, and is almost always the plaintiff in a dilution case. The junior user is the entity that subsequently uses the mark. The junior user is usually the defendant in a dilution case.

A dilution case involves use of a mark in a "commercial context." This means that the use in question must actually be in the stream of commerce and could therefore make a profit for the user.

Dilution deals with marks as a "source indicators." This term refers to the ability of a mark to identify a user and/or its products and services. One of the most important aspects of using marks as source indicators is the reputation of a user and how that affects the public's perception of the mark.

Dilution occurs when a junior user uses a senior trademark user's mark in a commercial context in a way that lessens the power of the senior user's mark as a source indicator.4 There are two forms of dilution.

The first is dilution by tarnishment, which is the diminishing of the power of the senior user's mark because of its association with the negative aspects or connotations of the junior user's use of the mark.

The second is dilution by blurring, which is when the power of the senior user's mark is decreased because of the blurring of the mark's distinctive quality caused by the existence of the junior user's mark.

In a dilution cause of action, the plaintiff must show that its mark is famous and that the junior user is using its mark in a commercial context. In order to determine whether a mark is famous, Congress set out eight nonexclusive factors that a court may consider.5

There are three uses that Congress made *non-actionable* under the dilution section of the Lanham Act. They are, briefly, fair use of a famous mark for comparative advertising or promotion, noncommercial use, and all forms of news reporting and commentary.6

1.  C. CYBERPIRACY PREVENTION

The ACPA provides a cause of action similar to a dilution claim, but one with its own unique elements.

The first difference is that the plaintiff's mark need not be famous. It need only be protected.7

A plaintiff can establish liability by showing the following. The plaintiff must show that the defendant has a bad faith intent to profit from the mark. Defendant Marc J. Randazza has NOT proven and cannot prove intent to profit, as the motive of Pro Se Plaintiff Crystal L. Cox was to provide a platform of media to parody, satire and report news regarding Defendant Marc J. Randazza and his Clients, Co-Conspirators, Defendants.

Defendant Marc J. Randazza has NOT proven and cannot prove intent to profit, as the motive of Eliot Bernstein, as he received domain names as assets in lieu of a debt that is well documented in the courts, and had NOTHING to do with Content or prior use of Domain Names.

"SUCKS.COM" CASES UNDER THE LANHAM ACT

In Bally Total Fitness Holding Corp. v. Faber,14 Bally brought a trademark infringement and dilution suit against Faber after Faber created and registered a website called www.compupix.com/ballysucks. This site, which no longer exists, was dedicated to complaints about Bally.

The court immediately concluded that there was no likelihood of confusion between Bally and Ballysucks.com because they are not "related goods" and dismissed the infringement claim.

Although the court dismissed the infringement claim, it still discussed how the case would come out under the most common likelihood of confusion test, found in AMF Inc. v. Sleekcraft Boats.15 The court most likely did this because this was the first case of its kind and the court wanted to establish some official position on the matter.

The Sleekcraft test uses eight factors to determine whether a defendant's use of a plaintiff's trademark creates a likelihood of confusion. The factors are:
Strength of the mark
Proximity of the goods
Similarity of the marks
Evidence of confusion
Marketing channels used
Type of goods and the degree of care likely to be exercised by the purchaser
Defendant's intent in selecting the mark

Likelihood of expansion of the product lines16
The court found that Bally has strong marks, as evidenced by the amount of money spent on advertising and the fact that no other health club company uses the Bally mark. This factor came out in favor of Bally.

The court found that the similarity of marks factor leaned in favor of Faber. Bally argued that the marks are identical or that adding "sucks" on the end of "Bally" is a minor change. The court found that "sucks" is such a loaded and negative word that the attachment of it to another word cannot be considered a minor change.

Bally asserted that the goods were in close proximity because both used the Internet and because it had a complaint section on its own website. The court found, however, that the sites did not compete, even though they were both on the Internet. This is because Bally's is a commercial site while Faber's site is for the purpose of consumer commentary. The factor leaned in favor of Faber.

Bally presented no evidence of actual confusion. Just as Defendant Marc J. Randazza has no Evidence of Actual Confusion. Bally argued that the confusion would be patently obvious due to the similarity of the marks. The court, however, found that a reasonably prudent user would not mistake Faber's site and the official Bally's site. This factor leaned in favor of Faber.

Bally argued that the marketing channels used, namely the Internet, were identical. The court found that the overlap of marketing channels was irrelevant because Faber's site was not a commercial use of the mark. This factor was neutral or slightly in favor of Faber.

Bally argues that an Internet user may accidentally access Faber's site when searching for Bally's site on the web. The court dismissed this because Faber does not actually use Bally's trademark. It further points out that an Internet user searching with a search engine may want all the information available on Bally's and is entitled to more than Bally's own site. This factor leaned in favor of Faber.

The court found, and Bally agreed to some extent, that in the context of consumer commentary, Faber was entitled to use Bally's mark. In fact, **he had to use Bally's mark in some way to identify what he was criticizing.** This factor was neutral.

Bally conceded that there was no likelihood of the two parties expanding into each other's lines of business. For this reason, the last factor leaned in favor of Faber.

In concluding its discussion of likelihood of confusion, the court stated that "applying Bally's argument would extend trademark protection to eclipse First Amendment rights. The courts, however, have rejected this approach by holding that trademark rights may be limited by First Amendment concerns."

Under the dilution claim, Bally argued that there was dilution by tarnishment because Faber also had pornographic websites linked from the compupix.com site.

The court found that Faber had engaged in no commercial use of the Bally name due to the nature of the website. The court also concluded that there was no tarnishment. In so deciding, the court said that if tarnishment existed in this case, "it would be an impossible task to determine dilution on the Internet."19 The court went on to point out that to include "linked sites as grounds for finding commercial use or dilution would extend the statute far beyond its intended purpose of protecting trademark owners from use that have the effect of 'lessening. . . the capacity of a famous mark to identify and distinguish goods or services.'"

For these reasons, the court ruled in favor of Faber. In the other "sucks.com" Lanham Act, Lucent Technologies, Inc. v. Lucentsucks.com,21 the court did not get beyond the jurisdictional issues to reach the merits. However, the court acknowledged in dicta that had the case reached the merits, the court probably would have reached a decision similar the one reached in Bally.

## FRAUD on the COURT Regarding Adjudication
## and First Amendment Concerns / Issues

In the United States, when an officer of the court is found to have fraudulently presented facts to court so that the court is impaired in the impartial performance of its legal task, the act, known as "fraud upon the court", is a crime deemed so severe and fundamentally opposed to the operation of justice that it is not subject to any statute of limitation.

Officers of the court include: Lawyers, Judges, Referees, and those appointed; Guardian Ad Litem, Parenting Time Expeditors, Mediators, Rule 114 Neutrals, Evaluators, Administrators, special appointees, and any others whose influence are part of the judicial mechanism. "Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication". Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23

In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."

What effect does an act of "fraud upon the court" have upon the court proceeding? "Fraud upon the court" makes void the orders and judgments of that court.

# Sixth Cause of Action
## Violation of Due Process /Denial of Due Process

Plaintiff Crystal L. Cox re-allege and fully incorporate the preceding paragraphs.

On Belief and Knowledge of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Judge Gloria M. Navarro is acting in criminal and civil conspiracy with Defendant Marc Randazza, Defendant Randazza Legal Group, Defendant Ron Green, Laura Tucker and Godaddy to steal intellectual property of Plaintiff Crystal L. Cox and Eliot Bernstein with no due process.

On Belief and Knowledge of Plaintiff Investigative Blogger Crystal L. Cox, Judge Gloria M. Navarro is acting in criminal and civil conspiracy with Defendant Marc Randazza, Randazza Legal Group, Defendant  Ron Green, Laura Tucker to remove thousands of blog posts forever from the Internet Search Engines Regarding Whistlblower about Defendant Marc Randazza and Defendant Randazza Legal Group and the iViewit Technology Story.

On Belief and Knowledge of Plaintiff Investigative Blogger Crystal L. Cox, this court, Defendant Judge Gloria M. Navarro, District of Nevada, has Denied Plaintiff Crystal L. Cox Due Process and erred when it issued an impermissible prior restraint when it issued a preliminary injunction against future speech, and seized intellection property, content, blogs and domain names of Plaintiff Investigative Blogger Crystal L. Cox.

This court, Defendant Judge Gloria M. Navarro, District of Nevada, has Denied Plaintiff Crystal L. Cox Due Process and erred when it issued a preliminary injunction against tortious interference, when as a matter of law, the tortious interference claim must fail.  Defendant Marc Randazza has tortiously interfered with Plaintiff Investigative Blogger Crystal L. Cox's business, news media, blogs, and online content.

This court, Defendant Judge Gloria M. Navarro, District of Nevada, has Denied Plaintiff Crystal L. Cox Due Process and erred when it issued a preliminary injunction in which has caused irreparable harm, when there was an adequate remedy at law, when there was no likelihood of success on the merits, and without considering the public interest?

This court, Defendant Judge Gloria M. Navarro, District of Nevada, has Denied Plaintiff Crystal L. Cox  Due Process and erred when it issued a preliminary injunction against invasion of privacy without the requisite showings required to enter a preliminary injunction.

This court, District of Nevada, By Law must cure an unlawful prior restraint.

Defendant  Marc Randazza sued Plaintiff Investigative Blogger Crystal L. Cox for Exercising her First Amendment Rights and thereby has cause Plaintiff Crystal Cox Irreparable Damage.

This court, Defendant Judge Gloria M. Navarro, District of Nevada, has Denied Plaintiff Crystal L. Cox Due Process and erred when it issued a preliminary injunction that was over-broad, subject to abuse and has caused Plaintiff Investigative Blogger Crystal L. Cox irreparable financial damage and suffering.

This court, Defendant Judge Gloria M. Navarro, District of Nevada, has Denied Plaintiff Crystal L. Cox Due Process and erred when it issued a preliminary injunction denying  Plaintiff Crystal L. Cox her right to Free Speech.

The essence of a prior restraint is that it places First Amendment protected speech under the personal censorship of one judge. (Bernard v. Gulf Oil Co., 619 F.2d 459, 486 (5th Cir. 1980) (State v. Globe Commc'ns, Corp., 622 So.2d 1066, 1073, (Fla. 4th DCA 1993), aff'd 648 So. 2d 110 (Fla. 1994)

This court, Defendant Judge Gloria M. Navarro, District of Nevada, has Denied Plaintiff Crystal L. Cox Due Process and erred when it issued an unlawful prior restraint. Such an injunction imposed unlawful prior restraint of speech, violating the First Amendment, with no constitutionally permissible justification. The Order represents an impermissible restraint on speech and was unjustified based on the evidence. The injunction is a content based restriction on speech, and thus must overcome strict scrutiny in order to stand. There is no "compelling state interest" at issue in this case. The injunction has a fatal condition.

(Bantam Books, Inc. v. Sullivan 372 U.S. 58 (1963)  (Organization for a Better Austin v. Keefe, 402 U.S. 415 (1971) The Supreme Court Struck down the injunction as "an impermissible restraint on First Amendment rights" Id at 417018, 418 n.l. In invalidating the prior restraint, the Court wrote, "no prior decisions support the claim that the interest of an individual in being free from public criticism of his business practises in pamphlets, or leaflets warrants the injunctive power of the court." Id at 419.

**The Preliminary Injunction in this Case against Plaintiff Crystal L. Cox is Unconstitutional.**

If a court issues an injunction prior to adjudicating the First Amendment Protection of the speech at issue, the injunction cannot pass constitutional muster.

This court, Defendant Judge Gloria M. Navarro, District of Nevada, denied Plaintiff Crystal L. Cox Due Process in expressly skipping the essential step of adjudicating the First Amendment protections to the speech at issue.

This court, Defendant Judge Gloria M. Navarro, District of Nevada, denied Plaintiff Crystal L. Cox Due Process in failing to make any findings of fact or ruling of law, much less review of the blog articles and the First Amendment. **Defendant** Marc Randazza is a Public Figure. (New York Times Vs. Sullivan)

**A Judicial Order that prevents free speech from occurring is unlawful.** (Erwin Chemerinsky, Constitutional Law; Principles and Policies 918 (2002) ("The Clearest definition of prior restraint is.. a judicial order that prevents speech from occurring:).

Prior Restraints are "the most serious and least tolerable infringement on First Amendment Rights." Neb. Press Ass'n v. Stewart, 427 U.S. 539, 559 (1976).  There is a "deep-seated American hostility to prior restraint" Id at 589 (Brennan, J. concurring).

Injunctive relief to prevent actual or threatened damage is heavily disfavored because it interferes with the First Amendment and amounts to censorship prior to a judicial determination of the lawlessness of speech. See Moore v. City Dry Cleaners & Laundry, 41 So. 2d 865, 872 (Fla. 1949). "The special vice of prior restraint," the Supreme Court held, "is that communication will be suppressed... before an adequate determination that it is unprotected by the First Amendment". Pittsburgh Press Co v. Pittsburg Comm'n on Human Relations, 413 U.S. 376, 390 (1973). Also se Fort Wayn Books Inc. v Indiana, 489 U.S. 46, 66 (1989); M.I.C., Ltd v Bedford Township, 463 U.S. 1341, 11343 (1983.)

The Nevada Court, Defendant Judge Gloria M. Navarro,skipped the step of adjudicating the First Amendment protection relevant to the speech at issue. And thereby cause Plaintiff Crystal COx Irreparable Damage.

## Prior Restraints are Unconstitutional.

Also see Post-Newsweek Stations Orlando, Inc. v. Guetzlo.

"RKA sought extraordinary relief in the form of prior restraint to enjoin .. . This relief is not recognized in this State, nor anywhere else in the Country.  In addition to ignoring the First Amendment Rights and almost a century's worth of common law, the .. court ignored virtually all procedural requirements for the issue of a preliminary injunction." Page 5 Paragraph ii of Opening Brief Appellate Case No. 3D12-3189, Irina Chevaldina Appellant vs. R.K./FI Management Inc.;et.al., Appellees. Attorney for Appellant Marc J. Randazza Florida Bar No. 325566, Randazza Legal Group Miami Florida.  This case is now hereby referenced here in, in it's entirety.

I, Pro Se Plaintiff Crystal L. Cox request this court, District of Nevada, print all listed blogs, websites as evidence in this case. Defendant Marc Randazza, in Criminal and Civil Conspire with this court, District of Nevada,, Defendant  Godaddy and a Ring of Bloggers, Attorneys, and Journalists, have removed a mass amount of my investigative blogs regarding the iViewit Technology Story and the involved of Defendant Marc Randazza. I, Pro Se Plaintiff Crystal L. Cox request this court, District of Nevada, print all pages of all blogs listed and file with this case as exhibits,  in order to preserve evidence, the record and safeguard the public at large.

Due to this court, District of Nevada,  acting to remove these evidentiary blogs and allowing Defendant Marc Randazza to change the content, it is imperative that this court, District of Nevada, print out all blogs listed, all links from blog posts, and every page and post of every blog as evidence of criminal and civil conspiracy.   All links to blogs contained herein are fully incorporated by reference to the URL with all links and evidence within the main url.  Each URL and all sublinks within each URL must be fully printed as well.

Plaintiff Crystal L. Cox has suffered irreparable damage personally and professionally. Wherefore, Plaintiff Crystal L. Cox Requests a judgment against Each Co-Conspirator, Each Defendant for actual and punitive damages, and all other relief allowable under the law and federal court rules.

## Defendant have Violated Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein's First Amendment Rights.

State of Nevada Case 2:12-cv-02040-GMN-PAL is a Violation of Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein's First Amendment Rights, Freedom of Speech, Freedom of Expression ( Article 19 of the Universal Declaration of Human Rights and recognized in international human rights law in the International Covenant on Civil and Political Rights (ICCPR). Article 19 of the ICCPR) and a Violation of our Civil Rights, Due Process Rights, Intellectual Property Rights, and is a Conspiracy Against Rights, 18 U.S.C. § 241. Section 241 of Title 18, and Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and a Title 18, U.S.C., Section 242 **Deprivation of Rights Under Color of Law Violation of Law and the Legal, Constitutional Rights of** Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein.

State of Nevada Case 2:12-cv-02040-GMN-PAL is a Violation of Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein's rights according to the **Bill of Rights** 1689 which granted 'freedom of speech in Parliament' and the Declaration of the Rights of Man and of the Citizen, adopted during the French Revolution in 1789, specifically affirmed freedom of speech as an inalienable right. The Declaration provides for freedom of expression in Article 11, which states that:

"The free communication of ideas and opinions is one of the most precious of the rights of man. Every citizen may, accordingly, speak, write, and print with freedom, but shall be responsible for such abuses of this freedom as shall be defined by law."

**Article 19 of the Universal Declaration of Human Rights**, adopted in 1948, states that:
"Everyone has the right to freedom of opinion and expression; this right includes freedom to hold opinions without interference and to seek, receive and impart information and ideas through any media and regardless of frontiers."

**The World Summit on the Information Society (WSIS)** Declaration of Principles adopted in 2003 makes specific reference to the importance of the right to freedom of expression for the "Information Society" in stating:

"We reaffirm, as an essential foundation of the Information society, and as outlined in Article 19 of the Universal Declaration of Human Rights, that everyone has the right to freedom of opinion and expression; that this right includes freedom to hold opinions without interference and to seek, receive and impart information and ideas through any media and regardless of frontiers. Communication is a fundamental social process, a basic human need and the foundation of all social organisation. It is central to the Information Society. Everyone, everywhere should have the opportunity to participate and no one should be excluded from the benefits of the Information Society offers."

## Seventh Cause of Action
### Violation of Hate Crime Act/ Hate Crimes Prevention Act

Plaintiff Crystal L. Cox re-allege and fully incorporates the preceding paragraphs.

On Belief and Knowledge of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza, Defendant Kenneth P. White, Defendant Sean Boushie, and other Defendants names and John and Jane Doe Defendants have violated the **Hate Crimes Prevention Act**.

The Hate Crime Prevention Act, Title 18, U.S.C., Section 241, Conspiracy Against Rights statute makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States.

Plaintiff Crystal L. Cox has suffered irreparable damage personally and professionally. Wherefore, Plaintiff Crystal L. Cox Requests a judgment against Each Co-Conspirator, Each Defendant for actual and punitive damages, and all other relief allowable under the law and federal court rules.

Defendant Marc J. Randazza and Defendant Randazza Legal Group, Ronald D. Green and other Co-Conspirators and Defendants have set out to harm, intimidate, gang stalk, discredit, paint in false light and put ccc under massive personal stress, duress, every single day.

Defendant Marc J. Randazza and Defendant Randazza Legal Group, Ronald D. Green and other Co-Conspirators and Defendants post that they are coming to her down, call her sick and vile names and say Bye, Bye. They taunt, threaten and harass constantly, it is the duty of this court, District of Nevada, to protect Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein, as well as sources Monica Foster aKa Alexandria Melody, Diana Grandmason aKa Desi Foxx and Shelley Lubben, to the best of this court, District of Nevada,'s ability and power.

Defendant Marc J. Randazza and Defendant Randazza Legal Group, Ronald D. Green attempts to remove evidence that shows the violence and illegal activities of Defendant Marc J. Randazza and Defendant Randazza Legal Group, Ronald D. Green and other Co-Conspirators and Defendants.

I, Plaintiff Crystal L. Cox request this court, District of Nevada, to Give me a Protective Order from Plaintiff and his Co-Conspirators. I have been threatened, stalked, intimidated and harassed. Exhibits show threats of taking out my kneecaps, of calling me foul names in relationship to coming to the town I Live in and saying "Bye Bye".  I get taunting text messages, and have had online threats from Plaintiff and Co-Conspirators.

Defendant Marc J. Randazza threatened "Do you Really want to make an Enemy of me" and since then has systematically set out to destroy my life, threaten me, harass me, conspire with others to physically harm me, put me under extreme duress and keep me on constant guard from the threats of his co-conspirators. And Grant Me Summary Judgement based on this harassment, threat, violation of law.

Defendant Marc J. Randazza's gang of stalkers, co-conspirators and Defendants continually threaten Plaintiff Crystal L. Cox, taunt Plaintiff Crystal L. Cox, gang stalk Plaintiff Crystal L. Cox, and email others to join them in their Hate Crime.  I Request this court, District of Nevada, give me a protective order, and acknowledge that my life and the life of Eliot Bernstein, Monica Foster Shelley Lubben, and Diana Grandmason aKa Desi Foxx is in Danger. Should one of us turn up wounded, missing or dead, this court, District of Nevada, will be held accountable by those surviving. This is not a JOKE.

Upon Belief and Knowledge, The Plaintiff and his Co-Conspirators are connected to organized crime, to mafia and they have endless amounts of money and resources, they have thugs and stalkers on their payroll and the lives of those who speak out against them are in danger.

Upon Belief and Knowledge, Randazza Legal Group is well connected and DANGEROUS. this court, District of Nevada, Refuses to Admit or Deny Conflict and seems to be acting in Criminal and Civil Conspiracy with the Plaintiff, Co-Conspirators and Defendant.

Upon Belief and Knowledge, Randazza Legal Group is conflicted in this lawsuit and must get outside Counsel. Randazza Legal Group is a named defendant. Randazza Legal Group Marc J. Randazza represented the Plaintiff Crystal L. Cox in other legal matters. Randazza Legal Group should NOT be representing themselves in suing investigative Blogger Plaintiff Crystal L. Cox.

Upon Belief and Knowledge, Randazza Legal Group Ronald D. Green use to Work at Greenberg Traurig and has massive conflicts of interest in suing Inventor Eliot Bernstein, and the Investigative Blogger getting Eliot Bernstein's technology theft story heard in the online media. Randazza Legal Group Ronald D. Green represents Liberty Media Holdings, as Does Marc J. Randazza, Randazza Legal Group.

Liberty Media Holdings is infringing on the iViewit Patent and owes iViewit Technology 100s of Billions of Dollars, this is NOT an Exaggeration.

Upon Belief and Knowledge, Randazza Legal Group J. Malcom DeVoy is an attorney for a man named Sean Tompkins who has been stalking and threatening Monica Foster aKa Alexandria Melody for years. Defendant Sean Tompkins recently posted, as seen in the Exhibits that he is coming to the town Plaintiff Crystal L. Cox lives in and Bye Bye Cunt Cox.

Upon Belief and Knowledge, Ronald D. Green, Randazza Legal Group J. Malcom DeVoy, Kenneth P. White, Marc Randazza and other Co-Conspirators are connected to a man named Ari Bass aKa Michael Whiteacre who is known to push Porn Industry Whistle Blowers to Suicide and even in connection with murders allegedly.

Plaintiff and Co-Conspirators are Committing a Hate Crime. The Hate Crime Prevention Act, Title 18, U.S.C., Section 241, Conspiracy Against Rights statute makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States.

Ronald D. Green, Randazza Legal Group insists on a phone conference, a meeting regarding "discovery", Plaintiff Crystal L. Cox is in Danger of Ronald D. Green, Randazza Legal Group and refuses to allow him access to her in ANY way. Upon Belief and Knowledge, Ronald D. Green, Randazza Legal Group will harm, intimidate, injure, harass, taunt, physically harm and possibly KILL Plaintiff Crystal L. Cox, along with other named Co-Conspirators.

Plaintiff Crystal L. Cox and Eliot Bernstein have already lost massive, valuable intellectual property, domain names, blog content, and livelihood to do with actions of this court, District of Nevada, in UNCONSTITUTIONAL Preliminary Injunctions that have caused irreparable harm.

Defendants and their sources, have a right to protection from physical harm or death, by the powers of the Court.

Defendants and their sources, have a constitutional RIGHT to a Protective Order to Attempt to PROTECT Defendants and their sources from Physical Harm, Intimidation, Harassment, Economic Terrorism, Taunting, Gang Stalking and More Hate, Criminal and Civil Conspiracy.

# Eighth Cause of Action
## Abuse of Process

Plaintiff Crystal L. Cox re-alleges and fully incorporates the preceding paragraphs.

On Belief and Knowledge of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza and Co-Conspirators and Defendants Have maliciously and deliberately misused court process (civil and criminal), in which was not justified by underlying legal action.

On Belief and Knowledge of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza and Co-Conspirators and Defendants had an ulterior purpose and motive underlying the use of process. Defendant Marc Randazza and Co-Conspirators and Defendants had motive to used this court, District of Nevada, case to set a precedence in order for other Co-Conspirators and Defendants, as well as Defendant Marc Randazza to delete blogs, steal intellectual property o Plaintiff Crystal L. Cox, remove information regarding the iViewit Technology Story as exposed by Investigative Blogger Plaintiff Crystal L. Cox, and to intimidate, defame, harass, cohearseand pressure Plaintiff Crystal L. Cox into silencing, shutting down blogs that expose Defendant Marc Randazza and Co-Conspirators and Defendants.

Defendant Marc Randazza and his co-conspirators are desperate to silence Investigative Blogger Plaintiff Crystal L. Cox and the iViewit Story.  With this Slapp Lawsuit Defendant Marc Randazza has violated Abuse of Power Tort Law.

Defendant Marc Randazza has used the legal process to accomplish an unlawful purpose.

On Belief and Knowledge of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza and Co-Conspirators and Defendants, with malice, have used the legal process improperly in the regular prosecution of the proceedings.

The principles which lead to a finding of an abuse of process in the UK were stated in Johnson v. Gore Wood & Co[4] by Lord Bingham.

"        "The underlying public interest is … that there should be finality in litigation and that a party should not be twice vexed in the same matter. This public interest is reinforced by the current emphasis on efficiency and economy in the conduct of litigation, in the interests of the parties and the public as a whole. The bringing of a claim or the raising of a defence in later proceedings may, without more, amount to abuse if the court is satisfied (the onus being on the party alleging abuse) that the claim or defence should have been raised in the earlier proceedings if it was to be raised at all. I would not accept that it is necessary, before abuse may be found, to identify any additional element such as a collateral attack on a previous decision or some dishonesty, but where those elements are present the later proceedings will be much more obviously abusive, and there will rarely be a finding of abuse unless the later proceeding involves what the court regards as unjust harassment of a party. It is, however, wrong to hold that because a matter could have been raised in earlier proceedings it should have been, so as to render the raising of it in later proceedings necessarily abusive. That is to adopt too dogmatic an approach to what should in my opinion be a broad, merits-based judgment which takes account of the public and private interests involved and also takes account of all the facts of the case, focusing attention on the crucial question whether, in all the circumstances, a party is misusing or abusing the process of the court by seeking to raise before it the issue which could have been raised before. As one cannot comprehensively list all possible forms of abuse, so one cannot formulate any hard and fast rule to determine whether, on given facts, abuse is to be found or not … Properly applied, and whatever the legitimacy of its descent, the rule has in my view a valuable part to play in protecting the interests of justice."        "

Plaintiff Crystal L. Cox has suffered irreparable damage personally and professionally. Wherefore, Plaintiff Crystal L. Cox Requests a judgment against Each Co-Conspirator, Each Defendant for actual and punitive damages, and all other relief allowable under the law and federal court rules.

## Ninth Cause of Action
### Tortious Interference

Plaintiff Crystal L. Cox re-allege and incorporate the preceding paragraphs.

Defendant Marc Randazza and Co-Conspirators and Defendants
Violated Tortious Interference Laws and have interfered tortiously with the business, future business, clients, customers, buyers of Plaintiff Crystal Cox's products and services.

Plaintiff Crystal L. Cox is a Real Estate Broker Owner, and has been for over a Decade. Plaintiff Crystal L. Cox makes a living online by marketing nutritional supplements. Plaintiff Crystal L. Cox is an Investigative Blogger and does contract work to perform online internet investigation services. Plaintiff Crystal L. Cox is an SEO Marketing Expert and is well known for being the best at what she does.

Defendant Marc Randazza and Co-Conspirators and Defendants have
interfered with me getting clients and business by accusing me of criminal activity
Plaintiff Crystal L. Cox am not guilty of, was not on trial for , nor have ever had a criminal complaint in regard to.

Defendant Marc Randazza and Co-Conspirators and Defendants have maliciously lied about me, painted me in false light, defamed me, mobbed me, threatened me and  attacked me in this public accusation.

Plaintiff Crystal L. Cox has suffered irreparable damage personally and professionally. Wherefore, Plaintiff Crystal L. Cox Requests a judgment against Each Co-Conspirator, Each Defendant for actual and punitive damages, and all other relief allowable under the law and federal court rules.

Defendant Marc J. Randazza and other Co-Conspirators and Defendants have ruined the SEO Business of Defendant / Plaintiff Crystal L. Cox.

Therefore Defendant Marc J. Randazza and other Co-Conspirators and Defendants are guilty of **Tortious Interference.**

Defendant Marc J. Randazza and other Co-Conspirators and Defendants have ruined the real estate company, real estate career of Defendant / Plaintiff Crystal L. Cox with massive false allegations and hate in Big Media, Radio, News Publications, Legal Blogs and More.

Therefore Defendant Marc J. Randazza and other Co-Conspirators and Defendants are guilty of **Tortious Interference.**

Defendant Marc J. Randazza and other Co-Conspirators and Defendants have accused Defendant / Plaintiff Crystal L. Cox and Eliot Bernstein of Extortion in WIPO Complaints, in which are now in a WIPO Decision by Sole WIPO Panelist Co-Conspirator and DefendantPeter L. Michaelson, in which publicly disgrace, defame, flat out lie about Defendant / Plaintiff Crystal L. Cox and Eliot Bernstein and accuse them of being Criminals. Yet there has never been criminal charges against Defendant / Plaintiff Crystal L. Cox and Eliot Bernstein.

Now there is a public image that Defendant / Plaintiff Crystal L. Cox and Eliot Bernstein are Criminals and therefore their ability to make money, build clients and customers is harmed. Therefore Defendant Marc J. Randazza and other Co-Conspirators and Defendants are guilty of **Tortious Interference.**

Defendant / Plaintiff Crystal L. Cox makes a living selling nutritional supplements online. Defendant Marc J. Randazza and other Co-Conspirators and Defendants having accused Defendant / Plaintiff Crystal L. Cox of the crime of Extortion, of which there is no public record, court record, or official record of any kind, that prosecutes Defendant / Plaintiff Crystal L. Cox of ANY Criminal Activity.  This has painted Defendant / Plaintiff Crystal L. Cox in false light, defamed Defendant / Plaintiff Crystal L. Cox, with actual malice as Defendant Marc J. Randazza and other Co-Conspirators and Defendants know that there is no public record, court record, or official record of any kind, that prosecutes Defendant / Plaintiff Crystal L. Cox of ANY Criminal Activity. Yet Defendant Marc J. Randazza and other Co-Conspirators and Defendants have publicly disgraced, humiliated, defamed and painted in false light, BOTH Defendant / Plaintiff Crystal L. Cox and Eliot Bernstein. Therefore Defendant Marc J. Randazza and other Co-Conspirators and Defendants are guilty of **Tortious Interference.**

Defendant / Plaintiff Crystal L. Cox is an author and publishes books on health matters and creative writing endeavors.  Defendant / Plaintiff Crystal L. Cox sells these Books Online. Defendant / Plaintiff Crystal L. Cox is a photographer and sells photographs online. Defendant Marc J. Randazza and other Co-Conspirators and Defendants have publicly disgraced, humiliated, defamed and painted Defendant / Plaintiff Crystal L. Cox in false light, this has harmed Defendant / Plaintiff Crystal L. Cox's ability to sell writings and photographs online. Therefore Defendant Marc J. Randazza and other Co-Conspirators and Defendants are guilty of **Tortious Interference.**

In February of 2009 Defendant / Plaintiff Crystal L. Cox became a "Reverend" with the intention of starting a Spiritual Church and Alternative Healing Library. Defendant Marc J. Randazza and other Co-Conspirators and Defendants have publicly disgraced, humiliated, defamed and painted Defendant / Plaintiff Crystal L. Cox in false light and this has STOPPED millions of dollars in donations, funding and non-profit endeavors that were possible for the Spiritual and Healing Endeavors of Defendant / Plaintiff Reverend Crystal L. Cox.  Therefore Defendant Marc J. Randazza and other Co-Conspirators and Defendants are guilty of **Tortious Interference.**

# <u>Tenth Cause of Action</u>
### Interference with Plaintiff's Prospective Business Advantage

Plaintiff Crystal L. Cox re-allege and fully incorporate the preceding paragraphs.

Defendant Marc Randazza and Co-Conspirators and Defendants
Have Interfered with Plaintiff Investigative Blogger Crystal L. Cox's Prospective Business Advantage.

Plaintiff Investigative Blogger Crystal L. Cox has owned Ten Lakes Realty for 12 years, and has been the managing broker as well. Other than co-conspirators, Defendants, as listed above, Ten Lakes Realty has a Good Reputation, and was a successful Real Estate Company. Defendant Marc Randazza and Co-Conspirators and Defendants
have defamed Plaintiff Investigative Blogger Crystal L. Cox, accused Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein of the Crime of Extortion broadcast in mass media. Plaintiff Investigative Blogger Crystal L. Cox has been publicly defamed and therefor has lost potential business, clients and advantages.

Plaintiff Investigative Blogger Crystal L. Cox is a successful Investigative Blogger providing deep research to CEO's, Investigation Firms, Private Parties, Bankruptcy Creditor and More. Now due to the lies, defamation, fraudulent accusations and painting in false light, Defendant Marc Randazza and Co-Conspirators and Defendants, the business of Plaintiff Investigative Blogger Crystal L. Cox Investigative Blogger has come to a standstill.

Plaintiff Investigative Blogger Crystal L. Cox has a successful Nutritional Marketing Business Online and makes a living selling nutritional supplements. Defendant Marc Randazza and Co-Conspirators and Defendants have Interfered with Plaintiff Investigative Blogger Crystal L. Cox's Prospective Business Advantage in this regard.

Plaintiff Investigative Blogger Crystal L. Cox is an author and publisher, and my credibility is key in selling eBooks, Photos, and more. Defendant Marc Randazza and Co-Conspirators and Defendants have Interfered with Plaintiff Investigative Blogger Crystal L. Cox's Prospective Business Advantage.

Plaintiff Investigative Blogger Crystal L. Cox is an online media, search engine expert and Defendant Marc Randazza and Co-Conspirators and Defendants have Interfered with Plaintiff Investigative Blogger Crystal L. Cox's Prospective Business Advantage.

Plaintiff Investigative Blogger Crystal L. Cox is Doing Business as CRYSTAL COX CONSULTING, CRYSTAL COX MEDIA, CRYSTAL COX NEWS, CRYSTAL COX PRESS, CRYSTAL COX PUBLISHING, REVEREND CRYSTAL COX, Nakaii Publishing, Ten Lakes Realty.

Plaintiff Crystal L. Cox has suffered irreparable damage personally and professionally. Wherefore, Plaintiff Crystal L. Cox Requests a judgment against Each Co-Conspirator, Each Defendant for actual and punitive damages, and all other relief allowable under the law and federal court rules.

By painting Plaintiff Crystal L. Cox in false light, defaming her, accusing her of Extortion of which there is no prosecution or trial record of, Defendant Marc Randazza and Co-Conspirators and Defendants have Interfered with Plaintiff Investigative Blogger Crystal L. Cox's Prospective Business Advantage,

## 11th Cause of Action RICO

Plaintiff Crystal L. Cox re-alleges and fully incorporates the preceding paragraphs.

RICO US Code Title 18, USAM 9-110.000 Organized Crime

Civil RICO Statement, Upon Knowledge and Belief of Investigative Blogger Crystal Cox. Also see attached Exhibit of RICO Statement. Requested that Courts Serve to Defendants. As I, Plaintiff Crystal L. Cox cannot afford to.

Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 through 1968 et seq., the party asserting such a claim shall file a RICO Statement within thirty (30) days of the filing of the pleading containing such claim and shall serve a copy of the RICO Statement on the defendants or their counsel.

I, Crystal L. Cox, Plaintiff, Pro Se Plaintiff request this court, District of Nevada, Serve, Provide Service to the Following Defendant List.  Plaintiff Investigative Blogger Crystal L. Cox cannot afford, is unable to provide service of documents to Defendants and this case is an important Public Issue and Public Concern. (pauper in papus) this RICO Statement on ALL named defendants and their counsel.

I, Crystal L. Cox, Plaintiff, Pro Se Plaintiff believe that Defendant Marc J. Randazza and his Clients, Co-Conspirators, Defendants have violated Federal Rules of Civil Procedure 18 U.S.C. § 1961 through 1968.

I, Crystal L. Cox, Plaintiff, Pro Se Plaintiff make this statement upon knowledge and belief and to the best of my ability, in my Pro Se Capacity.

I, Crystal L. Cox, Plaintiff, Pro Se Plaintiff believe that Defendant Marc J. Randazza and his Clients, Co-Conspirators, Defendants have violated Federal Rules of Civil Procedure 18 U.S.C. §§ 1962(a),(b),(c), and/or (d)

The Following RICO Statement shall set forth the facts, upon the knowledge and belief of Crystal L. Cox which Plaintiff Investigative Blogger Crystal L. Cox is relying to initiate the complaint, under the circumstances as set forth in Rule 11(b) of the Federal Rules of Civil Procedure.

I, Crystal L. Cox, Plaintiff, Pro Se Plaintiff believe that Defendant Marc J. Randazza and his Clients, Co-Conspirators, Defendants are engaged in scams to steal intellectual property through fraudulent legal action and misinformation to the courts and to WIPO.

I, Crystal L. Cox, Plaintiff, Pro Se Plaintiff believe that Defendant Marc J. Randazza and his Clients, Co-Conspirators, Defendants have conspired to intimidate, pressure, harass and threaten sources, insiders, whistleblowers in order to silence me, Investigative Blogger Crystal L. Cox, Plaintiff, Pro Se Plaintiff from reporting on their involvement in the stealing and infringement of the iViewit Video Coding Technology, estimated to be worth 13 Trillion Dollars and a liability of at least a Billion to each co-conspirator involved in the unauthorized use of the iViewit Technology.

 I, Crystal L. Cox, Plaintiff, Pro Se Plaintiff believe that Defendant Marc J. Randazza of Randazza Legal Group and his, Co-Conspirator, Defendant David S. Aman of Tonkon Torp Law Firm have named Eliot Bernstein, founder of iViewit Technology and one of the iViewit Video Coding Technology inventors, in 2 separate legal actions as a named Defendant with me, Crystal L. Cox, Plaintiff, Pro Se Plaintiff, who was and is reporting on the iViewit Technology theft, in order to discredit the iViewit Story, intimidate a reporter / investigative blogger reporting on the story and to protect their clients who are Co-Conspirators, Defendants liable for Billions of Dollars each, for iViewit Technology Infringement.

Upon Knowledge and Belief of Plaintiff Crystal L. Cox, Marc J. Randazza has been in engaged with the following Defendants in conspiracy for several years to paint in false light, defame, harass, intimidate and pressure court case defendants where by co-conspirators are the attorneys that get paid legal fees, or get settlements negotiated based on the pressure to the defendants by a ring of attorney bloggers and Media Bloggers, Traditional News, NPR, and other mass media outlets.

Upon Knowledge and Belief of Plaintiff Crystal L. Cox, These bloggers, media providers, attorney bloggers are Kenneth P. White, White and Newhouse Law Firm, Kashmir Hill of Forbes, Forbes Inc., David S. Aman, David Carr, New York Times, Bob Garfield, NPR Radio, Jordan Rushie, Philly Law Blog, Leo M. Mulvihill, Jr., Mulvihill & Rushie, LLC, SaltyDroid, Jason Jones Esq.,Janine Robben, Oregon State Bar Bulletin, Tracy L. Coenen, Mark Bennett, XBIZ, blog.bennettandbennett.com, Bennett and Bennett, Scott H. Greenfield, Carlos Miller, WIPO, Peter L. Michaelson, Eric Turkewitz, Turkewitz Law Firm, lRoxanne Grinage, HireLyrics, NewYorkPersonalInjuryAttorneyBlog.com, blog.simplejustice.us,  HireLyrics,Sean Boushie, University of Montana, Martin Cain, Tim Vawter, Ari Bass - Michael Whiteacre, J. Malcom DeVoy, Ronald D. Green, Sean Tompkins, Free Speech Coalition, John and Jane Does'.

One victims is myself, Plaintiff Crystal L. Cox. Other victims are defendants of the legal cases of the above noted attorneys as they "blog" write on, report on each others cases, in order to affect the ruling of the court case and thereby pressure settlements. The victims then become clients on both sides who have to pay attorney fees of the Plaintiff and Defendant in those cases.

These blogs, radio shows, big media paint a picture and use legal words, descriptions and these blog posts, reports are then put in as evidence and judges call them "legal commentary" and take them as factual evidence when indeed they are other co-conspirators created a picture of the case and the defendants, issues, plaintiff, in order to force a settlement or get prolonged fees for each other.

Upon Knowledge and Belief Marc J. Randazza has in engaged with the following Defendants in conspiracy to suppress information and shut down massive blogs, blog posts and connected links and sublinks in which expose / report the iViewit Technology theft and the iViewit / Eliot Bernstein Legal Filing (Docket No: 07-Civ-11196 (SAS) Related Docket No: 07-Civ-9599 (SAS), RICO Complaint, and Surrounding Court Cases and Ongoing Investigations, and connected to the The United States District Court for the Southern District of New York, Christine Anderson Whitewashing Case. And in Connection to Judge Shira A. Scheindlin and iViewit Related Cases.

**Upon Knowledge and Belief Defendant Marc J. Randazza has in engaged with the following Defendants in the above alleged activities, actions:**

Kenneth Rubenstein Proskauer Rose Attorney, Matthew M. Triggs, Gregg Mashberg, Peter L. Michaelson WIPO, Francis Gurry WIPO, Intel Corp., Steven Rodgers Intel VP., Steve Dowling APPLE, Bruce Sewell APPLE, Edward Kwakwa WIPO, Bret Sewell Synaptics, David Wang Synaptics, Mark Vena Synaptics, Synaptics, Doug Chey, Liberty Media Holdings, John C. Malone,Corbin Fisher, Manwin,  Martin Cain, Dylan Energy, Judge Gloria M. Navarro, Daniel Staton, District of Nevada Court, GoDaddy, Jessica Griffith, Bob Parsons, Obsidian Finance Group, Tonkon Torp Law Firm, Steven Wilker, David S. Aman, Kevin D. Padrick, Erik Wilbers WIPO, Marshall Ross, Multnomah County Sheriff, and

Liberty Media Holdings Connected Companies: Liberty Capital,  AOL Inc. (1% through Liberty Capital and 2% through Liberty Interactive), Barnes and Noble Inc. (17%), CenturyLink Inc. (1%), Crown Media Holdings Inc. (3%), Current Communications Group LLC. (8% through Liberty Partners and Liberty Associated Partners), Jingle Networks Inc. (9% through Liberty Partners and Liberty Associated Partners), Kroenke Arena Company LLC. (7%), Live Nation Entertainment Inc. (21%), Mobile Streams Inc. (16%), Motorola Mobility Inc. (2%), Motorola Solutions Inc. (2%), Priceline.com Inc. (1%), Sirius XM Radio Inc. (40%), Sprint Nextel Corporation (2%), Time Warner Cable Inc. (1% through Liberty Capital and 2% through Liberty Interactive), Time Warner Inc. (1% through Liberty Capital and 2% through Liberty Interactive) ,Viacom Inc. (1%)

AND

Kenneth P. White, White and Newhouse Law Firm, Kashmir Hill of Forbes, Forbes Inc., David S. Aman, David Carr, New York Times, Bob Garfield, NPR Radio, Jordan Rushie, Philly Law Blog, Leo M. Mulvihill, Jr., Mulvihill & Rushie, LLC, SaltyDroid, Jason Jones Esq.,Janine Robben, Oregon State Bar Bulletin, Tracy L. Coenen, Mark Bennett, XBIZ, blog.bennettandbennett.com, Bennett and Bennett, Scott H. Greenfield, Carlos Miller, WIPO, Peter L. Michaelson, Eric Turkewitz, Turkewitz Law Firm,  Roxanne Grinage, HireLyrics, NewYorkPersonalInjuryAttorneyBlog.com, blog.simplejustice.us, HireLyrics,Sean Boushie, University of Montana, Martin Cain, Tim Vawter, Ari Bass - Michael Whiteacre, J. Malcom DeVoy, Ronald D. Green, Sean Tompkins, Free Speech Coalition, John and Jane Does'.

Upon Knowledge and Belief Marc J. Randazza has in engaged with the following Defendants in conspiracy to threaten violence, threaten coming to my home and "bye bye" threaten my knee caps and other violence and gang stalking threats on forums, chats, comments, texts, and other.

Upon Knowledge and Belief of Plaintiff Crystal L. Cox, These co-conspirators are: Ari Bass aKa Michael Whiteacre, Sean Tompkins, J. Malcom Devoy, Marc J. Randazza, Kenneth P. White, Jason Jones, CaptainObvious, Sean Boushie, Martin Cain, Jordan Rushie and John and Jane Doe Defendants, Individuals and Companies,

Victims of these threats are Plaintiff Crystal L. Cox and one of her sources Monica Foster aKa Alex Melody, Alexandria Mayers.

**I, Crystal L. Cox, Plaintiff, Investigative Blogger** Request that this court, District of Nevada, Notify Investigators and all Authorities regarding Defendant Marc J. Randazza in Criminal and Civil Conspiracy with working with "Opposing Counsel" in cases, in such a way that financial harms both of their clients.  They use blogs, and the courts to create illusions, drage cases out, win, lose or settle the attorneys on BOTH sides get paid. Defendant Marc J. Randazza is in Criminal and Civil Conspiracy to "shakedown" clients on both sides, and acts in conspiracy with the Nevada Court and Nevada Receivers to carry this out. In this regard I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, investigate Defendant Marc J. Randazza in Criminal and Civil Conspiracy with Judge Gloria M. Navarro as in the freezing of accounts and enforcing attorneys paid in the Righthaven case and in conspiracy with Receiver Lara Pearson.

Defendant Marc J. Randazza has acted in Criminal and Civil Conspiracy with Tonkon Torp Law Firm and Las Vegas Attorney Lara Pearson to be the forced "Receiver" in Obsidian V. Cox. Defendant Marc J. Randazza in Criminal and Civil Conspiracy with Judge Gloria M. Navarro to work with Defendant Marc J. Randazza in wiping out massive online content of Plaintiff Crystal L. Cox, Plaintiff, Investigative Blogger.

**I, Crystal L. Cox, Plaintiff, Investigative Blogger** Request that this court, District of Nevada, Notify Investigators and all Authorities regarding the violation of Due Process Rights, Civil Right and Constitutional Rights by Defendant Marc J. Randazza and Officials of this court, District of Nevada,.

**I, Crystal L. Cox, Plaintiff, Investigative Blogger** Request that this court, District of Nevada, Notify Investigators and all Authorities regarding Defendant Marc J. Randazza's has Criminal and Civil Conspiracy with Tonkon Torp Law Firm and Lawyer David S. Aman, Steven Wilker, Obsidian Finance Group, Kevin D. Padrick, David W. Brown, Todd Gregory and Patricia, Patty Whittington. I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, investigate Defendant Marc J. Randazza conspiring to Sabotage Plaintiff Crystal L. Cox's Ninth Circuit Appeal by aiding and abetting David S. Aman to harass Plaintiff Crystal L. Cox, take her right to appeal with the legal advice of Defendant Marc J. Randazza who was Plaintiff Crystal L. Cox attorney at one point. Defendant Marc J. Randazza conspiring to Sabotage Plaintiff Crystal L. Cox New Trial Motion, in a criminal and civil conspiracy with Judge Marco Hernandez and Tonkon Torp Law Firm. I, Defendant Cox Request this be investigated by the property authorities.

**I, Crystal L. Cox, Plaintiff, Investigative Blogger** Request that this court, District of Nevada, Notify Investigators and all Authorities regarding Defendant Marc J. Randazza in connection to Manwin, Corbin Fisher, Liberty Media and other Porn Industry Giants, in Criminal and Civil Conspiracy to intimidate Plaintiff Crystal L. Cox to DROP her Ninth Circuit Appeal of Obsidian V. Cox. IN order to protect the criminal and civil conspiracy of Manwin, Corbin Fisher, Liberty Media and other Porn Industry Giants in their infringement on the iViewit Technology.  I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, investigate Liberty Media in conjunction with Billions of Dollars owed to Eliot Bernstein and the iViewit Technology Company.

**I, Crystal L. Cox, Plaintiff, Investigative Blogger** Request that this court, District of Nevada, Notify Investigators and all Authorities regarding Defendant Marc J. Randazza in Criminal and Civil Conspiracy with Doug Chey, Movielink, Sony Pictures, Metro-Goldwyn-Mayer, Paramount Pictures, Sony Pictures Entertainment, Universal, Warner Bros, Best Buy, MovieFly LLC, Global Digital Media Group, Blockbuster, Sony John Calkins, David Colter, Chuck Dages, Todd Outten, Scott Sherr, Silicon Graphics,  Douglas Chey, Michael Arrieta, Blockbuster, and John and Jane Does, to be added to this investigation, Conspiring to steal, infringe on the iViewit Video Technology and to have blogs, "News" removed from the Internet to protect these individuals.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Investigators and all Authorities regarding Defendant Marc J. Randazza in Criminal and Civil Conspiracy with a ring of bloggers with the goal to intimidate, harass, and control the court case of their victims; as well as to pressure the silence of whistle blowers, porn industry insiders and Investigative Bloggers.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Investigators and all Authorities regarding Defendant Marc J. Randazza in Criminal and Civil Conspiracy with WIPO, Francis Gurry WIPO Director, Peter L. Michaelson WIPO Panelist,

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Investigators and all Authorities regarding Defendant Marc J. Randazza in Criminal and Civil Conspiracy with MPEG LA, Proskauer Rose Law Firm, Kenneth Rubensteins and John and Jane Doe's, to suppress the iViewit Technology story.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Investigators and all Authorities regarding Defendant Marc J. Randazza in Criminal and Civil Conspiracy with aiding and abetting the iViewit Technology Theft.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Investigators and all Authorities regarding Defendant Marc J. Randazza in Criminal and Civil Conspiracy with Kenneth P. White of PopeHat.com and threats to break the legs of Plaintiff Crystal L. Cox.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Investigators and all Authorities regarding Defendant Marc J. Randazza in Criminal and Civil Conspiracy with attempting to shut down Plaintiff Crystal L. Cox's business, livelihood, blogs, investigative reporting and thereby participating in Criminal Endangerment of Plaintiff Crystal L. Cox and wiping out competition in the search engines with unlawful conspiracy.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Investigators and all Authorities regarding Defendant Marc J. Randazza in violations of Anti-Trust Laws in connection with Godaddy, and this court, District of Nevada, in Criminal and Civil Conspiracy to remove competition in the search engines, to violate fair trade laws, restrain trade, harass and intimidate competition, and to shut down Plaintiff Crystal L. Cox as well as to Set up Plaintiff Crystal L. Cox for a Crime.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Investigators and all Authorities regarding Defendant Marc J. Randazza in Criminal and Civil Conspiracy with J. Malcom Devoy, Sean Tompkins and other John and Jane Doe's to be added this investigation in regard to stalking, intimidating, harassing, threatening, and attempting to silence the investigative blogs of Monica Foster / Alex Melody.

Monica Foster / Alex Melody' blogs are PornNewsToday.com, MonicaAtHome.com, ChristianPornStar.com, PornWorthWatching.com, MonicaF.com, PornStarHookerAlert.com, and are hereby included as evidence into this case in their entirety.

**These blogs, websites in their entirety are hereby entered into this case as evidence.**
this court, District of Nevada, is Requested to print out these blogs in their entirety for evidence to be included in this case.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Investigators and all Authorities regarding Defendant Marc J. Randazza in Criminal and Civil Conspiracy with J. Malcom Devoy, Sean Tompkins, Corbin Fisher, Manwin, Liberty Media and other John and Jane Doe's in connection with stalking, intimidating, harassing, threatening, and attempting to silence the investigative blogs of
Diana Grandmason aKa Desi Foxx.

Diana Grandmason aKa Desi Foxx's blogs are FoxxMediaGroup.com, AmericanSatanism.com, PornInTheValley.com, MomsAgainstMedia.org, PornPimpingPolitics.com, and are hereby included as evidence into this case in their entirety. These blogs, websites in their entirety are hereby entered into this case as evidence. this court, District of Nevada, is Requested to print out these blogs in their entirety to preserve evidence in this case, and on going criminal and civil investigations.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Investigators and all Authorities regarding Defendant Marc J. Randazza in Criminal and Civil Conspiracy with J. Malcom Devoy, Sean Tompkins, Corbin Fisher, Manwin, Liberty Media and other John and Jane Doe's in connection with stalking, intimidating, harassing, threatening, and attempting to silence the whistle blowing, blogs, speaking out of Shelley Lubben.
http://www.ShelleyLubben.com/ in it's entirety is hereby entered into this case as **evidence.** this court, District of Nevada, is Requested to print out every page of this blog, website to preserve evidence in this case, and on going criminal and civil investigations.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Investigators and all Authorities regarding Defendant Marc J. Randazza in Criminal and Civil Conspiracy with J. Malcom Devoy, Sean Tompkins, Corbin Fisher, Manwin, Liberty Media and other John and Jane Doe's in connection with stalking, intimidating, harassing, threatening, and attempting to silence the whistle blowing, blogs, speaking out of Annie Lobert.
http://hookersforjesus.net/  and http://www.iamsecond.com/ in it's entirety is hereby entered into this case as evidence. this court, District of Nevada, is Requested to print out every page of this blog, website to preserve evidence in this case, and on going criminal and civil investigations.

Defendant Marc J. Randazza is a dangerous, well connected attorney, and is not above any kind of personal or financial harm. It is this court, District of Nevada,'s duty to take action and investigate Defendant Marc J. Randazza. I am an investigative journalist with knowledge of this information and Request that this court, District of Nevada, investigate Defendant Marc J. Randazza.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Investigators and all Authorities regarding Defendant Marc J. Randazza in Criminal and Civil Conspiracy with Proskauer Rose Law Firm, Kenneth Rubenstein, Peter L. Mlchaelson, Warner Bros., Corbin Fisher, Manwin, Liberty Median, Encore, Starz, Viacom, ATT, Apple, Roxanne Grinage, HireLyrics, Steve Dowling, Bruce Sewell, Phil Schiller, Peter Oppenheimer, Tim Cook, Paul Otellini, Jeffrey Bewkes, Time Warner Inc., Matthew Triggs, Foley and Lardner Law Firm, Gregg Mashberg, Allen Fagin, Kenneth P. White, Blockbuster, H. Wayne Huizenga, Judge Judith Kaye, Christopher Wheeler, William Dick, Intel Corp., Brian G. Utley, Arthur Anderson, Greenberg Traurig, Todd Outten, Doug Chey, Scott Sherr, Comcast, TCI,  Time Warner Cable, Mobile Streams PLC, Sprint Nextel Corporation, Ideiasnet, Crown Media Holdings Inc., David J.A. Flowers, Albert E. Rosenthaler, Christopher W. Shean, Charles Y. Tanabe, Xbiz, Bittorent, Manwin, Liberty Media, Media Produdts Inc., Encore, STARZ, Encore Media Group, John C. Malone, Gregory B. Maffei, TCI Ventures Group LLC, ATT, Liberty Interactive, Lee Masters, Bruce Ravenel, Liberty Digital Inc., TCI Satellite Entertainment Inc,  Discovery Channel, News Corporation, QVC, MediaOne Group, CBS,  The Weinstein Company, Liberty Capital, SaltyDroid Jason Jones, Todd Kinnican, Jordan Rushie Philly Law Blog, Bob Garfield NPR, Kashmir Hill Forbes, David Carr New York Times,

Kenneth P. White Popehate.com, SiouxsieLaw.com, SequenceInc.com Tracy Coenen, Kevin D. Padrick, David W. Brown, Mike Morgan Tonkon Torp Law Firm, David S. Aman, Steven Wilker, Jessica Griffin at Godaddy, Mike Stack (Redgoat aka Goatsred), Weinergateand, Michael Fattorosi, Judge Michael Simon, Judge Marco Hernandez, Doug Chey, Movielink, Sony Pictures, Metro-Goldwyn-Mayer, Paramount Pictures, Sony Pictures Entertainment, Universal, Warner Bros, Best Buy, MovieFly LLC, Global Digital Media Group, Blockbuster, Sony John Calkins, David Colter, Chuck Dages, Todd Outten, Scott Sherr, Silcon Graphics,  Douglas Chey, Michael Arrieta, WIPO Director Francis Gurry, Raymond Joao, Douglas Boehm, R3D, Steven Becker, Raymond Hersch, John Malone, Digital Playground Inc., Manwin GERMANY GMBH, Fabian Thylmann, Manwin Licensing International, Manwin USA Inc., Brazzers, Xtube, PornHub, Spankwire and John and Jane Doe's to be added to this Federal Investigation at a later date.

**I, Crystal L. Cox, in my Pro Se Capacity state the following:**

Defendant Marc Randazza threatened that he would ruin me if I made an enemy of him. Marc Randazza's friends have threatened my knee caps, publicly humiliated and defamed me. Marc Randazza accused me of a crime in big media in which I was never charged with through proper legal channels.  Marc Randazza has exposed women in the Porn Industry who have given me tips and gave their home address and car identification information in public forums.

Defendant Marc Randazza has himself cohearsed me to STOP my appeal to the Ninth Circuit in Obsidian V. Cox and Marc Randazza has had his friends, attorney bloggers, and big media intimidate me in order to pressure me to stop my appeal process. Marc Randazza told me in our first consult where he was to be my attorney, that those in the tip of the Porn Industry contacted him and said what are you going to do about Crystal Cox, I have 2 witnesses to this phone call.

Defendant Marc Randazza offered to be my attorney in my Obsidian V. Cox appeal and then used privileged information to conspire with the Plaintiff in that Case. Marc Randazza continues to harass me, have his friends threaten me, use big media to intimidate me and I am in fear of my life and quality of life of Marc Randazza and all attorneys of Randazza Legal Group.

Defendant Marc Randazza also has known Mafia / Organized Crime ties which I will address in this legal action, as we move forward. Marc Randazza has abused his power as an attorney and I am in fear of his connections.

That being said, I will not confer in any private meetings or private phone calls with an attorney from Randazza Legal Group. All communications with Plaintiff / Defendant are requested to be through this court, District of Nevada,, as a hearing where by Defendant has some sense of legal and physical protection.

I, Crystal L. Cox, in my Pro Se Capacity have informed this court, District of Nevada, of my life endangerment and have not been protected in any way.

**I, Crystal L. Cox, in my Pro Se Capacity state the following: My Life is in danger, my Career is in Ruins, I am daily harassed, defamed and threaten as are my sources. The life of my Sources are in Danger, I Request this court, District of Nevada, Give me Protection and notify the proper authorities.**

# 12th Cause of Action Malpractice and Negligence

Plaintiff Crystal L. Cox re-alleges and fully incorporates the preceding paragraphs.

**Defendant Marc J. Randazza Negotiated as Plaintiff Crystal Cox's Attorney then Defamed me, attacked me, sued me, lied about me, intimidated me, Retaliated against me, Crystal Cox.**

I, Plaintiff Crystal Cox, believe that Defendant Marc J. Randazza  was sent in by Co-Conspirators to sabotage my case and keep me, Plaintiff Crystal Cox,
 from my Ninth Circuit Appeal.

Defendant Marc J. Randazza had a phone conference with me, Plaintiff Crystal Cox, regarding representing me, as my attorney, in my Ninth Circuit Appeal of Obsidian V. Cox. Then I, Plaintiff Crystal Cox send him my files, documents, and discussed my strategy with Defendant Marc J. Randazza and gave Defendant Randazza private information, personal information, privileged information regarding my case, my business, my negotiations, my dealing throughout Obsidian V. Cox and in moving forward.

Defendant Attorney Marc J. Randazza initiated contact with Opposing Counsel in Obsidian v. Cox, David S. Aman, and began to negotiate a deal on Plaintiff Crystal Cox's behalf, and acting as Crystal Cox's Attorney, eMail records show this, as would an Affidavit from UCLA Professor, Eugene Volokh, First Amendment Bar Attorney, who told me that Defendant Marc J. Randazza had told members of the First Amendment Bar that he represented me, and was negotiating a deal with Opposing Counsel in Obsidian v. Cox, David S. Aman on my behalf.

Defendant Marc J. Randazza never told Plaintiff Crystal Cox what the terms of this negotiation with Opposing Counsel was, and treated me, Plaintiff Crystal Cox with disrespect. After I found out about Defendant Marc J. Randazza acting as my attorney with no contract and no conflicts check as promised, negotiating a deal he had not discussed with me, and telling other attorneys that he had it handled and he represent me, I, Plaintiff Crystal Cox, was so upset, I respectfully emailed Defendant Marc J. Randazza and copied Attorney Eugene Volokh on the eMail and I fired Defendant Marc J. Randazza as my attorney, and let him know that he DID NOT represent me, Plaintiff Crystal Cox.

Defendant Marc J. Randazza had no signed agreement to represent me, had not told me of a conflicts check he was suppose to be performing before he would agree to represent me, Plaintiff Crystal Cox, yet Defendant Marc J. Randazza was, INDEED, negotiate on my behalf, with my files and my privileged information and strategy and preventing other Attorneys from taking my case by telling them that he, Defendant Marc J. Randazza represented me, Plaintiff Crystal Cox.

If it had not been for the honesty and integrity of UCLA Professor, Eugene Volokh, First Amendment Bar Attorney, I, Plaintiff Crystal Cox would not have known what Defendant Marc J. Randazza was up to, and would have lost my chance at appealing to the Ninth Circuit, as time was running out, and Defendant Marc J. Randazza was chasing off other Attorneys, not communicating with me, the Client and thereby causing me irreparable harm in a case where I had / have a $2.5 Million Dollar Judgement Against Me.

After I fired Defendant Marc J. Randazza, or let him know that he would not represent me, Plaintiff Crystal Cox. He "acted" as if he was fine about my choice. Yet months later when I asked him for a job, and told him of a domain name I had bought to do PR on my case, MarcRandazza.com, and I could use to promote him if he wanted, and asked if he knew anyone needing marketing as I was in need to make a living, and was good / am good at Internet Marketing.

I purchased MarcRandazza.com, because I thought he was going to be my attorney, the Domain Name was available and it was the best keyword rich domain name for PR on a case where he would be my attorney. I learned that over 7 years of Search Engine Marketing courses, newsletters, books, seminars and tradeshows.

Defendant Marc J. Randazza was very upset that I had purchased MarcRandazza.com, he demanded that I give him the Domain Name, I refused, he offered to buy the domain name and I, Plaintiff Crystal Cox, said I did not want to sell it at any price, as the record shows. He threatened to make me his Enemy if I did not give him the Domain Name, I, Plaintiff Crystal Cox, refused as he was bullying me and violating my rights.

Upon my knowledge and belief, in Retaliation, and still seeking to Stop my Ninth Circuit Appeal, Defendant Marc J. Randazza again contacted Opposing Counsel in Obsidian V. Cox, and this time offered to conspire with Tonkon Torp Attorney, Defendant David S. Aman, Opposing Counsel and flat out lie to a Federal Judge telling this Judge that I Plaintiff Crystal Cox had extorted them, and therefore don't deserve a new trial. The Judge interpreted this into his Ruling, and the New York Times and other Media, large and small picked the story up, they interviewed.

Instead of Defendant Marc J. Randazza and Defendant David S. Aman filing a criminal complaint and giving Plaintiff Crystal Cox due process in a court of law, Defendant Attorney Marc J. Randazza and Defendant Attorney David S. Aman SIMPLY told big and small media, radio and bloggers that I, Plaintiff Crystal Cox was Guilty of Extortion and they all published this Defamatory Statement with actual malice, and knowledge that it was not true.

Defendant David S. Aman had already gave the Seattle Weekly, the New York Times, Forbes and other media outlets, an email I, Plaintiff Crystal Cox had sent him in response to a Legal Threat he sent me and after he filed a 10 Million Dollar Lawsuit against me, Crystal Cox. The email Defendant David S. Aman gave the Media was a part of one eMail out of 5 eMails in a Settlement Negotiation between me Crystal Cox, in my Pro Se Capacity and Opposing Counsel Defendant David S. Aman. With all the eMails, and knowledge of the Legal Threat and date of the Lawsuit being filed, it would be easy to see that there was no crime of Extortion, Defendant David S. Aman had this knowledge BEFORE he spread defamatory information regarding Plaintiff Crystal Cox, and so did Defendant Marc J. Randazza.

Defendant David S. Aman, deliberately, with actual malice, maliciously defamed me in all manner of media outlets, AFTER he already won a $2.5 Million Dollar Judgement Against me, just to retaliate against me, Plaintiff Crystal Cox, incite hate, ruin my business, ruin my life and cause me irreparable damage based on a lie.

Defendant David S. Aman and Defendant Marc J. Randazza accused me of Extortion in all manner of media and publications, and I, Plaintiff Crystal Cox was not on trial for the Crime of Extortion, in fact the trial was a Civil Trial and Extortion was not a material fact of the Trial. I, Plaintiff Crystal Cox was not under official investigation of Extortion nor had I ever been. I was not prosecuted for the Crime of Extortion, nor given due process of any kind for this accusation. Yet Defendants Kashmir Hill of Forbes, Defendant David Carr of the New York Times, Defendant Jordon Rushie of Philly Law Blog, Defendant Tracy Coenan and other Defendants, Co-Conspirators published that I was an Extortionist, guilty of Extortion, this is malicious defamation, with knowledge of it's falsehood.

Upon my knowledge and belief, In the Summer of 2012, Defendant Marc J. Randazza, conspired with Defendant David S. Aman, in an attempt to seize what they deemed to be my assets, and Defendant Marc J. Randazza, recommended an attorney, Lara Pearson, to be the "Receiver" who had helped him in the Righthaven Receivership in his Las Vegas Case against Righthaven, whereby Defendant Judge Gloria M. Navarro had frozen accounts to make sure that Defendant Marc J. Randazza got paid. The Obsidian Court Docket shows that Lara Pearson was requested from a Portland Oregon Attorney, David S. Aman to be a Receiver in the Alleged Assets of Plaintiff Crystal Cox.

Defendant Marc J. Randazza, conspired with Defendant David S. Aman, continually to harass me, Plaintiff Crystal Cox , defame me, intimidate me and ruin my life and business.

Upon my knowledge and belief,  In May of 2012, 6 months after the Obsidian V. Cox Trial Defendant Marc J. Randazza, conspired with Defendant David S. Aman, to get Eliot Bernstein onto the Obsidian V. Cox Docket. To this day, Eliot Bernstein, iViewit Founder, is a named defendant on the Docket of Obsidian Finance Group v. Crystal Cox, yet he was placed there in defamatory threatening conspiracy 6 months after the Obsidian Finance Group v. Crystal Cox trial was over. And months after the Obsidian Finance Group v. Crystal Cox Appeal had been filed in the Ninth by Attorney Eugene Volokh.

Upon my knowledge and belief, Defendant Marc J. Randazza, kept up his malicious behavior in flat out lying to WIPO, in order to take Plaintiff Crystal Cox and Eliot Bernstein's Domain Names and wipe out online content exposing him and making fun of him, plus reporting on the world's biggest technology crime, iViewit, which is a massive liability to the clients of Defendant Marc J. Randazza, who are also named defendants in this complaint. Defendant Marc J. Randazza told WIPO that Plaintiff Crystal Cox and Eliot Bernstein were guilty of Extortion, Defendant Peter L. Michaelson WIPO Panelist granted Defendant Marc J. Randazza the domain names in the complaint. In Defendant Peter L. Michaelson's published decision of this WIPO action, he flat out accused Plaintiff Crystal Cox and Eliot Bernstein of the Crime of Extortion, and did so with actual malice as I, Plaintiff Crystal Cox had provided him information, and he knew that nor I, Crystal Cox or Eliot Bernstein had been on trial for, under investigation for or convicted of the Crime of Extortion. Yet Defendant Peter L. Michaelson WIPO Panelist publically, deliberately, intentionally, maliciously DEFAMED Plaintiff Crystal Cox and Eliot Bernstein in a document that is published around the world, in legal documents, big and small media outlets, blogs and more.

Upon my knowledge and belief, Defendant Marc J. Randazza kept up his malicious retaliation of me, Plaintiff Crystal Cox, and in the Fall of 2012 negotiated with Defendant David S. Aman again, this time Defendant Marc J. Randazza advised Defendant David S. Aman on how to SEIZE, my right to Appeal Obsidian V. Cox in the Ninth, this after my Appeal was mid way through the Brief Filings, the records show this clearly.

Also in the Fall of 2012 Defendant Marc J. Randazza SUED Plaintiff Crystal Cox in order to remove my blogs, and to flat out steal my domain names, via a Preliminary Injunction awarded by Defendant Judge Gloria M. Navarro.

**In the Florida Appellate Case No. 3D12-3189, Marc J. Randazza fights for his own client against Preliminary Injunctions.**

Upon Belief and Knowledge Defendant Marc J. Randazza claims that it's a violation of first amendment rights, and that the First Amendment must be adjudication first, yet he does just the opposite in this case to seek Revenge on a Former Client, to Suppress My Online Free Press Blogs, and to Retaliate Against Whistle Blowers Exposing his connections to Prostitution Rings and to the fact that his clients are infringing on the iViewit Video Technology.

Injunctive relief to prevent actual or threatened damage is heavily disfavored because it interferes with the First Amendment and amounts to censorship prior to a judicial determination of the lawlessness of speech. See Moore v. City Dry Cleaners & Laundry, 41 So. 2d 865, 872 (Fla. 1949). "The special vice of prior restraint," the Supreme Court held, "is that communication will be suppressed... before an adequate determination that it is unprotected by the First Amendment". Pittsburgh Press Co v. Pittsburg Comm'n on Human Relations, 413 U.S. 376, 390 (1973). Also se Fort Wayn Books Inc. v Indiana, 489 U.S. 46, 66 (1989); M.I.C., Ltd v Bedford Township, 463 U.S. 1341, 11343 (1983.)

In this case, the Nevada Court has skipped the step of adjudicating the First Amendment protection relevant to the speech at issue. Prior Restraints are Unconstitutional. Also see Post-Newswek Stations Orlando, Inc. v. Guetzlo.

"RKA sought extraordinary relief in the form of prior restraint to enjoin .. . This relief is not recognized in this State, nor anywhere else in the Country.  In addition to ignoring the First Amendment Rights and almost a century's worth of common law, the .. court ignored virtually all procedural requirements for the issue of a preliminary injunction." Page 5 Paragraph ii of Opening Brief Appellate Case No. 3D12-3189, Irina Chevaldina Appellant vs. R.K./FI Management Inc.;et.al., Appellees. Attorney for Appellant Marc J. Randazza Florida Bar No. 325566, Randazza Legal Group Miami Florida.  This case is now hereby referenced herein, in it's entirety.

Clearly Defendant Marc J. Randazza and Attorney Defendant Ronald D. Green are involved with Defendants / Co-Conspirators to retaliate against whistle blowers, and to Suppress Information Online in which exposes their illegal prostitution rings, and their clients infringing on a 13 Trillion Dollar Video Technology. And that they are not operating in a matter of law and justice seeking.

Defendant Marc J. Randazza and Attorney / Defendant Ronald D. Green SUED Me. They used their Internet Mobbing gang of attorney bloggers to create legal commentary on this case, before they served me. They used the court docket as their personal way to disgrace me, humiliated me and Eliot Bernstein and to harass me.

They did this before I had a chance to defend myself. And on top of that, they have deleted massive blogs, stolen domain names and violated my rights, all without due process or first amendment adjudication. Then they threaten to come to my town, they taunt me, intimidate me and put me under constant duress, along with my sources and then claim to this court that, in my fighting back, I am, somehow using the court docket to defame them.  I have never told anyone EVER that I would stop posting anything if they paid me. This is a flat out lie to this court, and further abuse of the courts to intimidate an investigative blogger exposing them, reporting on them and to wipe out search engine competition.

The Same Defendants / Co-Conspirators of this case are also involved in RICO, in Pattern and History for this Same Internetting Mobbing in Rakofsky v. The Internet Supreme Court of the State of New York; County of New York, Case Number 105573-2011.

Malpractice Complaint specifically regarding the behavior, actions, confidentiality breach of my ex Attorney Marc J. Randazza and the actions of Plaintiff's Attorney In Obsidian Finance Group v. Cox, Tonkon Torp Law Firm, Steven Wilker, Mike Morgan and David Aman.

In 2011 Plaintiff Investigative Blogger Crystal L. Cox was involved in a major free speech lawsuit.  (Obsidian Finance Group LLC v. Crystal Cox) Plaintiff Investigative Blogger Crystal L. Cox lost this case due to Judge Marco Hernandez ruling that the Oregon Retraction Laws,Shield Laws, and the First Amendment did not apply to bloggers but only applies to accredited media, big media.

Defendant Marc Randazza saw the Obsidian V. Cox ruling in December of 2011. Defendant Marc Randazza, as he told me in his first call, was contacted by his clients, that are high up in the Porn Industry.  Defendant Marc Randazza told Plaintiff Investigative Blogger Crystal L. Cox that these Porn Industry giants called him and asked him what he is going to to about Crystal Cox, and this bad precedence set by Obsidian Finance Group LLC v. Crystal Cox. A precedence that affects the bottom line financially of the free speech coalition and all the porn companies that Defendant Marc Randazza represents.

At this time, one of my investigative reporters / investigative bloggers for my Whistleblower Media News Network, Michael Spreadbury ,contacted Defendant Marc Randazza and asked if he would take a meeting with "US", the 3 of us had a conference call in December 2011 regarding Plaintiff Investigative Blogger Crystal L. Cox and my Ninth Circuit Appeal.  On this first phone call, Defendant Marc Randazza discouraged Plaintiff Investigative Blogger Crystal L. Cox from filing a Ninth Circuit Appeal. However, Defendant Marc Randazza asked for the strategy of Plaintiff Investigative Blogger Crystal L. Cox and for all Plaintiff Investigative Blogger Crystal L. Cox's files.

Defendant Marc Randazza was out to sabotage Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal from, even before the very first phone call, where Defendant Marc Randazza gathered information, strategy, files and privileged information from Plaintiff Investigative Blogger Crystal L. Cox in which Defendant Marc Randazza later used with co-conspirators to defame, harass, paint in false light, ruin the business of, intimidate, and put Plaintiff Investigative Blogger Crystal L. Cox under extreme duress with the goal of stopping Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal  in Obsidian Finance Group v. Crystal Cox, so that his "Clients" would not be affected by this precedence.

Defendant Marc Randazza told Plaintiff Investigative Blogger Crystal L. Cox that he may have a conflict of interest with his representation of the Media Bloggers Association (MBA), and he would let  Plaintiff Investigative Blogger Crystal L. Cox know if he did, that never happened.

After this first call, Defendant Marc Randazza did not let Plaintiff Investigative Blogger Crystal L. Cox know of any conflicts of interest as Defendant Marc Randazza told Plaintiff Investigative Blogger Crystal L. Cox that he would. In the meantime UCLA Law Professor, Attorney Eugene Volokh was corresponding with Plaintiff Investigative Blogger Crystal L. Cox on possible representation in Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal.

Professor, Attorney Eugene Volokh was professional, to the point and did not tell Plaintiff Investigative Blogger Crystal L. Cox that she made a mess, did not put me down, treat me badly and was focused on the merits of the case in which affected all Citizen Journalists, All Free Speech, First Amendment Rights, Whistleblowers and the constitutional rights of all citizens, which was always the primary goal of Plaintiff Investigative Blogger Crystal L. Cox. And unlike Defendant Marc Randazza, which, as a client and a court case defendant involved with Attorney Marc Randazza, I, Plaintiff Investigative Blogger Crystal L. Cox have every legal right to have as many blogs as I like expressing my opinion of  Attorney Marc Randazza, Defendant Marc J. Randazza. Plaintiff Investigative Blogger Crystal L. Cox was a VERY dissatisfied, and even HARMED ex-client of Defendant Marc J. Randazza and has the legal right to share her experience, review him as an attorney, and exercise her right to FREE SPEECH.

Still not hearing from, Defendant Marc Randazza, Plaintiff Investigative Blogger Crystal L. Cox received emails and had a phone meeting with Attorney Eugene Volokh whereby Attorney Eugene Volokh told Plaintiff Investigative Blogger Crystal L. Cox that Defendant Marc Randazza was acting on my behalf, putting in time and effort, negotiating with Plaintiff David Aman and Plaintiff Kevin D. Padrick, and Attorney Eugene Volokh told Plaintiff Investigative Blogger Crystal L. Cox that if she had chose to go with Defendant Marc Randazza for the Ninth Circuit Appeal, then he would assist Defendant Marc Randazza in any way he could in order to assist me.

I, Plaintiff Investigative Blogger Crystal L. Cox, was very alarmed to hear that Defendant Marc Randazza was negotiating a deal on my behalf with Plaintiff David Aman and Plaintiff Kevin D. Padrick, without my knowledge of the terms of this deal, and without the promised information regarding any conflicts of interest that Defendant Marc Randazza may have in moving forward with my case.

Defendant Marc Randazza was acting as my attorney with my privileged information and negotiating a deal on my alleged behalf, without my knowledge. This upset me,  Plaintiff Investigative Blogger Crystal L. Cox, and rightly so.  I told UCLA Law Professor, Attorney Eugene Volokh that I did not want Defendant Marc Randazza to represent my on my Ninth Circuit Appeal, and that I would let Defendant Marc Randazza know immediately that he no longer represented me.

I, Plaintiff Investigative Blogger Crystal L. Cox, then emailed Defendant Marc Randazza and copied the email to UCLA Law Professor, Attorney Eugene Volokh and told Defendant Marc Randazza that he no longer represented me, Plaintiff Investigative Blogger Crystal L. Cox, and the reasons why.

Defendant Marc Randazza acted as if he was fine with this decision, as the record shows. However, Plaintiff Investigative Blogger Crystal L. Cox firing Defendant Marc Randazza ruined his plan to sabotage Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal so that his Big Clients, and Co-Conspirator Attorneys, Bloggers and Big Media would not be affected by the precedence set by Plaintiff Investigative Blogger Crystal L. Cox in Obsidian Finance Group vs. Crystal Cox.  So Defendant Marc Randazza launched new efforts to sabotage Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal and enlisted a large amount of conspirators to defame, harass, and intimidate Plaintiff Investigative Blogger Crystal L. Cox into stopping, my Ninth Circuit Appeal.  Co-Defendant David Aman offered me 3 Settlements via UCLA Law Professor, Attorney Eugene Volokh after the Trial was over. 2 of Which were after Plaintiff Investigative Blogger Crystal L. Cox had filed her Ninth Circuit Appeal in effort to STOP the Appeal. Defendant Marc Randazza has worked in conspiracy with a ring of bloggers, most who are attorneys and worked with Defendant Kashmir Hill of Forbes and Defendant Bob Garfield of NPA, Defendant WIPO, Defendant Peter L. Michaelson and other co-conspirators in order to create a mass media illusion that Plaintiff Investigative Blogger Crystal L. Cox is guilty of the crime of extortion, though Plaintiff Investigative Blogger Crystal L. Cox was not on trial for extortion, not under investigation for extortion nor had ever been charged with extortion.

Upon Knowledge and Belief of Plaintiff Crystal Cox, Defendant Marc Randazza and Defendant David Aman, along with massive co-conspirators have set out to paint Plaintiff Investigative Blogger Crystal L. Cox in false light in order to affect Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal, and to stop this alleged "bad precedence" at the lower court level so that Defendant Marc Randazza's biggest Porn Industry Clients such as Defendant Liberty Media Holdings, Defendant John C. Malone, Defendant Manwin, Defendant Corbin Fisher and other big clients, John and Jane Doe Defendants / Alleged co-conspirators of Defendant Marc Randazza's would not be affected by the Obsidian V. Cox Precedence.

These Co-Conspirators, Defendants were not simply worried just about this "bad precedence" to their Free Speech Rights, and legal proceedings that would affect them in the future.

Defendant Liberty Media Holdings, Defendant John C. Malone, Defendant Manwin, Defendant Corbin Fisher and other big clients, Defendants / co-conspirators of Marc Randazza's named in this counter complaint, as well as John and Jane Doe Defendants, absolutely need to silence the blogs of Investigative Blogger Plaintiff Investigative Blogger Crystal L. Cox. To them, it is a matter of Trillions of Dollar and Indictments they may face.

Over a Decade ago iViewit Technology invented a video coding technology that changed pixelated video to clear crisp video. These Defendants / co-conspirators of Defendant Marc J. Randazza's make billions a year off of this technology they infringe on, each one of them, and they have for over a decade. Plaintiff Investigative Blogger Crystal L. Cox has reported on the iViewit Technology for over 3 years, and Plaintiff Investigative Blogger Crystal L. Cox has reported on Defendant Proskauer Rose, Defendant Kenneth Rubenstein, MPEG LA, Defendant John Calkins and most all of the co-conspirators listed in this counter complaint.

(On belief and knowledge) Defendant Marc J. Randazza has been hired to STOP the investigative blogs of Plaintiff Investigative Blogger Crystal L. Cox in order to suppress, discredit the iViewit Technology Theft Story, in order to save his clients and co-conspirators from indictments and from having to pay iViewit Technology and Inventor, Eliot Bernstein Trillion of Dollars.  In this, these Defendants / Alleged Co-Conspirators have committed massive shareholder fraud, been involved in insider trading, violated anti-trust laws, violated patent laws, committed international crimes and conspiracy and more.

**Defendant Marc J. Randazza of Defendant Randazza Legal Group has massive liability in his misrepresentation and Malpractice Legal Action involving his former client Pro Se Plaintiff Investigative Blogger Crystal L. Cox.**

Pro Se Plaintiff Investigative Blogger Crystal L. Cox's Former Attorney Conspired request that this court, District of Nevada, force rrr to notify his liability carrier of his liability in **Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PAL.**

Upon Belief and Knowledge, Pro Se Plaintiff Investigative Blogger Crystal L. Cox's Former Attorney Conspired with a gang of other attorneys and Co-Conspirators to accuse me of being an extortionist, a scammer and all manner of defamation and hate.  Pro Se Plaintiff Investigative Blogger Crystal L. Cox has never taken money to remove blog posts, never scammed anyone, never been charged with or investigated for Extortion, yet this court, District of Nevada,, and Sole WIPO Panelist simply go on the word of Defendant Marc J. Randazza and ruin the life, reputation, livelihood of Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein with NO Evidence, No Proof, No Truth, No Due Process and in complete violation of the legal rights, constitutional rights, first amendment rights and intellectual property rights of Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein.

Upon Belief and Knowledge, Defendant Marc J. Randazza of Defendant Randazza Legal Group MUST lawfully seek counsel / legal representation outside of Randazza Legal Group, **Immediately for Representation** of Defendant Marc J. Randazza, Defendant Ronald D. Green and Defendant Randazza Legal Group in Randazza v. Cox and in Counter Complaint filed by Plaintiff Investigative Blogger Crystal L. Cox.

Defendant Marc J. Randazza, Defendant Ronald D. Green, Defendant J. Malcom DeVoy  and Defendant Randazza Legal Group must get independent non conflicted counsel as their insurance liability carrier.  Defendant Ronald D. Green is in massive conflict regarding transferring from Greenberg Traurig to Randazza Legal Group, as Greenberg Traurig is named in the iViewit SEC Complaints, Federal RICO Complaints and ongoing investigations.

**In the Florida Appellate Case No. 3D12-3189, Marc J. Randazza fights for his own client against Preliminary Injunctions.**

Upon Belief and Knowledge Defendant Marc J. Randazza  claims that it's a violation of first amendment rights, and that the First Amendment must be adjudication first, yet he does just the opposite in this case to seek Revenge on a Former Client, to Suppress My Online Free Press Blogs, and to Retaliate Against Whistle Blowers Exposing his connections to Prostitution Rings and to the fact that his clients are infringing on the iViewit Video Technology.

Injunctive relief to prevent actual or threatened damage is heavily disfavored because it interferes with the First Amendment and amounts to censorship prior to a judicial determination of the lawlessness of speech. See Moore v. City Dry Cleaners & Laundry, 41 So. 2d 865, 872 (Fla. 1949). "The special vice of prior restraint," the Supreme Court held, "is that communication will be suppressed... before an adequate determination that it is unprotected by the First Amendment". Pittsburgh Press Co v. Pittsburg Comm'n on Human Relations, 413 U.S. 376, 390 (1973). Also se Fort Wayn Books Inc. v Indiana, 489 U.S. 46, 66 (1989); M.I.C., Ltd v Bedford Township, 463 U.S. 1341, 11343 (1983.)

In this case, the Nevada Court has skipped the step of adjudicating the First Amendment protection relevant to the speech at issue. Prior Restraints are Unconstitutional. Also see Post-Newsweek Stations Orlando, Inc. v. Guetzlo.

"RKA sought extraordinary relief in the form of prior restraint to enjoin .. . This relief is not recognized in this State, nor anywhere else in the Country.  In addition to ignoring the First Amendment Rights and almost a century's worth of common law, the .. court ignored virtually all procedural requirements for the issue of a preliminary injunction." Page 5 Paragraph ii of Opening Brief Appellate Case No. 3D12-3189, Irina Chevaldina Appellant vs. R.K./FI Management Inc.;et.al., Appellees. Attorney for Appellant Marc J. Randazza Florida Bar No. 325566, Randazza Legal Group Miami Florida.  This case is now hereby referenced here in, in it's entirety.

Clearly Defendant Marc J. Randazza and Attorney Defendant Ronald D. Green are involved with Defendants / Co-Conspirators to retaliate against whistle blowers, and to Suppress Information Online in which exposes their illegal prostitution rings, and their clients infringing on a 13 Trillion Dollar Video Technology. And that they are not operating in a matter of law and justice seeking.

**Defendant Marc J. Randazza, as an attorney that once represented Pro Se Plaintiff Investigative Blogger Crystal L. Cox, has a professional and ethical duty to exercise his or her professional judgment.**

**Defendant Marc J. Randazza, as an attorney that once represented Plaintiff Crystal L. Cox with whom now he has sue, has a legal and constitutional duty to uphold.**

Section 6068 of the Business & Professions Code states that an attorney has a duty "...(g) Not to encourage either the commencement or the continuance of an action or proceeding from any corrupt motive of passion or interest."

Defendant Marc J. Randazza should not be representing himself in Randazza V. Cox, as Defendant Marc J. Randazza owns and operates and is the principal of Randazza Legal Group. Attorneys appearing in propria persona risk compromising the integrity and legal issues of the case.

As the Supreme Court noted: "Even a skilled lawyer who represents himself is at a disadvantage in contested litigation. ...He is deprived of the judgment of an independent third party, in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witnesses, formulating closing arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom." Id. at 437-438.

Representing oneself can have adverse practical consequences. First, a lawyer is prohibited ethically from acting as an advocate before a jury if he or she also will be testifying to a contested matter. See, Rule of Professional Conduct 5-210. There are exceptions to this rule if the testimony relates to the nature and value of legal services rendered in the same case, or if the matter is non-adversarial, or is being tried to a judge. Also, the rule does not apply if another lawyer in the advocate's law firm will be a witness.

Second, a lawyer representing himself or herself cannot recover legal fees and costs under Section 1717 of the Civil Code, even if the contract sued on expressly authorizes such an award to the prevailing party. In Trope v. Katz (1995) 11 Cal.4th 274, 280-81, the California Supreme Court held that an attorney who chooses to litigate in propria persona does not "incur" attorneys' fees within the meaning of the statute because he or she does not pay or become liable to pay them. Nor can the lawyer recover compensation for professional business opportunities foregone as a result. Id. at 292. In PLCM Group, Inc. v. Drexler (2000) 22 Cal.4th 1084, 1092, the Supreme Court explained that its decision in Trope was based largely on the lack of any attorney-client relationship.

If a law firm decides to represent itself, the existence of the attorney-client privilege for its internal communications may be jeopardized. In U.S. v. Rowe, 96 F.3d 1294 (9th Cir. 1996), a law firm launched an investigation after learning that one of its lawyers may have mishandled client funds by assigning two associates to investigate his conduct and report back their findings. Subsequently, a grand jury subpoenaed the associates, and the firm asserted the attorney-client privilege. Even though the associates were never told they were acting as the firm's attorneys, did not keep time records or bill the firm for their time, and were taking direction from a senior partner, Judge Kozinski found that they were, in effect, in-house counsel and that the privilege would attach to their confidential communications with the members of the firm. Id. at 1296-97. The Court of Appeals relied exclusively on federal law for this result.

In a later unpublished decision based on California law, the Fifth District Court of Appeal came to an opposite result. In McCormick, Barstow, Shepherd, Wayte & Carruth v. Superior Court (1998) ___ Cal.App.4th ___, 81 Cal.Rptr.2d 30, 1998 Cal. App. LEXIS 1102, a law firm chose to defend itself from a malpractice claim. When the former client sought all internal communications from the law firm concerning his claim, the firm asserted the attorney-client privilege. The court of appeal rejected the firm's argument and surprisingly held that no attorney-client relationship existed between the firm and its lawyers who were defending it. The court asked: "If the McCormick firm was the client, who was its lawyer? And who was the client communicating with?" Although unpublished and widely disparaged, the McCormick decision reflects the dangers that can befall a lawyer (or a law firm) who chooses to go it alone.

## Defendant Marc J. Randazza of Defendant Randazza Legal Group has Violated Attorney Conduct Code.

Upon Belief and Knowledge, Judge Peggy A. Leen and Judge Gloria M. Navarro know of Defendant Marc J. Randazza, DefendantRonald D. Green and DefendantRandazza Legal Group's unlawful, unethical, fraudulent, criminal endangerment activities and fraud on the courts, therefore Judge Peggy A. Leen and Judge Gloria M. Navarro are in VIOLATION Public Officers Law SEC 73, Public Officers Law SEC 74 Code of Ethics, TITLE 18 FEDERAL CODE, Title 18 U.S.C. § 4., Title 28 U.S.C. § 1361, Title 28 U.S.C. § 1361, and other applicable laws, ethics and Judicial Cannons.

## Rules, Ethics, Codes, and Laws.

Public Officers Law **SEC 73** Restrictions on the Activities Of Current and Former State Officers and Employees

### Public Officers Law SEC 74 Code of Ethics
Conflicts of Interest Law, found in Chapter 68 of the New York City Charter, the City's Financial Disclosure Law, set forth in section 12-110 of the New York City Administrative Code, and the Lobbyist Gift Law, found in sections 3-224 through 3-228 of the Administrative Code.

### TITLE 18 FEDERAL CODE & OTHER APPLICABLE FEDERAL LAW
Title 18 U.S.C. § 4. Misprision of felony. Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

A federal judge, or any other government official, is required as part of the judge's mandatory administrative duties, to receive any offer of information of a federal crime. If that judge blocks such report, that block is a felony under related obstruction of justice statutes, and constitutes a serious offense.

Upon receiving such information, the judge is then required to make it known to a government law enforcement body that is not themselves involved in the federal crime.

Title 28 U.S.C. § 1361. Action to compel an officer of the United States to perform his duty. The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

This federal statute permits any citizen to file a lawsuit in the federal courts to obtain a court order requiring a federal official to perform a mandatory duty and to halt unlawful acts. This statute is Title 28 U.S.C. § 1361.

## FRAUD on the COURT

In the United States, when an officer of the court is found to have fraudulently presented facts to court so that the court is impaired in the impartial performance of its legal task, the act, known as "fraud upon the court", is a crime deemed so severe and fundamentally opposed to the operation of justice that it is not subject to any statute of limitation.

Officers of the court include: Lawyers, Judges, Referees, and those appointed; Guardian Ad Litem, Parenting Time Expeditors, Mediators, Rule 114 Neutrals, Evaluators, Administrators, special appointees, and any others whose influence are part of the judicial mechanism.

"Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication". Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23

In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."

What effect does an act of "fraud upon the court" have upon the court proceeding? "Fraud upon the court" makes void the orders and judgments of that court.

**Upon Belief and Knowledge of Pro Se Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc J. Randazza, Defendant and Defendant Randazza Legal Group, have violated the lawful rights of Pro Se Plaintiff Investigative Blogger Crystal L. Cox in the ALL the Following:**

Defendant Marc J. Randazza of Defendant Randazza Legal Group has Violated Attorney Conduct Code in regard to his ex-client, .

## Attorney Conduct Code

(a) "Differing interests" include every interest that will adversely affect either the judgment or the loyalty of a lawyer to a client, whether it be a conflicting, inconsistent, diverse, or other interest.

CANON 5. A Lawyer Should Exercise Independent Professional Judgment on Behalf of a Client

DR 5-101 [1200.20] Conflicts of Interest - Lawyer's Own Interests.
DR 5-102 [1200.21] Lawyers as Witnesses.
DR 5-103 [1200.22] Avoiding Acquisition of Interest in Litigation.
DR 5-104 [1200.23] Transactions Between Lawyer and Client.
DR 5-105 [1200.24] Conflict of Interest; Simultaneous Representation.
DR 5-108 [1200.27] Conflict of Interest - Former Client.

CANON 6. A Lawyer Should Represent a Client Competently

CANON 7. A Lawyer Should Represent a Client Zealously Within the Bounds of the Law

DR 7-102 [1200.33] Representing a Client Within the Bounds of the Law.
DR 7-110 [1200.41] Contact with Officials.
DR 8-101 [1200.42] Action as a Public Official.
DR 8-103 [1200.44] Lawyer Candidate for Judicial Office.
A. A lawyer who is a candidate for judicial office shall comply with section 100.5 of the Chief Administrator's Rules Governing Judicial
Conduct (22 NYCRR) and Canon 5 of the Code of Judicial Conduct.
CANON 9. A Lawyer Should Avoid Even the Appearance of Professional Impropriety
DR 9-101 [1200.45] Avoiding Even the Appearance of Impropriety.

Sellers v. Dist. Ct., 119 Nev. 256, 71 P.3d 495 (2003).

Pro Se Plaintiff Investigative Blogger Crystal L. Cox's Ex - Attorney Marc Randazza violated her lawful rights to due process, subjected her to criminal endangerment, bypassed First Amendment Adjudication in seizing massing blog posts and domain names, sued his ex-client in a SLAPP Lawsuit to intimidate her into silence and is guilty of malpractice.

**Defendant Marc J. Randazza has violated the Nevada Rules of Professional Conduct and the Constitutional Rights of Plaintiff Crystal L. Cox.**

Defendant Marc J. Randazza of Randazza Legal Group Violated Nevada Rules of Professional Conduct Rule 1.3 1.4 as records show my, Plaintiff Crystal L. Cox's Attorney Marc Randazza negotiated a possible deal and did not "Promptly inform the client", did not communicate promptly or at all, did not Consult with the client about any relevant limitation on the lawyer's conduct, did not inform client whether the lawyer maintains professional liability insurance, and if the lawyer maintains a policy, the name and address of the carrier, did not "explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation", and did not Keep the client reasonably informed about the status of the matter.

Defendant Marc J. Randazza of Randazza Legal Group Violated Nevada Rules of Professional Conduct Rule 1.3.

Rule 1.3.
   Rule 1.4.   Communication.
   (a) A lawyer shall:
      (1) **Promptly inform the client of any decision or circumstance** with respect to which the client's informed consent is required by these Rules;
      (2) Reasonably consult with the client about the means by which the client's objectives are to be accomplished;
      (3) **Keep the client reasonably informed about the status of the matter;**
      (4) Promptly comply with reasonable requests for information; and
      (5) **Consult with the client about any relevant** limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.
   (b) **A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.**
   (c) Lawyer's Biographical Data Form.   Each lawyer or law firm shall have available in written form to be provided upon request of the State Bar or a client or prospective client a factual statement detailing the background, training and experience of each lawyer or law firm.
      (1) The form shall be known as the "Lawyer's Biographical Data Form" and shall contain the following fields of information:
         (i) Full name and business address of the lawyer.

(ii)  Date and jurisdiction of initial admission to practice.

(iii)  Date and jurisdiction of each subsequent admission to practice.

(iv)  Name of law school and year of graduation.

(v)  The areas of specialization in which the lawyer is entitled to hold himself or herself out as a specialist under the provisions of Rule 7.4.

(vi)  Any and all disciplinary sanctions imposed by any jurisdiction and/or court, whether or not the lawyer is licensed to practice law in that jurisdiction and/or court. For purposes of this Rule, disciplinary sanctions include all private reprimands imposed after March 1, 2007, and any and all public discipline imposed, regardless of the date of the imposition.

(vii)  **If the lawyer is engaged in the private practice of law, whether the lawyer maintains professional liability insurance, and if the lawyer maintains a policy, the name and address of the carrier.**

(2)  Upon request, each lawyer or law firm shall provide the following additional information detailing the background, training and experience of each lawyer or law firm, including but not limited to:

(i)  Names and dates of any legal articles or treatises published by the lawyer, and the name of the publication in which they were published.

(ii)  A good faith estimate of the number of jury trials tried to a verdict by the lawyer to the present date, identifying the court or courts.

(iii)  A good faith estimate of the number of court (bench) trials tried to a judgment by the lawyer to the present date, identifying the court or courts.

(iv)  A good faith estimate of the number of administrative hearings tried to a conclusion by the lawyer, identifying the administrative agency or agencies.

(v)  A good faith estimate of the number of appellate cases argued to a court of appeals or a supreme court, in which the lawyer was responsible for writing the brief or orally arguing the case, identifying the court or courts.

(vi)  The professional activities of the lawyer consisting of teaching or lecturing.

(vii)  The names of any volunteer or charitable organizations to which the lawyer belongs, which the lawyer desires to publish.

(viii)  A description of bar activities such as elective or assigned committee positions in a recognized bar organization.

(3)  A lawyer or law firm that advertises or promotes services by written communication not involving solicitation as prohibited by Rule 7.3 shall enclose with each such written communication the information described in paragraph (c)(1)(i) through (v) of this Rule.

(4)  A copy of all information provided pursuant to this Rule shall be retained by the lawyer or law firm for a period of 3 years after last regular use of the information.

  [Added; effective May 1, 2006; as amended; effective November 21, 2008.]

**<u>Defendant Marc J. Randazza has violated the Nevada Rules of Professional Conduct
and the Constitutional Rights of Plaintiff Crystal L. Cox.</u>**

**Defendant Marc J. Randazza has violated the Nevada Rules of Professional Conduct**
Rule 1.5 (formerly Supreme Court Rule 155) is the same as ABA Model Rule 1.5 with two
exceptions. First, unlike the Model Rule, paragraph (c) of the Nevada Rule is divided into
subparagraphs. The provisions in subparagraphs (4) and (5) are specific to the Nevada Rule;
there is no Model Rule counterpart to those provisions. Second, subparagraph (1) of paragraph
(e) of the Model Rule has not been adopted. This subparagraph is reserved to maintain
consistency with the Model Rules format. Compare Model Rules of Prof'l Conduct R. 1.5(e)(1)
(2004) ("the division is in proportion to the services performed by each lawyer or each lawyer
assumes joint responsibility for the representation").

**Defendant Marc J. Randazza did not keep Confidential, information, strategy, and other
confidential information of his client Plaintiff Crystal L. Cox.**

Rule  1.6.    **Confidentiality of Information.**

(a)  A lawyer shall not reveal information relating to representation of a client unless the client
gives informed consent, the disclosure is impliedly authorized in order to carry out the
representation, or the disclosure is permitted by paragraphs (b) and (c).

(b)  A lawyer may reveal information relating to the representation of a client to the extent the
lawyer reasonably believes necessary:

(1)  To **prevent reasonably certain death or substantial bodily harm**;

(2)  To prevent the client from committing a criminal or fraudulent act in furtherance of
which the client has used or is using the lawyer's services, but the lawyer shall, where
practicable, first make reasonable effort to persuade the client to take suitable action;

(3)  To prevent, mitigate, or rectify the consequences of a client's criminal or fraudulent
act in the commission of which the lawyer's services have been or are being used, but the
lawyer shall, where practicable, first make reasonable effort to persuade the client to take
corrective action;

(4)  To secure legal advice about the lawyer's compliance with these Rules;

(5)  To establish a claim or defense on behalf of the lawyer in a controversy between the
lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer
based upon conduct in which the client was involved, or to respond to allegations in any
proceeding concerning the lawyer's representation of the client; or

(6)  To comply with other law or a court order.

(c)  A lawyer shall reveal information relating to the representation of a client to the extent the
lawyer reasonably believes necessary to prevent a criminal act that the lawyer believes is likely
to result in reasonably certain death or substantial bodily harm.

[Added; effective May 1, 2006.]

**Defendant Marc J. Randazza has violated the Nevada Rules of Professional Conduct**
Rule 1.6 (formerly Supreme Court Rule 156) is the same as ABA Model Rule 1.6 with three exceptions. First, paragraph (b)(2) addresses the same subject matter as paragraph (b)(2) of the Model Rule, but the language is Nevada specific and is based on former Supreme Court Rule 156(3)(a). Second, paragraph (b)(3) addresses the same subject matter as paragraph (b)(3) of the Model Rule, but the language is Nevada specific and is the same as former Supreme Court Rule 156(3)(a), with the addition of the word "mitigate." Third, paragraph (c) is Nevada specific and mandates disclosure under circumstances covered by paragraph (b)(1) when a criminal act is involved.

**Defendant Marc J. Randazza did not disclose conflicts of interest to his client Plaintiff Crystal L. Cox.**

   Rule  1.7.   Conflict of Interest: Current Clients.
   (a)  Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
      (1)  The representation of one client will be directly adverse to another client; or
      (2)  There is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
   (b)  Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
      (1)  The lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
      (2)  The representation is not prohibited by law;
      (3)  The representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
      (4)  Each affected client gives informed consent, confirmed in writing.
   [Added; effective May 1, 2006.]


**Defendant Marc J. Randazza has violated the Nevada Rules of Professional Conduct**
Rule  1.8.   Conflict of Interest: Current Clients: Specific Rules.
   (a)  A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:
      (1)  The transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client;

(2)  The client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and

(3)  The client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

(b)  A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, except as permitted or required by these Rules.

(c)  A lawyer shall not solicit any substantial gift from a client, including a testamentary gift, or prepare on behalf of a client an instrument giving the lawyer or a person related to the lawyer any substantial gift unless the lawyer or other recipient of the gift is related to the client. For purposes of this paragraph, related persons include a spouse, child, grandchild, parent, grandparent or other relative or individual with whom the lawyer or the client maintains a close, familial relationship.

(d)  Prior to the conclusion of representation of a client, a lawyer shall not make or negotiate an agreement giving the lawyer literary or media rights to a portrayal or account based in substantial part on information relating to the representation.

(e)  A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that:

(1)  A lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter; and

(2)  A lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client.

(f)  A lawyer shall not accept compensation for representing a client from one other than the client unless:

(1)  The client gives informed consent;

(2)  There is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship; and

(3)  Information relating to representation of a client is protected as required by Rule 1.6.

(g)  A lawyer who represents two or more clients shall not participate in making an aggregate settlement of the claims of or against the clients, or in a criminal case an aggregated agreement as to guilty or nolo contendere pleas, unless each client gives informed consent, in a writing signed by the client. The lawyer's disclosure shall include the existence and nature of all the claims or pleas involved and of the participation of each person in the settlement.

(h)  A lawyer shall not:

(1)  Make an agreement prospectively limiting the lawyer's liability to a client for malpractice unless the client is independently represented in making the agreement; or

(2)  Settle a claim or potential claim for such liability with an unrepresented client or former client unless that person is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel in connection therewith.

(i)  A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer may:

      (1)  Acquire a lien authorized by law to secure the lawyer's fee or expenses; and

      (2)  Contract with a client for a reasonable contingent fee in a civil case.

(j)  A lawyer shall not have sexual relations with a client unless a consensual sexual relationship existed between them when the client-lawyer relationship commenced. This paragraph does not apply when the client is an organization.

(k)  A lawyer related to another lawyer as parent, child, sibling or spouse shall not represent a client in a representation directly adverse to a person whom the lawyer knows is represented by the other lawyer except upon informed consent by the client after consultation regarding the relationship.

(l)  A lawyer shall not stand as security for costs or as surety on any appearance, appeal, or other bond or surety in any case in which the lawyer is counsel.

(m)  While lawyers are associated in a firm, a prohibition in the foregoing paragraphs, with the exception of paragraph (j), that applies to any one of them shall apply to all of them.

[Added; effective May 1, 2006.]


**Defendant Marc J. Randazza has violated the Nevada Rules of Professional Conduct**
Rule  1.9.    Duties to Former Clients.


(a)  **A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter** in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.


(b)  A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:

      (1)  **Whose interests are materially adverse to that person;** and

      (2)  About whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter;

      (3)  Unless the former client gives informed consent, confirmed in writing.

(c)  A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

      (1)  Use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or

      (2)  Reveal information relating to the representation except as these Rules would permit or require with respect to a client.

[Added; effective May 1, 2006.]

**Defendant Marc J. Randazza has violated the Nevada Rules of Professional Conduct**
Rule  1.10.    Imputation of Conflicts of Interest.

(a)  While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.9, or 2.2, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

(b)  When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm unless:

(1)  The matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and

(2)  Any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(c) that is material to the matter.

(c)  A disqualification prescribed by this Rule may be waived by the affected client under the conditions stated in Rule 1.7.

(d)  Reserved.

(e)  When a lawyer becomes associated with a firm, no lawyer associated in the firm shall knowingly represent a person in a matter in which that lawyer is disqualified under Rule 1.9 unless:

(1)  The personally disqualified lawyer did not have a substantial role in or primary responsibility for the matter that causes the disqualification under Rule 1.9;

(2)  The personally disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and

(3)  Written notice is promptly given to any affected former client to enable it to ascertain compliance with the provisions of this Rule.

[Added; effective May 1, 2006.]


**Defendant Marc J. Randazza has violated the Nevada Rules of Professional Conduct**
Rule  1.16.    Declining or Terminating Representation.

(a)  Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(1)  The representation will result in violation of the Rules of Professional Conduct or other law;

(2)  The lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or

(3)  The lawyer is discharged.

(b)  Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:

(1)  Withdrawal can be accomplished without material adverse effect on the interests of the client;

(2)  The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(3)  The client has used the lawyer's services to perpetrate a crime or fraud;

(4)  A client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement;

(5)  The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6)  The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7)  Other good cause for withdrawal exists.

(c)  A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(d)  Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[Added; effective May 1, 2006.]

**Defendant Marc J. Randazza has violated the Nevada Rules of Professional Conduct**
Rule  1.18.    Duties to Prospective Client.

(a)  A person who discusses with a lawyer the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.

(b)  Even when no client-lawyer relationship ensues, a lawyer who has had discussions with a prospective client shall not use or reveal information learned in the consultation, except as Rule 1.9 would permit with respect to information of a former client.

(c)  A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter, except as provided in paragraph (d). If a lawyer is disqualified from representation under this paragraph, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter, except as provided in paragraph (d).

(d)  When the lawyer has received disqualifying information as defined in paragraph (c), representation is permissible if:

(1)  Both the affected client and the prospective client have given informed consent, confirmed in writing, or:

(2)  The lawyer who received the information took reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent the prospective client; and

(i)   The disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and

(ii)   Written notice is promptly given to the prospective client.

(e)   A person who communicates information to a lawyer without any reasonable expectation that the lawyer is willing to discuss the possibility of forming a client-lawyer relationship, or for purposes which do not include a good faith intention to retain the lawyer in the subject matter of the consultation, is not a "prospective client" within the meaning of this Rule.

(f)   A lawyer may condition conversations with a prospective client on the person's informed consent that no information disclosed during the consultation will prohibit the lawyer from representing a different client in the matter. If the agreement expressly so provides, the prospective client may also consent to the lawyer's subsequent use of information received from the prospective client.

(g)   Whenever a prospective client shall request information regarding a lawyer or law firm for the purpose of making a decision regarding employment of the lawyer or law firm:

(1)   The lawyer or law firm shall promptly furnish (by mail if requested) the written information described in Rule 1.4(c).

(2)   The lawyer or law firm may furnish such additional factual information regarding the lawyer or law firm deemed valuable to assist the client.

(3)   If the information furnished to the client includes a fee contract, the top of each page of the contract shall be marked "SAMPLE" in red ink in a type size one size larger than the largest type used in the contract and the words "DO NOT SIGN" shall appear on the client signature line.

[Added; effective May 1, 2006; as amended; effective September 1, 2007.]

**Defendant Marc J. Randazza has violated the Nevada Rules of Professional Conduct,**
COUNSELOR, Rule 2.1.   Advisor.   In representing a client, a lawyer shall exercise independent professional judgment and render candid advice. In rendering advice, a lawyer may refer not only to law but to other considerations such as moral, economic, social and political factors, that may be relevant to the client's situation.

[Added; effective May 1, 2006.]

**Defendant Marc J. Randazza has violated the Nevada Rules of Professional Conduct,**
Rule 3.2 (formerly Supreme Court Rule 171) is the same as ABA Model Rule 3.2 with the exception of paragraph (b). Paragraph (b) is a Nevada-specific provision with no Model Rule counterpart.

Rule 3.3.   Candor Toward the Tribunal.

(a) A **lawyer shall not knowingly:**

(1) **Make a false statement of fact or law** to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;

(2) F**ail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position** of the client and not disclosed by opposing counsel; or

(3) Offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.

(b) A lawyer who represents a client in an **adjudicative proceeding** and who knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.

(c) The duties stated in paragraphs (a) and (b) continue to the conclusion of the proceeding, and apply even if compliance requires disclosure of information otherwise protected by Rule 1.6.

(d) In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.

[Added; effective May 1, 2006.]


**Defendant Marc J. Randazza has violated the Nevada Rules of Professional Conduct,**

Rule 3.4.   Fairness to Opposing Party and Counsel.   A lawyer shall not:

(a) **Unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value**. A lawyer shall not counsel or assist another person to do any such act;

(b) Falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law;

(c) Knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;

(d) In pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party;

(e) In trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused; or

(f) Request a person other than a client to refrain from voluntarily giving relevant information to another party unless:

(1)  The person is a relative or an employee or other agent of a client; and

(2)  The lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information.

[Added; effective May 1, 2006.]


**Defendant Marc J. Randazza has violated the Nevada Rules of Professional Conduct,**

Rule  4.1.    Truthfulness in Statements to Others.    In the course of representing a client a lawyer shall not knowingly:

(a)  Make a false statement of material fact or law to a third person; or

(b)  Fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6.

[Added; effective May 1, 2006.]


**Defendant Marc J. Randazza has violated the Nevada Rules of Professional Conduct,**

Rule 4.1 (formerly Supreme Court Rule 181) is the same as ABA Model Rule 4.1.

Rule  4.2.    Communication With Person Represented by Counsel.    In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

[Added; effective May 1, 2006.]


**Defendant Marc J. Randazza has violated the Nevada Rules of Professional Conduct,**

Rule  4.4.    Respect for **Rights of Third Persons.**

(a)  In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.

(b)  A lawyer who receives a document relatin


**Defendant Marc J. Randazza has violated the Nevada Rules of Professional Conduct,**

Rule  5.1.    Responsibilities of Partners, Managers, and Supervisory Lawyers.

(a)  A partner in a law firm, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm, shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that all lawyers in the firm conform to the Rules of Professional Conduct.

(b)  A lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct.

(c)  A lawyer shall be responsible for another lawyer's violation of the Rules of Professional Conduct if:

(1)  The lawyer orders or, with knowledge of the specific conduct, ratifies the conduct involved; or

(2)  The lawyer is a partner or has comparable managerial authority in the law firm in which the other lawyer practices, or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.

[Added; effective May 1, 2006.]

Defendant Marc J. Randazza of Randazza Legal Group Violated Nevada Rules of Professional Conduct Rule 7.1, as Defendant Marc J. Randazza falsely advertises as a Friend of domainers, an intellectual property rights attorney, a free speech attorney and that he is firmly against SLAPP Suite. Yet Randazza v. Cox proves that Marc Randazza is Guilt of False Advertising.

Rule  7.1.   Communications Concerning a Lawyer's Services.    A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it:

(a)  Contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading;

(b)  Is likely to create an unjustified or unreasonable expectation about results the lawyer can or has achieved, which shall be considered inherently misleading for the purposes of this Rule, or states or implies that the lawyer can achieve results by means that violate the Rules of Professional Conduct or other law;

(c)  Compares the lawyer's services with other lawyers' services, unless the comparison can be factually substantiated; or

(d)  Contains a testimonial or endorsement which violates any portion of this Rule.

[Added; effective May 1, 2006; as amended; effective September 1, 2007.]

MODEL RULE COMPARISON—2007

  Rule 7.1 (formerly Supreme Court Rule 195) is the same as ABA Model Rule 7.1 except that paragraphs (b) through (d) are Nevada specific and have no counterpart in the Model Rule. The 2007 amendments changed language in paragraphs (b) and (d) only.

  Rule  7.2.   Advertising.

  (a)  Subject to the requirements of Rule 7.1, a lawyer may advertise services through the public media, such as a telephone directory, legal directory, newspaper or other periodical, billboards and other signs, radio, television and recorded messages the public may access by dialing a telephone number, or through written or electronic communication not involving solicitation as prohibited by Rule 7.3.

These Rules shall not apply to any advertisement broadcast or disseminated in another jurisdiction in which the advertising lawyer is admitted if such advertisement complies with the rules governing lawyer advertising in that jurisdiction and the advertisement is not intended primarily for broadcast or dissemination within the State of Nevada.

(b) **Advertisements on the electronic media such as the Internet, television and radio may contain the same factual information and illustrations** as permitted in advertisements in the print media. If a person appears as a lawyer in an advertisement for legal services, or under such circumstances as may give the impression that the person is a lawyer, such person must be a member of the State Bar of Nevada, admitted to practice and in good standing before the Supreme Court of Nevada, and must be the lawyer who will actually perform the service advertised or a lawyer associated with the law firm that is advertising. If a person appears in an advertisement as an employee of a lawyer or law firm, such person must be an actual employee of the lawyer or law firm whose services are advertised unless the advertisement discloses that such person is an actor. If an actor appears in any other role not prohibited by these Rules, the advertisement must disclose that such person is an actor.

(c) All advertisements and written communications disseminated pursuant to these Rules shall include the name of at least one lawyer or law firm responsible for their content.

(d) Every advertisement and written communication that indicates one or more areas of law in which the lawyer or law firm practices shall conform to the requirements of Rule 7.4.

(e) Every advertisement and written communication indicating that the charging of a fee is contingent on outcome or that the fee will be a percentage of the recovery shall contain the following disclaimer: "You may have to pay the opposing party's attorney fees and costs in the event of a loss."

(f) A lawyer who advertises a specific fee or range of fees shall include all possible terms and fees, and the duration said fees are in effect. Such disclosures shall be presented with equal prominence. For advertisements in the yellow pages of telephone directories or other media not published more frequently than annually, the advertised fee or range of fees shall be honored for no less than one year following publication.

(g) A lawyer may make statements describing or characterizing the quality of the lawyer's services in advertisements and written communications. However, such statements are subject to proof of verification, to be provided at the request of the state bar or a client or prospective client.

(h) The following information in advertisements and written communications shall be presumed not to violate the provisions of Rule 7.1:

(1)  Subject to the requirements of this Rule and Rule 7.5, the name of the lawyer or law firm, a listing of lawyers associated with the firm, office addresses and telephone numbers, office and telephone service hours, and a designation such as "attorney" or "law firm."

(2)  Date of admission to the State Bar of Nevada and any other bars and a listing of federal courts and jurisdictions other than Nevada where the lawyer is licensed to practice.

(3)  Technical and professional licenses granted by the state or other recognized licensing authorities.

(4)  Foreign language ability.

(5)  Fields of law in which the lawyer is certified or designated, subject to the requirements of Rule 7.4.

(6)  Prepaid or group legal service plans in which the lawyer participates.

(7)  Acceptance of credit cards.

(8)  Fee for initial consultation and fee schedule, subject to the requirements of paragraphs (e) and (f) of this Rule.

(9)  A listing of the name and geographic location of a lawyer or law firm as a sponsor of a public service announcement or charitable, civic or community program or event.

(i)  Nothing in this Rule prohibits a lawyer or law firm from permitting the inclusion in law lists and law directories intended primarily for the use of the legal profession of such information as has traditionally been included in these publications.

(j)  A copy or recording of an advertisement or written or recorded communication shall be submitted to the State Bar in accordance with Rule 7.2A and shall be retained by the lawyer or law firm which advertises for 4 years after its last dissemination along with a record of when and where it was used.

(k)  A lawyer shall not give anything of value to a person for recommending the lawyer's services, except that a lawyer may pay the reasonable cost of advertising or written or recorded communication permitted by these Rules and may pay the usual charges of a lawyer referral service or other legal service organization.

[Added; effective May 1, 2006; as amended; effective September 1, 2007.]

**Defendant Marc J. Randazza has violated the Nevada Rules of Professional Conduct,**
Rule  7.4.    Communication of Fields of Practice and Specialization.

(a)  A lawyer may communicate that the lawyer is a specialist or expert or that he or she
practices in particular fields of law, provided the lawyer complies with this Rule. Nothing in this
Rule shall be construed to prohibit communication of fields of practice unless the
communication is **false or misleading**.

(b)  Patent law.    A lawyer admitted to engage in patent practice before the United States
Patent and Trademark Office may use the designation "Patent Attorney" or a substantially similar
designation.

(c)  Admiralty law.    A lawyer engaged in admiralty practice may use the designation
"Admiralty," "Proctor in Admiralty" or a substantially similar designation.

(d)  Specialist or expert.    In addition to the designations permitted by paragraphs (b) and (c)
of this Rule, a lawyer may communicate that he or she is a specialist or expert in a particular
field of law if the lawyer complies with the provisions of this paragraph.

(1)  Certification.    The lawyer must be certified as a specialist or expert by an
organization that has been approved under Rule 7.4A.

(2)  Practice hours; CLE; liability coverage; reporting.    The lawyer must meet the
following requirements for practice hours devoted to each field of specialization, continuing legal
education in each field of specialization, and professional liability coverage:

(i)  The lawyer shall have devoted at least one-third of his or her practice to each
designated field of specialization for each of the preceding 2 calendar years.

(ii)  The lawyer shall have completed 10 hours of accredited continuing legal
education in each designated field of specialization of practice during the preceding calendar
year. The carry-forward and exemption provisions of Supreme Court Rules 210 and 214 do not
apply. In reporting under subparagraph (iv), the lawyer shall identify the specific courses and
hours that apply to each designated field of specialization.

(iii)  The lawyer **shall carry a minimum of $500,000 in professional liability
insurance**, with the exception of lawyers who practice exclusively in public law. The lawyer shall
provide proof of liability coverage to the state bar as part of the reporting requirement under
subparagraph (iv).

(iv)  The lawyer shall submit written confirmation annually to the state bar and board
of continuing legal education demonstrating that the lawyer has complied with these
requirements. The report shall be public information.

(3)  Registration with state bar.    The lawyer must file a registration of specialty, along
with a $250 fee, with the executive director of the state bar on a form supplied by the state bar.
The form shall include attestation of compliance with paragraph (d)(2) for each specialty
registered.

(i)  Annual renewal.    A lawyer registered under this Rule must renew the registration annually by completing a renewal form provided by the state bar, paying a $250 renewal fee, and providing current information as required under paragraph (d)(2) for each specialty registered. The lawyer must submit the renewal form to the executive director of the state bar on or before the anniversary date of the initial filing of the registration of specialty with the state bar.

(ii)  Registration of multiple specialties.    A lawyer may include more than one specialty on the initial registration or include additional specialties with the annual renewal without additional charge. Additional specialties added at any other time will be assessed a one-time $50 processing fee.

(4)  Revocation and reinstatement.    The board of governors shall establish rules and procedures governing administrative revocation and reinstatement of the right to communicate a specialty for failure to pay the fees set forth in paragraph (d)(3), including reasonable processing fees for late payment and reinstatement.

(5)  Advertising.    A lawyer certified as a specialist under this Rule may advertise the certification during such time as the lawyer's certification and the state bar's approval of the certifying organization are both in effect. Advertising by a lawyer regarding the lawyer's certification under this Rule shall comply with Rules 7.1 and 7.2 and shall clearly identify the name of the certifying organization.

(e)  Temporary exemption from CLE requirements.    The board of governors or its designee may grant a member's request for temporary exemption from completion of the specific continuing legal education requirements imposed by this Rule for exceptional, extreme, and undue hardship unique to the member.

(f)  Extension to complete CLE requirements.    If a lawyer is unable to complete the hours of accredited continuing legal education during the preceding calendar year as required by this Rule, the lawyer may apply to the board of continuing legal education for an extension of time in which to complete the hours. For good cause the board may extend the time not more than 6 months.

(g)  Records.    A lawyer who communicates a specialty pursuant to this Rule shall keep time records to demonstrate compliance with paragraph (d)(2). Such records shall be available to the State Bar of Nevada and the board of continuing legal education on request.

(h)  Guidelines.    The board of governors of the state bar shall be authorized to formulate and publish a set of guidelines to aid members of the state bar in complying with the requirements of this Rule.

(i)  Law lists and legal directories.    This Rule does not apply to listings placed by a lawyer or law firm in reputable law lists and legal directories that are primarily addressed to lawyers.

[Added; effective May 1, 2006; as amended; effective September 1, 2007.]

**Defendant Marc J. Randazza has violated the Nevada Rules of Professional Conduct,**
Rule 8.3.    Reporting Professional Misconduct.

(a)  A lawyer who knows that another lawyer has committed a violation of the Rules of
Professional Conduct that raises a substantial question as to that lawyer's honesty,
trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate professional
authority.

(b)  A lawyer who knows that a judge has committed a violation of applicable rules of judicial
conduct that raises a substantial question as to the judge's fitness for office shall inform the
appropriate authority.

(c)  This Rule does not require disclosure of information otherwise protected by Rule 1.6 or
information gained by a lawyer or judge while participating in an approved lawyers assistance
program, including but not limited to the Lawyers Concerned for Lawyers program established
by Supreme Court Rule 106.5.

[Added; effective May 1, 2006.]

**Defendant Marc J. Randazza has violated the Nevada Rules of Professional Conduct,**
Rule 8.4.    Misconduct.    It is professional misconduct for a lawyer to:

(a)  Violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce
another to do so, or do so through the acts of another;

(b)  Commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or
fitness as a lawyer in other respects;

(c)  Engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d)  Engage in conduct that is prejudicial to the administration of justice;

(e)  State or imply an ability to influence improperly a government agency or official or to
achieve results by means that violate the Rules of Professional Conduct or other law; or

(f)  Knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules
of judicial conduct or other law.

[Added; effective May 1, 2006.]

**Plaintiff Defendant Marc J. Randazza of Randazza Legal Group set out to
Sabotage Plaintiff Crystal L. Cox from the Very First Conversation.**

It is clear now that Plaintiff Defendant Marc J. Randazza of Randazza Legal Group set out to
STOP Plaintiff, Plaintiff Investigative Blogger Crystal L. Cox from her APPEAL going to the Ninth
Circuit.  It is clear that Defendant Marc J. Randazza of Randazza Legal Group and
Co-Conspirators and Defendants will do whatever it takes to STOP the Appeal of Pro Se Plaintiff
Investigative Blogger Crystal L. Cox and remove investigative blogs exposing his and his
Co-Conspirators and Defendants.

Now, over a year after that first conference call and Marc Randazza negotiating with Opposing
Counsel David Aman, allegedly on behalf, Marc Randazza and Co-Conspirators and Defendants
continues to do everything they can to STOP my Ninth Circuit Appeal of Obsidian Finance Group
V. Crystal Cox and to removed blogs, content, domain names from the Internet Search that
Expose Marc Randazza, Randazza Legal Group, Jordan Rushie, Greenberg Traurig and Ronald
D. Green's clients for infringing on the iViewit Technology, whereby Eliot Bernstein is the founder
of iViewit and one of the  iViewit Technology Inventors. Marc Randazza and Co-Conspirators and
Defendants have tried to SEIZE / SELL Pro Se Plaintiff Investigative Blogger Crystal L. Cox right
to appeal Obsidian Finance Group V. Crystal Cox  at a Sheriff's Sale in Multnomah County
Oregon.

Marc Randazza and Co-Conspirators and Defendants have got unlawful unconstitutional court
orders to SEIZE massive Domain Names of Pro Se Plaintiff Investigative Blogger Crystal L. Cox
and Eliot Bernstein. Marc Randazza and Co-Conspirators and Defendants have removed
massive links, blogs and domain names from the Internet via a Preliminary Injunction that has
caused irreparable harm to the intellectual property, online content, domain names, civil rights,
property rights, and quality of life of Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot
Bernstein.

Eliot Bernstein is also a named defendant on the Docket of Oregon Civil Case #:
3:11-cv-00057-HZ, brought in by Tonkon Torp Law Firm, David S. Aman and Steven Wilker.
Tonkon Torp Law Firm represented Enron, Intel, and is in Conspiracy with Skadden, Arps, Slate,
Meagher & Flom LLP's Judith Kaye. All are involved in the iViewit Technology theft, SEC
Complaint, RICO Complaint, and ongoing Federal Investigations and lawsuits related to the theft
of the iViewit Technology, whereby Eliot Bernstein is the founder of iViewit and one of the iViewit
Technology Inventors and to all are involved in the ongoing technology infringement of the  iViewit
Technology.

**Defendant / Alleged Co-Conspirator Judge Gloria Navarro is alleged by Pro Se Plaintiff Crystal L. Cox to be acting in criminal and civil conspiracy with Defendant Marc J. Randazza and ALL Connected Co-Conspirators and Defendants in direct harm to Pro Se Plaintiff Crystal L. Cox.**

Defendant / Alleged Co-Conspirator Judge Gloria Navarro has issued an ORDER, to NOT Disqualify herself in rulings regarding Pro Se Plaintiff Crystal L. Cox, even though Defendant / Alleged Co-Conspirator Judge Gloria Navarro has not admitted or denied a conflict of interest in the legal matters and has seemed to aid and abet Defendants Randazza Legal Group, Marc J. Randazza, and Ronald D. Green in other cases where Defendant / Alleged Co-Conspirator Judge Gloria Navarro has ruled allegedly unlawful and unconstitutional against defendants in those cases and at great financial gain to Plaintiff and Plaintiff's attorney in those cases, in order to favor Defendants Randazza Legal Group, Marc J. Randazza, and Ronald D. Green. Cases such as and not limited to "ViaView, Inc. v. Chanson et al", "Randazza V. Cox", "Liberty Media Holdings LLC v. FF Magnat Limited",  and The Righthaven Lawsuits.

Defendant / Alleged Co-Conspirator Judge Gloria Navarro has refused to answer the question of what law states that a Judge can rule on Disqualifying, Removing, Reclusing themselves.

Defendant / Alleged Co-Conspirator Judge Gloria Navarro has Denied, Banned Pro Se Plaintiff Crystal L. Cox from filing Counterclaims in her court against Defendants / Alleged Co-Conspirators.

Upon my Knowledge and Belief Defendant / Alleged Co-Conspirator Judge Gloria Navarro has violated my lawful rights, violated my constitutional rights, put my life in danger, put my business in danger, denied me rights to due process and has continually favored Las Vegas Law Firm Defendant Randazza Legal Group, Defendant Ronald D. Green Defendant, Attorney Marc J. Randazza.

Upon my Knowledge and Belief Defendant / Alleged Co-Conspirator Judge Gloria Navarro has a pattern and history of favoring this particular Law Firm, Such as in the Righthaven Case where she froze bank accounts so that Defendant Marc Randazza could get PAID, and in the ViaView case, Defendant / Alleged Co-Conspirator Judge Gloria Navarro also issued Preliminary Injunctions favoring Randazza Legal Group, against, me, Pro Se Plaintiff Crystal Cox which enabled Defendant Marc Randazza to delete thousands of links from my blogs, remove my blogs, steal my domain names and redirect domain name servers and thereby RUIN my life's work, wipe out my online media, destroy my intellectual property and cause me, Pro Se Plaintiff Crystal Cox irreparable harm, damage and future damage.

Upon my Knowledge and Belief Defendant / Alleged Co-Conspirator Judge Gloria Navarro has acted in such a way that is in conspiracy with Defendants and what seems to be in violation of the constitutional rights of Randazza Legal Group's targets, victims, especially Pro Se Plaintiff Crystal Cox, me.

Upon my Knowledge and Belief Defendant / Alleged Co-Conspirator Judge Gloria Navarro has worked with Plaintiff and Attorney Defendant Ronald Green Before, and seems to have a pattern and history of giving them what they want, especially unconstitutional Preliminary Injunctions. Upon my Knowledge and Belief  Defendant / Alleged Co-Conspirator Judge Gloria Navarro has worked with Ronald Green on issues with the City of Las Vegas, and has connection to Governor Santos which present undisclosed conflicts of interest in this case.

Defendant / Alleged Co-Conspirator Judge Gloria Navarro has denied the rights of due process and constitutional rights of Pro Se Plaintiff Crystal L. Cox in alleged conspiracy with Defendants / Co-Conspirators of this complaint.

**Defendant Ronald D. Green left a large law firm, Defendant Greenberg Traurig LLP, around July of 2012, in direct effort to Sabotage the online Media of Plaintiff, Investigative Blogger Crystal Cox who was reporting on the biggest Technology Theft in the World, the iViewIt Technology Theft. Of which Greenberg Traurig LLP is a named Defendant and has at Trillion Dollar Liability, as does the current clients of Defendant Ronald D. Green, alleged Co-Conspirator Defendant John C. Malone and Defendant Liberty Media Holdings and all media companies owned by Liberty Media in which infringe on the iViewit Video Technology.**

Defendant Greenberg Traurig LLP is named in the iViewit SEC Complaint, iViewit RICO Complaint and massive legal action relating to the iViewit Technology Theft. Defendant Ronald D. Green was at Defendant Greenberg Traurig LLP and knows full well of the massive, undisclosed liability that Defendant Greenberg Traurig LLP has in regard to Eliot Bernstein and the iViewit Technology Company.  This is a massive Conflict and Randazza Legal Group, Defendant Ronald D. Green should NOT be representing his boss, Plaintiff Marc Randazza in this matter.

Defendant Ronald D. Green, left Defendant Greenberg Traurig LLP for Defendant Randazza Legal Group, to intentionally, deliberately be in a position to sabotage Eliot Bernstein and the Investigative Blogger reporting on the iViewit Technology Story, Plaintiff Crystal L. Cox.

Upon my Knowledge and Belief, Defendant Ronald D. Green, formerly with Defendant Greenberg Traurig LLP was sent to work at Randazza Legal Group by Defendant Greenberg Traurig LLP in order to sabotage Eliot Bernstein, by way of removing the blogs and online media of Plaintiff Crystal L. Cox .

Defendant Greenberg Traurig LLP filed legal action against the estate of Eliot Bernstein's father in September of 2012, just after Defendant Ronald D. Green left Defendant Greenberg Traurig LLP to work with Randazza Legal Group, and a few months before Defendant Ronald D. Green sued Eliot Bernstein and Crystal Cox in order to remove their online platforms reporting on the iViewit Technology Theft.

# 13th Cause of Action Retraction Laws

Plaintiff Crystal L. Cox re-alleges and fully incorporates the preceding paragraphs.

**Pro Se Plaintiff Crystal L. Cox  Specifically Invokes Nevada Retraction Laws, NRS §41.336(2). NRS §41.337. and ALL Nevada Retraction Laws in her Defense and as Reason to RULE in Favor of Plaintiff Investigative Blogger Crystal L. Cox in a Summary Judgement Immediately.**

Defendant Marc J. Randazza gave **no "Remedy"** to Pro Se Plaintiff Crystal L. Cox or to Eliot Bernstein and thereby further violated the lawful and constitutional rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein, Founder of iViewit Technologies. And caused irreparable harm, without even asking for a retraction of any kind. this court, District of Nevada, should immediately grant judgement to Plaintiff Investigative Blogger Crystal L. Cox.

Defendant Marc J. Randazza did not ask for a retraction, nor give proof that anything Pro Se Plaintiff Crystal L. Cox posted was inaccurate or Defamatory. Defendant Marc J. Randazza simply committed fraud on the court and the court denied due process to Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein Violated the Constitutional Rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein, and acted in Criminal and Civil Conspiracy with Defendant Marc J. Randazza to do so.

Defendant Marc J. Randazza side steps the Nevada Laws and SEIZING Massive Content, Removes Blogs, Steals Intellectual Property and then brags about it on his "Legal Commentary" blog.

Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PAL is a Defamation Lawsuit, though in Defendant Marc J. Randazza's original complaint he says, Page 4 Line 20 thru 24,

"11. It is important to note that this lawsuit is not about defamation nor about Ms. Cox expressing her opinions.  Cox has every right to express her opinions.  However, she does not have the right to do so in a manner which is contrary to Title 15's mandates, nor does she have the right to do so in a manner that is harassing or invasive.  Cox posting her opinion on <crystalcox.com> is just fine. "

**Yet in Document 48** of Randazza v. Cox, where Defendant Marc J. Randazza is asking the court to violated Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein rights yet again by simply rejecting Pro Se Plaintiff Crystal L. Cox's complaint answer and counter complaint, in a Motion Called:  PLAINTIFFS' MOTION TO STRIKE Plaintiff Crystal L. Cox'S COUNTERCLAIMS AND ANSWER PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f), OR, IN THE ALTERNATIVE, MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6), Defendant Marc J. Randazza via Co-Conspirator / Defendant Ronald D. Green, Ex-Attorney for Co-Conspirator / Defendant Greenberg Traurig, is quoted as saying,

**Page 2 Line 4 Says,**
"part of her plan to further defame and harass her victims"

So now Defendant Marc J. Randazza is claiming to be a victim defamed and harassed when really Pro Se Plaintiff Crystal L. Cox is an Investigative Blogger / Online Media and those companies and individuals that Defendant Marc J. Randazza via Co-Conspirator / Defendant Ronald D. Green claims to be "victims" are really companies, ceo's, individuals, trustees, officials, businesses and people that Media Plaintiff Crystal L. Cox is **"reporting on",** not defaming and harassing. However, this does prove, yet again that Randazza v. Cox a lawsuit whereby Defendant Marc J. Randazza is claiming that Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein have defamed him and therefore he wants to Steal, SEIZE all blogs and domain names and to STRIKE all answer that oppose him or counter claims that expose Defendant Marc J. Randazza or his clients and co-conspirators.

Defendant Marc J. Randazza filed an unconstitutional SLAPP lawsuit against Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein and then accuse Pro Se Plaintiff Crystal L. Cox of using her complaint answer to defame him further?

Defendant Marc J. Randazza has used his complaint to harass Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein, defame EEe and to violate the Constitutional and Property Rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein.

Upon Knowledge and Belief of Plaintiff Crystal L. Cox, Defendant Marc J. Randazza used his gang stalking attorneys, and other "media" to highly publicize Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PAL all over the Internet and in all manner of media and "Legal Commentary" yet Defendant Marc J. Randazza failed to, at that time even attempt to serve Pro Se Plaintiff Crystal L. Cox or Eliot Bernstein with this complaint.

Upon Knowledge and Belief of Plaintiff Crystal L. Cox, Defendant Marc J. Randazza simply filed the complaint then bragged about it, publicized it and defamed defendants, made a mockery of defendants and all the while had not even notified them of the lawsuit.

I, Pro Se Plaintiff Crystal L. Cox had to contact the court to serve myself so that I could defend myself and now Co-Conspirator / Defendant Ronald D. Green Attorney for his Boss, Defendant Marc J. Randazza wants the court to simply STRIKE my Response, my Answer and my Counter Claim.

TO my, Pro Se Plaintiff Crystal L. Cox's knowledge, Eliot Bernstein has still not been served District of Nevada Case 2:12-cv-02040-GMN-PA.

Upon Knowledge and Belief, Defendant Marc J. Randazza and Alleged Co-Conspirator / Defendant Ronald D. Green wishes to take away all Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein blogs, seize the constitutional rights of Pro Se Plaintiff Crystal L. Cox and to suppress information regarding the iViewit Technology, worth 13 Trillion Dollars.

Upon Knowledge and Belief of Plaintiff Crystal L. Cox, Co-Conspirator / Defendant Ronald D. Green Attorney for his Boss, Defendant Marc J. Randazza privately met with, conspired with, Defendant Judge Gloria Navarro regarding a docket change, without the consultation of Pro Se Plaintiff Crystal L. Cox. This Nevada Court removed 100's of descriptions of Exhibits from the docket, without a word of explanation to Pro Se Plaintiff Crystal L. Cox and in conspiracy with Defendant Marc J. Randazza and Co-Conspirator / Defendant Ronald D. Green.

**Under Nevada Law, a defamation plaintiff may recover no more than special damages unless a proper retraction Request has been made on the publisher and a retraction has been refused. In order to provide that protection the retraction must be published within twenty days from receipt of the Request. NRS §41.331, et seq.**

In Nevada Law regarding retractions, generally, the person making the Request should tell you what was said, why it is defamatory, what the true facts are, and how, when, and where they want a retraction published. NRS §41.336(2). NRS §41.337.

Upon Knowledge and Belief of Plaintiff Crystal L. Cox, Defendant Marc J. Randazza was awarded way more than "Special Damages" by Defendant/ Co-Conspirator Judge Gloria Navarro. Defendant Marc J. Randazza SEIZED / Was Awarded massive blogs, domain names, and thereby removed thousands of links and blog posts in one sweep of an illegal, unethical Preliminary Injunction.

This action, this fraud on the court, and Violation of the Civil Rights, Constitutional Rights and Legal Rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein cannot be undone. These blogs and connected posts  took years to build, these domain names and connected blogs, this online media network took over $750,000 and 10 years to build, built by Pro Se Plaintiff Crystal L. Cox and her Business Partner.

Upon Knowledge and Belief, This action, this fraud on the court and Violation of the Civil Rights, Constitutional Rights and Legal Rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein not only has done damage to a massive online media network, interconnected to thousands of blogs and hundred of blog posts by Media Defendant / Pro Se Plaintiff Crystal L. Cox, but this court, District of Nevada, action has removed links, content, blogs that exposed the biggest Technology Theft in the World, the iViewit Technology, whereby Eliot Bernstein is one of the Inventors, and which is estimated to be a 13 Trillion Dollar Technology. This fraud on the court has harmed federal investigations, patent investigations, and interred with Multi-Billion Dollar Settlement Negotiations. This damage cannot be undone.

Yet this Nevada Court orders a Bond of 100 Dollars per domain name and values the life's work, livelihood, intellectual property, quality of life, of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein as 100 Dollars per domain name. And if this is not unlawful, unconstitutional, violating is not enough, in Civil and Criminal Conspiracy, Godaddy Inc., Bob Parsons does NOT lock the Domain Names, instead Godaddy moves the Domain Names to the account of Defendant Marc J. Randazza and does not LOCK the Servers, therefore thousands of incoming links NOW redirect to ONE Blog Post on Defendant Marc J. Randazza's blog, a blog post slamming, defaming, threatening, painting in false light and criminally endangering Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein.

**Defendant Marc Randazza took Plaintiff Crystal Cox's Assets without First Amendment Adjudication and without asking for a Retraction, this is a violation of law and Plaintiff Crystal Cox is due compensation.**

## 14th Cause of Action Shield Laws

Plaintiff Crystal L. Cox re-alleges and fully incorporates the preceding paragraphs.

### Pro Se Plaintiff Investigative Blogger Crystal L. Cox is a Media Defendant.

Pro Se Plaintiff Investigative Blogger Crystal L. Cox Specifically Invokes The Nevada Shield Law **NRS 49.275,** as Crystal Cox, Investigative Blogger is a Media Defendant.

Pro Se Plaintiff Investigative Blogger Crystal Cox is and has been exposing the actions, activities, ethics and business practices of Defendant Marc J. Randazza of Randazza Legal Group and the involvement of Defendant Marc J. Randazza and Co-Conspirators, Defendants named in Randazza V. Cox District of Nevada Case 2:12-cv-02040-GMN-PAL in conspiracy with Marc Randazza and Randazza legal group to suppress the iViewit Technology Story and STOP the Ninth Circuit Appeal of Plaintiff Crystal L. Cox, as well as other "activities" of Defendants.

Defendant Marc J. Randazza and Co-Conspirators, Defendants have disregarding shield laws and thereby cause Crystal Cox Media, Press, News irreparable harm, this court, District of Nevada, should grant judgement immediately to Pro Se Plaintiff Investigative Blogger Crystal Cox.

In Nevada Case 2:12-cv-02040-GMN-PAL, Defendant Marc J. Randazza claims the Investigative Blogger Pro Se Plaintiff Investigative Blogger Crystal Cox is not permitted to use the name Randazza in YouTube, on Blog Titles, on Tags, or as Keywords and that Pro Se Plaintiff Investigative Blogger Crystal Cox is not ALLOWED to compete with and beat Defendant Marc J. Randazza in the search engines. Yet Pro Se Plaintiff Investigative Blogger Crystal Cox is an Investigative Blogger reporting on Defendant Marc J. Randazza.

Defendant Marc J. Randazza and Co-Conspirator / Defendant Ronald D. Green are abusing the courts and their attorney privilege in the courts, the courtroom of Judge Gloria M. Navarro specifically, in order to intimidate, harass, silence, threaten and investigative reporter / investigative blogger reporting on the iViewit Technology Case in which Co-Conspirator / Defendant Liberty Media Holdings, client of Co-Conspirator / Defendant Ronald Green, Jordan Rushie and Marc J. Randazza, is liable for 100's of Billions of Dollars owed to Eliot Bernstein for over a decade of iViewit Video Technology Infringement. This in Civil and Criminal Conspiracy with Co-Conspirator / Defendant Judith Kaye, Peter L. Michaelson, Greenberg Traurig, Proskauer Rose, Gregg Mashberg, Kenneth Rubenstein, and other John and Jane Doe Co-Conspirator / Defendant.

Defendant Marc J. Randazza and Co-Conspirator / Defendant Ronald D. Green are abusing their power and committing fraud on the courts to silence an investigative reporter / investigative blogger reporting on their gang stalking, intimidation tactics, power plays, domain name seizing strategies, and their unethical, unlawful, unconstitutional behavior.

Defendant Marc J. Randazza and Co-Conspirator / Defendant Ronald D. Green are abusing their power and committing fraud on the courts to threaten harass and steal the intellectual property of Eliot Bernstein, whose stolen technology story Pro Se Plaintiff Investigative Blogger Crystal Cox, as an investigative reporter / investigative blogger has been reporting on in great detail for 4 years.

Defendant Marc J. Randazza and Co-Conspirators / Defendants Attorney Ronald D. Green, Ari Bass aKa Michael Whiteacre, Kenneth P. White and J. Malcom Devoy are abusing their power and committing fraud on the courts to threaten harass, intimidate, stalk, defame, the investigative reporters / investigative bloggers who are sources to Pro Se Plaintiff Investigative Blogger Crystal Cox, such as Monica Foster aKa Alexandria Melody, Diana Grandmason aKa Desi Foxx and Shelley Lubben.

Defendant Marc J. Randazza and Co-Conspirators / Defendants Attorney Ronald D. Greena re intimidating an Investigative Blogger / aKa Investigative Journalist exposing their involvement in the biggest technology crime in the world, the iViewit Technology Crime.  Defendant Marc J. Randazza went so far as to also name iVieiwit Technology Founder and one of the iVieiwit Technology inventors Eliot Bernstein in District of Nevada Case 2:12-cv-02040-GMN-PAL in and attempt to intimidate, harass, threaten and silence Eliot Bernstein and to SEIZE his web presence, blogs, intellectual property and domain names in order to SUPPRESS the iVieiwit Technology story and the video technology infringement of Defendant Marc J. Randazza's Clients.

### 3C1: The Branzburg Constitutional Privileges

Nevada's federal courts have applied the limited First Amendment privilege for reporters found in the "Branzburg trilogy." In Newton v. National Broadcasting Co. Inc., 109 F.RD. 522, 527 (D. Nev. 1985), Judge Philip Pro recognized that a party seeing a reporter's testimony must demonstrate that:
1.) The testimony is highly relevant;
2.) The party has a compelling need for the testimony; and
3.) The party seeking the testimony has exhausted other means of getting it.
While this standard does not constitute an absolute privilege it is sufficient to overcome most requests for press testimony in federal court, especially in those cases where the reporter or media entity is not a party.

The rules found in 28 CFR §50.10 create a legal right enforceable by the press. United States v. Blanton, 534 F. Supp. 295, 297 (S.D. Fla. 1982). In addition to those federal standards, where a claim in federal court is based on state law, state privileges, including the Shield Law, apply to protect the press against testifying.

### 3C3: Application Of State Law Privileges

F. R. E. 501 provides the privileges of a witness in a civil action, with respect to an element of a claim or defense based on state law, are determined in accordance with state law. In Newton, supra, Judge Pro recognized that to the extent a party derives claims or defense from Nevada law, our state's extremely strong Shield Law provides an absolute testimonial privilege for the press.

**Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PAL forces a Media Defendant to testify against herself, and to expose her sources, discredits the corruption victims she reports on and seeks to harass, defame, intimidate and violate the First Amendment Rights of Pro Se Plaintiff Investigative Blogger Crystal Cox, her sources, and those who are the content of her reporting / her media.**

**Nevada's press shield law is provided for under NRS 49.275:**

No reporter, former reporter or editorial employee of any newspaper, periodical or press association or employee of any radio or television station may be required to disclose any published or unpublished information obtained or prepared by such person in such person's professional capacity in gathering, receiving or processing information for communication to the public, or the source of any information procured or obtained by such person, in any legal proceedings, trial or investigation

The Legislative history of this statute was explained in Las Vegas Sun v. Eighth Judicial District Court, 104 Nev. 508, 511-12, 761 P.2d 849, 851-52 (1988), overruled on other grounds, Diaz v. Eighth Judicial Dist. Court, 116 Nev. 88, 993 P.2d 50 (2000): "The legislative history behind the current shield law illustrates the legislators' concern with protecting confidentiality during and after the news gathering process. The legislature enacted the first shield law in 1969. It protected news media representatives from forced disclosure of their sources. Members of the press argued that confidential sources had to be protected from exposure to insure the free flow of information, particularly information about government corruption or mismanagement. The public, they claimed, had a right to know about such occurrences, but if sources were afraid to talk to reporters, the public's access to this valuable information would be severely restricted. Supporters of the legislation argued that if reporters could promise sources that their identities would not be revealed, sources would be more likely to give reporters information, and this would benefit the public. See Senate Jud. Comm. Minutes, D.B. 299, March 4, 1969 and March 27, 1969. The shield law was extended in 1975 to provide for former newsmen and for unpublished information. Several states expanded their shield statutes in similar fashion, because some courts had applied the shield privilege exclusively to published information. . . . Assemblyman Coulter told the Senate Judiciary Committee that the bill would extend protection to a newsman's 'tools,' i.e., notes, tape recordings and photographs. The underlying rationale was the same as in 1969: serve the public interest by protecting reporters in their news gathering efforts. See Senate Jud. Comm. Minutes, A.B. 381, May 1, 1975."

Defendant Marc J. Randazza via Co-Conspirator / Defendant Ronald D. Green claims to be "victims" are really companies, ceo's, individuals, trustees, officials, businesses and people that Media Plaintiff Crystal L. Cox is **"reporting on",** not defaming and harassing. However, this does prove, yet again that Randazza v. Cox a lawsuit whereby Defendant Marc J. Randazza is claiming that Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein have defamed him and therefore he wants to Steal, SEIZE all blogs and domain names and to STRIKE all answer that oppose him or counter claims that expose Defendant Marc J. Randazza or his clients and co-conspirators.

Defendant Marc J. Randazza filed an unconstitutional SLAPP lawsuit against Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein
**TO STOP my reporting, shield law**


# 15th Cause of Action 1512 : US Code - Section 1512: Tampering with a witness, victim, or an informant

Plaintiff Crystal L. Cox re-alleges and fully incorporates the preceding paragraphs.

Defendant Marc J. Randazza and Co-Conspirators / Defendants have taunted, harassed, threatened, intimidated, defamed, disgrace, humiliated and violated the lawful and constitutional rights of Plaintiff Crystal L. Cox in order to pressure her to STOP a Ninth Circuit Court Preceding. And to harass, tamper with an informant exposing corruption, exposing Defendant Marc J. Randazza and Co-Conspirators / Defendant's activities, technology infringement, gang stalking and severely harassing and threatening whistleblowers and industry insiders in the porn industry.

Defendant Marc J. Randazza has also tampered with Witness, Victim, Informant Stephanie DeYoung, Monica Foster aKa Alexandria Melody, Desi Foxx aKa Diana Grandmason, and other John and Jane Does.

## 16th Cause of Action Racketeering

Plaintiff Crystal L. Cox re-alleges and fully incorporates the preceding paragraphs.

Upon the Knowledge and Belief of Plaintiff Crystal L. Cox,  Defendant Marc J. Randazza and Co-Conspirators / Defendants have engaged in Racketeering,
18 USC Chapter 96 - RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS, Code number 1961 through 1968.

**(a)** The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons.
**(b)** The Attorney General may institute proceedings under this section. Pending final determination thereof, the court may at any time enter such restraining orders or prohibitions, or take such other actions, including the acceptance of satisfactory performance bonds, as it shall deem proper.
**(c)** Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final.
**(d)** A final judgment or decree rendered in favor of the United States in any criminal proceeding brought by the United States under this chapter shall estop the defendant from denying the essential allegations of the criminal offense in any subsequent civil proceeding brought by the United States.

Upon the Knowledge and Belief of Plaintiff Crystal L. Cox Defendant Marc J. Randazza and Co-Conspirators / Defendants have engaged in Racketeering which has directly stolen the intellectual property, life's work, business opportunity of Defendant /  Plaintiff Crystal L. Cox Plaintiff and Eliot Bernstein.

Upon the Knowledge and Belief of Plaintiff Crystal L. Cox Defendant Marc J. Randazza and Co-Conspirators / Defendants have engaged in Racketeering with Godaddy, WIPO, Peter L. Michaelson, Kenneth P. White and others to Steal the Intellectual Property, Assets, Opportunity of Defendant /  Plaintiff Crystal L. Cox Plaintiff and Eliot Bernstein.

Upon the Knowledge and Belief of Plaintiff Crystal L. Cox this court, District of Nevada, has evidence of Racketeering and should notify the Attorney General.

**(a)** Whenever the Attorney General has reason to believe that any person or enterprise may be in possession, custody, or control of any documentary materials relevant to a racketeering investigation, he may, prior to the institution of a civil or criminal proceeding thereon, issue in writing, and cause to be served upon such person, a civil investigative Request requiring such person to produce such material for examination.

**(b)** Each such Request shall—
    **(1)** state the nature of the conduct constituting the alleged racketeering violation which is under investigation and the provision of law applicable thereto;
    **(2)** describe the class or classes of documentary material produced thereunder with such definiteness and certainty as to permit such material to be fairly identified;
    **(3)** state that the Request is returnable forthwith or prescribe a return date which will provide a reasonable period of time within which the material so Requested may be assembled and made available for inspection and copying or reproduction; and
    **(4)** identify the custodian to whom such material shall be made available.

**(c)** No such Request shall—
    **(1)** contain any requirement which would be held to be unreasonable if contained in a subpena duces tecum issued by a court of the United States in aid of a grand jury investigation of such alleged racketeering violation; or
    **(2)** require the production of any documentary evidence which would be privileged from disclosure if Requested by a subpena duces tecum issued by a court of the United States in aid of a grand jury investigation of such alleged racketeering violation.

**(d)** Service of any such Request or any petition filed under this section may be made upon a person by—

**(1)** delivering a duly executed copy thereof to any partner, executive officer, managing agent, or general agent thereof, or to any agent thereof authorized by appointment or by law to receive service of process on behalf of such person, or upon any individual person;

**(2)** delivering a duly executed copy thereof to the principal office or place of business of the person to be served; or

**(3)** depositing such copy in the United States mail, by registered or certified mail duly addressed to such person at its principal office or place of business.

**(e)** A verified return by the individual serving any such Request or petition setting forth the manner of such service shall be prima facie proof of such service. In the case of service by registered or certified mail, such return shall be accompanied by the return post office receipt of delivery of such Request.

**(f)**

**(1)** The Attorney General shall designate a racketeering investigator to serve as racketeer document custodian, and such additional racketeering investigators as he shall determine from time to time to be necessary to serve as deputies to such officer.

**(2)** Any person upon whom any Request issued under this section has been duly served shall make such material available for inspection and copying or reproduction to the custodian designated therein at the principal place of business of such person, or at such other place as such custodian and such person thereafter may agree and prescribe in writing or as the court may direct, pursuant to this section on the return date specified in such Request, or on such later date as such custodian may prescribe in writing. Such person may upon written agreement between such person and the custodian substitute for copies of all or any part of such material originals thereof.

**(3)** The custodian to whom any documentary material is so delivered shall take physical possession thereof, and shall be responsible for the use made thereof and for the return thereof pursuant to this chapter. The custodian may cause the preparation of such copies of such documentary material as may be required for official use under regulations which shall be promulgated by the Attorney General. While in the possession of the custodian, no material so produced shall be available for examination, without the consent of the person who produced such material, by any individual other than the Attorney General. Under such reasonable terms and conditions as the Attorney General shall prescribe, documentary material while in the possession of the custodian shall be available for examination by the person who produced such material or any duly authorized representatives of such person.

**(4)** Whenever any attorney has been designated to appear on behalf of the United States before any court or grand jury in any case or proceeding involving any alleged violation of this chapter, the custodian may deliver to such attorney such documentary material in the possession of the custodian as such attorney determines to be required for use in the presentation of such case or proceeding on behalf of the United States. Upon the conclusion of any such case or proceeding, such attorney shall return to the custodian any documentary material so withdrawn which has not passed into the control of such court or grand jury through the introduction thereof into the record of such case or proceeding.

**(5)** Upon the completion of—

  **(i)** the racketeering investigation for which any documentary material was produced under this chapter, and

  **(ii)** any case or proceeding arising from such investigation, the custodian shall return to the person who produced such material all such material other than copies thereof made by the Attorney General pursuant to this subsection which has not passed into the control of any court or grand jury through the introduction thereof into the record of such case or proceeding.

**(6)** When any documentary material has been produced by any person under this section for use in any racketeering investigation, and no such case or proceeding arising therefrom has been instituted within a reasonable time after completion of the examination and analysis of all evidence assembled in the course of such investigation, such person shall be entitled, upon written Request made upon the Attorney General, to the return of all documentary material other than copies thereof made pursuant to this subsection so produced by such person.

**(7)** In the event of the death, disability, or separation from service of the custodian of any documentary material produced under any Request issued under this section or the official relief of such custodian from responsibility for the custody and control of such material, the Attorney General shall promptly—

  **(i)** designate another racketeering investigator to serve as custodian thereof, and

  **(ii)** transmit notice in writing to the person who produced such material as to the identity and address of the successor so designated.

Any successor so designated shall have with regard to such materials all duties and responsibilities imposed by this section upon his predecessor in office with regard thereto, except that he shall not be held responsible for any default or dereliction which occurred before his designation as custodian.

**(g)** Whenever any person fails to comply with any civil investigative Request duly served upon him under this section or whenever satisfactory copying or reproduction of any such material cannot be done and such person refuses to surrender such material, the Attorney General may file, in the district court of the United States for any judicial district in which such person resides, is found, or transacts business, and serve upon such person a petition for an order of such court for the enforcement of this section, except that if such person transacts business in more than one such district such petition shall be filed in the district in which such person maintains his principal place of business, or in such other district in which such person transacts business as may be agreed upon by the parties to such petition.

**(h)** Within twenty days after the service of any such Request upon any person, or at any time before the return date specified in the Request, whichever period is shorter, such person may file, in the district court of the United States for the judicial district within which such person resides, is found, or transacts business, and serve upon such custodian a petition for an order of such court modifying or setting aside such Request. The time allowed for compliance with the Request in whole or in part as deemed proper and ordered by the court shall not run during the pendency of such petition in the court. Such petition shall specify each ground upon which the petitioner relies in seeking such relief, and may be based upon any failure of such Request to comply with the provisions of this section or upon any constitutional or other legal right or privilege of such person.

**(i)** At any time during which any custodian is in custody or control of any documentary material delivered by any person in compliance with any such Request, such person may file, in the district court of the United States for the judicial district within which the office of such custodian is situated, and serve upon such custodian a petition for an order of such court requiring the performance by such custodian of any duty imposed upon him by this section.

**(j)** Whenever any petition is filed in any district court of the United States under this section, such court shall have jurisdiction to hear and determine the matter so presented, and to enter such order or orders as may be required to carry into effect the provisions of this section.

Upon the Knowledge and Belief of Plaintiff Crystal L. Cox, Defendant Marc J. Randazza and Co-Conspirators / Defendants are connected to organized crime, gang stalking and groups of attorneys, cpa's, media that abuse their power and influence the outcome of court cases by broadcasting knowingly false information to make their "guy", the attorney or law firm they want to win a court case, look like he has merit to win. When really it is a painting in false light hoax, judges see as "legal commentary".

## 17th Cause of Action  Whistleblower Retaliation

Plaintiff Crystal L. Cox re-alleges and fully incorporates the preceding paragraphs.

Whistleblower Retaliation Protections Laws, Whistleblower Protection Act, Whistleblower Protection Enhancement Act was introduced in 2009, all Federal and State Whistle Blower Retaliation Laws.

Defendant Marc J. Randazza and Co-Conspirators / Defendants have engaged in **Whistleblower Retaliation regarding** Plaintiff Crystal L. Cox, and her sources.

Plaintiff Crystal L. Cox has blown the whistle on the organized crime, technology infringement, gang stalking, fraud on the courts, trademark law abuse, copyright trolling, activities and actions of Defendant Marc J. Randazza and Co-Conspirators / Defendants and they have retaliated and thereby caused irreparable harm and suffering to Plaintiff Crystal L. Cox and Eliot Bernstein, who has been drug into this case and into Obsidian Finance Group vs. Crystal Cox, in civil and criminal conspiracy to discredit and suppress the iViewit Technology Theft Story involving Defendant Marc J. Randazza and Co-Conspirators / Defendants and their clients.

Plaintiff Crystal L. Cox has blown the whistle on Defendant Marc Randazza and Co-Conspirators / Defendant's attorney ring / gang using big media, radio, blogs, news outlets to create a desired outcome in each others court cases.

## 18th Cause of Action  False Claims Act (31 U.S.C. §§ 3729–3733.

Plaintiff Crystal L. Cox re-alleges and fully incorporates the preceding paragraphs.

Defendant Marc J. Randazza and Co-Conspirators / Defendants have violated the The False Claims Act (31 U.S.C. §§ 3729–3733, also called the "Lincoln Law") is an American federal law that imposes liability on persons and companies (typically federal contractors) who defraud governmental programs. The court is a Gov program

The most commonly used of these provisions are the first and second, prohibiting the presentation of false claims to the government and making false records to get a false claim paid.

Defendant Marc J. Randazza claims to be a trademark attorney, domain attorney, free speech attorney, anti-SLAPP attorney, yet has proven the exact opposite in this Nevada SLAPP Suit against an investigative reporter / investigative journalist exposing him and his co-conspirators.

Defendant Marc J. Randazza and Co-Conspirators / Defendants have defrauded the courts by creating fictional court cases, and using each others blogs and media to create "legal commentary" that makes it look like they are telling the facts, and thereby lead to them winning the case. As in Plaintiff Investigative Blogger Crystal L. Cox's case, the Judge stated that legal commentary proved what the Plaintiff said, and the legal commentary used as alleged evidence to steal my life's work, my intellectual property and to defame, harass and endanger me, Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein was actually blogs of their clients, co-conspirators and reporters that they once represented in cases. They ALL conspire to falsely claim certain alleged facts in court cases (government programs) in order to trick judges, courts into ruling in their favor. When these "legal commentary" as Judge Gloria Navarro calls it, is not based in documented fact of any kind. THIS IS MAKING A FALSE RECORD IN A GOVERNMENT PROGRAM TO GET A FALSE CLAIM PAID.


## 19th Cause of Action; Consumer Protection Act, Deceptive Trade Practices and Consumer Protection Act.

Plaintiff Crystal L. Cox re-alleges and fully incorporates the preceding paragraphs.

Plaintiff Crystal L. Cox was a client, consumer of Randazza Legal Group, Defendant Marc J. Randazza.  Plaintiff Crystal L. Cox was a client, consumer that had a VERY bad, unlawful and unethical experience with her attorney Randazza Legal Group, Defendant Marc J. Randazza. Plaintiff Crystal L. Cox has a right to use the name "Randazza" in Gripe Sites, Parody Sites, Review Sites, and Blogs that warn the public, and share her personal experience regarding Randazza Legal Group, Defendant Marc J. Randazza. And to share information she has found or has been sent to her, in order to protect other possible consumers.

**Request for Relief**

Plaintiff Crystal L. Cox wishes this court, District of Nevada, to award $100 Million to Plaintiff Crystal L. Cox from Defendant Marc J. Randazza for the damage caused to Plaintiff Crystal L. Cox, this includes actual and punitive damages.

Plaintiff Crystal L. Cox wishes 10 Million Dollars from Each Defendant David Carr and the New York Times, Defendant Bob Garfield and Defendant NPR, Defendant Kashmir Hill Forbes, for irreparable damages, defamation, harm to Plaintiff Investigative Blogger Crystal L. Cox.  And a retraction of Extortion Accusations.

Plaintiff Crystal L. Cox wishes the removal of defamatory blog posts from and CrystalCoxSucks.com, Crystal-Cox.com, CrystalCoxBlows.com, PhillyLawBlog, SaltyDroid, NewYorkPersonalInjuryAttorneyBlog.com, blog.bennettandbennett.com, SaltyDroid.info, Bob Garfield of NPR, WIPO, All WIPO Publications, SequenceInc.com, Popehat.com, http://randazza.wordpress.com/ , and John and Jane Doe Blogs Defaming Plaintiff Crystal L. Cox, for irreparable damages, defamation, harm to Plaintiff Investigative Blogger Crystal L. Cox. And a retraction of Extortion Accusations.

Plaintiff Crystal L. Cox wishes 10 Million Dollars from Each from Defendant Tonkon Torp Law Firm, David S. Aman, Jordan Rushie of Mulvihill and Rushie LLC Philly Law Blog, Brown White & Newhouse, Kenneth P. White, Popehat.com, Eric Turkewitz - Turkewitz Law Firm and NewYorkPersonalInjuryAttorneyBlog.com, Scott H. Greenfield of Simple Justice - a New York Criminal Defense Blog, Mark Bennett  blog.bennettandbennett.com, Bennett and Bennett, Scott H. Greenfield, Bob Garfield of NPR, David Carr of the New York Times, Kashmir Hill of Forbes, Godaddy Inc., Bob Parsons, Proskauer Rose Law Firm, Kenneth Rubenstein, Allen Fagin, Gregg Mashberg, Jenifer DeWolf Paine, Joseph Lecesse, WIPO, Francis Gurry, Scott H. Greenfield, Carlos Miller, John Calkins Sony, Roxanne Grinage, HireLyrics, Dylan Energy, Martin Cain, Sean Boushie, University of Montana, Royce Engstrom, Bernie Cassidy, Taylor Kai Groenke ( Kai Groenke), Royce Engstrom, Sean Boushie, Stephen Lamont, Roxanne Grinage, John and Jane Does, for irreparable damages, defamation, harm to Plaintiff Investigative Blogger Crystal L. Cox.  And a retraction of Extortion Accusations.

Plaintiff Crystal L. Cox wishes 10 Million Dollars from Each from Proskauer Rose, WIPO, Tonkon Torp, David S. Aman, Michael Morgan, Peter L. Michaelson, Allen Fagin, Gregg Mashberg, Kenneth Rubenstein, Randazza Legal Group, Godaddy, Bob Parsons, Jessica Griffin GoDaddy, Corbin Fisher, Manwin, Peter L. Michaelson, Jason Jones SaltyDroid, Janine Robben Oregon State Bar Bulletin, Leo Mulville for irreparable damages, defamation, harm to Plaintiff Investigative Blogger Crystal L. Cox.

Plaintiff Crystal L. Cox wishes 10 Million Dollars from Each from Liberty Media Holdings, John C. Malone, Corbin Fisher, Manwin, Xbiz. For irreparable damages, defamation, harm to Plaintiff Investigative Blogger Crystal L. Cox.

Plaintiff Crystal L. Cox wishes 10 Million Dollars from Each from Kevin D. Padrick, David W. Brown, and Obsidian Finance Group. For irreparable damages, defamation, harm to Plaintiff Investigative Blogger Crystal L. Cox.

Plaintiff Crystal L. Cox wishes this court, District of Nevada, to award $100 Million from Defendant Marc J. Randazza for the damage caused to Plaintiff Crystal L. Cox, this includes actual and punitive damages.

Plaintiff Crystal L. Cox wishes this court, District of Nevada, to be fair and without conflict of interest and to remove all videos from CaptainObvious harming, defaming and endangering Plaintiff Crystal L. Cox.

Plaintiff Crystal L. Cox wishes this court, District of Nevada, to be fair and without conflict of interest and to remove all hate and defamatory blog posts from Crystal-Cox.com, CrystalCoxSucks.com, CrystalCoxBlows.com, Tumbling Cox, Jordan Rushie of Mulvihill and Rushie LLC Philly Law Blog, Brown White & Newhouse and Kenneth P. White of Popehat.com, Eric Turkewitz - Turkewitz Law Firm and NewYorkPersonalInjuryAttorneyBlog.com, Scott H. Greenfield of Simple Justice - a New York Criminal Defense Blog, Mark Bennett blog.bennettandbennett.com, Bennett and Bennett, Scott H. Greenfield, Bob Garfield of NPR, David Carr of the New York Times, Kashmir Hill of Forbes, WIPO, Francis Gurry, Scott H. Greenfield, Carlos Miller, J Roxanne Grinage, HireLyrics,, Martin Cain, Sean Boushie,  John and Jane Does.

Plaintiff Crystal L. Cox wishes this court, District of Nevada, to be fair and without conflict of interest and to remove all hate and defamatory blog posts from blogs and videos soliciting haters, conspirators, and endangerment to Plaintiff Crystal L. Cox, and Desi Foxx aKa Diana Grandmason and Monica Foster aKa Alex Melody.

Defendants did the things herein maliciously and to oppress Plaintiff Investigative Blogger Crystal L. Cox. Plaintiff Investigative Blogger Crystal L. Cox is therefore entitled to exemplary or punitive damage.

Plaintiff Crystal L. Cox has suffered irreparable damage personally and professionally. Wherefore, Plaintiff Crystal L. Cox Requests a judgment against Each Co-Conspirator, Each Defendant for actual and punitive damages, and all other relief allowable under the law and federal court rules.

Plaintiff Crystal L. Cox wishes this court, District of Nevada, to award $10 Million to Plaintiff Crystal L. Cox from Each Named Defendant as Listed as Follows.

**Defendants Named in this Counter Complaint / Legal Action are as Follows.**

Marc J. Randazza, personally and professionally, Nevada Resident Doing Business as Randazza Legal Group in Nevada, California, Arizona, Florida, Mass.

Ronald Green, Randazza Legal Group,Nevada Individuals, Nevada, Florida, Arizona Company.

Greenberg Traurig Law Firm, Nevada, Florida, Boston, Denver, London, Las Vegas, Miami, Chicago, New York, New Jersey.

Kenneth P. White, California Individual personally and professionally

Brown, White and Newhouse Law Firm, California Business

Kashmir Hill of Forbes, Washinton D.C, personally and professionally

Forbes Inc., Washington D.C., New York.

Godaddy Inc., Arizona Business,

Judge Marco Hernandez Personally and Professionally

Bob Parsons, Jessica, personally and professionally Arizona Individual,

Tonkon Torp Law Firm, Oregon Business

David S. Aman, Michael Morgan, Steven Wilker, personally and professionally, Oregon Resident,

Proskauer Rose Law Firm, New York Business

Kenneth Rubenstein, Allen Fagin, Gregg Mashberg, Jenifer DeWolf Paine, Joseph Lecesse, personally and professionally, New York Individuals,

Obsidian Finance Group, Oregon Corporation, Washington Corporation

David W. Brown, Kevin D. Padrick, personally and professionally, Oregon Individual,

WIPO,

Francis Gurry, Erik Wilbers, personally and professionally, Switzerland

Peter L. Michaelson, personally and professionally, New Jersey Individual

New York Times, David Carr, New York Individual, New York Business

Philly Law Blog, Philadelphia Business,

Jordan Rushie, personally and professionally, Philadelphia Individual,

Leo M. Mulvihill, Jr., Philadelphia Individual,

Mulvihill & Rushie, LLC, Philadelphia Business,

SaltyDroid, Jason Jones Esq.,  personally and professionally

Janine Robben  personally and professionally

Oregon State Bar Bulletin

Liberty Media Holdings, Business, Corporation

John C. Malone,  personally and professionally

Corbin Fisher, Business, Corporation,

XBIZ, California Business

Manwin, Business, Corporation, LUXEMBOURG, Montreal Canada, Los Angeles

Bob Garfield, personally and professionally
NPR, New York Public Radio, New York

Tracy L. Coenen personally and professionally

SequenceInc.com, Wisconsin Company

Mark Bennett, personally and professionally

blog.bennettandbennett.com, Bennett and Bennett, Business

Scott H. Greenfield, Carlos Miller, John Calkins Sony, personally and professionally, California

Eric Turkewitz, personally and professionally

Turkewitz Law Firm and NewYorkPersonalInjuryAttorneyBlog.com,

Scott H. Greenfield of Simple Justice - a New York Criminal Defense Blog and blog.simplejustice.us, New York Business, New York Individual, personally and professionally

Carlos Miller of PixIQ.com and PhotographyisNotaCrime.com, personally and professionally

Roxanne Grinage, personally and professionally, HireLyrics, Philadelphia Business, Philadelphia Individual

Sean Boushie, personally and professionally, Montana Resident

University of Montana, Montana

Royce Engstrom, Bernie Cassidy, Taylor Kai Groenke ( Kai Groenke), personally and professionally, Montana Individual, Montana Business

Martin Cain, Dylan Energy, personally and professionally, Maryland Individual, Maryland Business

APPLE, Corporation

Steve Dowling, Bruce Sewell, California, Doug Chey, Douglas D. Chey, personally and professionally California

Tim Vawter, The Protection Group Video, personally and professionally

Judge Gloria M. Navarro personally and Professionally, Nevada

Daniel Staton Professional and Personally, Oregon Resident

Marshall Ross Professional and Personally, Oregon Resident

Multnomah County Sheriff's Office Portland Oregon, Oregon Government Office

Intel Corp.  Oregon Business, California Business, Global Business

Steven Rodgers Vice President & Deputy General Counsel at Intel Corporation, Personally and Professionally.  California Resident.

Mark Vena, personally and professionally, Believed to Be California Resident

David Wang, personally and professionally, Believed to Be California Resident

Synaptics, California Corporation, International Business

Bret Sewell, personally and professionally, Believed to Be California Resident

EDWARD KWAKWA, personally and professionally, Believed to Be Resident of Switzerland

P. Stephen Lamont, personally and professionally, Believed to Be New Jersey Resident

Ari Bass - Michael Whiteacre, personally and professionally, Believed to Be Nevada Resident

Sean Tompkins, personally and professionally, Believed to Be Wisconsin Resident

Leo M. Mulvihill, Jr.Personally and Professionally, Philadelphia, PA

Mulvihill & Rushie LLC, Philadelphia, PA Law Firm

Free Speech Coalition, California Non-Profit

Diana Duke, Personally and Professionally, California Resident

John and Jane Doe Defendants, Individuals and Companies, 1-5000.

Liberty Media Holdings Connected Companies

Liberty Media is a prominent investor. In addition to its own offerings, the company also owns the stock of several major media and telecommunication companies. As of September 1, 2011,[37] primarily through Liberty Capital unless noted, Liberty has assets of the following companies not listed above:

| | |
|---|---|
| • AOL Inc. (1% through Liberty Capital and 2% through Liberty Interactive) | • Motorola Mobility Inc. (2%) |
| • Barnes and Noble Inc. (17%) | • Motorola Solutions Inc. (2%) |
| • CenturyLink Inc. (1%) | • Priceline.com Inc. (1%) |
| • Crown Media Holdings Inc. (3%) | • Sirius XM Radio Inc. (40%) |
| • Current Communications Group LLC. (8% through Liberty Partners and Liberty Associated Partners) | • Sprint Nextel Corporation (2%) |
| | • Time Warner Cable Inc. (1% through Liberty Capital and 2% through Liberty Interactive) |
| • Jingle Networks Inc. (9% through Liberty Partners and Liberty Associated Partners) | • Time Warner Inc. (1% through Liberty Capital and 2% through Liberty Interactive) |
| • Kroenke Arena Company LLC. (7%) | • Viacom Inc. (1%) |
| • Live Nation Entertainment Inc. (21%) | |
| • Mobile Streams Inc. (16%) | |

As a direct cause of action and proximate result of Defendants unlawful criminal and civil conspiracy Plaintiff Investigative Blogger Crystal L. Cox has been damaged in the ways described, and hereby fully incorporated from the preceding paragraphs, and in the amount as listed above.

Wherefore, Plaintiff Investigative Blogger Crystal L. Cox requests that the Court enter a judgment in favor of Plaintiff Investigative Blogger Crystal L. Cox.

1. For General and Special Damages

2. For all Damages Above

3. For reasonable costs incurred herein

4. For such other and further relief as the Court seems just in the premises.

**Plaintiff Crystal L. Cox Declaration of Connected Cases**

Case 2:12-cv-02040-GMN-PA District of Nevada is connected to Case CV-11-57-HZ U.S. District Court District of Oregon, Case 2:12-mc-00017-JPH Eastern District of Washington Circuit Court of Oregon Multnomah County Case No. 121215329,  Supreme Court of the State of New York; County of New York, Case Number 105573-2011 (Rakofsky v. The Internet) and Ninth Circuit Appeal Case: 12-35319. All case dockets, documents, exhibits are hereby included in this case as evidence of criminal and civil conspiracy..

**Note to Court: Filed with this Complaint is Plaintiffs motion to continue "In Forma Pauperis", Statement of Income and Expense, RICO Statement, Poverty Affidavit, Electronic Filing Request and Tutorial Declaration, and a Conflict of Interest Disclosure Request Form Requesting Court and Judges in this case to admit or deny conflict.**

Respectfully Submitted by
 Pro Se Plaintiff Investigative Blogger Crystal L. Cox

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed using the District of Nevada's Court CM/ECF system **On February 24th,  2013**.

Respectfully Submitted
Plaintiff Crystal L. Cox

# And Electronic Service to Defendants via eMail

rdg@randazza.com,lmt@randazza.com,vaccinelawsuit@gmail.comRDG@randazza.com,lmt@randazza.com,pete@mandw.com,kwhite@brownwhitelaw.com,tbrown@brownwhitelaw.com,gnewhouse@brownwhitelaw.com,khill@forbes.com,Legal@forbes.com,sforbes@forbes.com,ceo@forbesinc.com,mjr@randazza.com,steven.wilker@tonkon.com,david.aman@tonkon.com,mike.morgan@tonkon.com,legal@godaddy.com,Support@godaddy.com,President@Godaddy.com,domaindisputes@godaddy.com,jgriffin@godaddy.com,domain.disputes@wipo.int,arbritration@wipo.int,fgurry@wipo.com,francis.gurry@wipo.com,erik.wilbers@wipo.int,jpaine@proskauer.com,jleccese@proskauer.com,kent.haslam@mso.umt.edu,Legal@proskauer.com,Gmashberg@proskauer.com,krubenstein@proskauer.com,afagin@proskauer.com,psl.iviewit@gmail.com,pstephen.lamont@att.blackberry.net,dowling@apple.com,Legal@apple.com,sewell@apple.com,Jordan@FishtownLaw.com,bsewell@apple.com,kpadrick@obsidianfinance.com,pwhittington@obsidianfinance.com,newsdesk@xbiz.com,press@xbiz.com,legal@xbiz.com,administration@xbiz.com,steve.r.rodgers@intel.com,daniel.staton@mcso.us,marshall.ross@mcso.us,Leo@FishtownLaw.com,Leo@FishtownLaw.com,Lawyers@FishtownLaw.com,diane@freespeechcoalition.com,sidgrief@freespeechcoalition.com,mepstein@freespeechcoalition.com,EDWARD.KWAKWA@wipo.int,psl.iviewit@gmail.com,pstephen.lamont@att.blackberry.net,psl.iviewit@gmail.com,dbrown@obsidianfinance.com,carr@nytimes.com,psl.iviewit@gmail.com,Leo@FishtownLaw.com,saltydroid@gmail.com,jmalone@libertymedia.com,legal@libertymedia.com, emalone@libertmedia.com, info.luxembourg@manwin.com, legal@manwin.com, info.losangeles@manwin.com, legal@npr.org, bgarfield@npr.org, info@osbar.org, legal@osbar.org, jrobben@osbar.org, artin.cain@dylanenergy.com, sean.boushie@mso.umt.edu,tracy@sequenceinc.com,MB@IVI3.com,sgreenfield@hullmcguire.com,HG@SimpleJustice.us,royce.engstrom@mso.umt.edu,lcclerk@libby.org,lcatty@libby.org,groenketk@centurytel.net,jbmb@centurytel.net,carlosmiller@magiccitymedia.com,nseligman@sony.com,legal@sony.com,jcalkin@sony.com,john.calkins@sony.com,dougchey@yahoo.com,info@turkewitzlaw.com,roxannegrinage@yahoo.com,seanboushie@gmail.com,info@gtlaw.com

**On February 24th,  2013**
Respectfully Submitted By,
Pro Se Plaintiff Crystal Cox
Investigative Blogger Crystal L. Cox
Reverend Crystal Cox