# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

CRYSTAL L. COX,

                    Plaintiff,

vs.

MARC J. RANDAZZA, et al.,

                    Defendant(s).

2:13-cv-00297-MMD-VCF

**ORDER**

**REPORT AND RECOMENDATION**

       Before the court are Plaintiff Crystal L. Cox's motion/application to proceed *in forma pauperis* (#28) and motion for appointment of counsel (#29).

## BACKGROUND

       This matter commenced on February 26, 2013, with the filing of Cox's complaint and motion/application to proceed *in forma pauperis* (#1). Cox's initial motion to proceed *in forma pauperis* was granted (#21). However, included with the order granting Cox's motion to proceed *in forma pauperis* was a report and recommendation by Magistrate Judge Ferenbach recommending that most of the counts in Cox's complaint be dismissed. *Id.* Judge Miranda Du subsequently adopted the report and recommendation in its entirety, ordering Cox to file an amended complaint within 33 days of the order dated November 27, 2013. Cox failed to file an amended complaint within 33 days of the order. For the following reasons Cox's motion/application to proceed *in forma pauperis*, and motion for appointment of counsel is denied.

//

//

//

**I.      *In Forma Pauperis* Application**

A plaintiff is permitted to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit demonstrating that the plaintiff "is unable to pay such fees or give security therefore." 28 U.S.C. § 1915(a)(1). However, because the court previously granted the Cox's initial motion to proceed *in forma pauperis* (#1) on September 16, 2013, the Plaintiff's present motion to proceed *in forma pauperis* is denied as moot. *See Velasquez v. Univ. Med. Ctr.*, 1:08CV00009 LJO GSA, 2008 WL 594721 (E.D. Cal. Feb. 15, 2008) (denying Plaintiff's second motion to proceed *in forma pauperis* as moot).

**II.     Motion for Appointment of Counsel**

In the civil arena, "[t]he court may appoint counsel . . . only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.*

Because Judge Miranda Du adopted the report and recommendation issued by Magistrate Judge Ferenbach dismissing Cox's complaint, and Cox failed to file an amended complaint within the 33 day period as ordered, Cox's complaint will most likely be dismissed with prejudice. Thus, Cox's motion for appointment is denied on its merits. *See Schinner v. United States*, C-94-1962-DLJ, 1994 WL 507431 (N.D. Cal. Aug. 29, 1994) (denying Plaintiff's motion for appointment of counsel as moot because the Plaintiff's complaint was dismissed).

**III.    It is Recommended that Cox's Complaint be Dismissed with Prejudice**

In the order dated November 27, 2013, Judge Miranda Du stated that should Cox desire to file an amended complaint, it must be filed within 33 days of the mailing of the order "or the case may be dismissed with prejudice." (Doc. #25). It has been over four months since the order was mailed to Cox,

and Cox has yet to file an amended complaint. Because of Cox's failure to comply with the court's order, it is recommended that Cox's complaint be dismissed with prejudice.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that the Plaintiff's Motion/Application to Proceed *In Forma Pauperis* (#28) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's Motion to Appoint Counsel (#29) is DENIED.

IT IS FURTHER RECOMMENDED that Plaintiff's complaint be DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 21st day of April, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE